IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

U.S. District Court
324 W. Market Street
Greensboro, North Carolina 27401

*CIVIL DIVISION*

Craven Randall Casper, *Pro Se*        )
P.O. Box 2311                          )
Chapel Hill, NC 27515                  )
                                       )
OWNER,                                 )
FEDERAL TRADEMARK: **RANDY CANDY**     )
SERIAL NUMBER:      85-872,265         )
REG. NUMBER:        4,418,324          )
                                       )
                                       )
            Plaintiff,                 )
                                       )
        v.                             )
                                       )
COMCAST Corporation                    )
COMCAST Center                         )
1701 JFK Boulevard                     )
Philadelphia, PA 19103                 )
                                       )
    AND                                )
                                       )
NBCUniversal Media, LLC                )
NBC - 30 Rockefeller Plaza             )
Campus 620, Room 555                   )
New York, NY 10112                     )
                                       )
    AND                                )
                                       )
Mr. Lorne Michaels,                    )
Creator and Executive Producer of NBC's )
*Saturday Night Live* / "SNL"          )
NBC – Floors 8-9 GE Bldg. / 30 Rockefeller Plaza )
New York, NY 10112                     )
            Defendants.                )

FILED
SEP 1 5 2017
Clerk U.S. District Court
Greensboro, NC
BY_____

Civil Action No. 17CV826

**JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

U.S. District Court
324 W. Market Street
Greensboro, North Carolina 27401

**ORIGINAL COMPLAINT** FOR:

(1) FEDERAL TRADEMARK INFRINGEMENT, UNDER SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114(1)(a) AND SECTION 43(a) OF THE LANHAM ACT SEE 15 U.S.C. § 1125(a);

(2) (FALSE DESIGNATION OF ORGIN / FALSE ADVERTISING, UNDER SECTION 43(a) OF THE LANHHAM ACT, 15 U.S.C. § 1125(a));

(3) (FEDERAL TRADEMARK DILUTION, VIOLATION OF SECTION 43(c) OF THE LANTHAM ACT, 15 U.S.C. § 1125(c));

(4) FEDERAL UNFAIR COMPETITION, VIOLATION OF SECTION 43(a) OF THE LANHAM ACT;

(5) UNJUST ENRICHMENT;

(6) TRADEMARK INFRINGEMENT IN VIOLATION OF NORTH CAROLINA COMMON LAW;

(7) UNFAIR COMPETITION IN VIOLATION OF NORTH CAROLINA COMMON LAW;

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 2 of 382

(8) UNFAIR AND DECEPTIVE TRADE PRACTICES AND UNFAIR METHODS OF COMPETITION IN VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, CODIFIED AT N.C. GEN. STAT. § 75-1.1, *et seq*;

(9) DEFAMATION OF CHARACTER (SLANDER AND LIBEL *PER SE*);

(10)     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;

(11)     EXPENSES OF LITIGATION;

(12)     CONDITIONS PRECEDENT; AND

(13)     JURY DEMAND IN THE STATE OF NORTH CAROLINA.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

U.S. District Court
324 W. Market Street
Greensboro, North Carolina 27401

## Table of Contents

I.      Introduction - Pages 10-12.

II.     Complaint and Jury Demands - Paragraphs 1-15, Pages 13-24.

III.    The Parties - Paragraphs 16-33, Pages 24-33.

IV.     Juridiction and Venue - Paragraphs 34-48, Pages 34-37.

V.      Federal Trademark Statement: "RANDY CANDY" - Paragraphs 49-96, Pages 38-56.

VI.     Statement of the Claim - Paragraphs 97-533, Pages 57-253.

        Statement of Claim - Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" - Paragraphs 97-109, Pages 57-65.

        Statement of Claim – The Defendants' "RANDY CANDY" - Paragraphs 110-251, Pages 66-136.

        Statement of Claim – The Defendants' Revenue Sources - Paragraphs 252-239, Pages 137-171.

        a.  First Cause of Action: Defendants' National Television Issues - Paragraphs 330-340, Pages 171-175.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

**Table of Contents (Cont.)**

        b. Second Cause of Action: Defendants' National Television Rerun Issue - Paragraphs 341-349, Pages 175-177.

        c. Third Cause of Action: Defendants' Internet / Social Media / Mobile / Technological Issues - Paragraphs 350-523, Pages 177-250.

            i. Defendants' Social Media – YouTube / YouTube.com / Google
            ii. Defendants' Social Media – Twitter
           iii. Defendants' Social Media – GIPHYS (GIPHY ACCOUNTS GIF FILES)
           iv. Defendants' Social Media – Facebook
            v. Defendants' Social Media – Instagram
           vi. Defendants' Social Media – HULU
          vii. Defendants' Social Media – COMCAST, NBC Controlled Website(s)
         viii. Defendants' Social Media – Podcasts
           ix. Defendants' Social Media – APPLICATION (APP)
            x. Defendants' Social Media – Unknown (Google+, LinkedIn, et cetera)

      d. Summary of the Defendants' Nature of Actions: Issues I, II and III – Paragraphs 524-533, Pages 251-253.

VII.   Demand for Accounting: Audit Demand - Paragraphs 534-541, Pages 254-256.

VIII.  Request for Expedited Discovery - Paragraphs 542-544 (a-f), Pages 257-259.

IX.   Request for Preliminary Injunction - Paragraphs 545-717, Pages 260-315.

     A. Argument for Preliminary Injunction.

         i. Plaintiff, Mr. Craven Randall Casper, is entitled to a Preliminary Injunction enjoining Defendants' unauthorized use of "RANDY CANDY".

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 5 of 379

**Table of Contents (Cont.)**

        ii.   Plaintiff, Mr. Craven Randall Casper, has a reasonable likelihood of succeeding on the merits of its Federal Trademark Infringement Claim under the Lanham Act.

        iii.   "RANDY CANDY" is a valid federal Trademark registration.

        iv.   There is a Likelihood of Confusion.

B.  Further Argument for Preliminary Injunction Using the Eight-Factor Test for Federal Trademark Infringement.

    1.   The Plaintiff, Mr. Craven Randall Casper's, Argument for the Eight-Factor Test for Federal Trademark Infringement.

        (1) The Plaintiff, Mr. Craven Randall Casper's "Randy Candy" Trademark and Defendants' "RANDY CANDY" are virtually identical.

        (2) Similarity of Products, Goods, Services, Advertising and/or Commercial Activities.

        (3) (4) and (5) The Parties Channels of Trade, Advertising, Methods and Class of Consumers are Identical.

        (6) Actual Confusion.

        (7) Defendants' Intent.

        (8) Strength of the Plaintiff, Mr. Craven Randall Casper's, Federal Registered Trademark: "RANDY CANDY".

    2.  The Plaintiff, Mr. Craven Randall Casper, is Suffering Irreparable Harm.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 6 of 367

**Table of Contents (Cont.)**

3. The Balance of Hardships Weighs in Favor of the Plaintiff, Mr. Craven Randall Casper, and the Federal Registered Trademark: "RANDY CANDY".

4. An Injunction Will Serve the Public Interest.

C. Preliminary Injunction Conclusion for the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY".

## COUNTS

**COUNT I:** (FEDERAL TRADEMARK INFRINGEMENT, UNDER SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114(1)(a) AND SECTION 43(a) OF THE LANHAM ACT SEE 15 U.S.C. § 1125(a).

**COUNT II:** (FALSE DESIGNATION OF ORIGIN / FALSE ADVERTISING, UNDER SECTION 43(a) OF THE LANHHAM ACT, 15 U.S.C. § 1125(a)).

**COUNT III:** (FEDERAL TRADEMARK DILUTION, VIOLATION OF SECTION 43(c) OF THE LANTHAM ACT, 15 U.S.C. § 1125(c)).

**COUNT IV:** FEDERAL UNFAIR COMPETITION, VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

**COUNT V:** UNJUST ENRICHMENT.

**COUNT VI:** TRADEMARK INFRINGEMENT IN VIOLATION OF NORTH CAROLINA COMMON LAW.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Table of Contents (Cont.)

**COUNT VII:** UNFAIR COMPETITION IN VIOLATION OF NORTH CAROLINA COMMON LAW.

**COUNT VIII:** UNFAIR AND DECEPTIVE TRADE PRACTICES AND UNFAIR METHODS OF COMPETITION IN VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, CODIFIED AT N.C. GEN. STAT. § 75-1.1, *et seq*.

**COUNT IX:** DEFAMATION OF CHARACTER (SLANDER AND LIBEL *PER SE*).

**COUNT X:** INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

**COUNT XI:** EXPENSES OF LITIGATION.

**COUNT  XII:** CONDITIONS PRECEDENT.

**COUNT XIII:** JURY DEMAND IN THE STATE OF NORTH CAROLINA.

**Certificate of Service – Friday, September 15, 2017, from the Plaintiff, Mr. Craven Randall Casper.**

**Exhibit A:** COPY: "RANDY CANDY" Certificate from the United States Patent and Trademark Office (USPTO) verifying ownership of the federal registered Trademark by the Plaintiff, Mr. Craven Randall Casper.

**Exhibit B:** COPY: Federal Trademark Infringement Letter and Cease and Desist Demand Notice and Email Correspondence.

**Exhibit C:** COPY: FINAL Federal Trademark Infringement and Cease and Desist Demand Notice.

**Exhibit D:** COPY: June 1, 2017, Letter from Mrs. Marni Beck Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Table of Contents (Cont.)

**Exhibit E:** COPY: July 27, 2017, Letter from Mrs. Marni Beck Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment.

**Exhibit F:** The Defendants' [COMCAST and NBCUniversal] Public Corporate Information, History, Finances and Online Terms and Conditions.

**Exhibit G:** The Defendants' [NBCUniversal] Federal Trademark Registration(s) from the United States Patent and Trademark Office (USPTO).

**Exhibit H:** The Defendants' [NBCUniversal] History and 2nd Quarter 2017 Financial Information (public).

**Exhibit I:** The Defendants' "RANDY CANDY" on Twitter and YouTube and Public Articles.

**Exhibit J:** Bruno Mars' Federal Trademark Registration(s) from the United States Patent and Trademark Office (USPTO).

**Exhibit K:** North Carolina Affidavit, the Plaintiff, Mr. Craven Randall Casper and Certificate of Service.

*September 14, 2017*

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATIONS FOR PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION, DEMAND FOR ACCOUNTING: AUDIT DEMAND AND REQUEST FOR EXPEDITED DISCOVERY, COUNTS I – X, CERTIFICATE OF SERVICE AND EXHIBITS A – K.**

[remainder of page intentionally left blank]

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 9 of 379

# I.

## INTRODUCTION

The Plaintiff, Mr. Craven Randall Casper, files this Original Complaint and Jury Demand in the State of North Carolina and Request for immediate Preliminary Injunction, which is also being filed contemporaneously herein, and alleges as follows, upon actual and/or constructive knowledge with respect to themselves or their own act, and upon information and belief as to all other matters. The Plaintiff, Mr. Craven Randall Casper, alleges the following **COUNT I - XIII:** (**COUNT I:** <u>**FEDERAL TRADEMARK INFRINGEMENT, UNDER SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114 AND SECTION 43(a) OF THE LANHAM ACT**</u> *SEE* <u>**15 U.S.C. § 1125(a)**</u>; **COUNT II:** <u>**FALSE DESIGNATION OF ORGIN / FALSE ADVERTISING, UNDER SECTION 43(a) OF THE LANHHAM ACT, 15 U.S.C. § 1125(a))**</u>; **COUNT III:** <u>**FEDERAL TRADEMARK DILUTION, VIOLATION OF SECTION 43(c) OF THE LANTHAM ACT, 15 U.S.C. § 1125(c))**</u>; **COUNT IV:** <u>**FEDERAL UNFAIR COMPETITION, VIOLATION OF SECTION 43(a) OF THE LANHAM ACT**</u>; **COUNT V:** <u>**UNJUST ENRICHMENT**</u>; **COUNT VI:** <u>**TRADEMARK INFRINGEMENT IN VIOLATION OF NORTH CAROLINA COMMON LAW**</u>; **COUNT VII:** <u>**UNFAIR COMPETITION IN VIOLATION OF NORTH CAROLINA COMMON LAW**</u>; **COUNT VIII:** <u>**UNFAIR AND DECEPTIVE TRADE PRACTICES AND UNFAIR METHODS OF COMPETITION IN VIOLATION OF THE NORTH CAROLINA UNFAIR AND**</u>

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 10 of 379

**DECEPTIVE TRADE PRACTICES ACT, CODIFIED AT N.C. GEN. STAT. § 75-1.1,** *et seq.,* **AND OTHER APPLICABLE LAWS; COUNT IX: DEFAMATION OF CHARACTER (SLANDER AND LIBEL** *PER SE***); COUNT X: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; COUNT XI: EXPENSES OF LITIGATION; COUNT XII: CONDITIONS PRECEDENT; AND COUNT XIII: JURY DEMAND IN THE STATE OF NORTH CAROLINA.**

The Plaintiff, Mr. Craven Randall Casper, has moved this Court for issuance of a Preliminary Injunction pursuant to Fed.R.Civ.P. 65 and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, enjoining defendants: Mr. Lorne Michaels, *Saturday Night Live / "SNL,"* NBCUniversal / "NBC" (on information and belief, represented by Mrs. Marni Beck Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment), and the COMCAST CORPORATION (on information and belief, represented by Mr. Arthur R. Block, Esq., Executive Vice President, General Counsel and Secretary of COMCAST), collectively "Defendants," from using the federally registered Trademark: "RANDY CANDY," including, but not limited to, all Infringing material, previous and future projects, video, print or online (Internet, websites, social media accounts or other mediums), all storage media, document, contracts, correspondence, media kits, packaging, signage, advertisements, current inventory or products, promotional materials, commercial markets, creative activities, current or future projects, or in collaboration with other brands or in any and all forms or sources that generate revenue or which could utilize the federal

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 11 of 379

registered "RANDY CANDY" Trademark or approximations or simulations thereof, and remove the same from any and all domain names, websites and social media accounts in their possession or control that bear the Trademark: "RANDY CANDY" or any phonetic equivalents.

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 12 of 379

## II.

## COMPLAINT AND JURY DEMANDS

1.    The Plaintiff, Mr. Craven Randall Casper, prays to the Court to begin an active legal investigation into the Defendants to pursue criminal prosecution, to the fullest extent of the law, against the Defendants, and the Plaintiff, Mr. Craven Randall Casper, will fully cooperate with any law enforcement authorities or federal court Order requesting information in the prosecution of the Defendants.[1]    As stated herein, and repeated throughout, the Defendants aggressively pursue criminal prosecution for similar claims alleged by the Plaintiff, Mr. Craven Randall Casper.    The Plaintiff, Mr. Craven Randall Casper, prays that this Original Complaint and any criminal litigation in the State of North Carolina be all under special election to run *Pari-Passu* against the Defendants.[2]

2.    The Plaintiff, Mr. Craven Randall Casper, reserves his right to amend this Original Complaint to identify additional unknown Defendants once its investigation is complete.

---

[1] Federal criminal law has long prohibited trafficking in goods or services that bear a counterfeit Trademark. *See* 18 U.S.C. § 2320.  Individuals convicted of § 2320 offense generally face up to 10 years' imprisonment and a $2 million fine.  If the offenses involved serious bodily injury, counterfeit drugs, or counterfeit military goods or services, individuals face up to 20 years in prison and a $5 million fine.

[2] Federal criminal law has long prohibited trafficking in goods or services that bear a counterfeit Trademark. *See* 18 U.S.C. § 2320.  Individuals convicted of § 2320 offense generally face up to 10 years' imprisonment and a $2 million fine.  If the offenses involved serious bodily injury, counterfeit drugs, or counterfeit military goods or services, individuals face up to 20 years in prison and a $5 million fine.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 13 of 379

3.     The Plaintiff, Mr. Craven Randall Casper, prays to the Court to grant a Preliminary

Injunction (*See IX. Request for Preliminary Injunction, Paragraphs 545-717*) to stop the use of

the well-known and famous federal registered Trademark, "RANDY CANDY," by the

Defendants. This emergency relief must be granted because the Plaintiff, Mr. Craven Randall

Casper: (1) owns the incontestable federal registered Trademark: "RANDY CANDY"; (2) is

suffering irreparable injury; and, (3) the Plaintiff, Mr. Craven Randall Casper, will be able to

successfully defend his federal registered Trademark: "RANDY CANDY" during a Jury Trial in

the State of North Carolina (*See Paragraphs 1-863*). The Plaintiff, Mr. Craven Randall Casper,

will be awarded damages at a Trial by Jury in the State of North Carolina. This Original

Complaint has merit, and a Preliminary Injunction (*See IX. Request for Preliminary Injunction,

Paragraphs 545-717*) is an essential, important and immediate issue, and there is a plethora of

legal issues addressed herein that require Expedited Discovery (*See VIII. Request for Expedited

Discovery, Paragraphs 542-544 (a-f)*). After receiving multiple requests to Cease and Desist its

infringing and misleading conduct and threats of litigation, the activities continued. The

Defendants' have responded, through counsel, with one (1) of two (2) letters dated June 1, 2017,

(*See Exhibit D*); but otherwise, have failed to acknowledge or adhere to a plethora of Trademark

Infringement and / or Cease and Desist Demand Letters issued by the Plaintiff, Mr. Craven

Randall Casper, incorporated herein by reference attached hereto in example as *Exhibit B,

Exhibits C and Exhibit D (Defendants' counsels' first of two letters from Mrs. Marni Beck*

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR
ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII,
CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

*Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment*) and (*See Exhibit E*: Defendants' counsels' second Letter dated July 27, 2017) ; and therefore, the Plaintiff, Mr. Craven Randall Casper's, hand has been forced to file an Original Complaint in the United States District Court for the Middle District of the State of North Carolina (Southern District). Mr. Casper has written additional letters, including, but not limited to requests to: Mrs. Pedorella, Esq.; COMCAST (Mr. Arthur Block, Esq.); NBCUniversal (Mrs. Linda Yaccarino); and *Saturday Night Live* / "*SNL*" (Mr. Lorne Michaels) to reconsider their refusals to, at a minimum, remove any use of "RANDY CANDY" from YouTube. Mrs. Pedorella, Esq. has sought registration and has successfully registered hundreds of federal Trademarks over the course of her career. Mrs. Pedorella, Esq. has knowledge of federal laws, hate crime laws and the Terms and Conditions of COMCAST and NBCUniversal (i.e. Trademark Infringement). If the Defendants' actions were careless, it was certainly not due to their/her lack of resources. Unfortunately, no level of cooperation or reconciliation has been reached, and irreparable harm has already been done, and their/her conduct will continue to cause irreparable injury until enjoined by a Federal Court in the Great State of North Carolina. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

4.    The Plaintiff, Mr. Craven Randall Casper, prays for the Court to swiftly schedule a Conference and expedite the Discovery process. Trademark Infringement has caused and will continue to cause irreparable injury and damage to the Plaintiff, Mr. Craven Randall Casper's,

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

business, reputation and goodwill as further explained herein.[3] The Plaintiff, Mr. Craven Randall Casper, owns the incontestable federal registered Trademark: "RANDY CANDY," which was awarded by the United States Patent and Trademark Office (USPTO) on October 15, 2013, (*See Exhibit A and See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

5.    Furthermore, the Plaintiff, Mr. Craven Randall Casper, seeks the following, which is more clearly defined herein this Original Complaint (*See Pages 354 – 364, Paragraphs Wherefore, a – ww*), which included, but are not limited to: (1) a public apology; (2) permanent injunctions; (3) actual monetary damages; (4) disgorging of any and all profits Mr. Lorne Michaels, *SATURDAY NIGHT LIVE / "SNL*," NBCUniversal / "NBC," or the COMCAST CORPORATION have realized; (5) treble monetary damages for damage to "RANDY CANDY's" goodwill in the marketplace and business reputation and potential and actual consumers and advertisers; (6) compensatory damages for destroyed value; (7) punitive damages; (8) Pre-judgment and post-judgment interest at the legal rate until paid in full pursuant to 15 U.S.C. § 1125(a); (9) reimbursement of attorney's' fees and costs required to prosecute this lawsuit, including the initial four hundred dollar ($400) filing fee for this Complaint in the United States District Court for the Middle District of the State of North Carolina (Southern District)

---

[3] *See,* e.g., *Dallas Cowboys Cheerleaders. Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200 (2d Cir. 1979); *See, e.g., Commerce Bank & Trust Co. v. TD Banknorth, Inc.*, 554 F. Supp. 2d 77, 83 (D. Mass. 2008); and *See, e.g., Best Flavors*, 886 F. Supp. at 916.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

(*See Paragraph 4*); and (10) any and all further relief this Court deems just and fair (*Wherefore, a – ww, Pages 354-364* of this Original Complaint).

6.     Moreover, the Plaintiff, Mr. Craven Randall Casper, prays for the Court to Order an Audit Demand (*See VII: Demand for Accounting: Audit Demand, Paragraphs 534-541*). Because of the threatened continuation of loss of potential and actual customers, or advertisers or confusion in the marketplace, the Plaintiff, Mr. Craven Randall Casper, cannot ascertain the precise amount of damages at this time. In pertinent part, the Audit Demand during Expedited Discovery, (*See VIII: Request for Expedited Discovery, Paragraphs 542-544, a-f*) serves:

a.     To inspect, audit, check and make copies of the Defendants' books, records, journals, orders, receipts, any correspondence and other data relating to your Business or any transactions, including the books and records of any Related Party where the federal registered Trademark: "RANDY CANDY" was used in connection with Related Party's business, services or advertising; and

b.     To verify any portion of the Defendants' records of Business or any Excluded Business as the Plaintiff, Mr. Craven Randall Casper, may deem reasonable under the circumstances, including prompt response within seven (7) business days to any post-audit request for additional information.

7.     All financial records from all revenue sources should be made public and include, but not be limited to, all revenue sources itemized by: name, date, contact information and

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

financial transaction amount(s). Product placements or any revenue generating deal structure which could be deemed to have past or future monetary value must be fully disclosed to this Court. The Defendants are not entitled to exercise right of free speech by utilizing another's federal registered Trademark, which in this Original Complaint is "RANDY CANDY".

8. In addition, the Plaintiff, Mr. Craven Randall Casper, prays to the Court that an Order be issued explicitly stating that any and all costs be paid directly by the Defendants. Furthermore, the Plaintiff, Mr. Craven Randall Casper, would have the right to independently audit, at his expense, the financial disclosures once publicly released to this Court. In summary, an independent forensic accounting firm and a dedicated forensic accountants' review and audit of business records and information related to sales and advertising revenue, which will determine the total financial profits that the Defendants have accumulated.

9. The Plaintiff, Mr. Craven Randall Casper, also requests that all communications be in writing. The Plaintiff, Mr. Craven Randall Casper, requests that the Defendants respond by filing a written Answer addressing each of the (*See Paragraphs 1-863 and Wherefore a – ww, Pages 354-364* of this Original Complaint) separately and independently in detail with adequate responses to each of the *Paragraphs 1-863* to satisfy a complete Original **ANSWER** to this initial Original Complaint incorporated herein. If the Defendants' value free speech, then the Defendants will Answer in detail all paragraphs of this Original Complaint, and subsequent Motions, and additional criminal and civil cases, and provide detailed Exhibits to their Answer of

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

this Original Complaint, and will fully agree to Answer, under Oath, declaring under penalty of perjury (under the laws of the United States of America), to provide true and accurate Answers to all questions at a Jury Trial in the State of North Carolina. Any omission of a complete, direct Answer of each Paragraph of this Original Complaint herein, *Paragraphs 1-863*, will be deemed acceptance of that Paragraph and admittance of guilt to be used against the Defendants in a future Trial by Jury in the State of North Carolina, awarding *Wherefore, a – ww,* pages 354-364 of this Original Complaint. The legal standard for the Defendants is to **ANSWER**, and silence on a Paragraph would speak volumes in public and is unpersuasive in a Trial by Jury in the State of North Carolina.

10. Despite the Plaintiff, Mr. Craven Randall Casper's, repeated demands to the Defendants to immediately Cease and Desist their unlawful actions, the Defendants, through counsel, refused to do so and have failed to do so (*See Exhibit D and Exhibit E*). The Plaintiff, Mr. Craven Randall Casper, has made more than eighty (80) attempts over many months to make contact, to gain a response and to obtain compliance and to obtain cooperation from the Defendants and / or their counsel. Given that all attempts over many months at obtaining a business resolution have been exhausted, and in light of the need for the Expedited Discovery process, (*See VIII: Request for Expedited Discovery, Paragraphs 542-544, a-f*), the Plaintiff, Mr. Craven Randall Casper, has no option but to commence this litigation to seek relief in the United States of America in the U.S. District Court for Middle District of the State of North Carolina

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

(Southern District).

11.     Unfortunately, *Paragraphs 1-863* of the Original Complaint are only what the Plaintiff, Mr. Craven Randall Casper, has been able to discover, research and investigate as of the date of the filing of this Original Complaint, and additional damage(s) are likely to surface during Expedited Discovery (*See VIII: Request for Expedited Discovery, Paragraphs 542-544, a-f*) and be awarded during a public, Jury Trial (*See COUNT XIII.: JURY DEMAND IN THE STATE OF NORTH CAROLINA, Paragraphs 859-863*), which will re-affirm the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark ownership of "RANDY CANDY" *(See Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96)*.[4]  While the Plaintiff, Mr. Craven Randall Casper, does not have a right to a speedy Jury Trial, if the Defendants use the Federal Court system as a public playground for endless Motions and multi-year litigation, the Plaintiff, Mr. Craven Randall Casper, is not interested in resolution through a global settlement, and as a direct and proximate result of the foregoing conduct, including but not limited to the Defendants' limited communication and cavalier style, the Plaintiff, Mr. Craven Randall Casper, is entitled to seek an additional **NINETEEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($19.5 million dollars)** in damages per annum of the litigation period.  The Plaintiff, Mr. Craven Randall Casper, wants this noted for the record in this Court or another or in future litigation.  The Plaintiff,

---

[4] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4805:o4ypqp.2.1 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Mr. Craven Randall Casper, will intently pursue this in the Court of Law and absolutely refuses to let this go entirely unanswered by the Defendants.

12.     Because of the Defendants' blatant and ongoing Infringement of the Plaintiff, Mr. Craven Randall Casper's, federally protected "RANDY CANDY" Trademark rights and objectively unreasonable failure to stop such Infringement in spite of the significant discrepancy between the weakness of the Defendants' position on the one hand and the strength of the Plaintiff, Mr. Craven Randall Casper, on the other hand, and the reasonableness of the Plaintiff, Mr. Craven Randall Casper's, out-of-court efforts to resolve the matter, this Case stands out from other cases making it an exceptional case and creating the need to advance considerations of compensation and deterrence by having any monetary remedies awarded to the Plaintiff, Mr. Craven Randall Casper, trebled and awarding the Plaintiff, Mr. Craven Randall Casper its reasonable attorneys' fees. Mr. Casper has written additional letters, including, but not limited to requests to: Mrs. Pedorella, Esq., Senior Vice President of Legal Affairs for NBC Entertainment; COMCAST (Mr. Arthur Block, Esq.); NBCUniversal (Mrs. Linda Yaccarino); and *Saturday Night Live* / "*SNL*" (Mr. Lorne Michaels) to reconsider their refusals to, at a minimum, remove any use of "RANDY CANDY" from Twitter, GIPHY, and YouTube. Mrs. Pedorella, Esq. has sought registration and has successfully registered hundreds of federal Trademarks over the course of her career. Mrs. Pedorella, Esq. has knowledge of federal laws, hate crime laws and the Terms and Conditions of COMCAST and NBCUniversal. If their/her actions were careless,

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

it was certainly not due to their/her lack of resources. Unfortunately, no level of cooperation or reconciliation has been reached, and irreparable harm has already been done, and their/her conduct will continue to cause irreparable injury until enjoined by a Federal Court in the Great State of North Carolina. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

13.    The right of the Plaintiff, Mr. Craven Randall Casper, to appear *Pro Se* in a civil case in federal Court is defined by statute 28 U.S.C. § 1654. The evidence is absolutely overwhelming, and the Plaintiff, Mr. Craven Randall Casper, has successfully defended his federal registered Trademark: "RANDY CANDY" before, and at this stage, there is not a need for a Trail Lawyer, and the significant number of instances of actual confusion substantially tips the scale in the Plaintiff, Mr. Craven Randall Casper's, favor. The Plaintiff, Mr. Craven Randall Casper, appears before the Court *Pro Se* at a reasonable and conservative rate of one hundred ninety dollars ($190) per hour (15 U.S.C. §§ 1125(a), 1116, and 1117). The learning curve was steep, and this Original Complaint took the Plaintiff, Mr. Craven Randall Casper, over three hundred (320) hours over the course of several months to research and write at a total cost of sixty-thousand eight hundred dollars ($60,800), excluding the initial four hundred-dollar ($400) filing fee, two thousand dollars ($2,000) legal editing fees, and seven hundred ($700) in document preparation, photocopies, binding and mailing. As of the date of this filing, the Plaintiff's total expenses are sixty-four thousand nine hundred forty dollars ($64,940). Filing a lengthy Original

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Complaint was disruptive and a last, exhaustive resort. The Defendants' counsel should release their legal per hour rate to this Court if the Plaintiff, Mr. Craven Randall Casper's, reasonable rate is disputed. The Plaintiff, Mr. Craven Randall Casper, has the right to engage a high-profile attorney or attorneys at any time.

| Registration No. | Federal Registered Trademark | Registration Date |
|---|---|---|
| 4418324 | RANDY CANDY | Tuesday, October 15, 2013 |

| | Plaintiff's Fees To File Original Complaint | Plaintiff's Cost Per Hour Original Complaint | | Plaintiff's Number of Hours | Plaintiff's Total Expenses Per Line Item | |
|---|---|---|---|---|---|---|
| 1 | Legal Fees / Research / Writing Final Complaint | $ | 190.00 | 320 | $ | 60,800.00 |
| 2 | Editing Fees / Research / Assistance | $ | 25.00 | 80 | $ | 2,000.00 |
| 3 | Transcription / Internet Research Fees | $ | - | 0 | $ | - |
| 4 | Website / Internet / Twitter Verification | $ | 30.00 | 12 | $ | 360.00 |
| 5 | Travel to Federal Courthouse - Greensboro, NC (120 miles) | $ | 190.00 | 2 | $ | 380.00 |
| 6 | Document Preparation / Printing / Labels / Mailing | | | | $ | 750.00 |
| 7 | Original Complaint Filing Fee - Greensboro, NC | | | | $ | 400.00 |
| 8 | Service Certificate to Defendants in PA / NY (Est.) | | | | $ | 250.00 |
| | TOTAL: | | | | $ | 64,940.00 |

14.    A Jury award in the State of North Carolina should serve as a notice to all those determined to engage in intellectual property infringement or other unlawful civil and criminal federal activity that they are not beyond the reach of justice by federal Court juries. In some cases, sending Trademark Infringement and / or Cease and Desist Letters or Legal Notices will discourage the Defendants from continuing infringing activity; however, when the Defendants' counsels' objectively unreasonable failure to stop such Infringement in spite of the significant discrepancy between the weakness of the Defendants' position on the one hand and the strength of the Plaintiff, Mr. Craven Randall Casper's, litigating position on the other hand, and the

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 23 of 379

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 23 of 367

reasonableness of the Plaintiff, Mr. Craven Randall Casper's, out-of-court efforts to resolve the matter, this case stands out from other cases making it an *exceptional case* and creating the need to advance considerations of compensation and deterrence by having any monetary remedies awarded to the Plaintiff, Mr. Craven Randall Casper, trebled and awarding the Plaintiff, Mr. Craven Randall Casper, its reasonable attorneys' fees. The Plaintiff, Mr. Craven Randall Casper, has no choice but to file an Original Complaint. Simply stated, the Defendants' through in-house counsel have drawn a line in the sand, incorporated herein by reference attached hereto as *Exhibit D and Exhibit E*, and the Plaintiff, Mr. Craven Randall Casper, has issued additional inquiries and Trademark Infringement and Cease and Desist Letters.

15.     Despite the length of this Original Complaint, a Motion for Extension of Time, should not be granted by this Court because the Defendants have the ability to issue an Answer on time as the Defendants have ample in-house legal counsel, resources and/or knowledge of their Trademark Infringement, and other subsequent issues addressed herein, for many months, prior to the filing of this Original Complaint by the Plaintiff, Mr. Craven Randall Casper. A Motion for Extension of Time would be viewed as an unnecessary delay tactic by the Defendants, but given their nature as a poor corporate citizen, any legal trick is likely (*See Paragraph 32-33*).

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

## III.

## THE PARTIES

16.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-15* of the Original Complaint.

17.    The Plaintiff, Mr. Craven Randall Casper, appears before this Court *Pro Se*. The right of the Plaintiff, Mr. Craven Randall Casper, to appear *Pro Se* in a civil case in federal Court is defined by statute 28 U.S.C. § 1654. Mr. Craven Randall Casper is a private American citizen of the State of North Carolina and the District of Columbia.

18.    The Plaintiff, Mr. Craven Randall Casper, was born in Nash County, North Carolina, and he attended the University of North Carolina at Chapel Hill.

19.    For legal mailing purposes, please direct any and all written correspondence or U.S. mail to:

    a)  Mr. Craven Randall Casper

        C/O RANDY CANDY, A Federal Registered Trademark

        (LEGAL MAIL)

        P.O. Box 2311

        Chapel Hill, NC 27515

20.    The Plaintiff, Mr. Craven Randall Casper, can be contacted anytime in writing via personal email: randall.casper@gmail.com.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

21.    On information and belief, the Defendant, Mr. Lorne Michaels, is the Creator and Executive Producer of the Defendants' NBC's nationally broadcasted, *Saturday Night Live* or "*SNL*," and associated entities' with goals of carrying out enterprises for profit[5]. *SNL* entered its 42nd season in October, 2016.

22.    On information and belief, at all relative times herein, the Defendants' *Saturday Night Live* / "*SNL*" is co-owned by Mr. Michaels and NBCUniversal, which also pays Mr. Lorne Michaels an annual salary, and are associated entities with the goal of carrying out enterprises for profit and share in profits and losses.[7]  The Plaintiff, Mr. Craven Randall Casper, politely requests that the Defendant's release to the Court the exact ownership and salary structure, which is unknown to the Plaintiff, Mr. Craven Randall Casper, and the Court at this time.

23.    On information and belief, the Defendants' *Saturday Night Live* or "*SNL*," generated in excess of one hundred fifteen million dollars ($115 million) in revenue last season (2016-2017), according to Kantar Media, a well-respected market media research firm.[8]

---

[5] Source: < http://www.nbc.com/saturday-night-live >.

[7] Source:  < http://www.nbc.com/saturday-night-live >.

[8] Source: < http://247wallst.com/media/2017/04/08/saturday-night-live-to-produce-real-ads-for-apple/ >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

24.    The Defendant, NBC, a profit-maximizing corporation, was founded in 1926.[9] NBCUNIVERSAL is a subsidiary of the world-renowned COMCAST Corporation.[10] NBCUniversal, one of the world's leading media and entertainment companies, operates a valuable portfolio of businesses and related Trademarks, including but not limited to the Defendants' NBCUniversal, *Saturday Night Live* or "*SNL*," online retail, NBC Experience Store, NBC News, NBC Olympics, NBC Sports, E! Entertainment and Universal Studios Hollywood, and COMCAST also oversees Xfinity (formerly COMCAST Cable), a brand of COMCAST Cable Communications, LLC, a subsidiary of the COMCAST Corporation. For the year ended December 31, 2016, NBCUniversal revenue increased 11.0%, from CY2015, to $31.6 billion.[11] As of the end of the 2nd Quarter 2017, NBCUniversal publicly reported that revenue increased 17.3% and adjusted EBITDA increased 22.6%, and that NBC Remains Ranked #1 Among Adults 18-49.[12] For additional detail on segment revenue and expenses, customer metrics, capital expenditures, and free cash flow, please refer to the trending schedules on COMCAST's Investor Relations website at: < www.cmcsa.com > or (*See Exhibit H*).[13]

---

[9] Source: < http://www.NBCUniversal.com/our-history >.

[10] Source: < http://corporate.COMCAST.com/our-company/businesses/NBCUniversal >.

[11] Source: < http://www.cmcsa.com/releasedetail.cfm?ReleaseID=1009218 >.

[12] Source: < http://www.cmcsa.com/releasedetail.cfm?ReleaseID=1034647 >. Released 27 July 2017.

[13] Source: < http://www.cmcsa.com/releasedetail.cfm?ReleaseID=1009218 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

25. The Defendants' NBCUniversal website touts:

< http://www.NBCUNIVERSAL.com/who-we-are >:

> "NBCUniversal owns and operates a valuable portfolio of news and entertainment television networks, a premier motion picture company, significant television production operations, a leading television stations group, world-renowned theme parks, and a suite of leading Internet-based businesses. NBCUniversal is a subsidiary of COMCAST Corporation".[14]

26. Profit-maximizing corporations like the Defendants' COMCAST[15] and NBCUniversal vigorously and zealously guard *their* federal registered Trademarks. In further evidence, ironically, the Defendants' tout and emphasize *their* aggressive protectionist strategy of *their* Trademarks. On the Defendants' NBCUniversal website: < http://www.NBCUniversal.com/terms >, stating in pertinent part: "You are also advised that NBC [Defendant] will aggressively enforce its intellectual property rights to the fullest extent of the law, including seeking of criminal prosecution". [16] This is direct evidence that the Defendants' are acutely aware of federal laws, and this Court has discretion to begin an active legal investigation and pursue additional criminal prosecution and legal action against the

---

[14] Source: < http://www.NBCUNIVERSAL.com/who-we-are >.

[15] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4807:7x9agl.2.1 >.

[16] Source: < http://www.NBCUniversal.com/terms >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Defendants, in this case, which is not only warranted,[17] but the Plaintiff, Mr. Craven Randall Casper, strongly advocates and will pursue an active legal investigation against the Defendants just as strongly as they publicly advocate criminal prosecution, with the goal of prosecuting the Defendants, which is referenced herein.[18]

27.    On information and belief, on May 11, 2004, the entity formerly known as National Broadcasting Company, Inc. (and commonly by the abbreviation "NBC") merged and combined its assets (including trademarks) with the assets (including trademarks) of Vivendi Universal Entertainment, forming NBC Universal, Inc. (which became commonly identified by the abbreviations "NBCUniversal" and "NBCU"). On January 29, 2011, Comcast Corporation, one of the nation's leading providers of entertainment, information and communications products and services, became a majority owner of NBC Universal, Inc., which was then converted to NBC Universal Media, LLC, and subsequently renamed NBCUniversal Media, LLC. Comcast Corporation completed its acquisition of NBCUniversal by purchasing the remaining common equity stake in the company on March 19, 2013.

28.    On information and belief, the Defendants are represented by counsel, Mrs. Marni Beck Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, incorporated

---

[17] Source: < http://www.law.nyu.edu/sites/default/files/ECM_PRO_075275.pdf >.

[18] Source: < https://www.justice.gov/sites/default/files/criminal-ccips/legacy/2015/03/26/prosecuting_ip_crimes_manual_2013.pdf >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

herein by reference attached hereto as *Exhibit D and Exhibit E*. In Mrs. Marni Beck Pedorella, Esq.'s, email and letter dated June 1, 2017, (*See Exhibit D*), there are several recipients who are blind carbon copied (BCC) including: Khudine Samlal, Gillian Lusins, Ken Aymong, Dina Moles, Adam Nicely, Ryan Bocksay, and Lauren Roseman; however, it should be noted the Plaintiff, Mr. Craven Randall Casper has never received a response, correspondence or had a conversation with any of these people, except Khudine Samlal who forwarded the June 1, 2017, letter from Mrs. Marni Beck Pedorella, Esq. to his personal email address (*See Exhibit D*) . On information and belief, these individuals are employees of COMCAST and / or NBCUniversal or NBC Entertainment's Legal Department(s). The Plaintiff, Mr. Craven Randall Casper, respectfully requests that the Defendants disclose who these individuals are to the Court, and the Defendants be required to provide a biography of each and every individual referenced herein in their complete Answer to this Original Complaint.

29. On information and belief, NBCUniversal is a subsidiary of the COMCAST Corporation.[19] The Defendants are associated entities with the goal of carrying out a specific enterprise for profit, and COMCAST has the right to govern the policies of NBCUniversal and *Saturday Night Live* / "*SNL*".

---

[19] Source: < http://corporate.COMCAST.com/our-company/businesses/NBCUniversal >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

30. Founded in 1963, COMCAST Corporation is an American global telecommunications conglomerate that is the largest broadcasting and cable television company in the world by revenue.[20] COMCAST Corporation (CMCSA) is a publicly traded company on the NASDAQ.[21] As of August 31, 2017, according to *Yahoo Finance*, CMCSA stock traded at approximately forty dollars and fifty-six cents ($40.56) per share, and the company had a market capitalization of one hundred eighty-two Billion dollars ($182.43 Billion).[22] As of May, 2017, *Forbes* ranked COMCAST Number: 31 of the top 2,000 Global Companies, and Number: 40 in profit, and Number: 15 in America's Top Public Company (*See Paragraph 636*).[23] For the year ended December 31, 2016, COMCAST touts consolidated revenue increased 7.9% to $80.4 Billion compared to 2015.[24] For additional detail on segment revenue and expenses, customer metrics, capital expenditures, and free cash flow, please refer to the trending schedules on

---

[20] Source: < http://corporate.COMCAST.com/our-company/businesses/NBCUniversal >. August 31, 2017.

[21] Source: < https://finance.yahoo.com/quote/CMCSA?ltr=1 >.

[22] Source: < https://finance.yahoo.com/quote/cmcsa?ltr=1 >.

[23] Source: < https://www.forbes.com/companies/comcast/ >.

[24] Source: < http://www.cmcsa.com/releasedetail.cfm?ReleaseID=1009218 >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

COMCAST's Investor Relations website at < www.cmcsa.com >.[25] Furthermore, the Defendants' COMCAST has in excess of 139,000 employees globally (*See Exhibit H*).[26]

31.     It is important for a business, irrespective of its size, to protect its federal registered Trademarks, creations, investments and business.   Obviously, any company less than COMCAST appearance on the *Forbes* Global 2000 (COMCAST Number 31) would be considered smaller in size.



32.                                                                                                    27

---

[25] Source: < http://www.cmcsa.com/releasedetail.cfm?ReleaseID=1009218 >.

[26] Source: < http://corporate.COMCAST.com/news-information/news-feed/di2014-our-workforce-by-the-numbers >.

[27] Source : < http://corporate.COMCAST.com/our-company/businesses/NBCUniversal >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

**Illustration 1: Screenshot of the Defendants' controlled website and Party Information < http://corporate.COMCAST.com/our-company/businesses/NBCUniversal > (red highlighting added).**

33.    Profit-maximizing corporations like the Defendants' COMCAST and NBCUniversal vigorously and zealously guard *their* federal registered Trademarks. In further evidence, ironically, the Defendants' tout and emphasize *their* aggressive protectionist strategy of *their* Trademarks. On the Defendants' COMCAST website, < http://www.NBCUniversal.com/terms >, stating in pertinent part:

> "**We do not want anyone to be confused as to which materials and services are provided by COMCAST and which are not**. You may not use any trademark, service mark or logo appearing on this website without the prior written consent of the owner of the mark. The HITS, COMCAST, COMCAST Wholesale, COMCAST Media Center, COMCAST AdDelivery, WestWork Studios and other names and logos are trademarks and/or service marks of COMCAST or its affiliates by registration or common law. **Other trademarks appearing on this website or other sites linked to from this website are the property of their respective owners**."[28]

According to COMCAST's website, in pertinent part, "Mr. Arthur R. Block, Esq., serves as Executive Vice President, General Counsel and Secretary of COMCAST. Mr. Block is the Company's chief legal officer, overseeing COMCAST's legal, corporate governance and

---

[28] Source: < https://www.COMCASTtechnologysolutions.com/terms-conditions >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

strategic intellectual property functions. Art [Mr. Block] has been with COMCAST since 1989; during this time, he has served as the lead in-house attorney for COMCAST's mergers, acquisitions and financings".[29] The Plaintiff, Mr. Craven Randall Casper, repeatedly attempted for months to contact Mr. Arthur R. Block, Esq., or a member of the legal department, but has been unable to reach him or anyone at COMCAST as of the date of this filing.

## IV.

## JURISDICTION AND VENUE

34. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-33* of the Original Complaint.

35. This action arises under the Trademark laws of the United States, specifically the Trademark Act of 1946, 15 U.S.C. §1051, *et. seq.* ("Lanham Act"). This Court has supplemental jurisdiction over the Plaintiff, Mr. Craven Randall Casper, related state law claims under 28 U.S.C. § 1367(a).

36. Specifically, this Court has jurisdiction over the action pursuant to 28 U.S.C. §1331 and §1338(a) and (b) (Patent, Copyright, Trademark and Unfair Competition).

---

[29] Source: < http://corporate.COMCAST.com/news-information/leadership-overview/arthur-r-block-esq >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

37. This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§1331, 1338, and 1391(a); 1391(b)(2); and 1391(c)(2), 15 U.S.C. §1121 because this issue arises under the Lanham Act, and, with respect to certain claims, the Court has supplemental subject-matter jurisdiction over all other claims pursuant to 28 U.S.C. §1367 because they are so related that they form part of the same case or controversy.

38. This Court has supplemental jurisdiction over the Plaintiff, Mr. Craven Randall Casper's, related state law claims under 28 U.S.C. §§1367(a).

39. This Court also has diversity jurisdiction pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states (*See Paragraphs 3-6, or Wherefore, a-ww, Pages 354-364*).[30]

40. This Court has specific personal jurisdiction over the Defendants because Defendants have purposefully availed themselves of the privileges of conducting activities and doing business in the State of North Carolina and in this District, thus invoking the benefits and protections of North Carolina's laws.

---

[30] *See Erin Andrews v. Marriott International Inc.*, Case Number: BS141941, in the Superior Court of the State of California, County of Los Angeles; and *Erin Andrews v. Marriott International Inc. et al.*, Case Number: 11C4831, in the Circuit Court for Davidson County, Tennessee, March 7, 2016.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

41. This Court also has personal jurisdiction over the Defendants because their contacts with North Carolina have been continuous and systematic such that general jurisdiction may be asserted against each of them.

42. This Court may exercise personal jurisdiction over Defendants, since Defendants regularly conduct business in the State of North Carolina and/or has employees in regular and systematic business activities in this Judicial District and the State of North Carolina, including a partnership with North Carolina A&T University in Greensboro, North Carolina.[31] In addition, on information and belief, the Defendants advertise in, derive substantial revenue from advertising in, transacting business in, or offers for sale, sold, peddled and/or distributed advertising, products, goods, services, advertising and/or commercial activities, including at least merchandise at issue in this action in this judicial District and throughout the United States.

43. The Defendants' NBCUniversal is a subsidiary of the COMCAST Corporation, a large brutish corporation that defies social standards, and given its enormous size and vast interstate distribution and operations throughout the United States of America should have no objection to the venue.

44. Any change of venue, via a *Motion for Change of Venue*, would be viewed as an unnecessary delay tactic by the Defendants, but given their nature as a poor corporate citizen, any

---

[31] Source : < http://www.ncat.edu/news/news-archive/2015/03/nbcuniversal.html >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

legal trick is likely (*See Paragraphs 10-11*).  However, the Plaintiff, Mr. Craven Randall Casper,

would not be opposed to a *Motion for Change of Venue*, if: (1) the new jurisdiction's State Laws

were stronger than North Carolina, and (2) only if, prior, to the granting of a *Motion for Change*

*of Venue*, a Federal Prosecutor[32] had agreed, in writing, to begin an active legal investigation and

will proceed with criminal prosecution case(s) against the Defendants.  There is reasonable cause

to believe that violations of law may have occurred with criminal intent.

45.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because entities

or individuals are subject to personal jurisdiction in this District and/or a substantial part of the

events giving rise to the Plaintiff, Mr. Craven Randall Casper's, claims have occurred and are

continuing to occur in this District.  Venue is proper because the Plaintiff, Mr. Craven Randall

Casper, resides the State of North Carolina.

46.      The federal Trademark: "RANDY CANDY" was awarded in Washington, D. C.

on October 15, 2013, by the United States Patent and Trademark Office (USPTO), for "RANDY

CANDY" to the Plaintiff, Mr. Craven Randall Casper, which is public record and incorporated

herein by reference attached hereto as *Exhibit B*.  Again, the federal Trademark is registered to

the Plaintiff, Mr. Craven Randall Casper (*See V. Federal Trademark Statement: "RANDY*

*CANDY," Paragraphs 49-96*).

---

[32] Source: < https://www.justice.gov/usao/file/813026/download >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

47. The Plaintiff, Mr. Craven Randall Casper, was born in Nash County, North Carolina, and he is a North Carolina citizen. The Plaintiff, Mr. Craven Randall Casper, also is an alumnus of the University of North Carolina at Chapel Hill.

48. In summary, this Venue is proper for the filing of this Original Complaint and future Trial by Jury in the State of North Carolina.

**[remainder of page intentionally left blank]**

## V.

## FEDERAL REGISTERED TRADEMARK STATEMENT

## RANDY CANDY

49. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-48* of the Original Complaint.

50. In existence for more than 200 years, the United States Patent and Trademark Office (USPTO) is the government agency responsible for processing Trademark and Patent applications and disseminating related information to the public.[33] The USPTO has an orderly process and applications are carefully evaluated.

51. Trademark law and the law of unfair competition protect Trademark owners from the unauthorized use of their Trademarks and unfair trade practices, and also protect the public

---

[33] Source: < http://www.allgov.com/departments/department-of-commerce/united-states-patent-and-trademark-office?agencyid=7143 >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

from confusion regarding the source of products and services, and about the affiliation of parties offering products or services. Confusion occurs when a person or company uses a Trademark in a way that creates a likelihood that members of the public will mistakenly believe that the person or company's goods or services originate from, or are affiliated with, the Trademark owner when they are not.

52. Federal Courts have a responsibility to the United States and the members of the general public to stop any actual or likely confusion that is created when someone else uses a similar name. Legal protections for federal registered Trademarks not only help protect the goodwill and reputation of federal Trademark owners, but also promote fair competition and the integrity of the marketplace. Additionally, they protect consumers by helping to ensure they receive accurate information about the origins of products, services and other commercial activity.

53. Recognizing the tremendous value Trademarks add to the economy in North Carolina and to the United States economy as a whole, diligent and meritorious enforcement of Trademark rights is critical to halt the disingenuous efforts of others attempting to unfairly trade off a Trademark owner's established goodwill and business reputation. *See Lumbee Tribe of*

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 39 of 379

*North Carolina v. Anheuser-Busch, LLC et al.*, Case Number 7:16-cv-00148, in the U.S. District Court for the Eastern District of North Carolina.[34]

**[remainder of page intentionally left blank]**

54.    A Trademark is a protected piece of intellectual property, meaning that others cannot utilize the registered brand name or logo, benefitting from the brand recognition and positive reputation.[35]

55.    Registering a federal Trademark with the United States Patent and Trademark Office (USPTO) is a crucial measure for protecting a logo or brand, its reputation, image, and even one's ability to profit in the future.  That is exactly what the Plaintiff, Mr. Craven Randall Casper's, objectives were in obtaining a federal registered Trademark from the United States Patent and Trademark Office (USPTO) in 2013 for the distinctive and famous "RANDY CANDY".

56.    By failing to control third party use, a Trademark owner's rights may be substantially restricted.  Refraining from enforcement measures may cause a likelihood of

---

[34] See: *Lumbee Tribe of North Carolina v. Anheuser-Busch, LLC et al.*, Case Number 7:16-cv-00148, in the U.S. District Court for the Eastern District of North Carolina, June 15, 2016, (legal doctrine of "Reverse Confusion").

[35] *See,* e.g., *Dallas Cowboys Cheerleaders. Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200 (2d Cir. 1979); *See, e.g., Commerce Bank & Trust Co. v. TD Banknorth, Inc.*, 554 F. Supp. 2d 77, 83 (D. Mass. 2008); and *See, e.g., Best Flavors*, 886 F. Supp. at 916.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

consumer confusion in the marketplace, lost profits and harm to the rights holder's goodwill. On some occasions, failing to police may even result in a loss of Trademark protection entirely through gendercide or abandonment. Thus, if the Trademark owner does not proactively enforce its rights against infringers [the Defendants], the owner's [the Plaintiff, Mr. Craven Randall Casper's] ability to preclude others from using the Trademark in commerce and the value of that intangible asset will quickly erode. Furthermore, permitting a third party's Trademark Infringement could lead to the finding that the Trademark owner had abandoned certain uses of the Trademark, and could hamper its ability to later expand the Trademark's use to identify other products, services or advertising. *See Lumbee Tribe of North Carolina v. Anheuser-Busch, LLC et al.*, Case Number 7:16-cv-00148, in the U.S. District Court for the Eastern District of North Carolina.[36]

57.     The Plaintiff, Mr. Craven Randall Casper, has never applied for nor been awarded another federal registered Trademark other than "RANDY CANDY".

58.     An application was filed in Washington, D.C. on March 11, 2013, with the United States Patent and Trademark Office (USPTO) for "RANDY CANDY" by the Plaintiff, Mr. Craven Randall Casper (*See Exhibit A*).

---

[36] See: *Lumbee Tribe of North Carolina v. Anheuser-Busch, LLC et al.*, Case Number 7:16-cv-00148, in the U.S. District Court for the Eastern District of North Carolina, June 15, 2016, (legal doctrine of "Reverse Confusion").

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 41 of 367

59.     The Plaintiff, Mr. Craven Randall Casper, has given notice to the public of the registration of "RANDY CANDY" as provided in 15 U.S.C. §1111. *Id.*[37]  The Plaintiff, Mr. Craven Randall Casper's, registrations are, in fact, constructive notice to the world of Plaintiff, Mr. Craven Randall Casper's, Trademark rights.  *See* 15 U.S.C. § 1072.  During the lengthy process of obtaining the Trademark, the Plaintiff, Mr. Craven Randall Casper, did not encounter a single dispute.  The issuance of the distinctive Trademark: "RANDY CANDY" was never contested.  *See* 15 U.S.C §§ 1057(b) and 1115(a).

60.     It is fact that a federal Trademark was awarded on October 15, 2013, by the United States Patent and Trademark Office (USPTO) for "RANDY CANDY" to the Plaintiff, Mr. Craven Randall Casper, which is public record and attached as *Exhibit A*.

61.     The federal registered Trademark: "RANDY CANDY" is registered and long-established and has become incontestable is conclusive evidence of the validity and respective registration, and of the Plaintiff, Mr. Craven Randall Casper's, exclusive right to use "RANDY CANDY" in interstate commerce.  *See* 15 U.S.C § 1115 (b).

62.     It is uncontested that "RANDY CANDY" is a federal registered Trademark.  The Trademark is valid and distinctive.  *See Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F.2d 154, 161 n.12 (1st Cir. 1977).

---

[37] Source: < *Margaritaville Enterprises, LLC v. Rachel A. Bevis*, case numbers 91219403 and 91221395, at the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

63.     Federal Trademarks are effective for as long as they are used and registrations are updated. *See* 15 U.S.C § 1057(b); 1115(a); and §1072. The Plaintiff, Mr. Craven Randall Casper, has continuously used the federal registered Trademark: "RANDY CANDY" since the date of the registration, and is in full force and effect pursuant to 15 U.S.C § 1111. *Id.*

64.     It is fact, the federal registered Trademark: "**RANDY CANDY**" has a SERIAL **NUMBER: 85-872,265** and **REG. NUMBER: 4,418,324**, which is public record and cited in the chart below and incorporated herein by reference attached hereto as *Exhibit A*.

| Registration No. | Federal Registered Trademark | Registration Date |
|---|---|---|
| 4418324 | RANDY CANDY | Tuesday, October 15, 2013 |

65.     The Plaintiff, Mr. Craven Randall Casper, has the exclusive right to use the well-known and famous federal registered Trademark: "RANDY CANDY".

66.     The Plaintiff, Mr. Craven Randall Casper, owns one hundred percent (100%) of the federal registered Trademark: "RANDY CANDY". Incorporated herein by reference, attached hereto as *Exhibit A,* is a copy of the "RANDY CANDY" Certificate from the United States Patent and Trademark Office (USPTO), dated October 15, 2013.

67.     The Plaintiff, Mr. Craven Randall Casper, owns the developed and widely known incontestable federal registered Trademark: "RANDY CANDY," and there is an exclusive right to use the federal registered Trademark: "RANDAY CANDY" in commerce. *See* 15 U.S.C.§ 1115(b).

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

68.     The Plaintiff, Mr. Craven Randall Casper, owner of an American-based business, has continuously used the federal registered Trademark: "RANDY CANDY" since the date of registration, and these marks are in full force and effect, and has become incontestable, pursuant to 15 U.S.C.§1065. *Id.*

69.     A public, quick and simple search of the Principal Resister on the USPTO's Trademark Electronic Search System (TESS) provides additional information on the federal Trademark: "RANDY CANDY," which is protected and solely owned by the Plaintiff, Mr. Craven Randall Casper.[38]   It is fact, the Defendants' had access to this public information. Ironically, the Defendants' tout and emphasize their aggressive protectionist strategy of *their* Trademarks. On the NBC website, stating in pertinent part: "You are also advised that NBC will aggressively enforce its intellectual property rights to the fullest extent of the law, including seeking of criminal prosecution" (*See Paragraph 25 and Paragraph 33*).[39] This is direct evidence that the Defendants' are acutely aware of federal laws, and this Court has discretion to begin active legal investigations into the Defendants' activities will the goal of pursing criminal

---

[38] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4805:odkv35.2.1 >.

[39] Source: < http://www.NBCUniversal.com/terms >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

prosecution against the Defendants, which the Plaintiff, Mr. Craven Randall Casper, strongly advocates as a focused example, especially in an anti-media era in the United States of America.[40]

70.     According to the United States Patent and Trademark Office (USPTO), the Defendants have neither filed for the "RANDY CANDY" Trademark nor contested the ownership of the "RANDY CANDY" Trademark.  It is fact, a federal Trademark was awarded on October 15, 2013, by the United States Patent and Trademark Office (USPTO) for "RANDY CANDY" to the Plaintiff, Mr. Craven Randall Casper, which is public record and attached as *Exhibit A*.

71.     The Plaintiff, Mr. Craven Randall Casper, is the exclusive licensor of federal registered Trademark, service marks, designs, logos, colors patters and business methods for use and promotion of "RANDY CANDY" images, services, products, programs and marketing, which are on the principal register of the United States Patent and Trademark Office (USPTO), "RANDY CANDY".

72.     The Plaintiff, Mr. Craven Randall Casper, has never had a conversation or agreed to any use, including, but not limited to: artistic project collaboration, creative installation, partnership, licensing, sublicensing, franchising, royalty deal structure or a sale of his name or of

---

[40] Federal criminal law has long prohibited trafficking in goods or services that bear a counterfeit Trademark. *See* 18 U.S.C. § 2320.  Individuals convicted of § 2320 offense generally face up to 10 years' imprisonment and a $2 million fine.  If the offenses involved serious bodily injury, counterfeit drugs, or counterfeit military goods or services, individuals face up to 20 years in prison and a $5 million fine.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

the federal Trademark: "RANDY CANDY," with the Defendants. The Plaintiff, Mr. Craven Randall Casper, has never met Mr. Lorne Michaels, or a representative of the Defendants' *Saturday Night Live* / "*SNL*," NBCUniversal / "NBC" (*See Paragraph 21*), Mrs. Marni Beck Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment (*See Paragraph 28*), an associate of the COMCAST Corporation or Mr. Arthur R. Block, Esq. Given the Defendants' refusal to cooperate or comply, reaching a global settlement is highly unlikely, and thus, there is a need for a Jury Trial. The Plaintiff, Mr. Craven Randall Casper, had no way of knowing the Defendants' were determined to use "RANDY CANDY". Furthermore, the only thing worse than federal Trademark Infringement, is the Defendants' counsel lying about it, making false statements and attempting to cover up illegal and unauthorized use of the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" (*See COUNT I. (FEDERAL TRADEMARK INFRINGEMENT, UNDER SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114 AND SECTION 43(a) OF THE LANHAM ACT SEE 15 U.S.C. § 1125(a)).*

73. On information and belief, the Defendants' may have violated various statements of their own intentionally publicly published *Terms and Conditions*, which read in pertinent part from the Defendant NBCUniversal:

> "**NBCUniversal respects the intellectual property of others**, and we ask our users to do the same. This Site and materials incorporated by NBCUniversal on this Site ("Material") are protected by copyrights, patents, trade secrets or other proprietary rights ("Copyrights"). Some of the characters, logos or other images incorporated by NBCUniversal on

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

this Site are also protected as registered or unregistered trademarks, trade names and/or service marks owned by NBCUniversal or others ("Trademarks").["]41

74.     On further information and belief, the Defendants' may have violated various statements of their own publicly published *Terms and Conditions*, which read in pertinent part from the Defendant COMCAST:

> "We don't want anyone to be confused as to which materials and services are provided by COMCAST and which aren't. You may not use any trademark, service mark or logo appearing on this website without the prior written consent of the owner of the mark. The HITS, COMCAST, COMCAST Wholesale, COMCAST Media Center, COMCAST AdDelivery, WestWork Studios and other names and logos are trademarks and/or service marks of COMCAST or its affiliates by registration or common law. Other trademarks appearing on this website or other sites linked to from this website are the property of their respective owners." [42]

75.     For several months prior to the filing of this Original Complaint, and, as of the filing of this Original Complaint, the Plaintiff, Mr. Craven Randall Casper, does not know who or where the Defendants have also, including, but not limited to, licensed, sold or distributed "RANDY CANDY," and if this has been translated into different languages, including Spanish, in the United States or abroad, and this Request for Expedited Discovery (*See VII: Demand for*

---

[41] Quoting directly from the Defendants' controlled website: "NBCUniversal owns and operates a valuable portfolio of news and entertainment television networks, a premier motion picture company, significant television production operations, a leading television stations group, world-renowned theme parks, and a suite of leading Internet-based businesses. NBCUniversal is a subsidiary of Comcast Corporation." Source: < http://www.nbcnews.com/terms-conditions >.

[42] Source: < https://www.COMCASTtechnologysolutions.com/terms-conditions >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

*Accounting: Audit Demand, Paragraphs 534-541, and VIII: Request for Expedited Discovery, Paragraphs 542-544, a-f).*

76.     Well-known and well-respected federal registered Trademarks and trade names take years to establish through concentrated efforts in designing goods, services, advertising and/or commercial activities that meet the needs of consumers, image, advertising, identity and quality control. Consumers become confident that advertisers, products, goods, services and/or commercial activities with a well-known trade name or Trademark will meet certain standards of image and/or quality, as they do with "RANDY CANDY".

77.     The Plaintiff, Mr. Craven Randall Casper, absolutely refuses to let this Original Complaint go unanswered in its entirety. The Plaintiff, Mr. Craven Randall Casper will intently pursue additional criminal and civil litigation cases against the Defendants, and will likely enjoin additional Defendants. Unfortunately, owners of federal registered Trademarks must properly self-police, in a cost-efficient and effective enforcement manner.

78.     The Plaintiff, Mr. Craven Randall Casper, will vigorously defend and enforce, with all means at his disposal, the federal Trademark: "RANDY CANDY". Since the Plaintiff, Mr. Craven Randall Casper, has not been able to gain communication and compliance with the Defendants, the Plaintiff, Mr. Craven Randall Casper, will actively pursue this Original Complaint in this Court or another and in any and all future criminal cases and civil litigation.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

79.     The Plaintiff, Mr. Craven Randall Casper, is the only owner of any United States federal registered Trademark for "RANDY CANDY". Prior to the Defendants' unauthorized use of "RANDY CANDY," the Plaintiff, Mr. Craven Randall Casper's federal registered Trademark was strong.

80.     The Defendants do not own any United States federal registrations for "RANDY CANDY" or any variant thereof.

81.     The Defendants do not own any pending application for United States Federal Trademark registrations for "RANDY CANDY" or any variant thereof.

82.     Additionally, the Defendants never filed an intent-to-use application for "RANDY CANDY".

83.     Further, the Defendants have themselves sought to register and have successfully registered hundreds of federal Trademarks with the USPTO.

84.     The Plaintiff, Mr. Craven Randall Casper, has never been forced to file a federal lawsuit, and given the non-responsive, cavalier attitude of the Defendants' counsel, whose flippant disregard for the Plaintiff, Mr. Craven Randall Casper's, Trademark Infringement Letters and Cease and Desist Letters, went unanswered until the Plaintiff, Mr. Craven Randall Casper, contacted in excess of twenty (20) other individuals more than eighty (80) times at Comcast, NBCUniversal and *Saturday Night Live* / *"SNL"*.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

85.    On information and belief, when Mrs. Marni Beck Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, (Marni.Pedorella@nbcuni.com) was on vacation, the Plaintiff, Mr. Craven Randall Casper, received an automatic out-of-office reply from Mrs. Marni Beck Pedorella, Esq., which suggested the Plaintiff, Mr. Craven Randall Casper, contact two other associates, Lindsey Davis (Lindsey.Davis@nbcuni.com) and Lauren Hayes (Lauren.Hayes@nbcuni.com), but the Plaintiff, Mr. Craven Randall Casper, did not receive a response from either Lindsey Davis or Lauren Hayes or additional members of Defendants' counsel (*See Paragraph 28*).

86.    Mrs. Marni Beck Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, in only correspondence, a letter dated June 1, 2017, to the Plaintiff, Mr. Craven Randall Casper, (*See Exhibit D*) made a speculative illusion, and went to great lengths to downplay the Defendants' illegal use of "RANDY CANDY," that the Plaintiff, Mr. Craven Randall Casper, does not defend his Trademark, "RANDY CANDY" and that there were other co-existing uses.  On information and belief, Mrs. Marni Beck Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, on vacation at time her letter was written, practices Confirmation Bias, the tendency to look for information that confirms *her* desired conclusion, but ignores the evidence.

87.    The Plaintiff, Mr. Craven Randall Casper, has not historically been complacent with respect to third party use and/or attempted registration of "RANDY CANDY," a federal

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

registered Trademark owned by the Plaintiff, Mr. Craven Randall Casper, and the Plaintiff, Mr. Craven Randall Casper will actively and aggressively pursue additional civil and criminal cases against the Defendants.

88.     The Defendants' counsel, Mrs. Marni Beck Pedorella, Esq., has had absolutely no knowledge of what lengths the Plaintiff, Mr. Craven Randall Casper, has gone to or will go to enforce his federal registered Trademark: "RANDY CANDY". The Plaintiff, Mr. Craven Randall Casper, is prepared to take and all legal action necessary to stop Trademark Infringement. This time there is the need for a Jury in the State of North Carolina to set a landmark verdict.

89.     In the first of two letters dated June 1, 2017, the Defendants' counsel, Mrs. Marni Beck Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, on page 2 of 2, asserts that "RANDY CANDY" is a weak federal Trademark because it exists in a crowded field, which is wrong. It is important for a business, irrespective of its size, to protect its federal registered Trademarks, creations, investments and business. Obviously, any company less than the COMCAST appearance on the *Forbes* Global 2000 (COMCAST Number: 31) would be considered smaller in size. To be sure, evidence of third-party use of similar Trademark on similar goods, products, services, business /or other commercial activities may be relevant to show that a Trademark is relatively weak. *See Alliance Bank v. New Century Bank*, 2010 U.S. Dist. LEXIS 76747, at *48 (E.D. Pa. July 28, 2010). However, the significance of third-party Trademark turns not on *their* [i.e. the Plaintiff, Mr. Craven Randall Casper's "RANDY CANDY"] registration(s)

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

but "turns entirely upon *their* [the Defendants] usage" and "the impact that such use has had on the minds of consumers." *Id.* (citation omitted). Here, in this Original Complaint, there is significant misuse of "RANDY CANDY" that weakens the inherent and hard-earned strength of the "RANDY CANDY" federal registered Trademark, which is owned by the Plaintiff, Mr. Craven Randall Casper.

90.     The Plaintiff, Mr. Craven Randall Casper, is certain that this Court will witness more Confirmation Bias in the Defendants Answer to each of these Paragraphs of the Original Complaint, but the Plaintiff, Mr. Craven Randall Casper, will be prepared to defend at a Trial by Jury in the State of North Carolina evidence or examples of Trademark enforcement and protection and for this Original Complaint provides three (3) examples to the Court today.

   a.     By way of example of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark defense, the Plaintiff, Mr. Craven Randall Casper, contacted a well-known online dictionary, *Urban Dictionary*. According to their website, Urban Dictionary is a crowdsourced online dictionary of slang words and phrases that was founded in 1998 as a parody of Dictionary.com and Vocabulary.com. *Urban Dictionary* complied with the Trademark Infringement and Cease and Desist notices and removed their derogatory terms and definitions of "RANDY CANDY".

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 52 of 379

b.   In addition, the Plaintiff, Mr. Craven Randall Casper, contacted a New York based toy manufacturer, Well Made Toy Manufacturing Corporation, who was manufacturing what they described as "'Randy Candy' plush, fun and cute toy for little ones". After issuing a Trademark Infringement and Cease and Desist notices, Well Made Toy Manufacturing acknowledged the Plaintiff, Mr. Craven Randall Casper, had a federal registered Trademark for "RANDY CANDY" and the company agreed to stop immediate use of "RANDY CANDY," including but not limited to: fake logos, fake TM logos, in name, manufacturing, production, advertising, sales and/or distribution.

c.   The first of two letters dated June 1, 2017, from the Defendants' counsel, Mrs. Marni Beck Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, on page 2 of 2, she mentions one (1) third-party use in support of the Defendants contention that the "RANDY CANDY" Trademark is weak. Mrs. Marni Beck Pedorella, Esq. cites only one (1) example in all communication that the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark is overpowered by third-party use since there is no other registration. This reliance is misplaced. To evaluate the impact, if any, on the strength of "RANDY CANDY's" Trademark, a Court must look to additional information about these third-party uses, including if the

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Trademarks are in use at all, how they are used, whether these third-party products are competitive with "RANDY CANDY's" goods, products, services, business and/or other commercial activities and whether these third-party products are sold in areas geographically overlapping with "RANDY CANDY's" goods, products, services, business and/or other commercial activities. *See, Alliance Bank*, 2010 U.S. Dist. LEXIS 76747, at *48-50 (rejecting the introduction of a list of third-party uses alone as "not particularly persuasive" in not granting a Preliminary Injunction against the Defendants. A Preliminary Injunction is critical to the Plaintiff, Mr. Craven Randall Casper). Mrs. Marni Beck Pedorella, Esq. simply does not know what she is talking about in her letter where she references a Mr. Randall John Esche, a resident of Chicago who changed his name to Randy Pizza Candy, yet he could not change it solely to "RANDY CANDY". The Plaintiff, Mr. Craven Randall Casper, is aware of that use of the entire name: Randy Pizza Candy, and regularly monitors misuses of "RANDY CANDY". Further, Mr. Craven Randall Casper offered to sell the name, Trademark, company, websites, domain names, products, goods, services, other commercial activities or transfer ownership of the federal registered

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 54 of 379

Trademark: "RANDY CANDY," in 2014, but no deal was reached with Mr. Randall John Esche.

91.     Mrs. Marni Beck Pedorella, Esq. is creating diversionary tactics. Mrs. Marni Beck Pedorella, Esq. knows she is in an untenable position, and her clients have wide-ranging additional civil and criminal exposure, beyond this initial Original Complaint, and therefore, she further created a hedge in fear by stating, in pertinent part, in her first of two letters dated June 1, 2017: "We [the Defendants] therefore believe our claim has no merit. Nothing contained herein or omitted from this letter shall be deemed an admission by NBCUniversal of any facts or a waiver of any rights, remedies, defenses, or contentions NBCUniversal may have in connection with the subject matter hereof" (*See Exhibit D*). The Defendant, NBC Entertainment, should consider firing Mrs. Marni Beck Pedorella, Esq., and the Plaintiff, Mr. Craven Randall Casper, will have no further communication with her after serving her this Original Complaint via email and U.S. mail.

92.     The Plaintiff, Mr. Craven Randall Casper's, delay in bringing this action does not undermine his cry of irreparable harm. The Plaintiff, Mr. Craven Randall Casper, has made attempts to negotiate a reasonable business solution. The Plaintiff, Mr. Craven Randall Casper filed suit and has timely sought injunctive relief when it became apparent that the Defendants would not stand down.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 55 of 379

93.    Priority is not at issue in view of the Plaintiff, Mr. Craven Randall Casper's, ownership (senior user) of the valid and subsisting registrations noted above and identified therein (*See V. Federal Trademark Statement: "Randy Candy," Paragraphs 49-96*). *See King Candy, Inc. v. Eunice King's Kitchen, Inc.*, 496 F.2d 1400, 182 USPQ 108 (CCPA 1974).

94.    Further, there are size and resource imbalances between the Defendants (junior user) and the Plaintiff, Mr. Craven Randall Casper, (the senior user).

95.    This is equally true in the context of so-called "reverse confusion" where a large or well-established junior user [the Defendants] enters a market and threatens to overwhelm a smaller, more senior user [the Plaintiff, Mr. Craven Randall Casper]. *See e.g., Commerce Bank & Trust Co. v. TD Banknorth, Inc.*, 554 F. Supp. 2d 77, 83 (D. Mass. 2008).

96.    Finally, and most importantly, on June 1, 2017, Mrs. Marni Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, stated the only written letter to the Plaintiff, Mr. Craven Randall Casper, that, in pertinent part, "We [Defendants] do not dispute for the purposes of this letter that you have a valid Trademark registration for "RANDY CANDY" (*See Exhibit D*).

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 56 of 379

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 56 of 367

[remainder of page intentionally left blank]

# VI.

## STATEMENT OF THE CLAIM

## PLANTIFF, MR. CRAVEN RANDALL CASPER's,

## "RANDY CANDY"

97.  The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-96* of the Original Complaint.

98.  The world-renowned, original "RANDY CANDY" was artistically created and ultimately federally Trademarked by the Plaintiff, Mr. Craven Randall Casper, as a creative, charming Lifestyle brand, a most prestigious American-based company that, including, but not limited to, peddles, markets, advertises, franchises and licenses the "RANDY CANDY" federal registered Trademark, name, image, logos to products, goods or services, advertising or

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

approved projects or commercial activities where an individual or collaborative artistic enterprise, possibly involving research or design, is carefully planned, to achieve a particular, distinctive aim, to embody the interests, attitudes and opinions of a group or a culture, and, further, generates advertising revenue. The Plaintiff, Mr. Craven Randall Casper's, well-known and famous "RANDY CANDY" Lifestyle brand seeks to inspire, guide and motivate people, with the goal of contributing to the definition of the consumers' way of life, universally. In addition, the Plaintiff, Mr. Craven Randall Casper's, well-known and famous "RANDY CANDY" has a social component, a philanthropic goal with deeper evolutionary aspirations to expand charity world-wide. The Plaintiff, Mr. Craven Randall Casper, learned he wanted to help people, and that he wanted profits to be the byproduct of his success. On further information and belief, the Defendants' illegal use of "RANDY CANDY" limits the Plaintiff, Mr. Craven Randall Casper's ability to add to a portfolio of artistic works, and further, the Defendants' use inhibits the Plaintiff, Mr. Craven Randall Casper's, ability for future brand extension and stifles creativity for the federal registered Trademark: "RANDY CANDY," which is extremely serious. The overall connotation and commercial impression of the "RANDY CANDY" Trademark is highly similar to the Defendants' "RANDY CANDY" (*See Paragraph 113 and Paragraph 424*).

99.     The Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" Lifestyle brand operates off the entrepreneurial idea that each individual has an identity based on their choices, experiences and background (e.g. sexual orientation, ethnicity, Veteran status, Disability status,

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 58 of 379

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 58 of 367

religion, national origin, age, social class, subculture, or nationality). The Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" Lifestyle brand innovatively and artistically focuses on evoking positive emotional connections between a perspective or actual consumer or advertiser and that perspective or actual consumer or advertiser's desire to affiliate himself or herself with a group because of positive, inspiring and inspiration from "RANDY CANDY". The Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" Lifestyle brand urges all people to be treated with respect and dignity. The Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" Lifestyle brand's multi-year contributions have developed a widely known, imaginatively creative American artistic works, projects, novelty items, advertising, merchandise, garments and/or apparel, which define the "RANDY CANDY" Lifestyle brand as one of the possible ways of consumer self-expression: customers believe that their identity will be reinforced or supplemented if they publicly associate themselves with the positive charming "RANDY CANDY" Lifestyle brand, which is owned by the Plaintiff, Mr. Craven Randall Casper.



---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 59 of 367



100.

Illustration 2: Screenshot of the Plaintiff, Mr. Craven Randall Casper's, USPTO Case Viewer, Case ID: 85872265, March 11, 2013, Principal Register of the United States Patent and Trademark Office (USPTO) (REG. NUMBER: 4,418,324) (red highlighting added).[44]

---

[43] Source: <
http://tsdr.uspto.gov/documentviewer?caseId=sn85872265&docId=DRW20130314070147#docIndex=8&page=1
>.
[44] Source: <
http://tsdr.uspto.gov/documentviewer?caseId=sn85872265&docId=DRW20130314070147#docIndex=8&page=1
>.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 60 of 367



101.

Illustration 3: Screenshot of the Plaintiff, Mr. Craven Randall Casper's, YouTube Channel and a public statement (June 28, 2015) that "RANDY CANDY" was a federal registered Trademark, publicly available on the United States Patent and Trademark Office (USPTO) Principal Register and Confusion because the Defendants' "RANDY CANDY" appears on the

---

[45] Source: < https://www.youtube.com/channel/UCmJyEJcqT0Yjp8eoMPV9HYg >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 61 of 367

**Plaintiff, Mr. Craven Randall Casper's, YouTube Channel – "RANDY CANDY" (red highlighting added).[46]**

102. The Plaintiff, Mr. Craven Randall Casper, peddles or sales a variety of interstate commerce items and advertising and has implemented many different strategies to monetize the Lifestyle brand, from philanthropy, to licensing, to investing in other companies (i.e. joint ventures, co-branding partnerships or collaborative efforts) to a range of other commercial activities since March, 2013, including ongoing innovation, which is essential to increasing market share and driving future growth and has publicly expressed the desire to expand into other fields (*See Illustration 4 and See Exhibit A*).

103. These efforts run the gamut from engaging world-class creative and strategic support, to the recruitment of expert partners, advisors and Board members, to active involvement in the sourcing of additional capital to fuel future universal growth.

104. The Plaintiff, Mr. Craven Randall Casper's, efforts have created real United States business opportunities and real jobs, jobs including, but not limited to, for people currently employed in manufacturing, marketing, production and distribution in the United States of America.

---

[46] Source: <
http://tsdr.uspto.gov/documentviewer?caseId=sn85872265&docId=DRW20130314070147#docIndex=8&page=1
>.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 62 of 379

105.



[47]

**Illustration 4: Screenshot of the Plaintiff, Mr. Craven Randall Casper's, Trademark Registration artistic, JPEG Document Drawings, on the Principal Register of the United States Patent and Trademark Office (USPTO) (REG. NUMBER: 4,418,324), used years before the Defendant's "RANDY CANDY" (red highlighting added).[48]**

---

[47] Source: <
http://tsdr.uspto.gov/documentviewer?caseId=sn85872265&docId=SPE20130314070147#docIndex=7&page=1 >.

[48] Source: <
http://tsdr.uspto.gov/documentviewer?caseId=sn85872265&docId=SPE20130314070147#docIndex=7&page=1 >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 63 of 367



106.

Illustration 5: Example of a screenshot of the Plaintiff, Mr. Craven Randall Casper's, Facebook search "RANDY CANDY" and multi-year, public "RANDY CANDY" acknowledgements (Year 2008-2015) (red highlighting added).[50]

---

[49] Source: < https://www.facebook.com/randycandyapparel/?ref=bookmarks > 28 June 2015; < https://www.facebook.com/search/top/?q=randy%20candy%20crowdfunding#!/randycandyapparel/ >; and < https://www.kickstarter.com/projects/1466572179/randy-candy-playfully-innovative-apparel > 20 June 2015.

[50] Source: < https://www.facebook.com/search/top/?q=Craven%20Randall%20Casper%20randy%20candy > 24 June, 2008.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 64 of 379

107.



51

**Illustration 6: The Plaintiff, Mr. Craven Randall Casper, the 100% (one hundred percent) owner of the incontestable federal registered Trademark: "RANDY CANDY" wearing a black and white pinstripe suit January 25, 2012, (Publicly Posted on Facebook in January, 2012) (red highlighting added) (*See Exhibit D: Reference "pinstripe suit"*).**

---

51 Source: < https://www.facebook.com/photo.php?fbid=10100364932409325&set=t.2710810&type=3&theater >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**



108.

Illustration 7: Screenshot of the Plaintiff, Mr. Craven Randall

Casper's, charming public "RANDY CANDY" Facebook page,

established between 2013-2015 (red highlighting added).[53]

109.    The goodwill in the marketplace the Plaintiff, Mr. Craven Randall Casper,

developed over a long period of time in its widely-known "RANDY CANDY" Trademark is at

real risk.  The Plaintiff, Mr. Craven Randall Casper, has spent a lot of time over months and made

great effort to contact and engage the Defendants (*See Paragraph 10 and Paragraph 84*).

---

[52] Source: < https://www.facebook.com/pg/randycandyapparel/photos/?ref=page_internal >.

[53] Source: < https://www.facebook.com/pg/randycandyapparel/photos/?ref=page_internal >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

## VI.

## STATEMENT OF THE CLAIM

## DEFENDANTS' "RANDY CANDY"

110. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-109* of the Original Complaint.

111. Courts have routinely found that where parties use identical words in their marks, the specter of confusion is raised. *See, e.g., Commerce Bank*, 554 F. Supp. 2d at 85 (noting that the words "Commerce Bank" in the respective marks are "virtually identical" and enjoining the Defendants) (*See Paragraph 113 and Paragraph 424*).[54]

112. The Defendants' use of the Plaintiff, Mr. Craven Randall Casper's, entire Trademark is not excused as descriptive, and almost by definition, the equivalent of an Infringing Trademark. The overall connotation and commercial impression of the Trademark is highly similar – "**RANDY CANDY**".

113. In fact, the spelling, appearance, phonetic sound and number of alphabetic characters (ten (10) English letters) are exactly the same – "**RANDY CANDY**". There is no change in spelling. There is no apostrophe. There is no question mark. There is no middle name

---

[54] See: *Lumbee Tribe of North Carolina v. Anheuser-Busch, LLC et al.*, Case Number 7:16-cv-00148, in the U.S. District Court for the Eastern District of North Carolina, June 15, 2016, (Reference: legal doctrine of "Reverse Confusion".

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 67 of 379

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 67 of 367

or initial. There are no prominent public disclaimers that this is not the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "**RANDY CANDY**". "**RANDY CANDY**" is exactly the same and there is no question the Defendants' creates confusion (*See Paragraph 111*).

114. The Defendants' have besmeared the Plaintiff, Mr. Craven Randall Casper's, name and federal Trademark: "RANDAY CANDY" and caused destruction to business, reputation and goodwill, and the Plaintiff, Mr. Craven Randall Casper, has received no benefit from the Defendants' negative use of "RANDY CANDY". As discussed more fully in subsequent paragraphs, the Court must take care to ensure that not just any commercial takeoff is rationalized *post hoc* as a parody. The Defendants actions have significant legal and financial consequences.

115. The Defendants have demonized the Plaintiff, Mr. Craven Randall Casper's, name and federal Trademark: "RANDAY CANDY," which has been the subject of *hate* speech (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*), contempt, and ridicule and the Defendants' conduct has already done irreparable harm to the Plaintiff, Mr. Craven Randall Casper (*See Paragraphs 235-244*). The Defendants' extreme and outrageous conduct was intentional, malicious and done to humiliate, anguish and cause extreme emotional distress, and was beyond all possible bounds of decency with the intent to cause severe emotional distress.

116. The Defendants have not sought or received approval from, paid any royalties to or received any license to use the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY".

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

117.    The Defendants' have bastardized the Plaintiff, Mr. Craven Randall Casper's, name and federal Trademark: "RANDY CANDY" (*See Paragraph 241-248*). There are *hate* crime laws, which address this, and *hate* speech is particularly heinous and cannot be tolerated in an enlightened society especially with on-going activity within the past month throughout the United States, particularly in Southern cities and states, such as Charlottesville, Virginia, and Apple CEO Tim Cook responded on Twitter: "...It's a moral issue - an affront to America. We must all stand against it"[55] (*See Paragraph 121, Paragraph 235, and Paragraphs 241-248).*[56] The Defendants have never cited parody as Defense and should not be allowed to now (*See Paragraphs 119-127*).

118.    On information and belief, the Defendants' council, Mrs. Marni Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, staked her almost 18-year legal career at NBC Entertainment and, in effect, the Defendants' NBCUniversal staked their 91-year reputation on a federal Trademark: "RANDY CANDY" that they do not own, and that is a comedy of errors. The Defendants' are hijacking people's minds with unnecessarily scandalous Trademark Infringement of "RANDY CANDY". Scandalous incorporations for scandal's sake is not

---

[55] Source: < https://twitter.com/tim_cook >.

[56] The Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act of 2009, 18 U.S.C. § 249, was enacted as Division E of the National Defense Authorization Act for Fiscal Year 2010. Section 249 of Title 18 provides funding and technical assistance to state, local, and tribal jurisdictions to help them to more effectively investigate and prosecute hate crimes.    Source: < https://www.justice.gov/crt/matthew-shepard-and-james-byrd-jr-hate-crimes-prevention-act-2009-0 >. 08 August 2017.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

protected Trademark parody. The Defendants', through counsel, have never said *their* use or misuse of "RANDY CANDY" was parody, and the Court should not allow the Defendants or their counsel to start using that as a defense now.

119. The Defendants' unnecessary use of "RANDY CANDY" is abject bigotry[57] on public display (*See Paragraphs 235-248*). The Court must take care to ensure that not just any commercial takeoff is rationalized *post hoc* as a parody.

120. The Defendants' use of "RANDY CANDY" is homophobic and not *normal*, advancing hateful gender stereotyping speech or confusion and larger dynamics may be at play, perhaps, or maybe not, by perpetuating or not perpetuating gender stereotypes or normal behavior (*See Paragraph 184*) (*See Paragraph 180-183*)? The Court must take care to ensure that not just any commercial takeoff is rationalized *post hoc* as a parody.

121. The Defendants' use of "RANDY CANDY" may be aggressive, racially motivated, or churning the stew of American racial animus, and there are *Hate* Speech corporate policies, and more importantly, there is Federal hate crime law, which address this (*See Paragraph 117, Paragraph 235, and Paragraphs 241-248*). This is dangerous legal territory if *post hoc* fallacy is action for Defense.

---

[57] According to Merriam-Webster Dictionary, a *bigot* is "one who regards or treats the members of a group (such as a racial or ethnic group) with hatred and intolerance". Source: < https://www.merriam-webster.com/dictionary/bigot >. 08 August 2017.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 70 of 367

122.     The Defendants' use of "RANDY CANDY" are lewd, irreverent and unnecessarily scandalous (*See Paragraph 170*).  The Court must take care to ensure that not just any commercial takeoff is rationalized *post hoc* as a parody.

123.     The Defendants' use of "RANDY CANDY" are disgusting (*See Paragraphs 235-248 and Paragraph 468*).  The Court must take care to ensure that not just any commercial takeoff is rationalized *post hoc* as a parody.

124.     The Defendants' use of "RANDY CANDY" are distasteful (*See Paragraphs 382, Paragraph 404, Paragraph 431 and Paragraph 550*).  The Court must take care to ensure that not just any commercial takeoff is rationalized *post hoc* as a parody.

125.     The Defendants' use of "RANDY CANDY" are offensive (*See Paragraphs 247-248, Paragraph 361 and Paragraph 381*).  The Court must take care to ensure that not just any commercial takeoff is rationalized *post hoc* as a parody.

126.     The Defendants' use of "RANDY CANDY" are despicable (*See Paragraphs 403-404*) and (*See Illustration 17 and Illustration 45*).  The Court must take care to ensure that not just any commercial takeoff is rationalized *post hoc* as a parody.

127.     The Defendants' use of "RANDY CANDY" are degrading (*See Paragraphs 214-215*).  The Court must take care to ensure that not just any commercial takeoff is rationalized *post hoc* as a parody.

**[remainder of page intentionally left blank]**

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

128.     The Defendants, according to Defendants' counsel, Mrs. Marni Beck Panel, Esq.,

the first illegal and unauthorized use of "RANDY CANDY" was in October, 2016.     The

Defendants' were junior users.     The Plaintiff, Mr. Craven Randall Casper accepts this exact

statement from Defendants' counsel as fact for purposes of this Original Complaint (*See Exhibit*

*D*).

129.     On information and belief, the Defendants invested significant financial resources

and stole and copied The Plaintiff, Mr. Craven Randall Casper's. federal Trademark "RANDY

CANDY" and name and developed and produced, aired and profited from "RANDY CANDY"

beginning in Season 42 (YEAR 2016) on Saturday, October 15, 2016, in an episode titled:

"DRIVE-THRU WINDOW," in which, according to the Defendants' NBC controlled website,[58]

and on information and belief, according to Union rules, the "party" customers were financially

compensated and, "a *BURGER KING*® drive-thru attendant (Mr. Pete Davidson) takes orders

from "party" customers (Mikey Day, Kenan Thompson, Emily Blunt, Bobby Moynihan

["RANDY CANDY"], Cecily Strong, Kate McKinnon, Beck Bennett, Aidy Bryant, and Bruno

Mars[59]),"[60] and in pertinent part, quoting directly from the Defendants' counsel, "RANDY

---

[58] Source: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 >.

[59] Source: < www.brunomars.com/ >.

[60] Source: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 72 of 379

CANDY" is a "party" customer with "Michael Tangelo," "Real Jeff," and "Linda Tomorrow" …

"at a *BURGER KING®* drive-thru window … after a *party*," but confusion has been created

because Mr. Pete Davidson is real. *BURGER KING®* is real, Bruno Mars is real, and it can be

inferred that the Defendants' "RANDY CANDY" is real, which creates ambiguity (*See*

*Paragraphs 219-231 and Exhibit D and Exhibit J*). The entire episode should be watched by this

Court and played in its entirety during the Trial by Jury in the State of North Carolina.



130.

---

61 Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.  08 August 2017.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR
ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII,
CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

**Illustration 8: Screenshot of the Defendants' YouTube controlled channel where the Defendants' "RANDY CANDY" is at *BURGER KING*® (red highlighting added).[62]**

131.　The Defendants' "RANDY CANDY" finds himself at a *BURGER KING*® drive-thru window in a "pink limo filled with party people," including Bruno Mars[63]; however, the Defendants' "RANDY CANDY" appears solo.

132.　But, this is not any drive-thru. It is specifically a *BURGER KING*®, which is a real American restaurant, as shown right from the outset, which the Defendants' counsel also confirms in a letter to the Plaintiff, Mr. Craven Randall Casper, dated June 1, 2017, (*See Illustration 8 and See Exhibit D*).

133.　Defendants' *BURGER KING*® drive-thru attendant, Mr. Pete Davidson[64], exclaims: "Welcome to *BURGER KING*®"! Mr. Pete Davidson, following *BURGER KING*® employee uniform standards wearing a polo / golf short-sleeve shirt and baseball hat among other apparel containing federal registered Trademarks.

---

[62] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >. 08 August 2017.

[63] Source: < www.brunomars.com/ >. 08 August 2017.

[64] Source: < http://variety.com/2017/tv/news/saturday-night-live-pete-davidson-sober-instagram-1202003541/ >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 74 of 379

134.    *BURGER KING®* / ("BK"), < www.bk.com >, is an American global chain of more than fifteen thousand (15,000) hamburger fast food restaurants.  Headquartered in Miami, Florida, *BURGER KING®* was founded in 1954, and since 2010, has been privately-held by 3G Capital[65], a global multi-million-dollar investment firm focused on long-term value creation such as The Kraft Heinz Company since Berkshire Hathaway[66] and 3G Capital's acquisition of HJ Heinz Company in June, 2013, and subsequent combination with Kraft Foods Group in July, 2015, and owns federal registered Trademarks according to the USPTO (*See Paragraph 153*).[67]

135.    According to the *BURGER KING®* website: "Every day, more than eleven (11) million guests visit *BURGER KING®* restaurants around the world".[68]  There are *BURGER KING®* restaurants in this District and throughout the United States of America.

136.    Mrs. Deidre Richardson, Esq., is Legal Counsel, Marketing and Trademarks, at Restaurant Brands International ("RBI"), TIM HORTONS®, POPEYES®, and *BURGER KING®*, brands. [69]

---

[65] Source: < http://www.3g-capital.com/ >. 08 August 2017.

[66] Source: < http://www.berkshirehathaway.com/ > and < http://www.berkshirehathaway.com/message.html >.

[67] Source: < https://www.bk.com/about-bk >.

[68] Source: < https://www.bk.com/about-bk >.

[69] Source: < https://www.linkedin.com/in/richardsondeidre/ >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

137.    On information and belief, Mrs. Deidre Richardson, Esq., possesses unique information about this Original Complaint, referenced herein, and her deposition is necessary because she was a *BURGER KING®* company Executive prior to September, 2016, through the filing of this Original Complaint and has a high-level, authoritative, personal involvement in the companies and their Trademark registrations, origins, uses, marketing and advertising and its officers, members, managers, agents, shareholders, franchisees, principals, servants, agents, affiliates, distributors, licensees, employees, successors, subsidiaries, related companies, parent companies, attorneys, and all those persons in active concert or participation with any of them.[70] As stated, according to the *BURGER KING®* website: https://www.bk.com/legal:[71]

RBI's Designated Agent for Notice of Claims:

Deidre Richardson, Esq. for *BURGER KING®*
RBI US Services, LLC
Attn: Legal (DMCA Copyright Infringement)
5505 Blue Lagoon Drive
Miami, Florida 33126

Email:          copyrightdmca@whopper.com

---

[70] Source: < https://www.bk.com/legal >.

[71] Source: < https://www.bk.com/legal >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

138. The Plaintiff, Mr. Craven Randall Casper, has personally, through third party affiliates and legal counsel, made multiple reasonable written inquires, which have been sent via U.S. Mail and email directly to *BURGER KING®* and to Mrs. Deidre Richardson, Esq., RBI's Designated Agent for Notice of Claims for *BURGER KING®*.

139. The Plaintiff, Mr. Craven Randall Casper, has also contacted *BURGER KING®*, 3G Capital, and several individual franchisees on a number of occasions in writing, in email and via telephone, and *BURGER KING®* has declined to respond directly to the Plaintiff, Mr. Craven Randall Casper, as of the date of the filing of this Original Complaint.

140. The Plaintiff, Mr. Craven Randall Casper then reached out to Carrols Corporation (Carrols Restaurant Group, Inc.: NASDAQ: TAST),[72] owner of more than eight hundred (800) *BURGER KING®* franchises and GPS Hospitality,[73] which owns and operates close to four hundred (400) restaurants in eleven states, and Heather Darden, Esq., Vice President of Legal Affairs for GPS Hospitality, to try to obtain a written response in a Request For Information (RFI), which is standard business process with the purpose to collect written information from the Legal Department of *BURGER KING®* in Miami, Florida and/or Mrs. Deidre Richardson, Esq., RBI's Designated Agent for Notice of Claims for *BURGER KING®*. In addition, the

---

[72] Source: < http://carrols.com/Home/AboutUs > and < http://investor.carrols.com/ >.

[73] Source: < http://www.gpshospitality.com/about/leadership/ > and < http://www.winwithgps.com/ >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Plaintiff, Mr. Craven Randall Casper, wanted to understand, at a minimum, the franchisees individual or corporate *Terms and Conditions* on Trademark Infringement and corporate policies regarding *hate speech*. In addition, the Plaintiff, Mr. Craven Randall Casper, also issued Trademark Infringement and Cease and Desist Legal Demand Letters to franchisees to encourage the Defendants to remove "RANDY CANDY" from the Internet, websites, social media accounts and/or sites, GIPHY files, and/or digital archives if they were involved with the Defendants since they are at a minimum a national advertiser, a significant source of annual revenue for the Defendants.

141. On information and belief, the legal exposure of Trademark Infringement could potentially extend to *BURGER KING®* franchisees as there is boundless potential for conflicts of interest (*See Paragraph 140 and Paragraph 143*).

142. As a direct and proximate result, the Plaintiff, Mr. Craven Randall Casper, politely requests that Ms. Deidre Richardson, Esq., RBI's Designated Agent for Notice of Claims for *BURGER KING®*, be the first person deposed, to provide, at a minimum, knowledge, a timeline of events, and acknowledge to publicly to this Court any emails, correspondence, authorization, approval and/or collaboration for the Court, and the Defendants' should immediately release to this Court, any and all, including, but not limited to, records, agreements, contracts, emails, conversations or correspondence with *BURGER KING®*, including, but not limited to, adverting, marketing, Trademark use, branded content, product placement, product integration,

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 78 of 379

product tie-in, merchandise, or the Defendant's NBC *Saturday Night Live / "SNL"* from September, 2016, through the date of the filing of this Original Complaint. In addition, during Discovery and depositions with *BURGER KING®* Executives, *BURGER KING®* should release to this Court the full agreement with FRIT-LAY regarding the use of *their* federal registered Trademark: CHEETOS[74] brand for the *BURGER KING®* CHEETOS[75] Chicken Fries[76] in the fall 2016 (*See Paragraph 158, Paragraph 186 and Paragraph 211*).[77]

143. The Defendants' Chairman [Chairperson] of NBCUniversal Advertising Sales & Client Partnerships is Mrs. Linda Yaccarino. According to Bloomberg, the Defendants' Ms. Linda Yaccarino serves as the Chairman of Advertising Sales and Client Partnerships at NBCUniversal Media, LLC. The Defendants' Ms. Yaccarino is responsible for national advertising revenues and marketplace strategy and innovation for its wide-reaching portfolio.[78]

**[remainder of page intentionally left blank]**

---

[74] Source: < http://www.fritolay.com/snacks >; < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >.

[75] Source: < http://www.fritolay.com/snacks >; < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >.

[76] Source: < https://www.bk.com/menu-item/chicken-fries >.

[77] Source: < https://www.usatoday.com/story/money/nation.../burger-king-cheetos.../90269460/ > and < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[78] Source: < http://www.bloomberg.com/research/stocks/private/person.asp?personId=52806376&privcapId=208400449&previousCapId=172013&previousTitle=Johnson%20Publishing%20Company%20LLC >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 79 of 379

144. The Defendants' NBCUniversal Media, LLC's Chairman:

Mrs. Linda Yaccarino, Chairman
NBCUniversal Advertising Sales & Client Partnerships
NBCUniversal Media, LLC
30 Rockefeller Plaza
New York, NY 10112

145. In a public interview, the Defendants' Mrs. Linda Yaccarino issued a powerful statement when she said, in pertinent part: "when you get connected contextually to the right piece of content and you're [you are] able to travel with it across platforms, it becomes that much more powerful" (*See Paragraph 148, Paragraph 257 and Paragraph 260*).[79]

146. The Plaintiff, Mr. Craven Randall Casper, prays that Ms. Rosalind O'Connor, Mr. Lorne Michaels, Mrs. Linda Yaccarino, and other Defendants' Senior Executives, not only issue statements as to the timeline of events of the Defendants' use of "RANDY CANDY," to be memorialized for public record in this Court, but also to provide, as an Exhibit in the Defendants' Answer, the Defendants' then-existing policies and procedures, if any, for searches, verification or to ensure that a federal registered Trademark and/or Patents, or business name is available for use, prior to use by the Defendants and whether those policies and practices, if they existed, were sufficient to prevent and properly address the use of federal registered Trademark and/or Patents, or business name given the size of the Defendants'

---

[79] Source: < http://mashable.com/2016/04/26/snl-less-commercials-more-branded-content/#nqiMcEtMHuqJ >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

business (*See Paragraph 30 and SUBPOENA TO PRODUCE DOCUMENTS*). If the Defendants were careless, it was certainly not due to their lack of resources. The Defendants' could also be found to be negligent in the selection, hiring, training and supervision of each and every other Defendant as an agent and/or joint venture if there are, in fact, standard corporate policies and procedures which were not followed or ignored. A thorough, objective and multifaceted legal investigation, including, but not limited to, a document review and searching the Defendants' electronic communications, databases, or archives must be conducted prior to a Jury Trial in the State of North Carolina, and the Defendants should provide a list of every advertiser, and be able to testify to the contents of all communications, contracts or collaborative efforts. As enjoined Defendants', there is the threat they face significant financial lose in potential and existing advertisers; however, all communications should be kept intact, and confidential contracts or arrangements will have to be examined during Discovery and made public during Trial by Jury in the State of North Carolina due to the likelihood that illegal quid pro quo schemes may emerge (*See Paragraph 166, Paragraph 323 and Paragraph 325*).

147. On information and belief, due to the direct oversight, actual and/or constructive knowledge and destruction of the "RANDY CANDY" Trademark, the Defendants' Mrs. Linda Yaccarino, should face a legal investigation and criminal prosecution, in concert with the Defendant, Mr. Lorne Michaels, and additional Senior Executives of the Defendants' will likely

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

be implicated.[80]  In addition, the Plaintiff, Mr. Craven Randall Casper, also prays that a Court Order be issued for a freeze to ensure that the Defendants do not destroy emails, memorandums, records, phone records, contracts, agreements, Internet, website, social media accounts or digital archives, so that all the data can be probed, and further that the Defendants' not tamper with witnesses.

148.    As discussed more fully in subsequent paragraphs, on information and belief, *BURGER KING®* may be complicit in Trademark Infringement with the Defendants. Expedited Discovery is paramount because additional Defendants could be enjoined with the initial Defendants, which could potentially include, but not be limited to: *BURGER KING®*, 3G Capital, *BURGER KING®* franchises (i.e. Carrols Corporation (Carrols Restaurant Group, Inc.: NASDAQ: TAST),[81] owner of more than 800 *BURGER KING®* franchises; GPS Hospitality,[82] which owns and operates close to 400 restaurants in eleven states; and individual franchisees), *Bruno Mars, 24K Magic, FRITO-LAY®*, and/or Mr. Robert "Bobby" Moynihan. The Plaintiff, Mr. Craven Randall Casper, believed there are a lot of questions that need to get

---

[80] Federal criminal law has long prohibited trafficking in goods or services that bear a counterfeit Trademark. *See* 18 U.S.C. § 2320.  Individuals convicted of § 2320 offense generally face up to 10 years' imprisonment and a $2 million fine.  If the offenses involved serious bodily injury, counterfeit drugs, or counterfeit military goods or services, individuals face up to 20 years in prison and a $5 million fine.

[81] Source: < http://carrols.com/Home/AboutUs > and < http://investor.carrols.com/ >. 05 August 2017.

[82] Source: < http://www.gpshospitality.com/about/leadership/ > and < http://www.winwithgps.com/ >. 15 August 2017.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

answered about who knew what and when *(See VIII. Request for Expedited Discovery, Paragraphs 542-544, a-f)*.

149.    As is the case with the Defendants', Restaurant Brands International ("RBI") (TIM HORTONS®, POPEYES® and *BURGER KING®* brands), has made public statements regarding active and comprehensive brand management, which lead to a reasonable inference that the consistent, frequent and repeated uses of *their* Trademarks at issue would not have been released without some level of knowledge, approval, authorization or collaboration of the Defendants' use or did not recognize some sort of economic benefit *(See Paragraph 137, Paragraph 257 and Paragraph 260)*.

150.    On further information and belief, it defines any reasonable person and/or normal person to believe *BURGER KING®* would go to great lengths to file, register and defend federal registered Trademarks, and then just, without knowledge, approval, authorization, consent, collusion, collaboration or litigation allow the Defendants' NBC *Saturday Night Live* / *"SNL"* to use, misuse or promote *their* Trademarks *(See Paragraphs 134, Paragraph 257 and Paragraph 260)*. The Defendants specifically repeat a new menu item, CHEETOS[83] Chicken

---

[83] Source: < http://www.fritolay.com/snacks >; < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Fries[84] which were even recommended for the Defendants' "RANDY CANDY" (*See Paragraph 211*).[85]

151.    On further information and belief, *BURGER KING's*® oversight and quality control over merchandise, garments or apparel, including personalized or customized merchandise or apparel, such as T-shirts, novelty items, souvenirs, gift cards and customized or personalized apparel or garments online through e-commerce platforms or through licensing, franchising and/or venture structures exist through the following known operational websites: < https://whoppershop.com/ >; < http://burgerking.icostore.com/ >; and < https://www.bk.com/crowncard >. On even further information and belief, and further complicating the issues, the *BURGER KING*® uses Internet or e-commerce platforms or in brick-and-mortar retail locations in connection with the promotion of the products, goods, services, advertising and/or commercial activities of others (*See Paragraph 153*).


**[remainder of page intentionally left blank]**

---

[84] Source: < https://www.bk.com/menu-item/chicken-fries >.

[85] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**



152.    Illustration 9    and    Illustration 10:

**Screenshot of the *BURGER KING*® Internet online retail presence and Examples of customization and/or personalization for Franchisees. The Plaintiff, Mr. Craven Randall Casper, spoke to on July 6, 2017 at 1:05 PM EST (red highlighting added).**

153.    In further evidence, *BURGER KING*®, is a federal registered Trademark, and according to the USPTO Principal Register, "*BURGER KING*®" is owned by: Burger King Brands, Inc. and assigned to "BURGER KING CORPORATION FLORIDA 5505 BLUE

---

[86] Source: < http://burgerking.icostore.com/ >.

[87] Source: < http://burgerking.icostore.com/ >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

LAGOON DRIVE 8TH FLOOR, LEGAL DEPARTMENT MIAMI FLORIDA 33126".

According the USPTO Principal Register, *BURGER KING*®, under Serial Number: 75662803,

Registration Number: 2445009 owns:

Trademark: **BURGER KING**®

Serial Number: 75662803

Registration Number: 2445009

Goods and Services: IC 025. US 022 039. G & S: Clothing products, namely, t-shirts, sweatshirts, [ polo shirts, denim shirts, cotton long-sleeve shirts, jackets, blazers, turtlenecks, sweaters, boxer shorts,] baseball caps, [ and neckties ].

154.     The Defendants' counsel mentions the federal registered Trademark: *BURGER KING*®, in her first of two-written letter to the Plaintiff, Mr. Craven Randall Casper, dated June 1, 2017, (*See Exhibit D*).  On information and belief, *BURGER KING*® has the ability to produce personalized or customized merchandise or apparel either directly or through existing or future third party licensing ventures.

155.     With the Defendants' *BURGER KING*® drive-thru attendant, Mr. Pete Davidson, taking the orders — or trying to — from each of the customers, including, the Defendant's unauthorized "RANDY CANDY," Mr. Pete Davidson frequently mentions specific items from

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

the *BURGER KING*® / "BK" menu, including a recommendation of, CHEETOS[88] Chicken

Fries[89] for the Defendants' "RANDY CANDY" (*See Paragraph 211* – Reference "Chaos").[90]

[remainder of page intentionally left blank]

---

[88] Source: < http://www.fritolay.com/snacks >; <
http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >.

[89] Source: < https://www.bk.com/menu-item/chicken-fries >.

[90] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

156.    The Defendants' Mr. Pete Davidson, on information and belief compensated based on Union rules, promotes a series of *BURGER KING*® items prominently featured including: (1) SNICKERS® Pie,[91] (2) Whopper,[92] (3) Angry Whopper,[93] (4) Chicken Fries[94], (5) Regular Chicken Fries[95] and (6) CHEETOS[96] Chicken Fries[97]. On information and belief, ironically, or perhaps not, and according to *USA TODAY*, *BURGER KING*® restaurants and the FRITO-

---

[91] Source: < https://www.bk.com/menu-item/pie-made-snickers%C2%AE >. According to the *BURGER KING*® website, "Pie Made With *SNICKERS*® features a creamy caramel filling and topped with crumbled pieces of *SNICKERS*®, all resting on a chocolate cookie crust" < https://www.bk.com/menu-item/pie-made-snickers%C2%AE >. Mars, Incorporated ("MARS") (http://www.mars.com) is an American global manufacturer of confectionery, pet food, and other food products and a provider of animal care services, with $33 billion dollars in annual revenue in 2016, and is ranked as the 7th largest privately held company in the United States by *Forbes*: < https://www.forbes.com/largest-private-companies/ >, and *SNICKERS*® is a federal registered Trademark of Mars, Incorporated < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4805:qxj7iq.7.3 >. On information and belief, Mars, Incorporated and BURGER KING® were associated entities with the goal of carrying out a specific enterprise for profit, and their knowledge, authorization, agreement and/or deal structure for the use of SNICKERS® should be disclosed to this Court. Mars, Incorporated ("MARS") has a high-level of sophistication as to the origin and use of *their* federal registered Trademarks.

[92]    Source:    <    http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4805:qxj7iq.9.27    >    and    < https://www.bk.com/menu-item/whopper-sandwich >. According to the *BURGER KING*® website: "Our WHOPPER® Sandwich is a ¼ lb. of savory flame-grilled beef topped with juicy tomatoes, fresh lettuce, creamy mayonnaise, ketchup, crunchy pickles, and sliced white onions on a soft sesame seed bun".

[93] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4805:qxj7iq.9.29 >. According to *the BURGER KING*® website: "Yes, we know it's addictive! Do not miss this super burger with grilled meat, manchego cheese, onion angry, crispy bacon, fresh lettuce, tomatoes and jalapenos ... anything else?" < http://www.burgerking.com.mx/en/menu-item/angry-whopper >.

[94] Source: < https://www.bk.com/menu-item/chicken-fries >.

[95] Source: < Source: https://www.bk.com/menu-item/chicken-fries >.

[96] Source: < http://www.fritolay.com/snacks >; < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >.

[97] Source: < Source: https://www.bk.com/menu-item/chicken-fries >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

LAY's CHEETOS[98] brand partnered to introduce CHEETOS[99] Chicken Fries[100] in the fall 2016.[101]

157. In summary, on information and belief, in the fall 2016, *BURGER KING®* was trying to launch a new product, the CHEETOS[102] Chicken Fries[103] in a coordinated effort or financial partnership with Frito-Lay North America, Inc. ("FRITO-LAY") (*See Paragraph 211*). Was it a coincidence that the Defendants mentioned this new *BURGER KING®* menu item multiple times, or was it an effort that was collaborated on with the Defendants? How would the Defendants' have known to prominently repeat this particular *BURGER KING®* menu item, which was beginning introduced and not a staple item in many *BURGER KING®* restaurants in this District or around the United States of America? There are a lot of questions and a lot of actual and potential confusion.

---

[98] Source: < http://www.fritolay.com/snacks >; < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >.

[99] Source: < http://www.fritolay.com/snacks >; < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >.

[100] Source: < https://www.bk.com/menu-item/chicken-fries >.

[101] Source: < https://www.usatoday.com/story/money/nation.../burger-king-cheetos.../90269460/ > and < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[102] Source: < http://www.fritolay.com/snacks >; < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >. FRITO-LAY has a high-level of sophistication as to the origin and use of *their* federal registered Trademarks.

[103] Source: <: https://www.bk.com/menu-item/chicken-fries >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

158.   On information and belief, Frito-Lay North America, Inc. ("FRITO-LAY") and

*BURGER KING®* were associated entities with the goal of carrying out a specific enterprise for

profit, and the knowledge, agreement and/or deal structure should be disclosed to this Court.



159.

**Illustration 11: Screenshot of *BURGER KING®* Article and Photograph of**

**CHEETOS[105] Chicken Fries,[106] which the Defendants' "RANDY CANDY"**

---

[104] Source: < https://www.eater.com/2016/9/12/12887544/burger-king-cheetos-chicken-fries >.

[105] Source: < http://www.fritolay.com/snacks >; <
http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >.

[106] Source: < https://www.bk.com/menu-item/chicken-fries >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR
ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII,
CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 90 of 367

was asked if he would like to order CHEETOS[107] Chicken Fries[108] (*See Paragraph 211 and Illustration 32*) (red highlighting added).

160.    On information and belief, Frito-Lay manufactures, markets, distributes, and sells snack food products throughout the United States and has made continuous use of the federal registered Trademarks, including, but not limited to: FRITO-LAY[109], CHEETOS[110], FRITOS[111], and CHESTER CHEETAH,[112] on *their* own, or with designs or other variations (collectively, the "FRITO-LAY Marks"), in connection with the manufacture, marketing, distribution, and sale of snack food products (the "FRITO-LAY Products").

161.    On information and belief, PepsiCo[113] was formed by the merger of Frito-Lay, Inc. and the Pepsi-Cola Company in 1965, and have publicly available statements regarding

---

[107] Source: < http://www.fritolay.com/snacks >; <
http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >.
FRITO-LAY has a high-level of sophistication as to the origin and use of *their* federal registered Trademarks.

[108] Source: <: https://www.bk.com/menu-item/chicken-fries >.

[109] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4810:5owwg5.2.4 >.

[110] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4810:5owwg5.3.8 >.

[111] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4810:5owwg5.4.22 >.

[112] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4810:5owwg5.5.3 > or <
http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4810:5owwg5.5.2 >.

[113] Source: < www.pepsico.com/legal/TermsOfUse >; <
https://www.pepsicobeveragefacts.com/home/LegalNotices >; < http://www.pepsi.com/es-us/d/terms >; and <
http://www.fritolay.com/legal/terms-of-service.htm >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Trademarks, Trademark Infringement, Terms and Conditions, and/or Terms of Service. FRITO-LAY[114] brought several iconic and profitable snack brands to PepsiCo, including six of today's billion-dollar brands: CHEETOS[115], Doritos, Tostitos, Lay's, and Fritos[116]. *See: PEPSICO, INC., a North Carolina corporation, and FRITO-LAY NORTH AMERICA, INC., a Delaware corporation, Plaintiffs, v. RAM TRADERS, LTD., a Nevada corporation, Defendant, Case Number:* Case No. 2:11-cv-02017-JCM-RJJ, in the United States District Court for the District of Nevada, January 16, 2013. FRITO-LAY owns federal Trademark registrations for its FRITO-LAY Trademarks issued by the United States Patent and Trademark Office (USPTO) in connection with all of its FRITO-LAY Products.[117] PepsiCo and FRITO- LAY has made public statements regarding active and comprehensive brand management and protection of *their* federal registered Trademarks.

162. On information and belief, as first reported by *Business Insider*, since being founded in 2007, is the fast-growing business site with deep financial, media, tech, and other

---

[114] Source: < http://www.fritolay.com/legal/terms-of-service.htm >.

[115] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4810:5owwg5.3.8 >.

[116] Source: < http://www.pepsico.com/brands >.

[117] Source: < http://www.fritolay.com/legal/terms-of-service.htm >. The Plaintiff, Mr. Craven Randall Casper, prays to this Court for an opportunity to depose its officers, members, managers, agents, shareholders, principals, servants, agents, affiliates, distributors, licensees, employees, successors, subsidiaries, related companies, parent companies, attorneys, and all those persons in active concert or participation with any of them in relation to FRITO-LAY's CHEETOS® brand and federal registered Trademark.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

industry verticals, states: these "BURGER KING® Chicken Fries"[118] are "cooked to crispy perfection so that they have a dangerously cheesy outside and are made with juicy white-meat chicken inside. They cost $2.89 for a nine-piece order [and] are available for a limited time only, beginning Wednesday [September 14, 2016]". [119]

163.    But, the reason product integration is so valuable is that it increasingly does not look like advertising. It is much more effective if it seems like the customers *like BURGER KING®* because *BURGER KING®* is a Lifestyle Brand, not because some American conglomerate,[120] a global chain of hamburger fast food restaurants, paid the Defendants a boatload of money to promote *their* brand(s), which also appeals to an/or artistic millennial(s).

164.    On information and belief, the Defendants' worked out some sort of arrangement with the Defendants whether that be any and all forms of advertising, national advertising, a financial partnership, joint venture, approval, authorization or collaboration, or a combination of factors, with *BURGER KING®* who needed assistance promoting their menu item(s), Lifestyle

---

[118] Source: < https://www.bk.com/menu-item/chicken-fries >. FRITO-LAY has a high-level of sophistication as to the origin and use of *their* federal registered Trademarks.

[119] Source: < http://www.businessinsider.com/ >; < http://www.businessinsider.com/burger-king-cheeto-chicken-fries-review-2016-9 >; and < https://www.bk.com/menu-item/chicken-fries >.

[120] Source: < http://www.3g-capital.com/about.html >. 3G Capital has a high-level of sophistication as to the origin and use of *their* federal registered Trademarks.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

brand and federal registered Trademark(s) (*See Paragraph 153, Paragraph 257 and Paragraph 260*).

165.     On information and belief, *BURGER KING®* is a major advertiser in various mediums with the Defendants.  In addition, *BURGER KING®* is a major network advertiser with the Defendants – *BURGER KING®* is dependent on substantial marketing, to increase sales and build *their* corporate franchise model[121].

166.     While it is crucial that brands have the bravery to experiment with new advertising models, such as voice-activated advertising, it is also vital to do this with caution.  On further information and belief, *BURGER KING®* may have been provided an opportunity to do something exciting with emerging trends, in a new era of on-going efforts to maximize-profits, with the Defendants': "branded content," product placement, product integration, product tie-ins or collaboration, which ensures that the advertising will stay with episodes as they are streamed online or expanded "across platforms" on the Internet, online, websites, social media and digital archives.[122]   On further information and belief, *if* there was involvement, besides potentially violating *their* [*BURGER KING®*] own Corporate Responsibility,[123] Commitment to People, or

---

[121] Source:< https://www.bk.com/franchising/home > or < http://www.3g-capital.com/about.html >.

[122]  Source:   <  http://mashable.com/2016/04/26/snl-less-commercials-more-branded-content/#qaLdj12cvuqx   > interview with the Defendants' Chairman [Chairperson] of NBCUniversal Advertising Sales & Client Partnerships is Mrs. Linda Yaccarino.  April 26, 2016.

[123] Source: < https://www.bk.com/corp-respon > and < https://www.bk.com/privacy >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Terms and Conditions, *BURGER KING®* should have acted with more caution and at a minimum not approved *hate* speech and insured no Trademark Infringement existed (*See Paragraph 146*).

167.    Brands are always keen to jump on the newest technologies to engage their audience and sometimes this means mistakes are made, and in this Original Complaint, illegal mistakes were made by unauthorized use of the federal registered Trademark: "RANDY CANDY" by the Defendants.

168.    The Defendants' have in-house counsel, hundreds, if not thousands of knowledgeable attorneys, specifically renowned Trademark attorneys (*See Paragraph 365*). The "RANDY CANDY" Trademark Infringement commenced and has continued in spite of the Defendants' actual and/or constructive knowledge that its activities were and are in direct contravention of the Plaintiff, Mr. Craven Randall Casper's, rights as the owner of the federal registered Trademark: "RANDY CANDY".

169.    According to the Defendants' counsel, there are several named *BURGER KING®* "party" customers, who on information and belief, are compensated according to Union standards, including: "Michael Tangelo," "Real Jeff," and "Linda Tomorrow" in "DRIVE-THRU WINDOW".[124] A public, quick and simple search of the Principal Register USPTO's Trademark Electronic Search System (TESS) reveals that these are not federal registered Trademarks.

---

[124] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

However, "RANDY CANDY" is listed on the USPTO's Principal Register (*See Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*). The Defendants counsel is practicing Confirmation Bias. Mrs. Marni Petronella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, conveniently omitted that Mr. Pete Davidson is a real person and was compensated according to Union rules. Mr. Bruno Mars is a real person and was compensated. *BURGER KING*® is a real American restaurant.

170.    The Plaintiff, Mr. Craven Randall Casper's, well-known federal registered Trademark: "RANDY CANDY" does not want to be associated with and never authorized association with or collaborated with the Defendants' creative "**PARTY**" as described by Defendant's counsel, which is called, by the Defendants' *BURGER KING*® "party" customers "**ruckus**,"[125] which is further defined negatively by Merriam-Webster Dictionary, as "a row or disturbance" or "a noisy argument, fight, et cetera".[126] The Defendants' creative "party ruckus" implies that the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" engages in lewd behavior (*See Paragraph 122 and Paragraph 218*).

171.    There is real evidence of confusion that exist. This is a negative, illegal use for a profit-making powerhouse, the Defendants. There is a social, charitable component to the

---

[125] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[126] Source: < https://www.merriam-webster.com/dictionary/ruckus >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

"RANDY CANDY" Lifestyle brand, whose core mission has always been to incorporate a charitable cause or component to the business model. So, the Defendants' are not just steeling from "RANDY CANDY," but they are robbing charities. The Defendants' could just have easily robbed a church or the soup kitchen. "RANDY CANDY" cares. There are kids. There are important issues, like literacy and obesity and cancer, not the promotion of *hate* speech by the Defendants (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*).

172.    The Defendants' salacious material creates a narrative that drives the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" federal registered Trademark and Lifestyle brand in an unnecessary and negative mass market direction with *BURGER KING®* and Bruno Mars and "*24k Magic*" that the Plaintiff, Mr. Craven Randall Casper, did not authorize and does not approve of and did not intend, and in which, the Plaintiff, Mr. Craven Randall Casper, did not receive any benefit.

173.    On information and belief, the Defendants are promoting a "Party and Play" ("PNP" and "PnP") sort of scene or Lifestyle. This "party" scene is a subculture of recreational drug users who engage in high-risk sexual activities under the influence of drugs within groups. It is also called *chemsex*,[127] and it is described as an enormous risk due to drug overdose and an

---

[127] Source: < https://www.washingtonpost.com/news/morning-mix/wp/2016/05/10/the-chemsex-scene-an-increasingly-popular-and-occasionally-lethal-public-health-problem/?utm_term=.02672624497d >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

expanding epidemic sweeping the heartland of America among "party" people. *Chemsex*,[128] is a term commonly used by and associated with gay men and other men who have sex with men (MSM). Those participating in "party and play" gatherings have a higher rate of acquiring sexually transmitted diseases by having unprotected anal sex with large numbers of sexual partners (i.e. some of the Defendants' "party" customers may be members of the LGBTQ community or be *hating* against that community). It is confusing.

174.    According to United States Government sources, the **"party"** scene conjures the image of an era where all genres are fueled by illegal or recreational drug use or a misuse of prescription drugs in the United States. Does the Defendants' "party" include marijuana[129] (i.e. "stoned" (*See Paragraphs 175-176*) "party" customers or also a "party" state of mind, which occurs after smoking marijuana)? Does the Defendants' "party" include cocaine,[130] a popular "party" drug (*See "cocaine" Paragraph 606*)? Does the Defendants' wild, raucous "party" include Gamma Hydroxybutyrate (GHB), commonly referred to in "party scenes" as "Liquid Ecstasy" or "Liquid X"?[131]    Does the Defendants' "party" include Methylenedioxy-

---

[128] Source: < https://www.washingtonpost.com/news/morning-mix/wp/2016/05/10/the-chemsex-scene-an-increasingly-popular-and-occasionally-lethal-public-health-problem/?utm_term=.02672624497d >.

[129] Source: < https://www.dea.gov/druginfo/drug_data_sheets/Marijuana.pdf >.

[130] Source: < https://www.dea.gov/druginfo/drug_data_sheets/Cocaine.pdf >.

[131] Source: < https://www.dea.gov/druginfo/drug_data_sheets/GHB.pdf >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 98 of 379

Methamphetamine ("MDMA"), which is a synthetic drug that alters mood and perception[132]? MDMA is chemically similar to stimulants and hallucinogens, and in the "party" scene, and MDMA, which is commonly referred to at a party as *Ecstasy* or *Molly[133]*. Does the Defendants' "party" include heroin,[134] hallucinogens[135] (psychedelic or hallucinogenic drugs, such as LSD[136]), mescaline,[137] or inhalants (e.g., nitrous oxide[138] and/or "Poppers"[139]) or depressants/sedatives (Quaaludes[140] or Rohypnol[141])? Specifically, "Poppers" is an American slang term given broadly to the chemical class called *alkyl nitrites*, that are inhaled. Popper use is particularly common among gay and bisexual men and transgender people, and Poppers are part of art, parties, club culture, the Techno scene, or the rave scene, which have made *their* use popular. Is there confusion among potential or actual customers or advertisers of the federal registered Trademark: "RANDY

---

[132] Source: < https://www.dea.gov/druginfo/drug_data_sheets/Ecstacy.pdf >.

[133] Source: < https://www.dea.gov/pr/multimedia-library/publications/molly.pdf >.

[134] Source: < https://www.dea.gov/druginfo/drug_data_sheets/Heroin.pdf >.

[135] Source: < https://www.dea.gov/druginfo/drug_data_sheets/Hallucinogens.pdf >.

[136] Source: < https://www.dea.gov/druginfo/drug_data_sheets/LSD.pdf >.

[137] Source: < https://harvarddapa.org/peyotemescaline >.

[138] Source: < https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfcfr/CFRSearch.cfm?fr=184.1545 >.

[139] Source: < https://www.justice.gov/archive/ndic/pubs07/708/708p.pdf >.

[140] Source: < *www.pbs.org/wgbh/pages/frontline/meth/faqs/quaaludes.html* >.

[141] Source: < https://www.dea.gov/druginfo/drug_data_sheets/Rohypnol.pdf >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

CANDY" with the Defendants' "party," and "party customers" and "RANDY CANDY"?  The

Answer is, **YES!**

[remainder of page intentionally left blank]

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 100 of 379

175.



I don't know if I'm just to stoned, but I'm super fucking confused..
Ben Baker • 3 months ago

Holy shit this is an awful skit
anthony lingon • 3 months ago

Well that was just terrible
Johnny Mayfield • 3 months ago

that was horrible
James Ritchie • 3 months ago

But they never got their burgers.....🍔.....

142

---

142 Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 101 of 367

**Illustration 12: Screenshot of the Defendants' YouTube controlled channel where the Defendants' "RANDY CANDY" is at *BURGER KING®* and Examples of Consumer Confusion (red highlighting added).**[143]

176.    On the Defendants' NBC *SNL* YouTube controlled channel, Mr. Ben Baker writes: "**I DON'T KNOW IF I'M JUST TO (*sic*) STONED, BUT I'M SUPER FUCKING CONFUSED**" (*See Illustration 12 and Paragraph 175*).    For the record, the Plaintiff, Mr. Craven Randall Casper, does not know and has never met or had a discussion with Mr. Ben Baker.    The Plaintiff, Mr. Craven Randall Casper, cites this public post as evidence of real consumer confusion from additional public comments such as: "**WELL, THAT WAS JUST TERRIBLE**" or "**THAT WAS HORRIBLE**," which a lot of people have taken offense, particularly in the LGBTQ community, and is a general sentiment, reiterated by Mr. Anthony Lingon, Mr. Johnny Mayfield or Mr. James Ritchie (*See Illustration 12*).    The Defendants' posturing on the LGBTQ people range from the ludicrous to the abhorrent, and making "RANDY CANDY" a scapegoat to protract all humanity's ills.

177.    The Defendants' improper and unauthorized use of "RANDY CANDY" is likely to lead consumer and perspective customers or advertisers to believe that the Defendants' "RANDY CANDY" is somehow affiliated with or endorsed by the Plaintiff, Mr. Craven Randall

---

[143] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Casper. The Defendants' NBC *SNL* seeks to mislead potential and actual consumers into thinking the Defendants' "RANDY CANDY" is associated with the Plaintiff, Mr. Craven Randall Casper's, charming Lifestyle brand and federal registered Trademark: "RANDY CANDY". Furthermore, it should be noted, that the statement by Mr. Ben Baker, not the Defendants' "RANDY CANDY" content was liked[144] several times, and there were additional comments, creating further actual confusion. Moreover, the Defendants' consultation with counsel, including but not limited to Mrs. Marni Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, before and after learning of "RANDY CANDY" and its formative federal registered Trademark, continued to profit illegally, which is evidence of bad faith and knowledge.

178. There are known instances of confusion referenced to the Defendants' counsels' "party" claim, which will be further articulated and repeatedly referenced during the Trial by Jury in the State of North Carolina (*See Paragraph 439 and See Illustration 13, Illustration 17 and Illustration 45*).

**[remainder of page intentionally left blank]**

---

[144] A "like" button, "like" option, or recommend button is a feature in communication software such as social networking services, Internet forums, news websites and blogs where the user can express that they like, enjoy or support certain content.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

179.



[145] Source: < https://mobile.twitter.com/snlpodcast?randycandy >.

**Illustration 13: Screenshot of the Defendants' Facebook Search Criteria,** *SNL* **"RANDY CANDY" and Misuse and Confusion and Continuous "Partying" as described by the Defendants' counsel (***See Exhibit D***) (red highlighting added).**

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 104 of 379

180. Prior to the Defendants' introduction of "RANDY CANDY," there are three to four times when this issue of "normal" arises. According to Merriam-Webster Dictionary, *normal* is defined as: "(a): of, relating to, or characterized by average intelligence or development '*IQs within the normal range*' and (b): free from mental illness: mentally sound".[146] The Defendants' are implying "RANDY CANDY" is unstable or *not normal* (*See Paragraph 211 and Paragraphs 213-15)*.

181. One of the Defendants' *BURGER KING®* "party" customers, "Linda Tomorrow," states in pertinent part, "**YES, I HAVEN'T _SLUMMED_ WITH THE _NORMAL_ IN SO LONG, FUNKY!**" (*See Illustration 14*) before she introduces the Defendants' "RANDY CANDY," directly implying that the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark "RANDY CANDY" is anything but normal (*See Paragraph 211 and Paragraphs 213-15)*.

182. According to Merriam-Webster Dictionary: *slummed* means, "to go somewhere or do something that might be considered beneath one's station —sometimes used with *it, slummed with the normal".[147] To slum* also carries the popular definition of "a lower quality than one is used to".[148] The Defendants' are implying the Plaintiff, Mr. Craven Randall Casper's, federal registered

---

[146] Source: < https://www.merriam-webster.com/dictionary/normal >.

[147] Source: < https://www.merriam-webster.com/dictionary/slummed >.

[148] Source: < https://en.oxforddictionaries.com/definition/slum >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Trademark: "RANDY CANDY" is inferior or perhaps the goods, services, products, business, advertising and/or commercial activities are inferior to the Defendants'.

183.    The Defendants' are repeatedly telling people the Plaintiff, Mr. Craven Randall Casper's, incontestable federal registered Trademark: "RANDY CANDY" is *not normal*.

184.    A Jury in the State of North Carolina will be asked so, are the Defendants' saying it is *not normal* to be homosexual or that it is repulsive?  Or rather, or the Defendants' stating that that all should be homosexual? Or more egregiously, are the Defendants' stating that all should be homophobic because "RANDY CANDY" is *not normal*, and there is no service at *BURGER KING*®? Are the Defendants' promoting a Lifestyle brand(s) or disparaging Lifestyle brand(s)? (*See Paragraph 120*).  There are a lot of questions and confusion (*See Paragraphs 119-127*).

185.    In addition, the Defendants' "party" customer "Linda Tomorrow" also orders a "**DIET MOUNTAIN DONT**," and on information and belief, the intentional play on words, was purpose-driven, with knowledge of the Defendants to avoid litigation by not purporting, to have been made by authority, of one who did not give authority, on behalf of PepsiCo, Inc. ("PepsiCo") because *BURGER KING*® has a contractual obligation to promote the Coca-Cola® Company products and there would have been confusion.  PepsiCo, Inc. is the owner of the famous federal

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

registered Trademark, for Diet "MOUNTAIN DEW®,"[149] which is a trademark of PepsiCo, Inc., originally filed in November 1, 1984.[150]

186.     On information and belief, although *BURGER KING®* may have done a licensing deal with FRITO-LAY (PepsiCo, Inc. Parent Company) for the use of *their* federal registered Trademark: CHEETOS[151] brand for the *BURGER KING®* CHEETOS[152] Chicken Fries[153] in the fall 2016, *BURGER KING®* does not sell PepsiCo, Inc. ("PepsiCo") products, and according to the *BURGER KING®* website,[154] public records, and the Plaintiff, Mr. Craven Randall Casper's, meetings with *BURGER KING®* franchisees, *BURGER KING®* has a contract and sells the Coca-Cola® Company[155] products. On information and belief, the Coca-Cola® Company, ironically, or

---

[149] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4804:p1ziu1.2.19>; < http://www.mountaindew.com/products/diet-mtn-dew?utm_source=Google&utm_medium=CPC&utm_campaign=2017mountaindew > and < https://www.pepsicobeveragefacts.com/home/potassium >. PepsiCo, Inc. ("PepsiCo") has a high-level of sophistication as to the origin and use of *their* federal registered Trademarks.

[150] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4809:54v4q0.3.4 >.

[151] Source: < http://www.fritolay.com/snacks >; < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >.

[152] Source: < http://www.fritolay.com/snacks >; < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >.

[153] Source: < https://www.bk.com/menu-item/chicken-fries >.

[154] Source: < http://www.bk.com/menu/beverages > and < http://www.coca-colacompany.com/stories/burger-king-introduces-high-tech-coca-cola-soda-fountain >. The Coca-Cola® Company has a high-level of sophistication as to the origin and use of *their* federal registered Trademarks.

[155] Source: < http://www.coca-colacompany.com/stories/coke-lore-trademark-chronology >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

perhaps, maybe not so ironic, is also a major source of advertising revenue for the Defendants. On further information and belief, the Coca-Cola® Company and *BURGER KING®* were associated entities with the goal of carrying out a specific enterprise for profit, and the knowledge, approval, authorization, agreement and/or deal structure should be disclosed to this Court. *See: PEPSICO, INC., a North Carolina corporation, and FRITO-LAY NORTH AMERICA, INC., a Delaware corporation, Plaintiffs, v. RAM TRADERS, LTD., a Nevada corporation, Defendant*, Case Number: Case No. 2:11-cv-02017-JCM-RJJ, in the United States District Court for the District of Nevada, January 16, 2013.

187.    PepsiCo, Inc. owns the federal Trademark registrations for its PEPSICO Marks issued by the United States Patent and Trademark Office (USPTO) in connection with its PEPSICO Products, and, like the Defendants', is a vigilant defender of those federal registered Trademarks.[156]

**[remainder of page intentionally left blank]**

---

[156] Source: < http://www.pepsico.com/legal/TermsOfUse >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**



188.                                                                            157

**Illustration 14: Screenshot of the Defendants' "Party" on their controlled YouTube channel – the Defendants' "party" customer "Linda Tomorrow" introduces the Defendants' "RANDY CANDY," creating confusion (red highlighting added).[158]**

189.    The Defendants' "party" customer, "Linda Tomorrow" leads to the Defendants' "RANDY CANDY," and the Defendant's "RANDY CANDY" appears solo after the introduction. The Defendant's "RANDY CANDY" is dressed in a dapper black and white

---

[157] Source: < Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[158] Source: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

pinstripe suit, confusingly similar clothing attire of the owner of the federal registered Trademark: RANDY CANDY," the Plaintiff, Mr. Craven Randall Casper (*See Paragraph 107 and See Illustration 6, See Illustration 17 and See Illustration 45*).

190. When the limo window is rolled down, and as the Defendant's counsel describes it, "the pink limo," there is *Techno*[159] style music blaring, which is a form of electronic dance music, reminiscent of *Chez Damier*[160] playing to a mostly gay crowd on Saturday nights – the music and bubbles echoes the Defendants' "RANDY CANDY" is *not normal*.

191. The Defendants' "RANDY CANDY" is the only *BURGER KING®* customer surrounded by bubbles and *Techno*[161] style music, which is a different environment than the Defendants' other "party" customers. "RANDY CANDY" is *not normal*, which is reinforced by the environment and the Defendants.

192. What is so fascinating about bubbles? Is it the precise spherical shape? Is it the incredibly fragile nature of the fanciful, microscopically thin soap film? Is it the beautiful rainbow

---

[159] Source: < https://www.merriam-webster.com/dictionary/techno >. According to Merriam-Webster Dictionary, *Techno* is defined as: "electronic dance music that features a fast beat and synthesized sounds usually without vocals or a conventional popular song structure".

[160] Source: < https://www.beatport.com/artist/chez-damier/18499 >.

[161] Source: < https://www.merriam-webster.com/dictionary/techno >. According to Merriam-Webster Dictionary, *Techno* is defined as: "electronic dance music that features a fast beat and synthesized sounds usually without vocals or a conventional popular song structure".

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 110 of 379

of colors that swirl and shimmer? Or, is it, most likely, a combination of all these phenomena? There are a lot of questions and confusion.

193. The Defendants' "RANDY CANDY's" bangs are blowing in the Saturday night breeze, and the hair gently wisps across the face of "RANDY CANDY".

194. The Defendants' "RANDY CANDY" then confirms that the Defendants' "RANDY CANDY" is, in fact, "RANDY CANDY," as he twirls an eye-catching, rainbow swirl, that hard sucker, embossed on one side in standard characters "RANDY," which is Candy. What did the other side say? There are a lot of questions and confusion. Perhaps, a Jury in the State of North Carolina (Southern District) can decide?

195. Specifically, in pertinent fact, the Defendants' NBC *SNL* "RANDY CANDY", between minutes 2:15 – 2:17, with the flip of the hair, verbally issues the exclamatory – and typographically emphasized vocative gesturing, "**I PEDDLE WHIMPSY!**"[162] (*See Paragraphs 196-198 and See Paragraphs 213-214).*[163]

196. On information and belief, on the Defendants' NBC *SNL* controlled YouTube channel, "Baystrongmont" writes: "**HOW CAN SOMEONE *HATE* 'RANDY CANDY'? I**

---

[162] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[163] *See,* e.g., *Dallas Cowboys Cheerleaders. Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200 (2d Cir. 1979); *See, e.g., Commerce Bank & Trust Co. v. TD Banknorth, Inc.*, 554 F. Supp. 2d 77, 83 (D. Mass. 2008); and *See, e.g., Best Flavors*, 886 F. Supp. at 916.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

**MEAN COME ON, HE PEDDLES WHIMSY! WHIMSY GOD DAMN IT!!**" (*See Illustration 15*). For the record, the Plaintiff, Mr. Craven Randall Casper, does not know and has never met or had a discussion with "Baystrongmont". The Plaintiff, Mr. Craven Randall Casper, cites this public post as evidence of consumer confusion. The Defendants' have disoriented the viewership. The Defendants' improper use of "RANDY CANDY" is likely to lead potential and actual customers and advertisers to believe that the Defendants' "RANDY CANDY" is somehow approved, authorized, affiliated with, licensed or endorsed by the Plaintiff, Mr. Craven Randall Casper. The Defendants' NBC *SNL* seeks to mislead potential and actual consumers and advertisers into thinking the property or project is associated with the Plaintiff, Mr. Craven Randall Casper's, charming Lifestyle brand and federal registered Trademark: "RANDY CANDY".

197. On information and belief, on the Defendants' NBC *SNL* YouTube controlled channel (*See Illustration 16*), Mr. John Norman written verbatim: "**I PEDDLE WHIMSY**" a direct quote of the Defendants' "**RANDY CANDY**". For the record, the Plaintiff, Mr. Craven Randall Casper, does not know and has never met or had any communication with Mr. John Norman. The Plaintiff, Mr. Craven Randall Casper, cites this public post as evidence of consumer confusion, and further actual evidence of consumer confusion will be exposed with vivid testimony, exhibits and during server-based and consumer surveys during Discovery, and additional evidence of actual confusion will be by provided at the Jury Trial in the State of North

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Carolina (*See Illustrations 15 and 16*). The Defendants' NBC *SNL* seeks to mislead potential and actual consumers and advertisers into thinking the property or project is associated with the Plaintiff, Mr. Craven Randall Casper's, charming Lifestyle brand and federal registered Trademark: "RANDY CANDY". The Defendants' NBC *SNL* seeks to mislead potential and actual consumers and advertisers into thinking the property or project is associated with the Plaintiff, Mr. Craven Randall Casper's, charming Lifestyle brand and federal registered Trademark: "RANDY CANDY".

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 113 of 379

198.



**Illustration 15** and **Illustration 16:**

**Screenshot of the Infringing Defendant's YouTube controlled negative public use of "RANDY CANDY" and Examples of Public Confusion (red highlighting added).**

---

[164] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[165] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

199. In pertinent part, this evidence of consumer confusion on the Defendants' NBC *SNL* YouTube controlled channel also coincides with the widely-disseminated, fraudulent Defendants' NBC *SNL* statement on *their* official controlled Twitter account (@NBCSNL) announce: "**WHADDUP, IT'S RANDY CANDY.** #SNL,"[166] which continues to receive additional views to the present day (*See Illustration 17 and Illustration 45*).

200. On its face, this widely-disseminated spurious claim initially distributed via the Defendants' official controlled Twitter account (@NBCSNL) declares: "**WHADDUP, IT'S RANDY CANDY.** #SNL" (*See Illustration 17 and Illustration 45*).[167] This constitutes the creation of a false association, false designation or origin, or a false representation, which wrongfully and falsely designates, describes or represents the origins, of "**RANDY CANDY**" as the Defendants' (*See Illustration 17 and Illustration 45*).

201. The Defendants' have knowingly and willfully derived an economic and reputational benefit from the aforesaid Infringement of "RANDY CANDY".

202. On further information and belief, Akilah Hughes (@AkilahObviously), as of the date of the filing of this Original Complaint had in excess of one hundred fifteen thousand (115,000) Twitter followers, or people who follow or subscribe to another person's Tweets, and

---

[166] Source: < https://twitter.com/nbcsnl/status/787511576706318337?lang=en >.

[167] Source: < https://twitter.com/nbcsnl/status/787511576706318337?lang=en >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 115 of 379

in excess of one hundred eighteen thousand (118,000) likes, and Akilah Hughes wrote on Twitter in verbatim response: "'**I PEDAL** [*sic*] **WHIMSY' – 'RANDY CANDY'**," which is a direct quote of the Defendants' "**RANDY CANDY**," as shown in the true and accurate screenshots in (*See Illustrations 15 and 16*).

203.    On information and belief, a short time later, the official @NBCSNL account retweeted the original widely-disseminated Defendants (@NBCSNL) tweet to its more than two million ninety thousand (2.09 million) followers on Twitter. "**WHADDUP, <u>IT'S RANDY CANDY.</u>**", is one of the Defendants' most-shared, most-retweeted posts ever. A re-tweet, as a verb, is defined as (on the social media website or app – *Twitter*) a repost or forward (a message posted by another user on the free social messaging tool) (*See Illustration 17 and Illustration 45*).[168]

[remainder of page intentionally left blank]

---

[168] Source: < https://twitter.com/ >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**



204.

**Illustration 17**      **and**      **Illustration 18:**

**Screenshots of the Infringing Defendants' YouTube controlled use of "RANDY CANDY" and Examples of Public Confusion. The Defendants publicly announce: "WHADDUP, <u>IT'S RANDY CANDY."</u>** (red highlighting added) **(See Illustration 45).**

---

[169] Source: < https://twitter.com/nbcsnl/status/787511576706318337?lang=en >.

[170] Source: <
https://twitter.com/AkilahObviously?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

205.     Lin-Manuel Miranda, also commented on *Talking-SNL.Blogspot.com* that: "**RANDY CANDY**," jubilantly exclaims: "**I PEDDLE WHIMSY!**".[171] This can be shared via Google+, linked to Public viewership or linked to "Circles," where Google's social platform, Google+, has a feature called "Circles" that allows users to put various different people in specific groupings or lists. This feature is intended to: Share relevant content with the right people, which only further creates confusion for the federal registered Trademark: "RANDY CANDY". Furthermore, GOOGLE+ has a "sharing" tab to the bottom of the App and several additional or different ways to share the Defendants' "RANDY CANDY" photograph(s). Google Photos has an estimated five hundred million (**500 million**) monthly users.

206.     According to Merriam-Webster Dictionary, as a transitive verb, *peddled* is defined as: (1) to sell or offer for sale from place to place; (2) to deal out or seek to disseminate; and (3) to offer or promote as valuable".[172]

207.     According to Merriam-Webster Dictionary, the adjective, *whimsy*, is defined as: "the quality or state of being fanciful".[173]

**[remainder of page intentionally left blank]**

---

[171] Source: < http://talking-snl.blogspot.com/2016/10/snl-review-emily-blunt-art-films-and.html?m=1 >.

[172] Source: < https://www.merriam-webster.com/dictionary/peddle >.

[173] Source: < https://www.merriam-webster.com/dictionary/whimsy >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 118 of 379

208.    On information and belief, potential and actual consumers and advertisers are confused because the Defendants' have the ability to "peddle" goods, services, advertising and/or commercial activities related to "RANDY CANDY" even in the same category according to the USPTO (IC 025. US 022 039.) (*See Paragraphs 277-307*).

209.    On information and belief, the Defendants' *BURGER KING*® drive-thru attendant, Mr. Pete Davidson[174], frequently mentions specific items from the *BURGER KING*® menu[175], including, but not limited to, CHEETOS[176] Chicken Fries[177] in a coordinated effort or financial partnership between *BURGER KING*® and Frito-Lay North America, Inc. ("FRITO-LAY") to introduce a new product in the fall 2016 (*See Paragraphs 158-159 and Paragraph 211*).


**[remainder of page intentionally left blank]**

---

[174] Source: < http://www.latimes.com/entertainment/la-et-entertainment-news-updates-march-pete-1488904190-htmlstory.html >.

[175] Source: < http://www.bk.com/menu >.

[176] Source: < http://www.fritolay.com/snacks >; < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >.

[177] Source: < https://www.bk.com/menu-item/chicken-fries >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

210.     The Defendants' *BURGER KING®* drive-thru attendant, Mr. Pete Davidson, ask if "RANDY CANDY" would like *BURGER KING®* Cheetos[178] Chicken Fries[179] (*See Illustration 32*).

211.     On the Defendants' YouTube controlled channel, words from "**RANDY CANDY**" then appear while at *BURGER KING®*: "**OOH, THIS NEWS WILL THROW THIS CAR INTO CHAOS!**"[180] (*See Paragraph 150, Paragraph 324, and Illustrations 12 and 23*).

212.     The Defendants' "RANDY CANDY" is never served at *BURGER KING®*.

213.     On information and belief, the Defendants have bastardized the Plaintiff, Mr. Craven Randall Casper's, name and federal Trademark: "RANDAY CANDY". There are multiple implications that "RANDY CANDY" is *not normal*. The Defendants' promote "RANDY CANDY" in a different environment (i.e. not normal) – he is solo, wearing a confusingly similar black and white pinstripe suit, to the owner of the federal registered Trademark, the Plaintiff, Mr. Craven Randall Casper (*See Paragraph 107 and Illustration 6*). The Defendants' "RANDY CANDY" has a right-handed wave, the flamboyant hand gestures, the

---

[178] Source: < http://www.fritolay.com/snacks >; < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4806:jt2kj.2.8 >; and < http://www.fritolay.com/company >.

[179] Source: < https://www.bk.com/menu-item/chicken-fries >.

[180] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 120 of 379

bangs, holding a sucker, loud *Techno* style music, and the bubbles, while all other passengers' car environments are dramatically different. The Defendants' made it clear "RANDY CANDY" is *not normal* (*See Paragraphs 180-182*).

214. After a solo "RANDY CANDY" rolls up his own window, in a tizzy, and with his right-hand, the Defendants' "RANDY CANDY" waves flamboyantly, while still holding that rainbow sucker. The Court should remember, the Defendants' have clearly stated, "RANDY CANDY" is not normal. The Defendants' "RANDY CANDY" is anything but *normal* (*See Paragraphs 180-182 and Paragraph 213 and Paragraph 215*).

215. Immediately following the flamboyant wave from the Defendants' "RANDY CANDY," the *BURGER KING*® drive-thru attendant, Mr. Pete Davidson, states in pertinent part, "**I JUST NEED TO TALK TO <u>ONE *NORMAL* PERSON</u>**" (*See Illustration 23*).[181]

216. The Plaintiff, Mr. Craven Randall Casper, did not get an option for licensing, authorization, approval or collaboration for the use of his federal registered "RANDY CANDY" (*See Paragraphs 72, See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

217. As if the Defendants' persistent crimes, illegal use or misrepresentation of the Defendants' "RANDY CANDY" was not enough. It gets worse.

---

[181] Source: < Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 121 of 379

218. The Defendant's "party" customer, "Pam" states, in pertinent part, that she "funds this ["*party*"] ruckus". According to Merriam-Webster Dictionary, as a noun, *ruckus* has negative connotations and means: "row or disturbance," or "a noisy argument, fight, et cetera" (*See Paragraph 122 (lewd) and See Paragraph 170*).[182]

219. Then, Mr. Bruno Mars makes an appearance. Bruno Mars is a real person, based on Google search results and biographical information from CBS NEWS / CBS *60 Minutes*.[183] Mr. Bruno Mars is a "31-year old American singer-songwriter, multi-instrumentalist, record producer, and choreographer".[184]

220. On information and belief, according to Union rules, the Defendants' paid Mr. Bruno Mars to co-guest Host, appear and provide a musical performance, promoting his album *24K Magic*,[185] on Saturday, October 15, 2016.[186]

**[remainder of page intentionally left blank]**

---

[182] Source: < https://www.merriam-webster.com/dictionary/ruckus >.

[183] Source: < http://www.cbsnews.com/videos/bruno-mars-2/ >.

[184] Source: < https://en.wikipedia.org/wiki/Bruno_Mars > and < http://www.nbcnews.com/dateline/video/whats-foreigners-connection-to-bruno-mars-621237315607 >.

[185] Source: < http://www.atlanticrecords.com/artists/bruno-mars >.

[186] Source: < https://www.usatoday.com/story/life/tv/2016/10/07/emily-blunt-host-bruno-mars-saturday-night-live-snl-nbc-october-15/91708644/ >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

221. According to the website, www.brunomars.com, the *24K Magic* World Tour" was the third concert tour by American singer Mr. Bruno Mars, to support his album *24K Magic*.[187]

222. "**BRUNO MARS**"[188] is a federal registered Trademark, and according to the USPTO Principal Register, "**BRUNO MARS**"[189] is owned by and assigned to "Bruno Mars Music, LLC LIMITED LIABILITY COMPANY CALIFORNIA, 10960 Wilshire Blvd., 5th Floor, Nigro Karlin, Segal Feldstein & Bolno, LLC, Los Angeles, CALIFORNIA 90024 (*See Exhibit J*).

> **Trademark:** **BRUNO MARS**
>
> **Serial Number:** 85128915
>
> **Registration Number:** 4147313
>
> **Goods and Services:** IC 025. US 022 039. G & S: Clothing, namely, shirts, long-sleeved shirts, T-shirts, tops, crop tops, tank tops.
>
> **Note:** *See Exhibit J* or for more information, please contact the United States Department of Commerce or visit the USPTO, Madison Building, 600 Dulany St,

---

[187] Source: < http://www.brunomars.com/ > and < http://store.brunomars.com/?ref=http%3A%2F%2Fwww.brunomars.com%2Ftour >.

[188] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4808:oimh8u.39.15 >.

[189] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4808:oimh8u.39.15 >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Alexandria, VA 22314, or additional information is publicly available via the USPTO Trademark Electronic Search System (TESS).



223.                                                                                                              190

**Illustration 19: Screenshot of the Defendants' "Party" on their controlled YouTube channel – the Defendants' "party" customer "Pam" with Bruno Mars creating confusion, while promoting his federal registered Trademark(s) (red highlighting added).[191]**

---

[190] Source: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 > and < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[191] Source: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

[remainder of page intentionally left blank]



224.

192

**Illustration 20: Screenshot of the Defendants' "Party" on their controlled YouTube channel – the Defendants' "party" customer "Pam" with Bruno Mars creating confusion about "RANDY CANDY", while promoting his federal registered Trademark(s) (red highlighting added).**[193]

225.    On further information and belief, being hired and collaborating with the Defendants' was an opportunity to raise the profile and general public appeal, which Mr. Bruno Mars translated into a higher price tag, including, but not limited to, his artistic work, albums,

---

[192] Source: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 > and < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[193] Source: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

merchandise and/or advertising.   Being the co-host or musical performance of the Defendants'

NBC *Saturday Night Live* / "*SNL*" provides tremendous exposure for Mr. Bruno Mars.



226.

**Illustration 21         and         Illustration 22:**

**Screenshots of the Infringing Defendants' controlled Facebook promotion of**

**Bruno Mars, and Bruno Mars website <** http://www.brunomars.com/ **>**

---

[194] Source: < https://twitter.com/nbcsnl/status/787512430574374912 > and <
https://twitter.com/brunomars?lang=en >.

[195] Source: < http://www.brunomars.com/ >. and <
http://store.brunomars.com/?ref=http%3A%2F%2Fwww.brunomars.com%2F >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR
ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII,
CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

marking federal registered Trademark items for sale and Examples of Public Confusion (red highlighting added).

227.    On information and belief, Mr. Bruno Mars had an opportunity to control and promote his appearance and federal registered Trademark(s) on the Internet and social media platforms. For example, as of the date of the filing of this Original Complaint, on Twitter, Mr. Bruno Mars (@BRUNOMARS), had in excess of 30,900,000 (almost thirty-one million followers), and this account also links to his website and merchandise store: < http://www.brunomars.com/ > in coordination with the Defendants' NBC "*SNL*" (@NBCSNL) as "Featured Posts" (*See Paragraph 490*).

228.    On further information and belief, Mr. Bruno Mars[196] is promoting his Lifestyle brand, increasing revenue, and/or the benefits from brand expansion of his federal registered Trademarks, and on information and belief, Mr. Bruno Mars negotiated and collaborated with the Defendants prior to and on Saturday, October 15, 2016 (*See Exhibit J*). The Defendants' fully executed contract with Bruno Mars, all communications, emails and correspondence must be released to this Court.

---

[196] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4808:q042du.2.13 >; < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4808:q042du.2.14 >; < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4808:q042du.2.15 >; and < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4808:q042du.2.16 >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 127 of 379

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 127 of 367

229.    On further information and belief, besides potentially violating *their* [the Defendants] own Terms and Conditions,[197] *Bruno Mars* [managers, agents, attorneys, principals, servants, affiliates, distributors, licensees, employees, successors, subsidiaries, related companies, and all those persons in active concert or participation] should have acted with more caution and at a minimum not approved vitriolic *hate* speech and insured no Trademark Infringement existed (*See Paragraph 146*).

230.    Mr. Bruno Mars was wearing his signature "XXIVk" baseball hat (*24K Magic*), which on information and belief, he sells, along with other merchandise online, in brick-and-mortar retail stores and at music venues.[198]  **BRUNO MARS XXIVK MAGIC**® is a federal registered Trademark (*See Exhibit J*).  A public, quick and simple search of the Principal Resister USPTO's Trademark Electronic Search System (TESS) will provide additional information to this Court.

231.    On information and belief < https://store.brunomars.com/ > is the official online store for Bruno Mars which states, "Welcome to the Bruno Mars Official webstore! Exclusive

---

[197] Source: < https://www.nbcumv.com/terms-conditions >.

[198] Source: < https://store.brunomars.com/ > and < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4808:q042du.2.12 >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

*24K Magic* Merchandise Available Now. *24K Magic* Available on Vinyl. Subscribe for special

offers" (See Illustration 20).[199]



232.

**Illustration 23: Screenshot of the Defendants' "Party" on their controlled YouTube channel the *BURGER KING®* drive-thru attendant, Mr. Pete Davidson, talks to the Defendants' "RANDY CANDY" (red highlighting added).[201]**

**[remainder of page intentionally left blank]**

---

[199] Source: < https://store.brunomars.com/help-center >.

[200] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[201] Source: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

233. On information and belief, at the end, Bruno Mars, wants "his friends" to join the "*after party*," and says in pertinent part, "**MAKE SOME ROOM, RANDY CANDY!**".[202] Bruno Mars offers to fund the *BURGER KING®* check, even though "RANDY CANDY" was never served at *BURGER KING®*, and, Bruno Mars invites the *BURGER KING®* employees out for the continuous *"after-party"*.[203]

234. "RANDY CANDY" does not "hang" with Bruno Mars. They are not "friends"[204]. In fact, the Plaintiff, Mr. Craven Randall Casper, the owner of the federal registered Trademark: "RANDY CANDY" has never met nor has he ever had a conversation with Mr. Bruno Mars. The Defendants' have associated "RANDY CANDY" with Bruno Mars and with *BURGER KING®* with the goal of carrying out a specific enterprise for profit, which the Plaintiff, Mr. Craven Randall Casper, was unaware of.

235. The Defendants', Mr. Bruno Mars and *BURGER KING®* had a community of interest to promote *their* federal registered Trademarks except in conjunction with the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY". The vitriolic

---

[202] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[203] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[204] Merriam-Webster Dictionary defines *friend* as: (1) acquaintance; (2) one attached to another by affection or esteem; or (3) one that is not hostile.   Source: < https://www.merriam-webster.com/dictionary/friend >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

*hate speech* is <u>unnecessarily</u> as the Defendants' *BURGER KING®* "party" customers scream in

exultation, **"WE HATE RANDY CANDY!"**.[205]

236.    On information and belief, the Defendants' NBC *SNL* controlled YouTube video

between minutes 4:28-4:32, the following unnecessary statement is declared by the Defendants'

"party people": **"WE HATE RANDY CANDY!"**.[206]   The Defendants' have pitted American

people against "RANDY CANDY," when the Defendants could have been inclusive and

protecting community interests, particularly when the state of *hate* in America is nearing an all-

time high.   The "RANDY CANDY" Trademark charming Lifestyle brand has been desecrated

like a Confederate statue by the Defendants, who could have been discouraging unnecessary

radical speech like this, but rather, their terrorist-style rhetoric offends, threatens, or insults

groups, reinforcing homophobia or xenophobia, or as Merriam-Webster Dictionary defines this

as "fear and hatred of strangers or foreigners or of anything that is strange or foreign".[207]   This is

not *normal (See Paragraphs 180-183 and Paragraphs 213-15)*.

237.    This Original Complaint serves as an example, particularly in an error of fake

news, and with the state of *hate* in America at an almost all-time high, the Defendants' who are

---

[205] Source: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 > and < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[206] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[207] Source: < https://www.merriam-webster.com/dictionary/xenophobia >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

routinely called out for a lack of journalistic integrity across their multiple platforms in the media should be held accountable by a Jury during this public Jury Trial in the State of North Carolina.

238.    The Plaintiff, Mr. Craven Randall Casper has received furious responses from actual and potential customers and further confusing evidence will be provided during a Jury Trial in the State of North Carolina.

239.    The Defendants' fundamentally changed "RANDY CANDY". Once the calls began, they did not stop. Swiping to decline a call just led to the phone ringing again. Blocked number after blocked number filled up the voice mail. Deleting one message just created space for another to take its place. Then came the Tweets and the email messages. The volume was overwhelming. The content: vile and terrifying. The Plaintiff, Mr. Craven Randall Casper, was now in an America full of *hate*. It was an America where racism, homophobia (*See Paragraph 236*), and bigotry (*See Paragraph 119*) have powerful online platforms (*See Paragraphs 119-127*). There were alternate avenues of other commercial use available to the Defendants other than *hate speech*, which particularly heinous and cannot be tolerated in an enlightened society. The Defendants' use of "RANDY CANDY" and *hate speech* were unnecessary (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*). All it took was a few keystrokes, amplified by a social media megaphone, to send the deluge of repulsive messages has heightened tensions for the Plaintiff, Mr. Craven Randall Casper, and these threats are personal and real, not to be confused with generic or vile ramblings on an online comments board.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

240.    This Court cannot allow the Defendants' establishment to have a victory and be allowed to transform American business after they have repeated, sodomized, targeted and killed "RANDY CANDY". The Court has to do something about this.

241.    On information and belief, the Defendants' NBC *SNL* controlled YouTube video between minutes 4:28-4:32, the following unnecessary Defendants' "party" statement ringing out in exultation: **"WE HATE RANDY CANDY!"**.[210]    The Defendants unnecessary uses of "RANDY CANDY" are abject bigotry on public display (*See Paragraph 119*). The Defendants', through counsel, have never claimed *parody* as a defense of their illegal use, and should not be allowed to use that now. The Court must take care to ensure that not just any commercial takeoff is rationalized *post hoc* as a parody. The Defendants' use of "RANDY CANDY" punches directly at specific ethnic, racial and social groups.[211]

242.    According to Merriam-Webster Dictionary, the term *hate* is defined as: "(1)(a) intense hostility and aversion usually deriving from fear, anger or sense of injury and (1)(b) extreme dislike or disgust or (2) an object of hatred".[212]

---

[210] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[211] See *Commonwealth vs. Michelle Carter*, Case Number: SJC – 12043 (Supreme Judicial Court for the County of Suffolk, Massachusetts, and Docket Number: 15YO0001NE (Taunton Session for the County of Bristol, Massachusetts), June 16, 2017.

[212] Source: < https://www.merriam-webster.com/dictionary/hate >. 17 August 2017.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

243.    On its face, the Defendants' are hate crime motivators.[213] **"WE HATE RANDY**

**CANDY!"** is alarming. **"WE HATE RANDY CANDY!"** is astonishing. **"WE HATE RANDY**

**CANDY!"** causes confusion.[214]    Now, the Court should revisit the issue of *normal* (*See*

*Paragraph 214-215, 236 and 269*).    What do the Defendants mean by *normal* people?

*Normalized* validates *their* [the Defendants] world view and encourages racial elements, where

grown people with a voice may or may not be *normalized* people with a voice in an American

society today given the current, volatile environment surrounding *hate* speech (*See Paragraph*

*117*).

244.    **"WE HATE RANDY CANDY!"** is inspiring outright anger, and actual

astonishing evidence exists that will be presented at the Trial by Jury in the State of North

Carolina.[215]

**[remainder of page intentionally left blank]**

---

[213] *See Commonwealth vs. Michelle Carter*, Case Number: SJC – 12043 (Supreme Judicial Court for the County of Suffolk, Massachusetts, and Docket Number: 15YO0001NE (Taunton Session for the County of Bristol, Massachusetts), June 16, 2017.

[214] Federal criminal law has long prohibited trafficking in goods or services that bear a counterfeit Trademark. *See* 18 U.S.C. § 2320.   Individuals convicted of § 2320 offense generally face up to 10 years' imprisonment and a $2 million fine.   If the offenses involved serious bodily injury, counterfeit drugs, or counterfeit military goods or services, individuals face up to 20 years in prison and a $5 million fine.

[215]    Source:   <   http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1   >   and   < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

245.    **"WE HATE RANDY CANDY!"**.[216]  This is unnecessary, guttered language.

The Defendants' vitriolic *hate* speech is trivialized and slanted against the Lesbian, Gay, Bisexual,

Transgender and Queer / Questioning (LGBTQ) community (*See Paragraphs 117 and*

*Paragraphs 119-127*).  For many people in the Lesbian, Gay, Bisexual, Transgender and Queer /

Questioning (LGBTQ) community in the United States, this statement has generated shockwaves

that are still reverberating through their daily lives.  Some LGBTQ people, find themselves living

in fear, surrounded by discrimination and *hate*.

246.    "RANDY CANDY' is under siege.  The Defendants' *BURGER KING®* "party"

customers deliberately scream in exultation, **"WE HATE RANDY CANDY!"**.[217]

247.    On information and belief, the Defendants' may have violated multiple provisions

of *their* publicly touted *Terms and Conditions*, which address and state, in pertinent part that they

[the Defendants] do not condone *hate* speech or an infringement of any third party's intellectual

property rights.[218]  Some of the Defendants' *Terms* read, and the Plaintiff, Mr. Craven Randall

Casper, has highlighted pertinent parts:

---

[216] Source: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 > and < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[217] Source: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 > and < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[218] Source: < http://www.nbcuniversal.com/terms >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 135 of 379

"Licensee shall not use the Material in any manner that is in any way objectionable or in conjunction with other materials or information that is in any way objectionable. As used herein, "objectionable" means any materials or information in any medium or format, including without limitation text, data, graphics, audio or video, content (or use of the content) that: (a) is libelous or defamatory, pornographic, sexually explicit, unlawful or plagiarized; (b) a reasonable person would consider harassing, abusive, threatening, harmful, vulgar, profane, obscene, excessively violent, racially, ethnically or otherwise objectionable or offensive in any way; (c) constitutes a breach of any person's privacy or publicity rights, a misrepresentation of facts, hate speech or an infringement of any third party's intellectual property rights of any kind, including without limitation, copyright, patent, *Trademark*, industrial design, trade secret, confidentiality or moral rights; (d) violates or encourages other to violate any applicable law; (e) promotes software or services that deliver unsolicited email; or (f) contain direct links (by a single click) to web sites that contain information of the kind described in this definition."[219] (Yellow highlighting added).

# 248. "**WE HATE RANDY CANDY!**"[220]

249. In conjunction and in summary, the Defendants', at approximately 4:48 minutes, flash back to an unpicturesque setting, the *BURGER KING®*, as the Defendants' *BURGER KING®* "party" customers depart. This ends with hate speech against "RANDY CANDY", confusion and real associations with *BURGER KING®*, and Bruno Mars (*See Paragraphs 219-231*).

---

[219] Source: < https://www.nbcumv.com/terms-conditions >.

[220] Source: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 > and < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

250.    On information and belief, the Defendants' also violated, at a minimum, *their* company Terms of Use (Revised August 3, 2017) prohibiting Trademark Infringement, "hateful conduct" or "hateful speech".[221]



251.

**Illustration 24: Screenshot of the Defendants' "Party" on their controlled YouTube channel – *BURGER KING*® associated with the Defendants' "RANDY CANDY" (red highlighting added).[223]**

**[remainder of page intentionally left blank]**

---

[221] Source: < https://www.nbc.com/general/pages/terms >.

[222] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[223] Source: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 137 of 379

## STATEMENT OF CLAIM

## DEFENDANTS' REVENUE

252.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each

and every allegation set forth in *Paragraphs 1-251 of* the Original Complaint.

253.    On information and belief, the Defendants misleadingly use "RANDY CANDY,"

a federal registered Trademark, in *their* correspondence, emails, websites, controlled social media

accounts or across digital platforms, and marketing materials without the Plaintiff, Mr. Craven

Randall Casper's, knowledge, authorization or approval.

254.    According to *24/7 Wall Street*, "The cost of a 30-second spot in the Defendants'

'*Saturday Night Live*,' which is enjoying its highest-rated season in more than two decades, soared

43.5% in February, to $110,000 (one hundred ten thousand dollars) per 30-second spot, according

to *Standard Media Index*, a tracker of advertising expenditures, compared with $76,900 (seventy-

six thousand nine hundred dollars) in the year-earlier period.[224]

255.    On information and belief, the Defendants' NBC *SNL* capture around "$115

million (one hundred fifteen million dollars) in advertising revenue each year," according to

Kantar Media, a well-respected media market research firm.[225]

---

[224] Source: < http://247wallst.com/special-report/ >.

[225] Source: < https://finance.yahoo.com/news/saturday-night-live-produce-real-134040505.html >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

256. On information and belief, "branded content" is a form of advertising that uses the generating of content as a way to promote the particular brand which funds the content's production, and often, advertisers have an opportunity to work with the Defendants' to generate the Defendants' *SNL*-themed content of *their* own, and *their* respective federal registered Trademark(s), goods, services, product(s), brand(s), Lifestyle brands, businesses, and/or other commercial activities to gain exposure and popularity, except for the Plaintiff, Mr. Craven Randall Casper, and his federal registered Trademark: "RANDY CANDY" (*See Paragraph 145 and Paragraph 296*).

257. According to a summary of *The Wall Street Journal* article by Steven Perlberg on October 4, 2016, "[the Defendants' NBC] *SNL* is a 90-minute program and has reduced advertising to approximately 12 minutes and 15 seconds" per 90-minute program.[226] However, since commercial airtime advertising was reduced for the Defendants' 42nd Season, [the Defendants'] "*SNL*" started "branded content" packages and finding advertisers to partner and/or collaboration with the show in forms such as product integration or product placement or collaboration[227]. With television viewers fast-forwarding through advertisements or watching on

---

[226] Perlberg, Steven. *The Wall Street Journal*. October 4, 2016. < https://www.wsj.com/articles/saturday-night-live-premiere-airs-almost-30-fewer-commercials-1475509829 >.

[227] Perlberg, Steven. *The Wall Street Journal*. October 4, 2016. < https://www.wsj.com/articles/saturday-night-live-premiere-airs-almost-30-fewer-commercials-1475509829 >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

streaming platforms that eliminate them altogether, "branded content" (i.e., including, but not limited to, product integration, product placement, product tie-ins or collaboration) is increasingly how the Defendants' generate revenue.[228]

258. On information and belief, the Defendants' use a variety of techniques to introduce advertisers' (i.e. *BURGER KING*® or Apple[229](*See Paragraph 117*)) or individuals' brands (i.e. Bruno Mars or *24k Magic* or "RANDY CANDY").[230] The Defendants' should provide a thorough and detailed explanation in their Answer, and subsequently, during Discovery (*See Paragraphs 323 -325*).

259. Finally, variations of targeted advertising that has become commonplace during the Defendant' NBC *SNL* broadcasts over the past several years which has been widely reported in various well-respected media outlets, and including in the controlled and owned Defendants' NBC news reports. The Defendants' NBC *SNL* and American corporations, advertisers, and/or individuals have learned the wisdom of booking advertising time on Saturday nights when they feel their brands or products will find a more willing audience of potential buyers — whether that is adding movie trailers and TV series promos to that week's [the Defendants' NBC] *SNL* guest

---

[228] Source: < http://247wallst.com/media/2017/04/08/saturday-night-live-to-produce-real-ads-for-apple/ >.

[229] Source: < http://247wallst.com/media/2017/04/08/saturday-night-live-to-produce-real-ads-for-apple/ > and < https://www.apple.com/legal/intellectual-property/guidelinesfor3rdparties.html >.

[230] Source: < www.brunomars.com/ > or < http://www.warnerchappell.com/song-details/WW%20015023128%2000/3e40b5c0-4804-1fb0-e053-da03880abfc8 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

host (i.e. Bruno Mars or *24K Magic*[231]) or friends of the [Defendants'] *SNL* family, which does not include the Plaintiff, Mr. Craven Randall Casper, who had no knowledge of this.

260.    The profit-maximizing Defendants, the same ones that raked in excess of $80.4 billion in revenue last calendar year (See Paragraph 30), became overzealous in the pursuit of money, in a new era of "branded content" (i.e., including, but not limited to, product integration, product placement, product tie-ins or collaboration). As a victim, the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY," was swept up into this, and has been a casualty, and has experienced unnecessary suffering, which amounts to total collateral damage and actual damages will be awarded by a Trial by Jury in the State of North Carolina.

261.    "RANDY CANDY" is prominently featured by the Defendants. On further information and belief, "RANDY CANDY" is the lead because the Defendants' "RANDY CANDY" is the focal point from a marketing and branding perspective. People do not "Google" or use search engines that yield results in other Internet or social media search listings, for "Linda Tomorrow," "Real Jeff," or "Michael Tangelo". People's Internet search criteria and results are "RANDY CANDY" and "*SNL* RANDY CANDY". Everyone else is in the limo at *BURGER KING*® with "RANDY CANDY" and Bruno Mars, who is not only a real person, but, on information and belief, and according to Union rules, was compensated by the Defendants and

---

[231] Source: < www.brunomars.com/ > or < http://www.warnerchappell.com/song-details/WW%20015023128%2000/3e40b5c0-4804-1fb0-e053-da03880abfc8 >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

promoted his federal registered Trademarks, brands, music or merchandise (*See Paragraphs 219-231, and Paragraph 258 and Paragraph 261*). Thus, there is an increasing level of confusion.

262.    On information and belief, there was legitimate partnership revenue and collaboration between the Defendants and Mr. Bruno Mars (*See Paragraphs 219-231, and Paragraph 258 and Paragraph 261*).

263.    The Defendants illegal use of "RANDY CANDY" has had and will continue to have a substantial effect on United States commerce, and a substantial effect on commerce in this District, in the State of North Carolina and throughout the United States of America (*See Paragraph 248*).

264.    Further, in direct violation of Section 32 of the Lanham Act, the Defendants' unauthorized use of the federal registered Trademark: "RANDY CANDY" causes confusion or mistake among perspective or actual customers and/or advertisers.

265.    As a direct and proximate result of the Defendants' continued unauthorized activities described herein, the Plaintiff, Mr. Craven Randall Casper, has suffered and will continue to suffer, immediate and irreparable harm, including, but not limited to the loss of perspective or actual clients, advertisers, goodwill, revenues and profits.

266.    The Defendants' have used confusingly similar terms in connection with the identical "RANDY CANDY" in direct competition with the owner and the Plaintiff, Mr. Craven Randall Casper (*See Paragraph 113 and Paragraph 424*).

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

267.    The Defendant's use, if permitted, would not only be a legally groundbreaking precedent in the United States of America, but will lessen the capacity of the "RANDY CANDY" Trademark to develop projects, products, sell or generate advertising revenue, including, but not limited to Pay-Per-Click (PPC) revenue, also known as Cost Per Click (CPC), which will increase the Plaintiff, Mr. Craven Randall Casper's, financial hardships caused by the Defendants' magnitude of illegal Trademark use, referenced herein, and including, but not limited to partnerships with: Amazon.com, commonly known as Amazon,[232] Apple (*See Paragraph 117*),[233] Verizon,[234] Lowe's Home Improvement,[235] General Motors (GMC[236] "Professional Grade"),[237] GAP's Old Navy,[238] Wells Fargo, and Gillette[239], part of the P&G Family (Procter & Gamble),

---

[232] Source:< https://www.amazon.com/ > and < https://www.amazon.com/gp/help/customer/display.html?ie=UTF8&nodeId=202073800 >.

[233] Source: < https://www.apple.com/ > and See Guidelines for Using Apple Trademarks and Copyrights < https://www.apple.com/legal/intellectual-property/guidelinesfor3rdparties.html >.

[234] Source: < http://www.verizon.com/home/verizonglobalhome/ghp_landing.aspx > and See Trademark Use Terms and Conditions: < http://www.verizon.com/home/verizonglobalhome/ghp_landing.aspx >.

[235] Source: < https://www.lowes.com/ > and < https://www.lowes.com/l/logos.html >.

[236] Source: < http://www.gmc.com/ >; < https://www.gm.com/copyright-trademark.html >; and < http://www.gmc.com/gmc-life.html >.

[237] Source: < http://www.gmc.com/ > and < http://www.gmc.com/gmc-life.html >.

[238] Source: Terms of Use, Gap, Inc. < http://oldnavy.gap.com/customerService/info.do?cid=3319 >.

[239] Source: < https://gillette.com/en-us?cvosrc=ppc.google.gillette&cvo_campaign&cvo_crid=122885997758&Matchtype=e&gclid=CjwKEAjwhYLLBRDIjoCu0te4niASJAC0V4QPRCDO-

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 143 of 379

all who, on information and belief, have Terms and Conditions and Position Statements addressing *hate speech*[240], which should be shared and re-reviewed by and with the Defendants' (*See Citations Below for Each Advertiser Referenced Herein*) (*See Illustration 20 and See Paragraph 146 and See Paragraph 248*). In March, 2017, several of these companies, according to the *Wall Street Journal* had suspended non-search advertising with Google because *their* companies were being run alongside racist and objectionable content, including *hate* speech, and in August 2017, many of these CEOs and Presidents publicly condemned *hate* speech after Charlottesville (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*).[241] *See*, e.g., *Dallas Cowboys Cheerleaders. Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200 (2d Cir. 1979); *See, e.g., Commerce Bank & Trust Co. v. TD Banknorth, Inc.*, 554 F. Supp. 2d 77, 83 (D. Mass. 2008); and *See, e.g., Best Flavors*, 886 F. Supp. at 916.

268. For several months prior to the filing of this Original Complaint, and, as of the filing of this Original Complaint, the Defendants' "RANDY CANDY", on information and belief,

---

25_gb83D2zM2edN1ZbreUjefQFITs7U7nyQwRoCsc3w_wcB&gclsrc=aw.ds > and < https://trademarks.justia.com/866/57/gillette-fusion-86657442.html >.

[240] Source: < https://www.americanbar.org/groups/public_education/initiatives_awards/students_in_action/debate_hate.html >.

241 Source: Nicas, Jack. *Wall Street Journal*. "Google's YouTube Has Continued Showing Brands' Ads With Racist and Other Objectionable Videos: PepsiCo, Wal-Mart, Dish Network Say They Are Suspending Google Non-Search Ads". March 24, 2017. < https://www.wsj.com/articles/googles-youtube-has-continued-showing-brands-ads-with-racist-and-other-objectionable-videos-1490380551 >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

have been able to generate Pay-Per-Click (PPC) revenue, also known as Cost Per Click (CPC), which is an internet advertising model used to direct traffic to websites, in which an advertiser pays a publisher (typically a website owner or a network of websites) when the advertisement is clicked. As previously stated, a forensic accountant would have to investigate and disclose actual revenue generated by the Defendants (*See Demand for Accounting: Audit Demand, Paragraph 534-541*).

269. For several months prior to the filing of this Original Complaint, and, as of the filing of this Complaint, the Defendants also maximize advertising revenue on YouTube.com with non-skippable video advertisements, including, but not limited to, Amazon.com, commonly known as Amazon,[242] Apple (*See Paragraph 117*),[243] Verizon,[244] Lowe's Home Improvement,[245]

---

[242] Source:< https://www.amazon.com/ > and < https://www.amazon.com/gp/help/customer/display.html?ie=UTF8&nodeId=202073800 >.

[243] Source: < https://www.apple.com/ > and See Guidelines for Using Apple Trademarks and Copyrights < https://www.apple.com/legal/intellectual-property/guidelinesfor3rdparties.html >.

[244] Source: < http://www.verizon.com/home/verizonglobalhome/ghp_landing.aspx > and See Trademark Use Terms and Conditions: < http://www.verizon.com/home/verizonglobalhome/ghp_landing.aspx >.

[245] Source: < https://www.lowes.com/ > and < https://www.lowes.com/l/logos.html >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 145 of 379

General Motors[246] (GMC[247] "Professional Grade"),[248] and Gillette,[249] part of the P&G Family[250] (who prominently state on their website: "P&G is steadfast in its long-standing commitment to the LGBTQ community, from our employees to the consumers we serve" (*See Illustration 25 and Paragraph 146 and Paragraph 248 and Paragraph 267*).

270.    The Defendants' use of "RANDY CANDY" should not be brushed aside as *normal* or *not normal*, *post hos* as parody, but as pathetic; bigotry, particularly abstract bigotry on public display, can cause terrible harm, as has been the case with the Plaintiff, Mr. Craven Randall Casper (*See Paragraph 119 and See Paragraph 243*).

271.    These Defendants must fully disclose the revenue, which is several million dollars based on available statistics, but will be clarified during Discovery and a forensic accounting examination (*See Demand for Accounting: Audit Demand, Paragraph 534-541*).

**[remainder of page intentionally left blank]**

---

[246] Source: < https://www.gm.com/ > and < https://www.gm.com/copyright-trademark.html >.

[247] Source: < http://www.gmc.com/ >; < https://www.gm.com/copyright-trademark.html >; and < http://www.gmc.com/gmc-life.html >.

[248] Source: < http://www.gmc.com/ > and < http://www.gmc.com/gmc-life.html >.

[249] Source: < https://gillette.com/en-us?cvosrc=ppc.google.gillette&cvo_campaign&cvo_crid=122885997758&Matchtype=e&gclid=CjwKEAjwhYLLBRDIjoCu0te4niASJAC0V4QPRCDO-25_gb83D2zM2edN1ZbreUjefQFlTs7U7nyQwRoCsc3w_wcB&gclsrc=aw.ds > and < https://trademarks.justia.com/866/57/gillette-fusion-86657442.html >.

[250] Source: < http://us.pg.com/ >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 146 of 379



272.

251

**Illustration 25: Screenshot of the Defendants' controlled YouTube channel, partnering, in this example, with an American advertiser, Gillette[252] part of the P&G Family (Procter & Gamble) (red highlighting added) (*See Paragraph 267 and Paragraph 271*).**

[remainder of page intentionally left blank]

---

[251] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[252] Source: < https://gillette.com/en-us?cvosrc=ppc.google.gillette&cvo_campaign&cvo_crid=122885997758&Matchtype=e&gclid=CjwKEAjwhYLL
BRDIjoCu0te4niASJAC0V4QPRCDO-
25_gb83D2zM2edN1ZbreUjefQFlTs7U7nyQwRoCsc3w_wcB&gclsrc=aw.ds > and <
https://trademarks.justia.com/866/57/gillette-fusion-86657442.html >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR
ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII,
CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**



272.

253

**Illustration 26: Screenshot of the Defendants' controlled YouTube channel, partnering, in this example, with an American advertiser, General Motors[254] (GMC[255] "Professional Grade"),[256] (red highlighting added).**

274.    The Defendants' misleading business practices are designed to confuse *their* third party targets by implying a false association with the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" and creating the misimpression that *their* use of "RANDY CANDY" is approved by, affiliated with, or produced in conjunction with the Plaintiff, Mr. Craven Randall Casper,

---

[253] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

[254] Source: < https://www.gm.com/ > and < https://www.gm.com/copyright-trademark.html >.

[255] Source: < http://www.gmc.com/ >; < https://www.gm.com/copyright-trademark.html >; and < http://www.gmc.com/gmc-life.html >.

[256] Source: < http://www.gmc.com/ > and < http://www.gmc.com/gmc-life.html >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

thereby unlawfully profiting by misappropriating the federal registered Trademark, "RANDY CANDY," which is owned by the Plaintiff, Mr. Craven Randall Casper.

275.    The Defendants' chose to use the name "RANDY CANDY" that is deliberately and confusingly similar to the federal registered Trademark, "RANDY CANDY," which is owned by the Plaintiff, Mr. Craven Randall Casper, and falsely suggests at least as to some affiliation, connection or association with the Defendants' "RANDY CANDY," or as to the origin, sponsorship, approval, authorization or collaboration (*See Paragraph 113 and See Paragraph 424*).

276. The Defendants' wrote and posted on social media and in closed caption, which declared, "**It's RANDY CANDY!**".

277. In addition, on further information and belief, Defendants' NBC *SNL* interstate commerce is vast, including, but not limited to, *their* promotion, sells and distribution of merchandise, T-shirts, hats, wearable garments, clothing, apparel, souvenirs, novelty items, custom orders, or personalized items, to DVDs to advertisements and promotional material in Defendants' controlled Internet or e-commerce platforms or in brick-and-mortar retail locations

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

(i.e. on information and belief, examples may include: NBC Store, The Shops at NBC or the NBC Experience at Rockefeller Plaza[257]) (*See Exhibit G and See Paragraph 278-307*).

278. On further information and belief, the Defendants' use Internet or e-commerce platforms or in brick-and-mortar retail locations in connection with the promotion of the goods, services, advertising and/or commercial activities of others.

279. On information and belief, the Defendants' have created the ability to purchase, personalize or customize the Defendants' merchandise. Doing any act or thing that is likely to induce the belief that the Plaintiff, Mr. Craven Randall Casper's, g goods, services, advertising and/or commercial activities are in some way connected with the Defendants' business, or that is likely to injure or damage the Plaintiff, Mr. Craven Randall Casper, or his federal registered Trademark: "RANDY CANDY".

280. On information and belief, potential and active consumers have the ability to add names to a plethora of items sold by the Defendants', including, but not limited to, merchandise, T-shirts, hats, wearable garments, clothing, apparel, souvenirs, and/or novelty items (*See Illustration 27*).

281. In pertinent fact, according to the Defendants' profit-maximizing and controlled Defendants' NBC website: "Relive your favorite moments with the extensive selection of [the

---

[257] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4803:d9po5p.8.87 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 150 of 367

Defendant's] *SNL* merchandise at Shop *Saturday Night Live*. The [Defendants] *SNL* Shop carries countless hysterical graphic T-shirts ... and much more!"[258]

282. On information and belief, the Defendants have the ability to market through affiliate marketing and/or via advertising partnerships.

283. The following are just some examples of the Defendants' misleading, confusing, deceptive and unlawful conduct, all of which has occurred without authorization of, involvement, approval, or collaboration by the Plaintiff, Mr. Craven Randall Casper, the owner of the federal registered Trademark, "RANDY CANDY".

284. As of the filing of this Original Complaint, The Plaintiff, Mr. Craven Randall Casper, does not know who or where the Defendants have licensed, sold, syndicated or distributed "RANDY CANDY" or what languages the Defendants' have translated "RANDY CANDY" into. Thus, the Plaintiff, Mr. Craven Randall Casper, prays for Expedited Discovery (*See VIII: Request for Expedited Discovery, Paragraphs 542-544, a-f*).

285. On information and belief, the Defendants' operate websites and/or engage in interstate commerce or commercial activities at < https://www.shopnbc.com >, < https://www.nbcstore.com/ > and < https://www.nbcstore.com/shop-by-show/saturday-night-live.html >, where the Defendants are engaged in commercial interstate activities and have

---

[258] Source: < https://www.nbcstore.com/shop-by-show/saturday-night-live.html?shop_by_products=254 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

oversight and quality control in *their* ability to produce, advertise, offer to sell, sell and/or distribute goods, services, advertising and/or other commercial activities, in connection with the "RANDY CANDY" federal registered Trademark, to customers in this District, including the United States and around the world.

286. Use of the Infringing Trademark: "RANDY CANDY" by the Defendants', in the manner described above, enables the Defendants the ability to produce personalized or customized merchandise or apparel either directly or through existing or new third party licensing ventures.

287. The Defendants' have created a "**Design Your Own**" feature, which is stated on the Defendants' controlled NBC Shop website < https://www.nbcstore.com/new-arrivals/personalized-american-ninja-warrior-stickers.html >.

288. The Defendants state that "Personalization is FREE!" with the access to design options, graphics, colors, sizes, or fonts.

289. Potential and actual customers can also "sign up" and receive newsletters, advertising and discounts for merchandise, products and goods.

290. The Defendants invited future expansive claims, and any marginal amount of consumer confusion can too easily tip the scales in a Plaintiff's favor in future litigation.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.



291                                                                    259

**Illustration 27: Screenshot of the Defendants' "NBC STORE", on the Defendants' controlled website: < https://www.nbcstore.com/ > (red highlighting added).**

292.    On information and belief, the Defendants have been known to be involved in litigation, violation and are still capable of Trademark Infringement, Copyright Infringement or Copyright Registration violations, and/or Interment and Music Copyright law violations. In addition, the Defendants have applied, been denied (i.e. not specific enough), withdrawn, not renewed and even publicly and intentionally abandoned federal Trademarks in similar categories to the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY,"

---

259 Source : < https://www.nbcstore.com/new-arrivals/personalized-american-ninja-warrior-stickers.html >.  08 August 2017.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 153 of 379

and this suggests that the Defendants are Trademark trolls, suing, threatening to sue or pursuing criminal prosecution of others who use *their* Trademark(s) as stated in public court records, on their controlled websites and in *their* Terms and Conditions and the Defendants have the ability to expand *their* Trademark empire.

293.    Unless enjoined by this Court, Defendants' conduct will continue to result in a likelihood of consumer confusion and irreparable injury to the Plaintiff, Mr. Craven Randall Casper.

294.    On information and belief, members of the public are likely to be confused by the Defendants' use of the "RANDY CANDY" Trademark described herein, and are likely to mistakenly believe that goods, services, advertising and/or commercial activities that the Defendants advertise, offer to sell or sell in connection with the "RANDY CANDY" Trademark are, contrary to fact, associated with, endorsed by, or otherwise related to the Plaintiff, Mr. Craven Randall Casper.

295.    On information and belief, the Defendants intentionally attempt to draw associations between their use of "RANDY CANDY" and the Plaintiff, Mr. Craven Randall Casper's, well-known federal registered Trademark: "RANDY CANDY" and the Defendants' "RANDY CANDY" (*See Paragraph 113 and Paragraph 424*).    There is a likelihood of confusion.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

296. On information and belief, there is confusion because some substantial percentage or reasonable potential or actual consumers or advertisers would conclude the Defendants' use of "RANDY CANDY" and the claim to be "RANDY CANDY" across "multiple platforms" (*See Paragraph 145 and See Paragraph 256*).

297. On information and belief, at a minimum, the Defendants' are falsely implying authorization, collaboration, approval or licensing of "RANDY CANDY" with the Plaintiff, Mr. Craven Randall Casper, which never happened. The public's belief that the federal registered Trademark owner of "RANDY CANDY," the Plaintiff, Mr. Craven Randall Casper, sponsored or otherwise approved the use of the Trademark: "RANDY CANDY," which satisfies the confusion requirement, by misleadingly suggesting an affiliation with and/or approval that did not and does not exist.

298. **"ShopNBC.com"**[260] is a federal registered Trademark, and according to the USPTO Principal Register, **"ShopNBC.com"** is owned by: National Broadcasting Company, Inc. and assigned to "NBCUNIVERSAL MEDIA, LLC, LIMITED LIABILITY COMPANY DELAWARE, 30 ROCKEFELLER PLAZA, NEW YORK, NEW YORK, 10112" (Serial

---

[260] Source: <
http://tmsearch.uspto.gov/bin/showfield?f=toc&state=4808%3Aoimh8u.31.1&p_search=searchss&p_L=50&Back Reference=&p_plural=yes&p_s_PARA1=&p_tagrepl%7E%3A=PARA1%24LD&expr=PARA1+AND+PARA2& p_s_PARA2=shopnbc&p_tagrepl%7E%3A=PARA2%24COMB&p_op_ALL=ADJ&a_default=search&a_search= Submit+Query >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Number: 76219272; Registration Number: 2737899). The Defendants' foregoing registration is valid, subsisting, and exclusively owned by NBCUniversal.

299. On information and belief, the Defendants' NBC store features, and includes, but is not limited to, services and general merchandise, inventory management and order fulfillment services for others and auctions via the television (*See Illustration 27, See Illustration 28, and See Illustration 29*).

**Note:** *See Exhibit G* or for more information, please contact the United States Department of Commerce or visit the USPTO, Madison Building, 600 Dulany St, Alexandria, VA 22314, or additional information is publicly available via the USPTO Trademark Electronic Search System (TESS).

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 156 of 379

300.



261

**Illustration 28: Screenshot of the Defendants' "NBC STORE", on the Defendants' controlled website: < https://www.nbcstore.com/ > (red highlighting added).**

[remainder of page intentionally left blank]

---

[261] Source: < https://www.nbcstore.com/ >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.



301.        262        263

**Illustration 29**    **and**    **Illustration 30:**

**Screenshot of the Defendants' "NBC STORE", on the Defendants' controlled**

**website: < https://www.nbcstore.com/ > (red highlighting added).**

[remainder of page intentionally left blank]

---

262 Source: < https://www.nbcstore.com/?cid=nbc_global_nav_shop > or < https://www.nbcstore.com/shop-by-show/saturday-night-live.html >.

263 Source: < https://www.nbcstore.com/?cid=nbc_global_nav_shop > or < https://www.nbcstore.com/shop-by-show/saturday-night-live.html >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 158 of 379

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 158 of 367



302.

**Illustration 31: Screenshot of the Defendants' "NBC STORE", on the Defendants' controlled website: < https://www.nbcstore.com/shop-by-show/saturday-night-live.html > (red highlighting added).**

[remainder of page intentionally left blank]

---

[264] Source: < https://www.nbcstore.com/shop-by-show/saturday-night-live.html >; and < https://www.google.com/?gws_rd=ssl#q=NBC+experience+store&spf=1499176672067 >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 159 of 367



303.                                                                  265        266

**Illustration 32: Screenshots Captured from Google Maps of the Defendants' "NBC EXPERIENCE STORE", on Google Search (red highlighting added).[267]**

304.    In further evidence, the **"NBC Experience,"**[268] is a federal registered Trademark, and according to the USPTO Principal Register, "**NBC Experience**" is owned by:  National Broadcasting Company, Inc. and assigned to "NBCUNIVERSAL MEDIA, LLC, LIMITED

---

[265] Source: < https://www.google.com/?gws_rd=ssl#q=NBC+experience+store&spf=1499176672067 >.

[266] Source: < http://visit5thavenue.com/nbcuniversalstore/ >.

[267] Source: < https://www.google.com/?gws_rd=ssl#q=NBC+experience+store&spf=1499273643171 >.

[268] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4808:oimh8u.20.83 >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

LIABILITY COMPANY DELAWARE, 30 ROCKEFELLER PLAZA, NEW YORK, NEW YORK, 10112" (*See Illustration 32 and Exhibit G*). The Defendants' foregoing registration is valid, subsisting, and exclusively owned by NBCUniversal.

Trademark: **NBC** EXPERIENCE

Serial Number: 75673294

Registration Number: 2649792

Goods and Services: IC 025. US 022 039. G & S: clothing, namely, hats, caps, [ gloves, mittens, scarves, boxer shorts, belts, ] jackets, coats, rainwear, raincoats, slickers, pajamas, nightshirts, [ ties, ] shorts, [ slacks, ] bathrobes, infant wear, [ booties, cloth bibs, ] sweaters, sweatshirts, sweatpants, [ jumpers, dresses, ] T-shirts, [ and underwear, ] footwear, namely, athletic shoes, socks, and slippers.[269]

**Note:** *See Exhibit G* or for more information, please contact the United States Department of Commerce or visit the USPTO, Madison Building, 600 Dulany St, Alexandria, VA 22314, or additional information is publicly available via the USPTO Trademark Electronic Search System (TESS).

305. In further evidence, the **"NBC** EXPERIENCE AT ROCKEFELLER PLAZA,"[270] is a federal registered Trademark, and according to the USPTO Principal Register, "**NBC** EXPERIENCE AT ROCKEFELLER PLAZA" is owned by: National Broadcasting Company,

---

[269] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4808:oimh8u.20.83 >.

[270] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4808:oimh8u.20.83 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Inc. and assigned to "National Broadcasting Company, Inc. CORPORATION DELAWARE 30 Rockefeller Plaza New York NEW YORK 10112" (*See Illustration 32 and Exhibit G*).  On information and belief, the Defendants' Trademark registration is dead, either through abandonment or non-renewal, but it appears the Defendants may still use it.

306.    On information and belief, the Defendants have had or applied for additional Trademarks with the USPTO.  An example of a dead Trademark is:

Trademark:    **NBC** EXPERIENCE AT ROCKEFELLER PLAZA

Serial Number:    75612085

Registration Number: DEAD

Goods and Services:    IC 025. US 022 039. G & S: hats, caps, gloves, mittens, scarves, boxer shorts, belts, jackets, coats, rain gear, including raincoats and slickers, pajamas, nightshirts, ties, shorts, slacks, medical scrubs, bathrobes, infant garments, booties, bibs, sweaters, sweatshirts, sweatpants, jumpers, dresses, T-shirts, underwear, footwear, including athletic shoes, shoelaces, socks, slippers. [271]

**Note:** *See Exhibit G* or for more information, please contact the United States Department of Commerce or visit the USPTO, Madison Building, 600 Dulany St, Alexandria, VA 22314, or additional information is publicly available via the USPTO Trademark Electronic Search System (TESS).

[remainder of page intentionally left blank]

---

[271] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4803:d9po5p.8.87 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

307. 

**Illustration 33**     **and**     **Illustration 34:**

**Screenshot Captured from Google Maps of the Defendants' "THE SHOPS AT NBC STUDIOS", on Google Search and website (red highlighting added).**[274]

308.     In further evidence, ironically, the Defendants' tout and emphasize their aggressive protectionist strategy of *their* Trademarks. On the Defendants' NBC controlled website, stating in pertinent part: "You are also advised that [the Defendants] NBC will

---

[272] Source: < http://www.theshopatnbcstudios.com/ >.

[273] Source: < http://www.theshopatnbcstudios.com/ >.

[274] Source: < https://www.google.com/?gws_rd=ssl#q=NBC+experience+store&spf=1499273643171 >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

aggressively enforce its intellectual property rights to the fullest extent of the law, including seeking of criminal prosecution".[275] This is direct evidence that the Defendants' are acutely aware of federal laws, and this Court has discretion to pursue additional criminal prosecution against the Defendants in this case. The Defendants have criminal exposure, and the Plaintiff, Mr. Craven Randall Casper, strongly advocates criminal prosecution.[276]

309. On information and belief, the Defendants use evolves over time and the Defendants' intent do expand *their* use of "RANDY CANDY" in the United States, including expanding *their* use into additional uses across multiple platforms, including merchandise.

310. Unless enjoined by this Court, the Defendants' conduct will continue to result in a likelihood of consumer confusion and irreparable injury to the Plaintiff, Mr. Craven Randall Casper.

311. The Defendants' have acted knowingly and willfully, with full knowledge of the likelihood of confusion, and with the intent to deceive perspective or actual consumers and advertisers in order to trade off the promotional efforts and earned goodwill and business reputation of "RANDY CANDY".

---

[275] Source: < http://www.NBCUniversal.com/terms >.

[276] Federal criminal law has long prohibited trafficking in goods or services that bear a counterfeit Trademark. *See* 18 U.S.C. § 2320. Individuals convicted of § 2320 offense generally face up to 10 years' imprisonment and a $2 million fine. If the offenses involved serious bodily injury, counterfeit drugs, or counterfeit military goods or services, individuals face up to 20 years in prison and a $5 million fine.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

312.    Defendants have acted in disregard, for the Plaintiff, Mr. Craven Randall Casper's, rights (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*) and (*See Exhibit A*).

313.    The public, deliberate and unfair reputational destruction, which is so significant that it is beyond repair, has caused confusion because it has been viewed by tens of millions of people in multiple mediums. More egregiously, on information and belief, the Defendants have made tens of millions of dollars by stealing the federal registered Trademark: "RANDY CANDY". Today, the Defendants continue to profit via unlawful conduct (*See VII: Demand for Accounting: Audit Demand, Paragraphs 534-541*). An immediate Preliminary Injunction is critical (*See Request for Preliminary Injunction, Paragraph 545-717*). The Plaintiff, Mr. Craven Randall Casper, prays to this Court to expedite a Conference date on the Court calendar in the United States District Court for the Middle District of the State of North Carolina (Southern District).

314.    It will take the Plaintiff, Mr. Craven Randall Casper, thousands of hours and millions of dollars to defend, repair and restore the reputation for his federal Trademark: "RANDY CANDY". The Defendants' willful Trademark Infringement's inherently destructive violation of the Plaintiff, Mr. Craven Randall Casper's, rights, is so significant, and the repeated and unlawful footprint so vast in the minds of potential and actual consumers and advertisers on the Internet, that even spending hundreds of thousands or even millions of dollars and thousands

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

of billable hours, including, but not limited to: writing articles, content and creating profiles, the Defendant's Trademark Infringement of "RANDY CANDY" may never fully go away or be repaired and confusion may never cease, and further, there is the capability for the Defendants' "RANDY CANDY," in an era of unprecedented advancing technology, will be saved and stored electronically, and have a multi-generational effect, which is a real concern.

315. In summary, the Plaintiff, Mr. Craven Randall Casper, is seeking a minimum of five million dollars ($5 million dollars) from the Defendants for the costs of corrective advertising (*See Wherefore r*), as explained as a balance in inequality (*See Wherefore a-ww*).

316. The Plaintiff, Mr. Craven Randall Casper, has invested substantial effort in the form of thousands of hours over the course of many years working to develop goodwill in the federal registered "RANDY CANDY" Trademark to cause potential and actual consumers and advertisers to recognize the federal registered "RANDY CANDY" Trademark, and the Plaintiff, Mr. Craven Randall Casper, must protect the federal Trademark: "RANDY CANDY". These thousands of hours represent hundreds of thousands of dollars, which is now destroyed value, including advertising revenue. The value of goodwill developed in the "RANDY CANDY" Trademark does not lend itself to a precise monetary calculation, but the value of "RANDY CANDY's" goodwill is substantial. In summary and in fact, this has resulted in significant financial losses for the Plaintiff, Mr. Craven Randall Casper, in an amount to be determined at a Trial by Jury in the State of North Carolina.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

317.     The gravity of this willful federal Trademark infringement by the Defendants is so great that "RANDY CANDY" will likely never recover from the confusion and *chaos* (*See Paragraph 211*). This is unfair. *See Lumbee Tribe of North Carolina v. Anheuser-Busch, LLC et al.*, Case Number 7:16-cv-00148, in the U.S. District Court for the Eastern District of North Carolina, June 15, 2016 (Reference to legal doctrine of "Reverse Confusion").

318.     The illegal use of "RANDY CANDY" by the Defendants is a commercial threat and erases everything the brand has built and dismantled the strength or value of the federal Trademark: "RANDY CANDY," which the Plaintiff, Mr. Craven Randall Casper, clearly owns. This has resulted in significant financial losses for the Plaintiff, Mr. Craven Randall Casper.

319.     Time is a valuable commodity and investment.  Time is money, and this is costing the Plaintiff, Mr. Craven Randall Casper, has spent in excess of eight thousand (8,000) hours working on "RANDY CANDY" over the years, and time is a precious commodity he can never recover.  This has resulted in significant financial losses for the Plaintiff, Mr. Craven Randall Casper

320.     The Plaintiff, Mr. Craven Randall Casper, has spent tens of thousands of dollars over the course of many years working towards the *American Dream*[277] to build a Lifestyle brand and protect the federal registered Trademark: "RANDY CANDY," including, but not limited to:

---

[277] Source: < https://www.merriam-webster.com/dictionary/the%20American%20dream >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

design, consultants, attorneys, Trademarking, research, product innovation, developing the market and consumer education.

321.     This alarming and unnecessary long-term Trademark damage is so absolutely overwhelming, and the magnitude is so great that it becomes difficult to quantify in totality, but the extent to which tens of millions of people have seen the Defendants' use of "RANDY CANDY," further in direct violation of Section 32 of the Lanham Act, will be discussed in further detail incorporated herein and at Trial by Jury in the State of North Carolina.

322.     As a charming American business, the Plaintiff, Mr. Craven Randall Casper, is fighting a modern-day Goliath – Mr. Lorne Michaels, Saturday Night Live / "SNL," NBCUNIVERSAL / "NBC" and the COMCAST Corporation, collectively, the Defendants. For the record, Mrs. Marni Beck Pedorella, Esq., is not licensed to practice law in the State of North Carolina, and she will need to petition the court to permit her to represent NBCUNIVERSAL *pro hac vice*[278]. The Defendants, collectively, can and will be legal bullies, use dirty tricks, such as familiar to address each and every Paragraph of this Original Complaint or through delay tactics or failure to release pertinent documents to this Court [i.e. Bruno Mars Contract and Defendants' Policies and Procedures] and hire the very best attorneys in the country. However, the Plaintiff, Mr. Craven Randall Casper, has sufficient evidence, sufficient grounds and the Original

---

[278] Source: < http://legal-dictionary.thefreedictionary.com/Pro+Hac+Vice >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Complaint has merit (*See Paragraph 9*). Justice for the Plaintiff, Mr. Craven Randall Casper, shall prevail in a Jury Trial in the State of North Carolina even as the Defendants will use profits, obtained by using a federal Trademark: "RANDY CANDY" they did not own, to continue to profit, manipulate, recast, deceive, lie, fight, and twist the law; however, at the end of the day, it is the plain on its face – there is federal Trademark Infringement. There is utter unnecessary chaos and confusion (*See Paragraph 211*). The Defendants have profited and continue to profit. The Plaintiff, Mr. Craven Randall Casper, has received nothing but trouble, challenges, a mess to navigate and try to clarify and clean up, and now the Plaintiff, Mr. Craven Randall Casper, has been forced to file a federal lawsuit in U.S. District Court for the Middle District of the State of North Carolina (Southern Division).

323. The Federal Court, U.S. District Court for the Middle District of the State of North Carolina (Southern Division) is a public arena, a venue where, hopefully, any other business that has been taken advantage of by these Defendants can step forward, inspired with confidence by the Plaintiff, Mr. Craven Randall Casper's, Original Complaint to stop corporate greed and corporate theft and use this as a free template to pursue their own litigation. The Defendants are in an untenable position from the outset, and this will be a public relations disaster once the public and advertisers are made aware through Court proceedings in this jurisdiction or another and in any and all future litigation. In addition, this case should be taught as a case study in every law school and business school in the United States of America. Furthermore, the Defendants'

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 169 of 379

advertisers and partners should re-examine their marketing strategies with the Defendants, which could result in significant declines in revenue beginning this fall.

324.    The negative exposure from the illegal use of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" has been overwhelming chaos in terms of the tens of millions of people that have been incorrectly exposed, and due to the magnitude of the profits the Defendants have raked into their coffers.   The Defendants will be required at a Jury Trial to detail and explain their profit centers and provide full public financial disclosures.

325.    The Defendants are likely to suffer not only an immediate backlash due to media attention involving this case,[279] but also directly from their advertisers or partners (*See Paragraph 117, Paragraph 267 and Paragraph 269*) who should: (1) exercise clawback provisions against the Defendants from previous advertisements, branded content, product placement, product introduction; (2) advertisers should boycott the Defendants beginning in the fall 2017; (3) the Defendants should spend money to establish an internal review board, create policies or written protocol, requiring the Defendants' search and confirm, all Trademarks prior to use by the Defendants to avoid future confusion;  and (4) hopefully, other individuals or businesses taken

---

[279] Source: < https://www.wsj.com/articles/googles-youtube-has-continued-showing-brands-ads-with-racist-and-other-objectionable-videos-1490380551 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

advantage of by the Defendants will step forward with additional litigation and use this Original Complaint as a free template (*See Paragraph 146*) until the law gets tough on these Defendants.

326.    Unfortunately, litigation is going to cause more attention to the federal registered Trademark "RANDY CANDY," which will create even more negativity and confusion. The Plaintiff, Mr. Craven Randall Casper, prays again to the Court to grant a Preliminary Injunction to stop the use of the federal Trademark, "RANDY CANDY," by the Defendants (*See Paragraph 545-717*).

327.    During Expedited Discovery *(See VIII. Request for Expedited Discovery, Paragraphs 542-544)*, the Plaintiff, Mr. Craven Randall Casper, will also seek depositions from each employee, cast member, writer, producer, editor, director, executive and advertising employee to determine involvement in this federal Trademark Infringement and a minimum further understand the corporate culture that focuses on profits at the Plaintiffs' expense.

328.    The Plaintiff, Mr. Craven Randall Casper, is informed and believes, and on that basis avers, that in adapting the "RANDY CANDY" Trademark for its Television, Internet and social media platforms, the Defendants intended to appropriate and trade off the Plaintiff, Mr. Craven Randall Casper's, business, reputation, goodwill and selling power of "RANDY CANDY," including by capturing initial consumer attention and the resulting marketplace confusion.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

329.     All conditions precedent have occurred or have been prevented from occurring as a result of Defendants' unlawful conduct organized as three causes of action discussed herein as: (A) Defendants' National Television Issues; (2) Defendants' National Television Rerun Issues; and (3) Defendants' Internet / Social Media Issues.

**DEFENDANT'S FIRST CAUSE OF ACTION**
A.     **NATIONAL TELEVISION ISSUES**

330.     The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-329* of the Original Complaint.

331.     The original episode aired Saturday, October 15, 2016, (*See Paragraph 129 and Exhibit D*). According to author Nellie Andreeva at *deadline.com*, "Lives' [Saturday] October 15 edition averaged 7.016 million viewers, the highest for the third [the Defendants' NBC *Saturday Night Live*] "*SNL*" of a new fall [2016-2017] season in eight years" *(See Exhibit I)*.[280]

332.     In summary, total viewership of the Defendants' NBC *SNL* was estimated to be 7.016 million on Saturday, October 15, 2016.

333.     Ironically, the "RANDY CANDY" federal Trademark was issued to the Plaintiff, Craven Randall Casper, three (3) years to the day it was stolen by the Defendants and aired on

---

[280] Source: < http://deadline.com/2016/10/saturday-night-live-week-3-ratings-emily-blunt-donald-trump-parodies-1201837211/ >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

national Television (*See Exhibit A and See Federal Trademark Statement: "RANDY CANDY,"*
*Paragraphs 49-96*).

334.    According to *Statista*, "*SNL*" had a household rating of 5 (five) and a household
share of 12 (twelve) on Saturday, October 15, 2016.  This means that 5.0% (five percent) of
households with a TV set, not the total number of people, watched *Saturday Night Live* on
Saturday, October 15, 2016. According to Nielson Media Research, that represented 12% (twelve
percent) of people actively watching television at that time.[281]  For this source, Mr. Peter McKay,
University of Florida's Business Librarian confirms: "*Statista* is an indispensable resource for our
students and faculty for quickly locating key statistics to inform and illustrate their research and
teaching."

335.    According to *24/7 Wall Street*, "The cost of a 30-second spot in '*Saturday Night
Live*,' which is enjoying its highest-rated season in more than two decades, soared 43.5% in
February, to $110,000 (one hundred ten thousand dollars), according to Standard Media Index, a
tracker of ad expenditures, compared with $76,900 (seventy-six thousand nine hundred dollars)
in the year-earlier period.  The show captures around $115 million (one hundred fifteen million
dollars) in advertising each year, according to Kantar Media".[282]  On information and belief,

---

[281] Source: < https://www.statista.com/statistics/669917/snl-ratings-network-share/ >.

[282] Source: < https://finance.yahoo.com/news/saturday-night-live-produce-real-134040505.html >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR
ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII,
CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

therefore, the Plaintiff, Mr. Craven Randall Casper, projects the Defendants generated advertising revenue from 30-second advertisements of approximately $2,695,000 ($2.69 million) on Saturday, October 15, 2016, ($110,000 per 30-second advertisement X 24.5 advertisements). 30-second commercials are generally priced based on the size of the audience of the program. However, if [the Defendants' NBC] *"SNL"* generates around one hundred fifteen million dollars ($115 million) in advertising each year, then Saturday, October 15, 2016, *pro rata* share of revenue for the year would be closer to the actual dollar figure of $6,764,705 ($115 million in annual advertising revenue divided by seventeen (17) episodes for [the Defendants' NBC] *"SNL"* [2016-2017] season).

336.    The Court should order that the Defendants to reveal total revenue from all sources for the original airing on Saturday, October 15, 2016.  Full public disclosure of all profit centers and revenue sources is paramount, and this is where the need for a Court approved and directed forensic accounting firm and dedicated accountant comes into focus because additional revenue was generated by the Defendants, and the revenue includes, but is not limited to: traditional advertisers, sponsored content, client partnerships, branded content, product placement, product integration, product tie-ins and from advertisers who partner with the Defendants' NBC *SNL and* NBCUniversal.   The Plaintiff, Mr. Craven Randall Casper, should be granted a right to independently audit these figures, which will be made public. The millions of dollars of unknown revenue figures need to be considered in its entirety for future damages to be accurately awarded

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 174 of 379

to the Plaintiff during a Jury Trial (*See Demand for Accounting: Audit Demand, Paragraphs 534-541*).

337.    Despite the Plaintiff, Mr. Craven Randall Casper's, numerous warnings and demands to the Defendants to Cease and Desist its unauthorized activities, the Defendants continue to use the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY".    The Defendants have recognized the federal registered Trademark: "RANDY CANDY," but failed and refused to stop the use of the federal registered Trademark: "RANDY CANDY".    The Defendants' direct violation is further enforced in the Second Cause of Action (*See Paragraphs 341-349*).

338.    For several months prior to the filing of this Original Complaint, and, as of the filing of this Complaint, the Defendants have blurred and tarnished the Plaintiff, Mr. Craven Randall Casper's, Trademark: "RANDY CANDY," which results in the Plaintiff, Mr. Craven Randall Casper's, Trademark: "RANDY CANDY's" inability to act as a strong source identifier or evaluate the quality of the image.    It is enough that the public believes the owner of the Trademark sponsored or approved use of the Trademark: "RANDY CANDY" to satisfy the confusion requirement.    This will be further supported during a Jury Trial with server-based and consumer survey evidence, which take time to evaluate during Discovery.    The Defendants' direct violation is further enforced in the Second Cause of Action (*See Paragraphs 341-349*).

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 175 of 379

339. On information and belief, the Defendants' used the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademarked "RANDY CANDY" publicly and illegally and profited from advertising and interstate commerce and have created confusion in the marketplace.[283] Actual confusion exists in the form of *hate* mail, electronic communications, customer inquiries and a host of other examples that will be presented at a Jury Trial in the State of North Carolina.

340. As if this were not enough, the identity abuse continues on Defendant controlled Internet and Social Media platforms in a complex Second Cause of Action (*See Paragraphs 341-349).*

### DEFENDANTS' SECOND CAUSE OF ACTION
### B.    NATIONAL TELEVISION RERUN ISSUES

341. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-340 of* the Original Complaint.

342. For several months prior to the filing of this Original Complaint, and, as of the filing of this Complaint, it is unknown to the Plaintiff, Mr. Craven Randall Casper, at this time, how many times the original episode from Saturday, October 15, 2016, the Defendants' NBC *SNL* edition has been re-aired nationally on television and how many additional tens of millions of people have been exposed to "RANDY CANDY" via television and/or the Defendants' NBC digital archives, but this can be quantified in the future once the Defendants release all records

---

[283] *See*, e.g., *Dallas Cowboys Cheerleaders. Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200 (2d Cir. 1979).

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

publicly to this Court. In addition, the Plaintiff, Mr. Craven Randall Casper does not know where this has been syndicated, and a program goes into syndication when many episodes of the program are sold as a package for a large sum of money. Furthermore, the Plaintiff, Mr. Craven Randall Casper, does not know what languages "RANDY CANDY" has been translated into. The Plaintiff, Mr. Craven Randall Casper, requests the Defendants release to the Court information, including, but not limited to: the number of times the October 15, 2016, edition [2016-2017 Season] has been re-aired, dates, times, channels it has been re-aired on, and the advertising revenue generated each and every time the edition was re-aired and all sources of revenue.

343.    Based on historical data, it is not inconceivable that hundreds of millions of people have now viewed "RANDY CANDY" via television (*See Page 250*).

344.    Again, the Court should order a forensic accountant to determine number of times this has been re-aired, if "RANDY CANDY" has been syndicated, licensed or co-branded or if "RANDY CANDY" has been translated into other languages and the total revenue that has been generated by the Defendants.

345.    The Defendants' use of "RANDY CANDY" on and across the Internet and social media platforms has been tracked to actual general consumer confusion.

346.    However, this is where the need for a Court approved and directed forensic accountant comes into play because additional revenue was generated by the Defendants, and the revenue includes, but is not limited to: traditional advertisers, sponsored content, client

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

partnerships, branded content, product placement and from advertisers who partner with the Defendants. The millions of dollars of unknown revenue figures need to be considered in its entirety for future damages to be accurately awarded to the Plaintiff during a Jury Trial in the State of North Carolina.

347.    The Defendants' use of "RANDY CANDY" on and across the Internet and social media platforms has been tracked to actual general consumer confusion.

348.    Despite the Plaintiff, Mr. Craven Randall Casper's, numerous warnings and demands to the Defendants to Cease and Desist its unauthorized activities, the Defendants continue to use the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY".    The Defendants have recognized the federal registered Trademark: "RANDY CANDY," but failed and refused to stop the use of the federal registered Trademark: "RANDY CANDY".

349.    As if this were not enough, the identity abuse continues on Defendant controlled Internet, Social Media accounts and/or other digital platforms in a complex Third Cause of Action (*See Paragraphs 350-523*).

**DEFENEDENTS' THIRD CAUSE OF ACTION**
**C.    INTERNET / SOCIAL MEDIA ISSUES**

350.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-349* of the Original Complaint.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

351. The Defendants' unauthorized use of the registered "RANDY CANDY" federal registered Trademark causes confusion of mistake among perspective of actual customers and advertisers, in violation of Section 32 of the Lanham Act. Such unauthorized use constitutes Infringement of "RANDY CANDY" Trademark rights.

352. The Defendants' use of "RANDY CANDY" on and across the Internet and social media platforms has been tracked to actual general consumer confusion.

353. On information and belief, for several months prior to the filing of this Original Complaint, and, as of the filing of this Complaint, the Defendants have blurred and tarnished the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY," which results in the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY's" inability to act as a strong source identifier or evaluate the quality of the image(s) in the Defendants created Internet-borne mayhem in an increasingly interconnected world.

354. It is enough that the public believes the owner of the Trademark sponsored or approved use of the Trademark: "RANDY CANDY" to satisfy the confusion requirement. This will be further supported during a Jury Trial with server-based and consumer survey evidence, which take time to further collect and evaluate during Discovery. The Defendants' direct violation is further enforced in this Third Cause of Action (*See Paragraphs 350-523*).

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

355.    On information and belief, the Defendants' NBC *SNL* even hired a social media agency to push links and embed codes out early Sunday mornings after a new episode airs, so it will get maximum exposure, even on Sunday, October 16, 2016.

356.    Online shaming is a form of Internet vigilantism in which targets are publicly humiliated using technology like social and new media. It is a tool that encourages online mobs to destroy the reputation or business, such as "RANDY CANDY," which lead to frequent hate messages and death threats being used to intimidate "RANDY CANDY" or the owner, the Plaintiff, Mr. Craven Randall Casper. The Defendants' ethics of *hate* speech (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*), homophobia (*See Paragraph 236*), shaming, and/or public humiliation will be a source of debate which will be addressed through discovery and testimony at the Trial by Jury in North Carolina (*See Paragraphs 119-127*) .

357.    According    to    the    Defendants'    controlled    NBCUniversal    website: http://www.NBCUNIVERSAL.com/who-we-are: "NBCUniversal owns and operates a suite of leading Internet-based businesses" (*See Paragraph 25, Paragraph 27 and See Exhibit H*). This is a material fact. The Defendants' NBCUniversal certainly has an enormous presence and footprint on the Internet and Social Media Platforms, and in *their* digital archives, which need to be made available to this Court (*SUBPOENA TO PRODUCE DOCUMENTS*).

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 180 of 379

358. On information and belief, the Defendants' use of "RANDY CANDY" was sent to email accounts controlled by the Defendants' and ultimately distributed on the Internet. A third party should be required by this Court to review all Defendant related emails and correspondence.

359. On further information and belief, the Defendants' posted the surreptitious video and photographs of "RANDY CANDY" on the Internet and social media accounts and platforms, thereby allowing, permitting and disseminating the illegal and unauthorized "RANDY CANDY" videos, photographs, and/or commercial activities or content worldwide (*See Page 250*). This has caused confusion, and the Defendants have further caused the Plaintiff, Mr. Craven Randall Casper, great emotional distress, humiliation, ridicule, and embarrassment (*See Paragraphs 119-127*).

360. The Plaintiff, Mr. Craven Randall Casper, has suffered and continues to suffer from, including but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and a loss of earning capacity.

361. The Defendants' intrusion was and are objectionable and offensive to any reasonable person, including the Plaintiff, Mr. Craven Randall Casper, who is the owner of the federal registered Trademark: "RANDY CANDY" (*See Paragraphs 49-96*).

362. The widespread dissemination by the Defendants in the market serves as a substitute for the original, which was unauthorized by the Plaintiff, Mr. Craven Randall Casper,

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 181 of 379

and became a viral Internet sensation (*See Paragraph 204 and Illustration 17 and Paragraph 375 and Paragraph 460*).

363. On information and belief, there are no prominent disclosures on the Defendants' NBC *SNL* controlled Internet and / or social media account(s) such: as YouTube[284] (YouTube.com / Google), Twitter[285], GIPHY[286], Facebook[287], Instagram[288], HULU[289], the Defendants' NBC and SNL Controlled Website(s)[290], Defendants' Social Media – Podcasts[291], Defendants' Social Media – Mobile APPLICATION, commonly referred to as an "App"[292] for Apple IPhone or Google's Android, Inc.,[293] Defendants' Social Media – Unknown

---

[284] Source: < https://www.youtube.com/ > or < https://www.youtube.com/user/SaturdayNightLive >.

[285] Source: < https://mobile.twitter.com/ >.

[286] Source: < https://giphy.com/ >.

[287] Source: < https://www.facebook.com/ > and < https://www.facebook.com/snl/ >.

[288] Source: < https://www.instagram.com/accounts/login/ >.

[289] Source: < https://www.hulu.com/ >

[290] Source: < https://www.comcast.com/ >; < www.nbc.com/ >; < www.nbcuniversal.com/ >; or < www.nbc.com/saturday-night-live >.

[291] Source: < https://itunes.apple.com/us/podcast/saturday-night-live-live-post-show-recaps-podcast/id616859326?mt=2 >.

[292] Source: < https://www.merriam-webster.com/dictionary/app >.

[293] Source: < https://itunes.apple.com/us/app/snl-the-official-saturday-night-live-app-on-nbc/id949622036?mt=8 > and < https://play.google.com/store/apps/details?id=com.nbcuni.nbc.snl >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

(SNAPCHAT[294], Google+[295], LinkedIn[296], VIMEO[297] et cetera). On further information and belief, the effectiveness of the Defendants' Internet and social media accounts, profiles and campaigns change potential and actual consumers and advertisers' hearts and minds. Actual evidence exists that potential and actual consumers and advertisers view the Defendants' NBC *SNL* "RANDY CANDY" as a commercial substitute. There are so many examples, but information incorporated herein demonstrates the Defendants' pattern of conduct that makes it abundantly clear that the Defendants' Trademark Infringement and misuse of the "RANDY CANDY" federal registered Trademark is in bad faith and in violation of Federal, North Carolina Common Law and other applicable laws.

364. The Defendants have acted knowingly and willfully, with full knowledge of the likelihood of confusion, and with the intent to deceive perspective of actual customers and advertisers in order to trade off the promotional efforts, business, earned goodwill and/or reputation of the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" famous federal registered Trademark.

---

[294] Source: < https://www.snapdex.com/SaturdayNightLive > and According to Snapchat, *Saturday Night Live's* Snapchat username is *@NBCSNL*.

[295] Source: < https://plus.google.com/settings >.

[296] Source: < https://www.linkedin.com/company/nbcuniversal-inc- >; < https://www.linkedin.com/in/marni-pedorella-10b959a >; or < https://www.linkedin.com/in/arthur-block-63a088136 >.

[297] Source: < https://vimeo.com/ >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

365.    On information and belief, the Defendants' could claim to, in fact, not be "RANDY CANDY, and where the Defendants have knowingly and willfully derived economic and reputational benefit from the aforesaid Infringement.    The Defendants' have in-house-counsel, hundreds, if not thousands of attorneys, who have immense knowledge (*See Paragraph 168*) and acted in bad faith given their knowledge.

366.    On information and belief, the Defendants' NBC / *SNL* controlled social media accounts are connected and linked making it easy and accessible to move from, including, but not limited to, *their* controlled Defendants' NBC website, to the Defendants' *SNL* website, to the Defendants' multiple controlled YouTube Channel(s), to Hulu, to Twitter, to Facebook, to Instagram, to Pinterest, to Tumblr.    This makes the Defendants' use of "RANDY CANDY" confusing and people continue to see the Defendants' pictures, posts and watch the video, like[298], share[299], re-post[300] and link[301] to other sites, and comment publicly.    There is confusion in the

---

[298] A "like" button, "like" option, or recommend button is a feature in communication software such as social networking services, Internet forums, news websites and blogs where the user can express that they like, enjoy or support certain content.

[299] The currency of social media is the share. Being the go-to person with the latest news or the most intriguing viral content, blog posts, images, videos or comments on social media allows followers to interact.

[300] As defined by Merriam-Webster Dictionary, a *re-post* is to: "post (a piece of writing, image, or other item of content) online for a second or further time". A "re-post" often loses its source connection.

[301] Social linking most often means using social media channels to promote content that inspires social shares with "links".  A Tweet, Facebook status update or Pinterest pin that includes a "link" to the content being promoted are all examples of social links.  Social shares with links equals social links.  It is worth considering that social channels are also used to promote content to communities that include bloggers and journalists who may notice and link to the

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

source of sponsorship under the federal registered Trademark: "RANDY CANDY," which owned by the Plaintiff, Mr. Craven Randall Casper (*See Federal Trademark Statement: "RANDY CANDY," Paragraph 49-96*).

367. The Defendants have destroyed the Plaintiff, Mr. Craven Randall Casper's, presence on the Internet and social media platforms. There are significant financial losses and value (*See Paragraph 318-320*).

368. On further information and belief, "RANDY CANDY" appears and connects in Internet Search Engine results in connections with the Defendants' controlled "NBC" *and "SNL,"* which further creates confusion. The Defendants' have successfully deceived the public and manipulated search results for "RANDY CANDY".

369. On further information and belief, the Defendants' have created and registered new social media accounts, and the Defendants have arranged for anyone going to those Defendant controlled websites or social media accounts or pages to be automatically redirected to the Defendants' controlled websites or social media accounts or pages, significantly affecting what search results appear for a given query, falsely suggesting an affiliation between themselves

---

promoted source. Those are not social links *per se*, but they are inspired from content promoted through social channels. The advancement of social media and search engine optimization (SEO) integration has created a shift from seeking links purely for the potential impact on better search visibility to a content focused approach, which emphasizes the impact that promoted and optimized content can have at attracting traffic directly. Social links achieved as a result of promoted content are either an equal or a secondary objective.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

and the Plaintiff, Mr. Craven Randall Casper, who is the owner of the federal registered Trademark: "RANDY CANDY".

370.     Defendants' conduct is knowing, intentional, wanton, willful, malicious and oppressive, and thus, warrants this case being designated as exceptional under 15 U.S.C § 1117, and the imposition of treble damages against them.

371.     On information and belief, the Defendants are skewing search results to its favor. The Defendants' face the prospect of less advertising revenue and a regulatory backlash targeting their other goods, services, advertising and/or commercial activities, coupled with the threat of even more penalties and additional criminal and civil cases.

### i. DEFENDANTS' SOCIAL MEDIA – YOUTUBE / YOUTUBE.COM / GOOGLE.

372.     The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-371* of the Original Complaint.

373.     YouTube is an American video-sharing website or service that allows users to watch videos posted by other users and upload videos of *their* [the Defendants] own. The service was started as an independent website in 2005 and was acquired by Google in 2006.[302] Videos that have been uploaded to YouTube may appear on the YouTube website: <

---

[302] Source: < https://www.youtube.com/ >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 186 of 379

https://www.youtube.com/ >, and can also be posted on other websites or social media accounts, though the files are hosted on the YouTube server.

374. According to *Reuters*, which was cited in the *Huffington Post*, on May 21, 2013, "Google Inc.'s YouTube has one (1) billion unique users visiting the video-sharing website every month, or nearly one out of every two people on the Internet". The article went on to minimally claim YouTube's analogy: "if YouTube were a country, we would be the third largest in the world after China and India".[303]

375. On information and belief, the Defendant, NBCUniversal, publicized on *their* website: < http://www.nbc.com/saturday-night-live/video/drivethru-window/3116449?snl=1 > the "DRIVE-THRU WINDOW" episode and then the Defendants' NBC's *SNL* published it on *their* YouTube channel, which is controlled by the Defendants, which became a YouTube sensation. As of the date of the filing of this Original Complaint, there were in excess of 2.4 million views and 4.1 million subscribers.[304]

376. The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism,

---

[303] Source: < http://www.reuters.com/article/us-youtube-users-idUSBRE92K03O20130321 >.

[304] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 187 of 379

dishonor, or condemnation of any person. *See* 28 U.S. Code § 4101 – Defamation. *See* N.C.P.I.

Civil—806.50 (DEFAMATION—LIBEL ACTIONABLE PER SE—PRIVATE FIGURE—

NOT MATTER OF PUBLIC CONCERN *See COUNT IX, Paragraphs 818 – 826*).

377.



305

**Illustration 35: Screenshot of the Infringing Defendant's YouTube controlled use of "RANDY CANDY," which aired on national Television Saturday, October 15, 2016, (red highlighting added).[306]**

---

305 Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

306 Source: < https://www.facebook.com/pg/randycandyapparel/photos/?ref=page_internal >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

**Note:** *As of September 4, 2017, there were 2,416,703 views.*

*As of September 4, 2017, there were    2,653   dislikes.*



**Illustration 36: Screenshot of the Infringing Defendant's YouTube controlled use of "RANDY CANDY," which aired on national Television Saturday, October 15, 2016, (red highlighting added).**

378.    An independent Internet verification company will be hired by the Plaintiff, Mr. Craven Randall Casper to certify the origins of these posts, prior to Trial by Jury in the State of North Carolina, which were derived from the Defendants' owned property, IP addresses will be

---

[307] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

verified and researched during Discovery. The findings will side with the Plaintiff, Mr. Craven Randall Casper's, claims herein *(See Exhibit A)*.

379. The Defendants have besmeared the Plaintiff, Mr. Craven Randall Casper's, name and federal Trademark: "RANDAY CANDY" and caused destruction to business, reputation and goodwill. The Court must take care to ensure that not just any commercial takeoff is rationalized *post hoc* as a parody *(See Paragraphs 119-127)*. As of September 4, 2017, 2,653 viewers have disliked this and publicly provided additional negative feedback online as well as directly to the Plaintiff, Mr. Craven Randall Casper. Further evidence of confusion which the Plaintiff, Mr. Craven Randall Casper, has received, in addition to testimony, a plethora of additional shocking evidence and as well as consumer survey evidence will all be presented at the Jury Trial in North Carolina.

380. The Defendants uses of "RANDY CANDY" are homophobic and viral sensation *(See Paragraph 120)*. The Court must take care to ensure that not just any commercial takeoff is rationalized *post hoc* as a parody.

381. On information and belief, on the Defendants' NBC *SNL* YouTube controlled channel, "P B" comments: "**FAGGOT**". This is one of many known instances where consumers simply used some form of profanity to express their sentiments about the Defendants' "RANDY

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 190 of 379

CANDY".[308] This is a vivid illustration of the level or risk and concern the Plaintiff, Mr. Craven Randall Casper, has about the Defendants' "RANDY CANDY". According to Merriam-Webster Dictionary, the extremely disparaging and offensive contemptuous term is: "—used as an insulting and contemptuous term for a male homosexual" (*See Paragraphs 119-127*).[309] For the record, the Plaintiff, Mr. Craven Randall Casper, does not know and has never met or had a discussion with "P B". Furthermore, it should be further noted, that the statement by "P B" on the Defendants' controlled site was liked[310] six (6) times, creating further confusion. Moreover, the Defendants' consultation with counsel (*See Paragraph 28 and Paragraph 365* ), including but not limited to Mrs. Marni Beck Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, before and after learning of "RANDY CANDY" and its formative Trademarks, continued to profit illegally, which is evidence of bad faith and knowledge (*See Paragraph 168 and See Paragraph 365*).

382. On further information and belief, the Defendants clearly lack understanding of the definition of *parody*, and "RANDY CANDY" implies the Defendants' do not understand

---

[308] Source: < https://consumercomplaints.fcc.gov/hc/en-us >.

[309] Source: < https://www.merriam-webster.com/dictionary/faggot >.

[310] A "like" button, like option, "thumbs-up" or recommend button is a feature in communication software such as social networking services, Internet forums, news websites and blogs where the user can express that they like, enjoy or support certain content or in this case, disapproval of "RANDY CANDY" as a "FAGGOT" or maybe they do approve.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

humor. Mocking homosexual[311] behavior brings into question the Defendants' mental health and *their* coordinated efforts and support of the advertisers and sponsorship across multiple mediums and *their* negative intent and bad judgement. This is a real consequence for the Defendants' distasteful and unauthorized misuse of the federal registered Trademark: "RANDY CANDY". On information and belief, given the taboo nature of the subject matter, *homophobia*, sullied the revered "RANDY CANDY" Trademark for abusive "comedic purposes," as Mrs. Marni Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, describes in her June 1, 2017, written letter to the Plaintiff, Mr. Craven Randall Casper. The Defendants' created "RANDY CANDY" identity causes confusion in the Lesbian, Gay, Bisexual, Transgender, and Queer (LGBTQ)[312] community and serious public criticisms between their uses of "RANDY CANDY" and the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY," a federal registered Trademark (*See V. Federal Trademark Statement: RANDY CANDY, Paragraphs 49-96*) (*See Paragraphs 119-127*).

**[remainder of page intentionally left blank]**

---

[311] Source: < https://www.merriam-webster.com/dictionary/homosexual >.

[312] Source: Human Rights Campaign: < http://www.hrc.org/blog/hrc-officially-adopts-use-of-lgbtq-to-reflect-diversity-of-own-community?gclid=Cj0KEQjwv_fKBRCG8a3ao-OQuZ8BEiQAvpHp6NMv188V0w7sQwsKq6SvTPfEYZ0RKJUfxMqxFFSYjkAaAieP8P8HAQ >. 03 June 2016.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 192 of 379



383.

**Illustration 37: Screenshot of the Infringing Defendant's YouTube controlled unauthorized use of "RANDY CANDY" (*See Paragraphs 119-127*) (red highlighting added).**

384.　　But, it was taken seriously by the Plaintiff, Mr. Craven Randall Casper, owner of the federal Registered Trademark: "RANDY CANDY", who has also faced threats for the Defendants' "RANDY CANDY". This has been taken seriously by potential and actual

---

[313] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

customers and advertisers. On further information and belief, the Defendants' violated *their* Terms of Service, Terms of Use or other corporate policies prohibiting Trademark Infringement, or "hateful conduct" and/or *hate* speech (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*).[314]

385. Violence and violent imagery to bully the Plaintiff, Mr. Craven Randall Casper, must be rejected (*See Paragraph 117*). The Defendants have promoted or encouraged violence through *hate* speech (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*).

386. Viewers who watched the Defendants' NBC *SNL* YouTube controlled channel were confused, and there are a number of known instances of confusion, coupled with the fact that this was confused, cited as confusion, or "disliked" by YouTube viewers in excess of two thousand (2,000) times. A "dislike" on YouTube represents "an attitude or a feeling of distaste or aversion" (*See Paragraphs 119-127*).[315]

387. The Plaintiff, Mr. Craven Randall Casper, will hire an independent Internet search company to verify the authenticity of the account and posts prior to a Jury Trial in the State of North Carolina.

---

[314] Source: < https://www.nbc.com/general/pages/terms > and < http://www.nbcuniversal.com/terms >.

[315] Source: < https://support.google.com/youtube/answer/2801939?hl=en&ref_topic=2803176 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

388.    The Defendants' brand tarnishment, or unwholesome content, of the Plaintiff, Mr. Craven Randall Casper's, federal Trademark: "RANDY CANDY" continues today.    The Defendants' have dramatically and negatively changed the public's perception of the federal registered Trademark: "RANDY CANDY".

389.    On the Defendants' NBC *SNL* YouTube controlled channel, Mr. Kennedy Cutter writes in all caps: **"THIS IS SO REALISTIC THO** (*sic*)".    For the record, the Plaintiff, Mr. Craven Randall Casper, does not know and has never met or had a discussion with Mr. Kennedy Cutter.    The Plaintiff, Mr. Craven Randall Casper, cites this public post as evidence of real consumer confusion.    The Defendants' improper uses of "RANDY CANDY" is likely to lead consumer and perspective customers to believe that the site is somehow affiliated with or endorsed by the Plaintiff, Mr. Craven Randall Casper.    The Defendants' NBC *SNL* seeks to mislead potential and actual consumers or advertisers into thinking the property is associated with the Plaintiff, Mr. Craven Randall Casper's, charming Lifestyle brand and federal registered Trademark: "RANDY CANDY".    Furthermore, it should be further noted, that the statement by Mr. Kennedy Cutter was liked[316] 593 times, and there were fifteen (15) additional comments, creating further confusion.    Moreover, the Defendants' consultation with counsel, including but

---

[316] A "like" button, "like" option, or recommend button is a feature in communication software such as social networking services, Internet forums, news websites and blogs where the user can express that they like, enjoy or support certain content.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 195 of 379

not limited to Mrs. Marni Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, before and after learning of "RANDY CANDY" and its formative Trademarks, continued to profit illegally, which is evidence of bad faith and knowledge (*See Paragraph 168 and See Paragraph 365*).



390.

317

---

317 Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

**Illustration 38: Screenshot of the Defendants' YouTube controlled channel and Evidence of Consumer Confusion Comments (red highlighting added).**

391.    However, this is where the need for a Court approved and directed forensic accountant comes into play because additional revenue was generated by the Defendants, and the revenue includes, but is not limited to: traditional advertisers, sponsored content, client partnerships, branded content, product placement and from advertisers who partner with the Defendants' [COMCAST, NBCUniversal and *SNL*]. The millions of dollars of unknown revenue figures need to be considered in its entirety for future damages to be accurately awarded to the Plaintiff, Mr. Craven Randall Casper, during a Jury Trial in the State of North Carolina.

392.    On the Defendants' NBC *SNL* YouTube controlled channel, Mr. Joseph McManus writes: " **'RANDY CANDY' IS PRETTY LEGIT**" (*See Illustration 39*). For the record, the Plaintiff, Mr. Craven Randall Casper, does not know and has never met or had a discussion with Mr. Joseph McManus. Furthermore, it should be further noted, that the statement by Mr. Joseph McManus was liked[318] several times, and there were additional comments, creating further confusion (*See Illustration 39*).

---

[318] A "like" button, "like" option, or recommend button is a feature in communication software such as social networking services, Internet forums, news websites and blogs where the user can express that they like, enjoy or support certain content.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

393. According to Merriam-Webster Dictionary, the term *legit* is slang for the English word *legitimate*. *Legitimate* is defined as: "being exactly as purposed: neither spurious nor false".[319] This evidence of consumer confusion on the Defendants' NBC *SNL* YouTube controlled channel also coincides with the widely-disseminated, fraudulent Defendants' NBC *SNL* statement on *their* controlled Twitter account (@NBCSNL) declaring: "**WHADDUP, IT'S RANDY CANDY. #SNL**" (*See Illustration 17 and See Illustration 40*).[320] The connection between the Defendants' "RANDY CANDY" and the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" is also reflected on the social media platform Twitter showing a connection between the two "RANDY CANDYs" among members of the general public.

394. Furthermore, On June 1, 2017, in a letter to the Plaintiff, Mr. Craven Randall Casper, Mrs. Marni Beck Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, stated, in pertinent part, that she did not dispute the ownership of the registered federal Trademark: "RANDY CANDY" (*See Exhibit D*). After Mrs. Marni Beck Pedorella, Esq. made this representation, she also alleged that an Original Complaint would have no merit and that the Defendants' NBC *SNL* use of "RANDY CANDY" is legitimate, and refuses to remove

---

[319] Source: < https://www.merriam-webster.com/dictionary/legitimate >.

[320] Source: < https://twitter.com/nbcsnl/status/787511576706318337?lang=en >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

the Defendants' NBC *SNL* declarative assertion that it is or owns "RANDY CANDY" (*See Exhibit D and Exhibit E*).  On its face, this is a spurious claim by the Defendants.



395.

**Illustration 39**          and          **Illustration 40:**

---

321 Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >. Dated June 21, 2017.

322 Source: < https://twitter.com/nbcsnl/status/787511576706318337?lang=en >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

**Screenshots of the Infringing Defendant's YouTube controlled channel "RANDY CANDY" and Further Examples of Public Confusion on the Defendants' controlled Twitter account (@NBCSNL) where the Defendants' claim "IT'S RANDY CANDY". (red highlighting added).**

396.    On further information and belief, on the Defendants' NBC *SNL* YouTube controlled channel, "LoverofPeace" writes: "ARE YOU RANDY CANDY?" "Mhmmmmmm". For the record, the Plaintiff, Mr. Craven Randall Casper, does not know and has never met or had a discussion with "LoverofPeace". The Plaintiff, Mr. Craven Randall Casper, cites this public post as evidence of real consumer confusion. The Defendants' improper uses of "RANDY CANDY" is likely to lead actual and perspective customers and advertisers to believe that the site is somehow affiliated with or endorsed by the Plaintiff, Mr. Craven Randall Casper. The Defendants' NBC *SNL* seeks to mislead potential and actual consumers into thinking the property is associated with the Plaintiff, Mr. Craven Randall Casper's, charming Lifestyle brand and federal registered Trademark: "RANDY CANDY". Furthermore, it should be further noted, that the statement by "LoverofPeace" was liked[323] 593 times, and there were fifteen (15) additional comments, creating further chaos.

---

[323] A "like" button, "like" option, or recommend button is a feature in communication software such as social networking services, Internet forums, news websites and blogs where the user can express that they like, enjoy or support certain content.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

397.



"Are you Randy Candy?"

"Mhmmmmmm"

LOL.
LoverOfPeace • 1 day ago

Randy candy was Definitely the best
whiteNnrdy1 • 2 days ago

fuck this was so fucking annoying till the end
and mars saved that shit
francisco4ben • 4 days ago

**Illustration 41: Screenshot of the Infringing Defendant's YouTube controlled channel promoting "RANDY CANDY" and Examples of Public Confusion (red highlighting added).**

---

[324] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

398. Given the lack of informational context on the Internet and social media platforms, the Court can imagine people might assume this is an authorized "RANDY CANDY" project, which the Plaintiff, Mr. Craven Randall Casper has approved, sponsored, authorized or profited from, but this is not the case.

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 202 of 379

399.



**Illustration 42: Screenshot of the Infringing Defendant's YouTube controlled use of "RANDY CANDY" and Examples of Confusion (red highlighting added).**

325 Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.



400.

**Illustration 43: Screenshot of the Infringing Defendant's YouTube controlled use of "RANDY CANDY and Examples of Confusion and Defendants' Hate Speech reverberating throughout American society (red highlighting added).**

---

[326] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

401. On the Defendant's NBC *SNL* YouTube controlled channel, "Oso Lover" writes: "**I HATE RANDY CANDY**". Between minutes 4:28 – 4:32, there is an exclamation: "**WE HATE RANDY CANDY!**". "The unnecessary statement of fact by the Defendants' NBC *SNL* posits opposition to execute *hate speech* and/or *hate* crimes or terroristic activities in a real sense (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*).

402. In summary, the Defendants' use of "RANDY CANDY" in the process of conveying the message of *hate* is unnecessary (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*).

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 205 of 379



403.

---

[327] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

**Illustration 44: Screenshot of the Infringing Defendant's YouTube controlled use of "RANDY CANDY" and Consumer Confusion of the Defendants' "RANDY CANDY" (red highlighting added).**

404. There are real consequences for the Defendants' distasteful and unauthorized misuse of the federal registered Trademark: "RANDY CANDY" (*See Paragraphs 119-127*). On information and belief, on the Defendants' NBC *SNL* YouTube controlled channel, Mr. Jose Diaz writes: "'RANDY CANDY' killed me" (*See Illustration 44*). This is a risk factor the public's assertion of fact is that the Plaintiff, Mr. Craven Randall Casper's, and/or his federal registered Trademark "RANDY CANDY" is publicly conceived as a murderer with a *premeditated intent to kill* or extreme indifference to human life.[328] Even more egregiously, there is the risk factor of a future copycat behavior crime,[329] which is a criminal act that would be modelled or inspired by Defendants' NBC *SNL*'s unauthorized use of "RANDY CANDY". In addition, the guttered language of the Defendants' could be a risk factor for anyone struggling with mental health conditions or could have an influence or influence suicidal behavior. On

---

[328] *See Commonwealth vs. Michelle Carter*, Case Number: SJC – 12043 (Supreme Judicial Court for the County of Suffolk, Massachusetts, and Docket Number: 15YO0001NE (Taunton Session for the County of Bristol, Massachusetts), June 16, 2017.

[329] Tufekci, Zeynep. "The Media Needs To Stop Inspiring Copycat Murderers. The Atlantic. 12 December 2012. Source: < https://www.theatlantic.com/national/archive/2012/12/the-media-needs-to-stop-inspiring-copycat-murders-heres-how/266439/>. 04 September 2017.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

information and belief, this sensation could be turned into a weapon of war. The Defendants'
are complicit.

405. According to YouTube.com <
https://www.youtube.com/watch?v=Eh8Fet_YMEk&t=177s > as of May 2, 2017, the
Defendants' "RANDY CANDY" video content was viewed 1,829,790 (1.82 million) times, and
the Defendants' NBC / *Saturday Night Live* / "*SNL*" had 4,101,911 (4.1 million) subscribers,
which is significant considering it is believed the video was uploaded or "published" around
February 19, 2017.[330]

406. On September 4, 2017, in order to download photographs for *Illustration 39* the
Plaintiff, Mr. Craven Randall Casper, was forced to watch the Defendant's income generating
video advertisement for AMAZON PRIME (Amazon.com, commonly known as Amazon)[331]
and Dannon's Oikos Greek Yogurt[332], Dannon's conventional Greek yogurt products

---

[330] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk&t=177s >.

[331] Source:< https://www.amazon.com/ > ; <
https://www.amazon.com/gp/help/customer/display.html?ie=UTF8&nodeId=202073800 >; <
https://www.amazon.com/dp/B00DBYBNEE?tag=googhydr-
20&hvadid=204234663302&hvpos=1t1&hvexid=&hvnetw=g&hvrand=303148969865070784 5&hvpone=&hvptw
o=&hvqmt=e&hvdev=c&ref=pd_sl_5kbp9t5t7s_e&hvtargid=kwd-360843439197 > and <
https://www.amazon.com/gp/help/customer/display.html?/nodeId=200738910 > .

[332] Source: < http://www.oikosyogurt.com/?utm_campaign=2017_Q1_OIK_SEM-Brand-G-
Phrase&utm_medium=cpc&utm_source=google&utm_content=General&utm_term=oikos&gclid=CjwKEAjwhYL
LBRDIjoCu0te4niASJAC0V4QPR4W11UoEU2r-

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR
ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII,
CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

manufactured under the Oikos Trademark at Schreiber Foods, Inc.[333] The Plaintiff, Mr. Craven

Randall Casper, noticed that viewership had increased by September 7, 2017 to 2,431,44 (2.43

million) or 569,903 views in 128 calendar days or approximately 4,452 views per day and the

Defendants' *Saturday Night Live* / "SNL subscribers increased by more than 200,000 people

over the same time period to in excess of 4,300,000 (*See Page 250*). As previously stated, a

forensic accountant would have to investigate and disclose actual revenue generated.

    407. In summary, the YouTube.com video was viewed by almost 2.43 million people,

liked[334], disliked and shared and commented on; however, the multiplier effect and total negative

impact to the "RANDY CANDY" Trademark is significant over the last six (6) months. The

---

O9wCikmqHGRGTBcArw01qYTWSdDRxhoCP8rw_wcB&gclsrc=aw.ds > and < https://www.justice.gov/opa/press-release/file/954811/download >.

[333] Source: < http://www.oikosyogurt.com/?utm_campaign=2017_Q1_OIK_SEM-Brand-G-Phrase&utm_medium=cpc&utm_source=google&utm_content=General&utm_term=oikos&gclid=CjwKEAjwhYL LBRDIjoCu0te4niASJAC0V4QPR4W11UoEU2r-O9wCikmqHGRGTBcArw01qYTWSdDRxhoCP8rw_wcB&gclsrc=aw.ds > and < https://www.justice.gov/opa/press-release/file/954811/download >.

[334] "Liking" videos on YouTube, rather than being something merely sentimental, means something practical. YouTube staff makes it clear that the number of "likes" -- or "thumbs-up" -- a video has partially determined its ranking, according to YouTube Analytics. So, if the Defendants' post videos to YouTube, then the number of YouTube "likes" the Defendants' have could be what determines whether the Defendants' or their competitors appear more prominently in YouTube search results. Furthermore, underneath all YouTube videos are two buttons -- a "thumbs-down" and a "thumbs-up" button. The "thumbs-up" button is also tagged with the word "Like" and works basically the way the "Like" button does on a Facebook page. When anyone clicks one of those buttons, it is tabulated into a count next to one of two smaller thumb icons, also underneath the video. This way, the Defendants' can get a quick snapshot of how people in general are reacting.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 209 of 379

Case 1:17-cv-00826-LCB-LPA Document 1 Filed 09/15/17 Page 209 of 367

Trademark Infringement issue is metastasizing (*See Request for Preliminary Injunction, Paragraphs 545-717*).

408. The compounding effect would be, at a minimum, in the tens of millions of views, while the Defendants are generating revenue and intentionally profiting, knowing they [the Defendants] do not own the federal registered Trademark: "RANDY CANDY".

409. As evidence of further significant negative impact, according to Vine Loops from YouTube.com, the exposure figure could be as high as 207 million (two hundred and seven million) viewers worldwide. The "loop count" also includes views that are embedded into other sites.[335]

410. It is fact, the Plaintiff, Mr. Craven Randall Casper, established a "RANDY CANDY" YouTube channel on June 18, 2015, (more than 2 years ago).[336] On the YouTube.com channel it discusses the federal registered Trademark: "RANDY CANDY" (*See Illustration 46 and Paragraph 430*). The Defendants have manipulated search results making the Plaintiff, Mr. Craven Randall Casper's, channel impossible to find, and the Plaintiff cannot compete against the Defendants' advertising revenue generating machine, and the Defendants unauthorized use

---

[335] Sources: < https://en.wikipedia.org/wiki/Vine_(service) > and < https://www.youtube.com/watch?v=Eh8Fet_YMEk&t=177s >.

[336] Source: < https://www.youtube.com/watch?v=n6nEyQcUGyc >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 210 of 367

has adverse effect to advertising revenue of the Plaintiff, Mr. Craven Randall Casper, due to confusion. The Defendants' use of "RANDY CANDY" eliminates the commercial market.

## ii. DEFENDANTS' INTERNET / SOCIAL MEDIA - TWITTER

411. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-410* of the Original Complaint.

412. Twitter is an American online news and social networking service, which allows users to broadcast and publish short messages also known as "posts" or "tweets" and photographs. Users access Twitter through its website interface, Short Message Service (SMS) or a mobile device application or "App". In fact, the default settings for Twitter are public and visible. Unregistered users can also view content.

413. According to a *CNN* financial article from April 26, 2017, "Twitter added nine (9) million monthly active users in the first quarter of 2017. The social network now has 328 million monthly users".[337]

414. As of September 7, 2017, according to the public profile of the Defendants' NBC "*SNL*" controlled Twitter account (*@NBCSNL*), there was in excess of 2.15 million followers worldwide for this account. On information and belief, other the Defendants own, operate and/or control other accounts.

---

[337] Source < http://money.cnn.com/2017/04/26/technology/twitter-earnings/ >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 211 of 379

415. Twitter followers are the people who follow or subscribe to another person's Tweets. The number of followers of the Defendants' NBC "*SNL*" controlled Twitter account (*@NBCSNL*) is growing exponentially.

416. On information and belief, the Defendants' NBC "*SNL*" controlled Twitter account (*@NBCSNL*) influences and engages the public with their Twitter content.

417. In addition, The Plaintiff, Mr. Craven Randall Casper, has provided evidence from the Defendants' NBC "*SNL*" controlled Twitter account post (*@NBCSNL*), (*See Exhibit C*) in which the Defendants' NBC continues to use, promote and profit from the name "RANDY CANDY". This created an unauthorized and obscene association (*See Paragraphs 72 and 119-127*).

418. By way of evidence, please see the controlled Twitter pages of the Defendants' (*@NBCSNL*) (Sunday, October 16, 2016) (*See Illustration 17 and Illustration 45*), and the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" Twitter pages (established 2014)[338] are incorporated in this Original Complaint (*See Illustration 46*).

419. This seeks to undermine the legitimacy of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY".

---

[338] Source: < https://twitter.com/randycandyllc >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

420. On information and belief, the Defendants' controlled Twitter account (*@NBCSNL*) intentionally posted or published a widely-disseminated photograph, which publicly announced and states in pertinent part:

# "**WHADDUP, IT'S <u>RANDY CANDY</u>**.

#SNL" (*See Paragraph 113* and *Paragraph 424 and Paragraph 453*).

421. On information and belief, the Defendants' NBC *SNL* tagged Mr. Robert "Bobby" Moynihan (@BIBBYMOYNIHAN), who as of September 7, 2017, had in excess of two hundred thousand (200,000 followers). On information and belief, Mr. Robert "Bobby" Moynihan, an employee of the Defendants' and compensated according to Union rules, continued to promote himself as "RANDY CANDY," perhaps even at an actual "after party".

422. On information and belief, the Defendants employee, Mr. Robert "Bobby" Moynihan[339] is "RANDY CANDY" and was compensated according to Union rules. This is untrue. This is unlawful (*See Paragraph 129, Paragraph 420 and Paragraph 439*). The Court must take care to ensure that not just any commercial takeoff is rationalized *post hoc* as a parody (*See Paragraphs 119-127*).

---

[339] Source: < https://twitter.com/bibbymoynihan?lang=en >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

423.    The Defendants claim to be: "**RANDY CANDY**" (*See Illustration 17 and*

*Paragraph 420*).  At a minimum, this falsely implies authorization, and the Plaintiff, Mr. Craven

Randall Casper, has not approved, authorized or collaborated on use to any Defendant herein of

his federal registered Trademark: "RANDY CANDY" (*See Paragraph 113* and *Paragraph 424*

*and Paragraph 453*).

424.    The spelling, appearance, phonetic sound and number of alphabetic characters (ten

(10) English letters) are exactly the same – "**RANDY CANDY**".  There is no change in

spelling.  There is no apostrophe.  There is no question mark.  There is no middle name or initial.

There are no prominent public disclaimers that this is not the Plaintiff, Mr. Craven Randall

Casper's, federal registered Trademark: "**RANDY CANDY**".  "**RANDY CANDY**" is

exactly the same and there is no question the Defendants' create a level of confusion.  "RANDY

CANDY" is not distinguishable from the Plaintiff, Mr. Craven Randall Casper's, original (*See*

*Paragraph 113 and Paragraph 424*).

425.    The Defendants have defaced "RANDY CANDY".  There is evidence of actual

confusion by the Defendants virtue of illegal use, theft and deception of the Plaintiff, Mr. Craven

Randall Casper', federal registered Trademark: "RANDY CANDY" (*See Paragraph 113* and

*Paragraph 424 and Paragraph 453*) .  *See* 4 Thomas McCarthy, *McCarthy on Trademarks and*

*Unfair Competition* § 24:6 (4th ed. 2008).

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

426.    The Defendants' NBC *SNL* controlled Twitter account (@*NBCSNL*) published Tweet was viewed in excess of two (2) million times (*See Illustration 17 and See Illustration 45*) (*See Paragraph 102 and See Paragraph 420*).  It was reposted and posted to other accounts, including Defendant controlled accounts.  It is unknown how many millions of additional people have seen this.

427.    On Twitter, while there were only one hundred (100) comments so far, the multiplier effect and total negative impact to the "RANDY CANDY" trademark is significant, and is believed to be in the tens of millions just in social media; and thus, further compounds confusion. This is an unnecessary and constant intolerable nightmare [340] for the Plaintiff, Mr. Craven Randall Casper, created by these hostile actors, the Defendants.

428.    On the Defendants' controlled public Twitter account @NBCSNL's on *their* "RANDY CANDY" Twitter post, there are six hundred twenty-five (625) re-tweets.  A re-tweet is a reposted or forwarded message on Twitter.  There is a multiplier effect to the number of followers/friends each Twitter account has, so the negative worldwide impact is unknown as to

---

[340] *See Commonwealth vs. Michelle Carter*, Case Number: SJC – 12043 (Supreme Judicial Court for the County of Suffolk, Massachusetts, and Docket Number: 15YO0001NE (Taunton Session for the County of Bristol, Massachusetts), June 16, 2017.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 215 of 379

the total number of millions of viewers worldwide and whether they liked,[341] shared,[342] commented,[343] and/or re-posted[344]. Thus, this has led to related post confusion stemming from the Defendants controlled pages and content. Given the lack of informational contact on social media, the Court and at a Jury Trial in the State of North Carolina who can imagine people might assume, at a minimum, this is an authorized "RANDY CANDY" project (*See Illustration 17 and Illustration 45*).

429. The statements the Defendants posted to controlled Internet and social media platforms, as an example of Twitter) are false and libelous *per se* (*See Illustration 7*).

[remainder of page intentionally left blank]

---

[341] A "like" button, "like" option, or recommend button is a feature in communication software such as social networking services, Internet forums, news websites and blogs where the user can express that they like, enjoy or support certain content.

[342] Social media sharing is sending photos, videos, product recommendations and website links to friends with social networking accounts; however, the content could be publicly available.

[343] A comment is a response that is often provided as an answer or reaction to a blog post or message on a social network.

[344] A re-post of photos, videos, or any other content allows a social media account to quickly resend the message often without the attribution to the original sharer's name.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 216 of 379



430.

| | |
|---|---|
| The Defendants' "RANDY CANDY" | The Plaintiff's "RANDY CANDY" |
| Twitter – September 7, 2017 | Twitter – September 7, 2017 |
| Published October 16, 2016 | Established / Published 2014 |

**Illustration 45** **and** **Illustration 46:**

Screenshot of the Infringing Defendant's Twitter controlled "RANDY CANDY" (@*NBCSNL*) and a Screenshot of the Plaintiff, Mr. Craven Randall Casper's Twitter Page (Est. 2015) (red highlighting added).

---

[345] Source: < https://twitter.com/nbcsnl/status/787511576706318337?lang=en >.

[346] Source: < https://twitter.com/randycandyllc >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

431.   More egregiously, on information and belief, the Defendants' NBCUniversal intentionally placed a copyright logo in lower left-hand corner of their photograph on Twitter that was a viral sensation which stated: "©2016/NBC by Rosalind O'Connor," which, is in fact, not registered,[347]as of the date of the filing of this Original Complaint.  If "RANDY CANDY" is somehow registered, the Defendants should provide a copy of *their* Certificate of Registration from October, 2016, in their Original Answer.  If the Defendants' cannot provide a copy of the original Certificate of Registration, which the Plaintiff, Mr. Craven Randall Casper, has been told by the USPTO does not exist, then this raises additional questions and confusion during Discovery and eventually at a Jury Trial in the State of North Carolina.  The Defendants are playing a dirty game and claiming something original, which is causing potential and actual consumers and advertisers throughout the world to recognize the Defendant's "RANDY CANDY" as originating with the Plaintiff, Mr. Craven Randall Casper's, distinctively, charming Lifestyle brand and federal registered Trademark: "RANDY CANDY".  This is with bad intent because "RANDY CANDY" is federally Trademarked by the Plaintiff, Mr. Craven Randall Casper (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*) (*See Paragraph 113* and *Paragraph 424 and Paragraph 453*).  On information and belief, the Defendants, involved in the creation of content on its sites, intentionally published the photograph and Twitter post and

---

[347] Source: < https://www.copyright.gov/registration/photographs/index.html >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 218 of 379

blasted this to tens of millions of people and made millions of dollars in profits from multiple revenue sources while creating absolute chaos for the Plaintiff, Mr. Craven Randall Casper. This impeachment is an intolerable nightmare scenario for the Plaintiff, Mr. Craven Randall Casper. This is false and misleading and total misrepresentation of fact bringing ridicule, contempt and/or disgrace to "RANDY CANDY". This is distasteful and objectionable and unnecessarily disruptive to the Plaintiff, Craven Randall Casper's, federal Trademark: "RANDY CANDY" (*See Paragraphs 49-96*).

432. As previously stated, the Plaintiff, Mr. Craven Randall Casper, will hire an independent Internet search company to verify the authenticity of the account and posts prior to the Trial by Jury in the State of North Carolina, but the Defendants have never disputed these posts on their controlled accounts to date (*See Exhibit A - E)*.

433. On information and belief, the Defendants' tarnished the Plaintiff, Mr. Craven Randall Casper's, federal Trademark: "RANDY CANDY" by connecting it to something misrepresentative and included *hate* speech (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248)*.

434. On further information and belief, the Plaintiff, Mr. Craven Randall Casper, does not know who the Defendants have licensed, sold, distributed or syndicated "RANDY CANDY" to or what languages "RANDY CANDY" has been translated into (*See Paragraph 113 and Paragraph 424)*.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

435. The Defendants created unauthorized association, and consumer survey evidence will support that at a Jury Trial in the State of North Carolina. There is confusion because some substantial percentage of reasonable consumers would conclude that the Defendants us of the federal registered Trademark "RANDY CANDY" is indistinguishable and has been repeatedly published millions of times.

436. Despite the Plaintiff, Mr. Craven Randall Casper's, numerous warnings and demands to the Defendants to Cease and Desist its unauthorized activities, the Defendants continue to use the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY". The Defendants have recognized the federal registered Trademark: "RANDY CANDY," but failed and refused to stop the use of the federal registered Trademark: "RANDY CANDY".

437. As a result, the damage to the Plaintiff, Mr. Craven Randall Casper, continues. The totality of the negative impact to the "RANDY CANDY" Trademark is unknown, and may never be fully understood, but it is real.

438. The federal registered Trademark: "RANDY CANDY" is protected, and this is a concurrent use, but generated revenue for the Defendants and not the Plaintiff, Mr. Craven Randall Casper.

439. What is *SNL* "After Party"? Is that owned by or sponsored by *SNL* or is it a real "party"? Is there a Twitter account and Podcast? On information and belief, Mr. Robert

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

"Bobby" Moynihan, an employee of the Defendants, continued to promote himself as "RANDY CANDY".

### iii. DEFENDANTS' SOCIAL MEDIA – GIPHY ACCOUNT AND GIF FILE(S)

440.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-439* of the Original Complaint.

441.    The Defendants have acted, and continue acting, that would lead consumers to believe that the Plaintiff, Mr. Craven Randall Casper, is operating or approving artistic projects. Specifically, the Defendants' have taken actions that lead consumers to believe it is operating GIPHY accounts and/or GIF files, which are being widely disseminated.    Such activities are outlined in further detail below.

442.    GIPHY is "an online database and search engine and Application, downloaded by a user to a mobile device, that allows users to search for and share animated 'GIF' files."[348]

443.    This is an image-based, expressive communication tool.  GIPHY is an effective way to communicate and capture an image and then that image stands for "RANDY CANDY" in a negative context (*See Paragraphs 119-127).*

---

[348] Source: < https://en.wikipedia.org/wiki/Giphy >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

444. Any of the millions of the Defendants' "RANDY CANDY" users can "TAP+HOLD" to "Copy/Paste in a Text," which creates further confusion, specifically, as it continues to be widely-disseminated.

445. The Defendants' distributed "RANDY CANDY" GIPHY file created additional media "buzz," and was intentionally designed by the Defendants to create broader visibility of the infringing use to increase their viewership, advertising, sales of products, goods, services, merchandize and/or other commercial activities.

446. The Defendants' infringing use garnered significant media attention, with numerous potential and actual customers, advertisers or media outlets quoting verbatim from it.

447. In October, 2016, GIPHY announced several statistics; it has one hundred (100) million daily active users, it serves over one (1) billion GIFs per day, and visitors watch more than two (2) million hours of GIF content every day.[349] GIF is a computer file format for the compression and storage of visual digital information that supports both animated and static images.

448. On information and belief, the Defendants' NBC *SNL* created a GIPHY account sometime after October, 2016, and should release to this Court the date of first use of their

---

[349] Source: < https://en.wikipedia.org/wiki/Giphy >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 222 of 379

"RANDY CANDY". The Defendants' NBC *SNL* GIPHY account allows the public to like, or share via instant messenger, Facebook, Twitter, Pinterest, reddit and feeds into the darkening web.

449. On information and belief, the Defendants' created a widely-disseminated "RANDY CANDY" GIF file, showing "RANDY CANDY" with the flip of the hair, still holding that rainbow sucker and the symbolism of the flamboyant right-hand wave (*See Paragraphs 213-214*).

450. GIPHY is an effective way to communicate and capture image, and then, negative images stand for "RANDY CANDY" in mind of the viewer or is used as a visual symbol for *hate* speech or to imply that someone is a "FAGGOT" (*See Paragraphs 119-127 and Paragraph 381*).

451. Given the lack of informational contact on social media, this Court, and eventually a Jury in the State of North Carolina, can imagine people might assume this is an authorized "RANDY CANDY" project by the Plaintiff, Mr. Craven Randall Casper (*See Paragraph 113 and Paragraph 424 and Paragraph 453*). An overwhelming additional amount of evidence will be colorfully provided at the Jury Trial in the State of North Carolina.

452. On information and belief, the Defendants' NBC *SNL* has also invoked the use of the hashtag "#randy candy," which the Plaintiff, Mr. Craven Randall Casper, began using on the Internet and social media platforms around June 25, 2015,[350] well before the junior users [the

---

[350] Source: < https://www.kickstarter.com/projects/1466572179/randy-candy-playfully-innovative-apparel >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Defendants]. Social media has made the *hashtag (#)* a ubiquitous part of Internet culture, starting with Twitter and expanding to other sites, originally designed for categorizing posts and/or content. Merriam-Webster Dictionary, defines the noun *hashtag as*: "a word or phrase preceded by the symbol # that classifies or categorizes the accompanying text (such as a Tweet)".[351]  In summary, the Defendants' are trying to categorize themselves on the Internet and social media platforms as the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY". The need for Expedited Discovery is essential because additional Counts may have to be added, including but not limited to: cybersquatting under the federal Anticybersquatting Consumer Protection Act, pursuant to 15 U.S.C. § 1125(d) and all other applicable federal and North Carolina common law.

453.    On information and belief, the Defendants, continued to expand their use in spite of actual and/or constructive knowledge of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY". To further complicate matters, the Defendants' created a "RANDY CANDY" *hashtag (#) (*"#randy candy,"), which allows customers to search for the Defendants' "RANDY CANDY" by just using the following words: "RANDY CANDY" (*See Paragraph 113 and Paragraph 424 and Paragraph 454*). An overwhelming additional amount of evidence will be colorfully provided at the Jury Trial in the State of North Carolina.

---

[351] Source: < https://www.merriam-webster.com/dictionary/hashtag >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 224 of 367

454.    The spelling, appearance, phonetic sound and number of alphabetic characters (ten (10) English letters) are exactly the same – "**RANDY CANDY**". There is no change in spelling. There is no apostrophe. There is no question mark. There is no middle name or initial. There are no prominent public disclaimers that this is not the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "**RANDY CANDY**". "**RANDY CANDY**" is exactly the same and there is no question the Defendants' create a level of unclarity, and favor in finding a likelihood of confusion (*See Paragraph 113* and *Paragraph 424 and Paragraph 453*).

455.    The Plaintiff, Mr. Craven Randall Casper, is extremely concerned. The Defendants' NBC *SNL* repeatedly told the public "this is RANDY CANDY," and the Defendants' continue to deceive and confuse consumers. And, then the public, through GIPHY, learned again from the Defendants' new NBC *SNL* GIPHY channel "This is RANDY CANDY". The Defendants' reinforced confusion, and on information and belief, this amount to Internet vigilantism, in which the Defendants targeted and publicly humiliated the Plaintiff, Mr. Craven Randall Casper, using technology like social and new media is overwhelming. "RANDY CANDY" has been demonized by the Defendants and potential and actual customers and advertisers will be erroneously confused.

456.    The Court should refer to *Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248.* Some of the Defendants' *Terms* read, and the Plaintiff, Mr. Craven Randall Casper, has highlighted pertinent parts:

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

"Licensee shall not use the Material in any manner that is in any way objectionable or in conjunction with other materials or information that is in any way objectionable. As used herein, "objectionable" means any materials or information in any medium or format, including without limitation text, data, graphics, audio or video, content (or use of the content) that: (a) is libelous or defamatory, pornographic, sexually explicit, unlawful or plagiarized; (b) a reasonable person would consider harassing, abusive, threatening, harmful, vulgar, profane, obscene, excessively violent, racially, ethnically or otherwise objectionable or offensive in any way; (c) constitutes a breach of any person's privacy or publicity rights, a misrepresentation of facts, hate speech or an infringement of any third party's intellectual property rights of any kind, including without limitation, copyright, patent, *Trademark*, industrial design, trade secret, confidentiality or moral rights; (d) violates or encourages other to violate any applicable law; (e) promotes software or services that deliver unsolicited email; or (**f) contain direct links (by a single click) to web sites that contain information of the kind described in this definition**."[352]

457.    The Defendants have included no prominent disclosure language.

458.    On information and belief, the Defendants continued to exercise bad judgment, even after being repeatedly asked in Trademark Infringement and Cease and Desist Demand Letters.  The Defendants', with actual and constructive knowledge (*See Paragraph 168, See Paragraph 365 and See Paragraph 381*), made no effort to objectively stop the Infringement. The Defendants' not only created a GIPHY account (*Illustration 47 and Illustration 48*), but on information and belief, the Defendants' also become a GIPHY partner by creating their own branded channel to host and promote GIFs, including their creation of "RANDY CANDY," which became a viral sensation (*Illustration 17 and 45*).  The Plaintiff, Mr. Craven Randall Casper, has

---

[352] Source: < https://www.nbcumv.com/terms-conditions >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

written additional letters, including, but not limited to, requests to: Mrs. Pedorella, Esq.; COMCAST (Mr. Arthur Block, Esq.); NBCUniversal (Mrs. Linda Yaccarino); and *Saturday Night Live* / "*SNL*" (Mr. Lorne Michaels) to reconsider their refusals to, at a minimum, remove any use of "RANDY CANDY" from Twitter, YouTube and GIPHY, and is likely to continue to mislead, deceive, and confuse the purchasing public and the trade. Mrs. Marni Beck Pedorella, Esq. has sought registration and has successfully registered hundreds of federal Trademarks over the course of her career. Mrs. Marni Beck Pedorella, Esq. has knowledge of federal laws, hate crime laws and the Terms and Conditions of COMCAST and NBC. If the Defendants' actions were careless, it was certainly not due to their/her lack of resources. Unfortunately, no level of cooperation or reconciliation has been reached, and irreparable harm has already been done, and their/her conduct will continue to cause irreparable injury until enjoined by a Federal Court in the Great State of North Carolina.

459. The Defendants' creation, posting and/or publication of "RANDY CANDY" on their GIPHY account is a negative context, idea or image. The Defendants' buying, selling or distributing keyword advertising and using HTML meta tags using the Plaintiff, Mr. Craven Randall Casper's federal registered Trademark: "RANDY CANDY" is online product defamation, trade libel or slander of goods, product disparagement and Trademark Infringement.

460. Given the lack of informational context on social media, and the fact that the Defendants' *SNL* created and uploaded and profited from this GIF, which became a viral

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

sensation, this Court and a future North Carolina Jury can imagine people might assume this is an authorized "RANDY CANDY" project by the Plaintiff, Mr. Craven Randall Casper.

461. This seeks to undermine the legitimacy of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY". The Defendants' have completely commandeered and defaced the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY".

462. The Defendants' activities have had a negative effect on the consuming public and/or the Plaintiff, Mr. Craven Randall Casper. The use of the Infringing Trademark by the Defendants in the manner described above is likely to cause confusion, to cause mistake, and/or to deceive potential and actual consumers and potential customers of the parties and advertisers, at least as to some affiliation, connection or association, or as to the origin, sponsorship, or approval by the Plaintiff, Mr. Craven Randall Casper, for the federal registered Trademark: "RANDY CANDY".

463. Use in commerce of the Infringing Trademark by the Defendants is likely to cause dilution of the distinctive quality, by blurring and tarnishment, of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY".

464. The most obvious GIPHY revenue stream for the Defendants could come from 'AdWords", where a GIPHY search could turn up "sponsored," or establish relationships or awareness and on information and belief, is the case with the Defendants' "RANDY CANDY".

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Through AdWords, the Defendants, can create online advertisements or partner with advertisers to reach people exactly when they are interested in the goods, services, products, business and/or other commercial activities that the Defendants and/or advertisers or the Defendants adverting partners offer. AdWords can have a set of ad groups (advertising, keywords, and/or bids) that share a budget, location targeting, and other settings. Campaigns are often used to organize categories of goods, services, products, business and/or other commercial activities that the Defendants and/or advertisers or the Defendants adverting partners offer. The Defendants or advertisers AdWords account can have one or many advertising campaigns running independently or simultaneously.[354]

465. Use of the Infringing Trademark "RANDY CANDY" by the Defendants in the manner describer above falsely indicated to the purchasing public that the goods, services, advertising and/or commercial activities of the Defendants originates with the Plaintiff, Mr. Craven Randall Casper, or are affiliated, connected or associated or are sponsored, endorsed or approved by the Plaintiff, Mr. Craven Randall Casper, or in some manner related to the Plaintiff, Mr. Craven Randall Casper.

466. Use of the Infringing Trademark "RANDY CANDY" by the Defendants in the manner described above falsely designates the origin of the goods, services, advertising and/or

---

[354] Source: < https://giphy.com/search/google-adwords > and < https://giphy.com/search/google-adwords >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

commercial activities of the Defendants, and falsely and misleadingly describes and represents material facts with respect to the goods, services, advertising and/or commercial activities, including, but not limited to websites, Internet or social media accounts, and/or other commercial activities, of the Defendants' "RANDY CANDY" with the Plaintiff, Mr. Craven Randall Casper, and/or his federal registered Trademark: RANDY CANDY" (*See Paragraph 113* and *Paragraph 424 and Paragraph 453*).

467. Server-based and consumer survey research evidence will provide further evidence of consumer confusion along with Discovery, depositions, testimony and a plethora of actual evidence that will be presented at a Trial by Jury in the State of North Carolina.

468. The Defendants' intent to continue in *their* unauthorized use of "RANDY CANDY" is disgusting display of corporate greed (*See Paragraph 33 and Paragraph 456*).

469. As a proximate result, the Defendants' NBC *SNL* increased their daily use to untold millions. The negative footprint left by the Defendants, a footprint of *hate* speech (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*), all of which last a very long time and has destroyed the federal registered Trademark: "RANDY CANDY" (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*).

470. The Defendants' have therefore trampled upon Mr. Craven Randall Casper's established and lawful prior established rights in the "RANDY CANDY" federal registered Trademark, causing consumer confusion, Trademark Dilution, economic injury and irreparable

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 230 of 379

harm that must be brought to a halt by a Federal Court in the State of North Carolina (*See Paragraph 113* and *Paragraph 424 and Paragraph 453*). *See, e.g., Commerce Bank & Trust Co. v. TD Banknorth, Inc.*, 554 F. Supp. 2d 77, 83 (D. Mass. 2008).

471. The Defendants' above actions were, and are, willful, fraudulent, and malicious. Plaintiff, therefore, is entitled to an award of exemplary, enhanced, or punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.



472.

**Illustration 47 and Illustration 48:**

**Screenshot of the Infringing Defendant's GIPHY Partner Branded Channel**

**with Defendants' controlled "RANDY CANDY" and Examples of Public**

---

[355] Source: < https://giphy.com/gifs/snl-saturday-night-live-snl-2016-3o7TKpNstInNlRHrLq >.

[356] Source: <
https://www.google.com/search?q=SNL+RANDY+CANDY+GIF&tbm=isch&imgil=gZdQ8muP16RsTM%253A
%253BUGpC7Xb9MbFUyM%253Bhttps%25253A%25252F%25252Fgiphy.com%25252Fgifs%25252Fsnl-
saturday-night-live-snl-2016-
3o7TKpNstInNlRHrLq&source=iu&pf=m&fir=gZdQ8muP16RsTM%253A%252CUGpC7Xb9MbFUyM%252C
_&usg=__Bz8vT6GD2LzQP76XkWzKUd0Ho3s%3D&biw=1600&bih=776&ved=0ahUKEwip56H0IafUAhVr_IM
KHaD8AFkQyjcING&ei=_Iw1Wan5IOv4jwSg-YPIBQ#imgrc=gZdQ8muP16RsTM:&spf=1496681730219 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR
ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII,
CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

**Confusion in Search Results – "RANDY CANDY" or #randy candy (red highlighting added).**



Type: **"RANDY CANDY"**

Hit: Search Icon

473.

**Illustration 49: Screenshot of the Infringing Defendant's GIPHY controlled "RANDY CANDY" and Examples of Public Confusion (red highlighting added).**

---

[357] Source: < https://giphy.com/gifs/snl-saturday-night-live-snl-2016-3o7TKpNstInNlRHrLq >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 233 of 367

474.    In summary, the Defendants have continued to bastardize "RANDY CANDY" through the creation of a GIPHY account and GIF files. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law. A Preliminary Injunction must be granted until a Jury Trial in the State of North Carolina.

### iv.    DEFENDANTS' INTERNET / SOCIAL MEDIA – FACEBOOK

475.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-474* of the Original Complaint.

476.    Facebook is a popular free social networking website that allows registered users to create profiles, upload photos and video, and send messages. There is now a community of two (2) billion people active on Facebook every month. Developed by Mark Zuckerberg while he was a student at Harvard in 2004, Facebook (NASDAQ: FB) has become one of the most popular social media sites attracting people of all ages from all over the world.[358]

477.    The public Facebook page controlled by the Defendants, *SNL* FACEBOOK, has 6,582,238 (6.58 million) people like this and 6,361,994 (6.36 million) people who follow *SNL* Facebook as of September 4, 2017.

---

[358] Source: < https://en-gb.facebook.com/facebook >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 234 of 379

478.    On information and belief, As of September 7, 2017, according to the public

Defendants' controlled profile, the Defendants' NBC *SNL* Facebook page, controlled by the

Defendants, has 6.7 million page likes and have 100,000 plus people having a conversation based

on indexing, which is further evidence that comments on public venues can create actual

confusion, when those venues are controlled by the Defendants.[359]  The negative exposure from

the illegal use of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark has

been overwhelming in terms of what I have been able to try to research and quantify, but the

evidence is absolutely overwhelming.  This feeds to multiple avenues and there are various ways

to download and view this content.

479.    The Defendants' "RANDY CANDY" GIPHY file created additional media

"buzz," and was intentionally designed by the Defendants to create broader visibility of the

infringing use to increase their viewership, advertising, sales of products, goods, services,

merchandize and/or other commercial activities.

480.    This evidence of consumer confusion on the Defendants' NBC *SNL* YouTube

controlled channel also coincides with the fraudulent Defendants' NBC *SNL* statement on their

controlled Twitter account (*@NBCSNL*) declaring:

---

[359] Source: < https://www.facebook.com/snl/ >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

"WHADDUP, **IT'S 'RANDY CANDY'**. #SNL," which spread to Facebook (*See Illustration 17 and Illustration 45*). On its face, this is a widely-disseminated spurious claim by the Defendants.

481.    Given the lack of informational contact on social media, the Court can imagine people might assume Facebooks posts are an authorized "RANDY CANDY" project or collaboration by the Plaintiff, Mr. Craven Randall Casper. The Plaintiff, Mr. Craven Randall Casper, has not authorized or approved the use of "RANDY CANDY" by the Defendants.

482.    On further information and belief, NBC Shops has a Facebook page: < https://www.facebook.com/TheShopAtNBCStudios/ >. Per the statistics on the Defendants' Facebook page, approximately, 51,300 people "like" the Defendants page and 47,667 people follow the Defendants page (*See Paragraphs 277-307*).

483.    On information and belief, the Defendants' use this Facebook page in connection with the promotion of the products, goods, services, advertising and/or commercial activities of others (*See Illustration 51*) (*See Paragraphs 277-307*).

[remainder of page intentionally left blank]

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 236 of 379



484.

**Illustration 50: Screenshot of the Defendants' Public Facebook Business Page: < https://www.facebook.com/TheShopAtNBCStudios/ > (red highlighting added)** (*See Paragraphs 277-307*).

485.    As set forth above, the Defendants' posted, uploaded, distributed and/or disseminated the illegal, unauthorized or unapproved "RANDY CANDY" throughout the Internet, and Facebook was one of the Internet or social media platforms the Defendants used.

486.    Defendants' unauthorized use of the "RANDY CANDY" federal registered Trademark causes confusion of mistake among perspective of actual customers and advertisers,

---

[360] Source: < https://www.facebook.com/TheShopAtNBCStudios/ >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 237 of 379

in violation of Section 32 of the Lanham Act. Such unauthorized use constitutes infringement of "RANDY CANDY" Trademark rights.

487. Defendants' have acted knowingly and willfully, with full knowledge (*See Paragraph 168 and See Paragraph 365*) of the likelihood of confusion, and with the intent to deceive perspective of actual customers and advertisers in order to trade off the promotional efforts and earned goodwill and reputation of the Plaintiff, Mr. Craven Randall Casper's, distinctive and famous "RANDY CANDY" Trademark in this District and throughout the United States.

488. Defendants' conduct is knowing, intentional, wanton, willful, malicious and oppressive, and thus, warrants this case being designated as exceptional under 15 U.S.C $ 1117, and the imposition of treble damages against them.

489. For the Defendants' *SNL* Facebook page content is the stock in trade, and advertising is usually *their* bread and butter. The Defendants created a Facebook page for *their* site in order to grow *their* fan base, then post a link to every new picture, video or article. This boosts traffic to their website(s) and YouTube channel. Since your advertising revenue is tied to page views, more traffic from new readers and repeat traffic from fans mean more advertising revenues for their website(s) or YouTube channel.

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

490.    The Plaintiff, Mr. Craven Randall Casper, created a RANDY CANDY Facebook page December 14, 2012, and he has a unique identifier of: < 681206711986006 >, which helped promote the RANDY CANDY Lifestyle brand YouTube channel and Twitter accounts.[361]

491.    The Defendants have used their initial Twitter and Facebook posts to be re-posted, liked, commented on, shared and even "Featured Posts" (i.e. Bruno Mars – See Illustration 21) (*See Paragraphs 226-227*).

[remainder of page intentionally left blank]

---

[361] Source: < https://www.facebook.com/randycandyapparel/ >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**



492.

Connect to the Defendants' Controlled YouTube Channel for "RANDY CANDY"

362

**Illustration 51: Screenshot of the Defendants' Public Facebook search using "RANDY CANDY" (red highlighting added).**

---

362 Source < https://www.facebook.com/snl/ >.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.



493.

**Illustration 52: Screenshot of the Defendants' user access to their APP Using**
**Facebook log in and "RANDY CANDY" as a search feature (red highlighting**
**added).**

494. The Defendants use Facebook as a log-in source for people to access to the Defendants' controlled APP (*See Paragraphs 514-517*).

---

363 Download the Defendants' APP in the Apple iTunes Store or on Google Play. Source: <
https://www.nbc.com/saturday-night-live/exclusives/snl-app >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 241 of 367

495. As a direct and proximate result of the foregoing conduct, potentially tens of millions of people have been exposed to "RANDY CANDY" (*See Paragraph 409*).

496. As a direct and proximate result of the foregoing conduct, the Court must Order access to the Google analytics, allow the Defendants to measure and track Flash, video, and social networking sites and applications of potentially all the Defendants domain names and further calculate, target or track revenue generated by the Defendants. Specifically, NBCUNIVERSAL touts on their website ownership in "a suite of leading Internet-based businesses" (*See Paragraph 25*). This information must be made public.

## v. DEFENDANTS' SOCIAL MEDIA – INSTAGRAM

497. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-496* of the Original Complaint.

498. Instagram is a free online photo sharing and social network platform that was acquired by Facebook in 2012. Instagram allows members users to upload, edit and share photos with other members through the Instagram website, email, and social media sites such as Twitter, Facebook, Tumblr, Foursquare and Flickr.

499. On information and belief, Instagram has **seven hundred (700) million monthly active users**.[364]

---

[364] Source: < http://www.adweek.com/digital/instagram-now-has-700-million-monthly-active-users/ >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

500. Given the lack of informational contact on social media, the Court can imagine people might assume this is an authorized "RANDY CANDY" project by the Plaintiff, Mr. Craven Randall Casper. The Plaintiff, Mr. Craven Randall Casper, has not authorized or approved the use of "RANDY CANDY" by the Defendants with uploading of "RANDY CANDY" GIF or JPEG files to Instagram. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

### vi. DEFENDANTS' SOCIAL MEDIA – HULU

501. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-500* of the Original Complaint.

502. Hulu is an American subscription video on demand service that also generates advertising revenue. Hulu pays a portion of advertising revenue as a royalty payment to the Defendants. It claims to have more than twelve (12) million subscribers and generates in excess of one (1) billion dollars in revenue each year.

503. Hulu LLC, is a joint venture with The Walt Disney Company (through Disney–ABC Television Group) (30%); 21st Century Fox (through Fox Entertainment Group) (30%); [Defendant] COMCAST (through [Defendant] NBCUniversal) (30%); and as of August 10, 2016, Time Warner (through Turner Broadcasting System) (10%, minority stake).[365]

---

[365] Source: < https://en.wikipedia.org/wiki/Hulu >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

504. As a direct result, the Plaintiff, Mr. Craven Randall Casper, has been damaged in an amount that is not easily quantifiable, but is substantial and real. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

### vii. THE DEFENDANTS' INTERNET / SOCIAL MEDIA – COMCAST, NBCUNIVERSAL, NBC, *SNL* CONTROLLED WEBSITE(S).

505. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-504* of the Original Complaint.

506. The Defendants' NBC controlled and publicly accessible website / *SNL* website domains that links to the publicized: < www.nbc.com/saturday-night-live/video/drivethru-window/3116449 >.

507. on further information and belief, Defendants' NBC SNL interstate commerce is vast, including, but not limited to, their promotion, sells and distribution of merchandise, T-shirts, hats, wearable garments, clothing, apparel, souvenirs, novelty items, custom orders, or personalized items, to DVDs to advertisements and promotional material in Defendants' controlled Internet or e-commerce platforms or in brick-and-mortar retail locations (i.e. on

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 244 of 379

information and belief examples may include: NBC Store, The Shops at NBC or the NBC Experience at Rockefeller Plaza ) (See Exhibit G and See Paragraph 278-307).

508. The need for Expedited Discovery is essential because additional Counts may have to be added, including but not limited to: cybersquatting under the federal Anticybersquatting Consumer Protection Act, pursuant to 15 U.S.C. § 1125(d) and any and all other applicable North Carolina common law. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

### viii. DEFENDANTS' INTERNET / SOCIAL MEDIA – PODCASTS

509. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-508* of the Original Complaint.

510. A Podcast is a digital audio file made available on the Internet for downloading to a computer or mobile device, typically available as a series, new installments of which can be received by subscribers automatically.

511. Given the lack of informational contact on social media, the Court can imagine people might assume the Defendants' "RANDY CANDY" is an authorized "RANDY CANDY" project by the Plaintiff, Mr. Craven Randall Casper. The Plaintiff, Mr. Craven Randall Casper, has not authorized or approved the use of "RANDY CANDY" by the Defendants.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 245 of 379

512. There could be additional, relevant damage on Internet and social media sites that the Plaintiff, Mr. Craven Randall Casper, is not even aware of, including Podcasts.

513. According to the public Twitter page SNL After Party" (@SNLPODCAST), there was a re-tweet of the post and support of podcast from advertisers and patrons. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

### ix. DEFENDANTS' SOCIAL MEDIA – APP

514. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-513* of the Original Complaint.

515. The Defendants' created an "App" designed for both iPhone and iPad with a personalized recommendation engine responds to how and what one watches. The more one interacts, the more the app caters to that individual's preferences. On the Defendants' site, it sates: "further, the free pack includes 90 exclusive STICKERS[366] like Drunk Uncle, Matt Foley, the Coneheads and more! Use in text messages in the native Messages app."[367] The Plaintiff, Mr.

---

[366] A sticker is a detailed illustration of a person or character that represents an emotion or action that is a mix of cartoons and Japanese smiley-like "emoji's". Stickers have more variety than emoticons and have a basis from internet "reaction face" culture due to their ability to portray body language with a facial reaction. Stickers are commonly downloadable for free, while online stores provide wider alternatives for a price. Sticker may be devoted to specific themes, characters, as well as popular brands and media franchises.

[367] Source: < https://itunes.apple.com/us/app/snl-the-official-saturday-night-live-app-on-nbc/id949622036?mt=8 > and < https://www.nbc.com/saturday-night-live/exclusives/snl-app >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Craven Randall Casper, does not know at this time if a "RANDY CANDY" sticker was or has been created; however, anyone can search for "RANDY CANDY". Given the lack of informational contact on social media, the Court can imagine people might assume the Defendants' "RANDY CANDY" is an authorized "RANDY CANDY" project by the Plaintiff, Mr. Craven Randall Casper. The Plaintiff, Mr. Craven Randall Casper, has not authorized or approved the use of "RANDY CANDY" by the Defendants (*See Paragraphs 493-494*). The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.



516.                                                                                          368

**Illustration 53:**

368  Source: < https://www.nbc.com/saturday-night-live/exclusives/snl-app >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 247 of 367

Screenshot of the Infringing Defendant's developed and controlled "*SNL APP*" and "RANDY CANDY" search creating an Example of Public Confusion (red highlighting added).



517.

**Illustration 54** and **Illustration 55:**

---

[369] Download the Defendants' APP in the Apple iTunes Store or on Google Play. Source: < https://www.nbc.com/saturday-night-live/exclusives/snl-app >.

[370] Download the Defendants' APP in the Apple iTunes Store or on Google Play. Source: < https://www.nbc.com/saturday-night-live/exclusives/snl-app >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Screenshot of the Infringing Defendant's developed and controlled "*SNL* APP" and "RANDY CANDY" search creating an Example of Public Confusion (red highlighting added).

### x.  DEFENDANTS' INTERNET / SOCIAL MEDIA – UNKNOWN

518.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-517* of the Original Complaint.

519.    There could be additional damage on the Dark Web, Internet and social media sites that the Plaintiff, Mr. Craven Randall Casper, is not even aware of, including the Defendants' NBC *SNL* Snapchat Stories Channel, Podcasts, and creation of "STICKERS"[371] potentially expanded into other languages, syndicated and reached the farthest, taboo or darkest corners of the web.

520.    The Defendants' NBC *SNL* is on Snapchat, and Plaintiff, Mr. Craven Randall Casper, does not know what was posted (*See Paragraph XXX*). The discovery process is so critical

---

[371] A sticker is a detailed illustration of a person or character that represents an emotion or action that is a mix of cartoons and Japanese smiley-like "emoji's". Stickers have more variety than emoticons and have a basis from internet "reaction face" culture due to their ability to portray body language with a facial reaction. Stickers are commonly downloadable for free, while online stores provide wider alternatives for a price. Sticker may be devoted to specific themes, characters, as well as popular brands and media franchises.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 249 of 379

and Plaintiff, Mr. Craven Randall Casper, must be granted an Opportunity to explore other ways in which the Defendants have used or expanded the use or intend to expand the use of "RANDY CANDY" on the Internet and social media platforms. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

521.    This Third Cause of Action detailed herein (*Paragraphs xx – xx*) has caused confusion and a Preliminary Injunction weighs in favor of the Plaintiff, Mr. Craven Randall Casper

522.    Please see the chart below for graphical analysis of the connectivity of the Defendants' and the volume of damage accomplished by followers or viewers to the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY".

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Defendants' Controlled Internet / Social Media Accounts | Defendants' Followers / Subscribers | Potential Defendants' Viewership of "RANDY CANDY" |
|---|---|---|
| YouTube | ▮ | |
| Twitter | | Unknown |
| GIPHY / GIF FILES - 3.8 Billion Uploads | Unknown | |
| Facebook | | ▮ |
| Instagram | Unknown | Unknown |
| HULU | Unknown | Unknown |
| Podcasts | Unknown | Unknown |
| NBC SNL APP | Unknown | Unknown |
| NBC SNL APP STICKERS | Unknown | Unknown |
| Defendants' Controlled WEBSITES | Unknown | Unknown |
| NBC SNL SNAPCHAT Account | Unknown | Unknown |
| VineLoops - 207 Million | Unknown | ▮ |
| Other / Unknown / Expedited Discovery | Unknown | Unknown |

*Note: On information and belief, as of September 5, 2017, from Defendant's public profiles.*
*Note: VineLoops estimates YouTube impact at 207 million.*
*Note: There have been 3.8 billion Views of the SNL GIPHY Account or GIF FILES.*

**Note: In the ANSWER, the Defendants' should provide this Court and the Plaintiff, Mi Craven Randall Casper, with a complete chart. There is a need for Discovery if the Defendants fail to provide this information in their ANSWER due in 21 days.**

523.    Given the lack of informational contact on social media, the Court can imagine

people might assume this is an authorized "RANDY CANDY" project by the Plaintiff, Mr.

Craven Randall Casper.  The Plaintiff, Mr. Craven Randall Casper, has not authorized or approved

the use of "RANDY CANDY" by the Defendants.

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

524.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-523* of the Original Complaint.

525.    The Defendants' "RANDY CANDY" has been viewed and re-aired in excess of tens of millions of time through various mediums including on television, re-aired on television, online, on social media platforms, in Internet search results, in print and verbally discussed.

526.    As of the date of this Complaint, the Defendants' effects of the misuse of "RANDY CANDY" are compounding, while they continue to profit to the tune of tens of millions of dollars, and that figure is increasing exponentially on a daily basis.

527.    At a Jury Trial in the State of North Carolina, there must be consideration given to the myriad of ways the Plaintiff, Mr. Craven Randall Casper, has suffered significant losses, including absolute destruction to the re-sale value of the "RANDY CANDY" Lifestyle Brand.

528.    It will take the Plaintiff, Mr. Craven Randall Casper, thousands of hours and hundreds of thousands of dollars to defend, repair and restore the reputation of *his* federal registered Trademark: "RANDY CANDY". The Defendants' willful Trademark Infringement's destruction were unlawful and the significant footprint so vast on the Internet, that even spending hundreds of thousands of dollars and thousands of billable hours, including, but not limited to:

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 252 of 379

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 252 of 367

writing articles, content and profiles, the Defendants' Trademark Infringement of "RANDY CANDY" may never fully go away or be repaired.

529.    The Plaintiff, Mr. Craven Randall Casper, has spent thousands of hours over the course of many years working to building a positive, charming Lifestyle brand, with a socially responsible component – charity), and protect the federal Trademark: "RANDY CANDY". These thousands of hours represent millions of dollars, which is now destroyed value. This has resulted in significant financial losses for the Plaintiff, Mr. Craven Randall Casper.

530.    Furthermore, this Original Complaint took the Plaintiff, Mr. Craven Randall Casper, three hundred (300) hours over the course of several months to research and write at a total cost of sixty-one thousand eight hundred dollars ($61,800), excluding the initial four hundred-dollar ($400) filing fee (*See Paragraph 9*).

531.    After receiving multiple requests to Cease and Desist its infringing and misleading conduct and *hate speech*, the Plaintiff, Mr. Craven Randall Casper, and threated litigation, for the activities continued; yet the, more egregiously, the Defendants expanded their use (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*). The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

532.    As a result of the Defendants' use of the "RANDY CANDY" federal registered Trademark and their misleading and fraudulent behavior, described further below, consumers have been and will likely continue to be confused that the Defendants and/or their products,

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 253 of 379

goods, services, advertising and/or commercial activities re made, approved, affiliated, authorized or licensed by the owner of the federal registered Trademark: RANDY CANDY," the Plaintiff, Mr. Craven Randall Casper.

533.   A plethora of actual evidence exists that potential and actual consumers and advertisers view the Defendants' NBC *SNL* "RANDY CANDY" as a commercial substitute. There are so many examples, but information incorporated herein demonstrates the Defendants' pattern of conduct that makes it abundantly clear that the Defendants' Trademark Infringement and misuse of the "RANDY CANDY" federal registered Trademark is in bad faith and in violation of federal and common law.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

# VII.

## DEMAND FOR ACCOUNTING: AUDIT DEMAND

### RANDY CANDY

534.     The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-533* of the Original Complaint.

535.     Defendants' unauthorized use of the registered federal Trademark: "RANDY CANDY" causes confusion or mistake among perspective or actual customers and advertisers, in violation of Section 32 of the Lanham Act.     Further, such unauthorized use constitutes infringement of the Plaintiff, Mr. Craven Randall Casper's, Trademark rights.

536.     As a result of the aforesaid acts by the Defendants, the Plaintiff, Mr. Craven Randall Casper, has suffered and continues to suffer substantial damages and irreparable injury. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law, and unless the Defendants are restrained and enjoined by this Court, said acts will be continued and will continue to cause damage and irreparable injury to the Plaintiff, Mr. Craven Randall Casper, and to damage the Plaintiff, Mr. Craven Randall Casper's, goodwill and business reputation for the federal registered Trademark: "RANDY CANDY".

537.     In pertinent part, the Audit Demand serves:

> a. To inspect, audit, check and make copies of the Defendants' books, records, journals, orders, receipts, emails, any correspondence and other data relating

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 255 of 379

to your Business or any transactions, including the books and records, including online or social media accounts or digital platforms or archives, of any Related Party where the federal registered Trademark: "RANDY CANDY" was used in connection with Related Party's business, services, commercial activities and/or or advertising; and

b. To verify any portion of the Defendants' records of Business or any Excluded Business as the Plaintiff, Mr. Craven Randall Casper, may deem reasonable under the circumstances, including prompt response within seven (7) business days to any post-audit request for additional information.

538. On information and belief, the Defendants have acted knowingly and willfully, with full knowledge of the likelihood of confusion, and with the intent to deceive perspective or actual consumers and advertisers in order to trade off the promotional efforts and earned goodwill and reputation of the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY". On information and belief, the Defendants have acted in disregard for the Plaintiff, Mr. Craven Randall Casper's, rights.

539. As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against each Defendant.

540. The Plaintiff, Mr. Craven Randall Casper, is not entitled by statute to an award of attorneys' fees and costs incurred in having to institute this legal action, but as an entrepreneurial

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 256 of 379

and creative American businessman, the Plaintiff, Mr. Craven Randall Casper, prays to the Court to give serious consideration to the order of magnitude and resources that have been squandered in an effort to seek relief in the United States of America.

541.    The Defendants' conduct is knowing, intentional, wanton, willful, malicious, and oppressive, and thus warrants this case being designated as exceptional under 15 U.S.C. §§ 1117, and the imposition of treble damages against them.

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

# VIII.

## REQUEST FOR EXPEDITED DISCOVERY

### "RANDY CANDY"

542.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-541* of the Original Complaint.

543.    The Plaintiff, Mr. Craven Randall Casper, further requests that the Court order Expedited Discovery to be conducted prior to a hearing for a Preliminary Injunction (*See Paragraphs 545-717*), and that all responses to the Expedited Discovery requests, including depositions, be concluded at least four (4) days prior to the date of the Preliminary Injunction hearing.

544.    Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, the Court may modify Discovery procedures and limitations if there is good cause, and if the modification is not specifically prohibited by some other rule.  The critical need for Discovery and the imminence of the hearing on Plaintiff, Mr., Craven Randall Casper's, Application for Preliminary Injunction constitute good cause under to permit Expedited Discovery.  Therefore, the following Expedited Discovery Schedule should be approved:

   a.  The parties may serve no more than ten (10) Interrogatories and twenty (20) Requests for Production to each of the other parties.  Service must be effected through personal service, email, facsimile, or overnight delivery.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

b. The responding party must serve written responses and any objections to the Interrogatories and Requests for Production such that the requesting party receives the responses or objections within seven (7) calendar days after the date of service of the Interrogatories and Requests for Production. No extra time for service will be provided.

c. In response to Requests for Production, the responding party must produce all non-privileged responsive documents and materials such that the requesting party receives the documents within seven (7) calendar days after the date of service of the Requests for Production. No extra time for service will be provided.

d. If the responding party withholds any documents or information on the basis of privilege, the responding party must comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure, and, without any request by the requesting party, provide the information set forth therein such that the requesting party receives such information within seven (7) calendar days after the date of service of the Interrogatories or Requests for Production. No extra time for service will be provided.

e. Each side may depose each of the other parties to this suit and may take up to twenty-five (25) depositions including, but not limited to the following

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 259 of 379

executives, associates or businesses: Mr. Lorne Michaels; Chairman [Chairperson] of NBCUniversal Advertising Sales & Client Partnerships is Mrs. Linda Yaccarino; 3G Capital / *BURGER KING*® Executives, *BURGER KING*® franchisees, Mrs. Deidre Richardson, Esq., Mr. Bruno Mars, Mr. Robert "Bobby" Moynihan , FRITO-LAY® Executives, the Coca-Cola® Company Executives, Mars Incorporated, Apple (*See Paragraph 117 and Paragraph 267*), and Mrs. Marni Beck Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, and Defendant. Any deposition may occur after three (3) calendar days' written notice thereof served by personal service, email, facsimile, or overnight delivery. No extra time for service will be provided.

f. The parties may set any hearings on a Motion to Compel by providing the other party or parties with at least three (3) days' written notice thereof served by personal service, facsimile, or overnight delivery via certified U.S. Mail or U.S. Priority Mail. No extra time for service will be provided. Email will not be permitted.

[remainder of page intentionally left blank]

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

# IX.

## REQUEST FOR PRELIMINARY INJUNCTION

### "RANDY CANDY"

545.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-544* of the Original Complaint.

546.    In the federal Courts, Preliminary Injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure.

547.    Federal Courts have a responsibility to the United States and the members of the general public to stop any actual or likely confusion that is created when someone else uses a similar name. Legal protections for federal registered Trademarks not only help protect the goodwill and reputation of federal Trademark owners, but also promote fair competition and the integrity of the marketplace. Additionally, they protect consumers by helping to ensure they receive accurate information about the origins of products and services.

548.    The Plaintiff, Mr. Craven Randall Casper, prays to the Court to grant a Preliminary Injunction to stop the use of the federal registered Trademark, "RANDY CANDY," by the Defendants.

549.    The business, goodwill and/or reputation that the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark, "RANDY CANDY," has developed is at risk.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

550. For several months prior to the filing of this Original Complaint, and, as of the filing of this Original Complaint, the Defendants are intentionally profiting from the use of the federal registered Trademark: "RANDY CANDY" (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*). This is distasteful and objectionable and disruptive to the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" (*See Paragraphs 119-127 and See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

551. As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, respectfully requests the Court expedite the Conference at the earliest possible time, taking precedence over all other matters, to grant a Preliminary Injunction, and further, respectfully requests Expedited Discovery (*See VIII: Request for Expedited Discovery, Paragraphs 542-544, a-f*). As a result of the aforesaid acts by the Defendants, the Plaintiff, Mr. Craven Randall Casper, has suffered and continues to suffer substantial damages and irreparable injury. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law, and unless the Defendants are restrained and enjoined by this Court, said acts will be continued and will continue to cause damages and irreparable injury to the Plaintiff, Mr. Craven Randall Casper, and to damage the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" federal registered Trademark, goodwill and/or business reputation. Because of the threatened continuation of loss

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 262 of 379

of potential or actual customers and advertisers, and due to the Defendants' use of "RANDY CANDY," the precise amount of its damages cannot be ascertained at this time.

552. The Lanham Act empowers Federal Courts to enjoin activity that infringes federally registered Trademarks. *See* 15 U.S.C. § 1116. This emergency relief must be granted because the Plaintiff, Mr. Craven Randall Casper: (1) owns the incontestable federal registered Trademark: "RANDY CANDY"; (2) is suffering irreparable injury; and, (3) the Plaintiff, Mr. Craven Randall Casper, will be able to successfully defend his federal registered Trademark during a Jury Trial in the State of North Carolina.

553. The Plaintiff, Mr. Craven Randall Casper, owns the incontestable federal registered Trademark: "RANDY CANDY" (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

554. The Defendants have failed to acknowledge, comply, discuss or adhere to multiple Trademark Infringement and Cease and Desist Demand Letters and other Notices issued by the Plaintiff, Mr. Craven Randall Casper, (*See Exhibit A*); and therefore, the Plaintiff, Mr. Craven Randall Casper's, hand has been forced to file an Original Complaint in the United States District Court for the Middle District of the State of North Carolina (Southern District) (*See Paragraph 14*).

555. A Preliminary Injunction is an immediate issue due to the order of magnitude including, but not limited to: print, print advertising, video content, photographs, products,

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

advertisements and promotional materials, merchandise, apparel, websites, domains, Internet or social media accounts or posts, digital platforms and accounts, other products or materials, commercial activities or markets or in any and all forms or sources that generate revenue for the Defendants.

556.    Trademark Infringement has caused and will continue to cause irreparable injury and damage to the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" business, reputation and goodwill as further explained herein.

557.    Both a balancing of the equities and the public interest favor granting injunctive relief for the Plaintiff, Mr. Craven Randall Casper.  The Court should order the Defendants to cease, within twenty-one (21) calendar days, interstate profit centers, namely advertising revenue, including airing re-runs, syndication, or translation of the October 15, 2016, [the Defendants'] *SNL* episode, and removing any reference of "RANDY CANDY" from all Defendant controlled Internet, social media accounts sites or digital archives or other affiliate or Defendant accounts, which are presently unknown.

558.    "[A]s a matter of policy, Trademarks should be protected against infringing uses." *See Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 115 (1st Cir. 2006).  Thus, in Trademark cases, the public interest almost always favors granting otherwise appropriate injunctions. *Fritz*, 944 F. Supp. at 97 (citing *Concrete Mach. Co. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 612 (1st Cir. 1988)).  The Plaintiff, Mr. Craven Randall Casper, has

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

demonstrated a likelihood of consumer confusion, and that showing "is enough to place the weight of public interest concerns in favor of granting the injunction." *Boustany v. Boston Dental Grp., Inc.*, 42 F. Supp. 2d 100, 113 (D. Mass. 1999).

A. **ARGUMENT FOR PRELIMINARY INJUNCTION.**

559.    To obtain a Preliminary Injunction, the Plaintiff, Mr. Craven Randall Casper, must show four factors in a four-part inquiry: (1) a likelihood of success on the merits; (2) a risk of irreparable harm to the Plaintiff, Mr. Craven Randall Casper, if the injunction is not issued; (3) the balance of equities favors an injunction; and (4) the public's interest will not be adversely affected by granting an injunction. *See, e.g., Commerce Bank & Trust Co. v. TD Banknorth, Inc.*, 554 F. Supp. 2d 77, 83 (D. Mass. 2008). "The *sine qua none* of this four-part inquiry is likelihood of success on the merits." *New Comm. Wireless Servs. v. SprintCom, Inc.*, 287 F.3d 1,9 (1st Cir. 2002). This is particularly true when the movant [the Plaintiff, Mr. Craven Randall Casper] seeks a Preliminary Injunction on the basis of a Trademark claim, since irreparable harm generally follows from Infringement. *See Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 115 (1st Cir. 2006).

i.    **PLAINTIFF, MR. CRAVEN RANDALL CASPER, IS ENTITLED TO A PRELIMINARY INJUNCTION ENJOINING THE DEFENDANTS' UNAUTHORIZED USE OF "RANDY CANDY".**

560.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-559* of the Original Complaint.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

561.    This "RANDY CANDY" claim is for Trademark Infringement under the laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a).

562.    Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

563.    Despite the Plaintiff, Mr. Craven Randall Casper's, numerous warnings and demands to the Defendants to Cease and Desist their unauthorized activities, the Defendants' continue to use the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" alleged in this Original Complaint.  The Defendants' actions to date, especially their continued use of the federal registered Trademark: "RANDY CANDY," despite notice of the unlawfulness of their conduct, constitutes intentional violations of the Lanham Act and other applicable common law.

564.    The Defendants have used reproductions of one or more of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark in connection with the advertising, sale, offering for sale and/or distribution of goods, products, services, advertising and/or commercial activities for their own financial gain.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 266 of 379

565. Furthermore, there is a substantial likelihood that the Plaintiff, Mr. Craven Randall Casper, will prevail on the merits. The Defendants do not have any right to use "RANDY CANDY". The *hate speech* (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*). The homophobia (*See Paragraphs 118 and Paragraph 236, and Paragraph 382*). The confusion. This is all unnecessary. If the acts are somehow permitted to continue, the Plaintiff, Mr. Craven Randall Casper, will be further damaged in an amount to be alleged when additional damages have been determined in this Court or another or in any and all future litigation (*See Paragraph 11 and Paragraph 77* ).

566. The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A and See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

567. It is uncontested that "RANDY CANDY" is a federal registered Trademark (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*). All are valid and distinctive. *See Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F.2d 154, 161 n.12 (1st Cir. 1977).

568. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law to address injuries except via a Preliminary Injunction. The Plaintiff, Mr. Craven Randall Casper, is currently underprotected. A third party's infringement, such as the case with the Defendants, could lead to the finding that the Trademark owner, the Plaintiff, Mr. Craven Randall Casper, had

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

abandoned certain uses of the "RANDY CANDY" Trademark, and could hamper its ability to later expand the "RANDY CANDY" Trademark's use to identify additional goods, products, services or commercial activities or the Plaintiff, Mr. Craven Randall Casper, could also lose other Trademark applications with the USPTO (*See Paragraphs 49-96*).

569. This first factor of the four-part inquiry, therefore, weighs strongly in the Plaintiff, Mr. Craven Randall Casper's, favor.

      ii. **PLAINTIFF, MR. CRAVEN RANDALL CASPER, HAS A REASONABLE LIKELIHOOD OF SUCCEEDING ON THE MERITS OF ITS FEDEARL REGISTERED "RANDY CANDY" TRADEMARK INFRINGEMENT CLAIM UNDER THE LANHAM ACT.**

570. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-569* of the Original Complaint.

571. In order for the Plaintiff, Mr. Craven Randall Casper, to prevail on its claim of Trademark Infringement, it must show that: (1) the Plaintiff, Mr. Craven Randall Casper, owns a valid Trademark (*See Exhibit A*); and (2) the Defendants' use of a similar name or Trademark is likely to confuse the consumer. *See Star Fin. Servs., Inc. v. AASTAR Mort. Corp.*, 89 F.3d 5, 9 (1st Cir. 1996) (citations omitted). The Plaintiff, Mr. Craven Randall Casper, proved he is the Trademark owner and easily demonstrates a likelihood of confusion arising from the Defendants' use of confusingly similar names and Trademarks for "RANDY CANDY" (*See Exhibit A and See Paragraphs 49-96 and Paragraph 113 and Paragraph 424*).

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

572.    This second factor of the four-part inquiry, therefore, weighs strongly in the Plaintiff, Mr. Craven Randall Casper's, favor.

### iii.    "RANDY CANDY" IS A VALID FEDERAL REGISTERED TRADEMARK.

573.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-572* of the Original Complaint.

574.    A federal Trademark was awarded on October 15, 2013, by the United States Patent and Trademark Office (USPTO) for "RANDY CANDY" to the Plaintiff, Mr. Craven Randall Casper, which is public record and attached as (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96) and Exhibits A and B*.

575.    The Plaintiff, Mr. Craven Randall Casper, is the owner of the federal registered Trademark: "RANDY CANDY".

| Registration No. | Federal Registered Trademark | Registration Date |
|---|---|---|
| 4418324 | RANDY CANDY | Tuesday, October 15, 2013 |

576.    Registration is "*prima facie* evidence of the validity of the registered Trademark." 15 U.S.C. § 1115(a); *Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F.2d 154, 161 n.12 (1st Cir. 1977) (explaining that "registration is *prima facie* evidence that the . . . Trademark is distinctive *per se*"). The holder of a federal registered Trademark is entitled to a presumption that its Trademark (i.e. "RANDY CANDY") is *distinctive*, *i.e.*, strong. *See* 15 U.S.C. § 1115(a); *Borinquen*, 443 F.3d at 120. If the federal registered Trademark has become incontestable

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

through the owner's compliance with the applicable statutory formalities, as is the case here, the presumption is conclusive. *See* 15 U.S.C. § 1115(b); *Borinquen*, 443 F.3d at 115.

577.   In further accordance with Sections 7(b), 22, and 33(a) of the Lanham Act, Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" registrations constitute *prima facie* evidence of the validity of the federal registered Trademarks, the Plaintiff, Mr. Craven Randall Casper's, ownership of the Trademark shown in said registration, and the Plaintiff, Mr. Craven Randall Casper's, *exclusive* right to use the Trademark "RANDY CANDY" in interstate commerce in connection with the goods, services, products, business, advertising and/or commercial activities named therein, without condition or limitation (*see Exhibits A-D*).   Since 2013, Plaintiff, Mr. Craven Randall Casper, has owned and consistently and substantially used the federal registered Trademark "RANDY CANDY" in interstate commerce.   In summary, the Plaintiff, Mr. Craven Randall Casper, has used in interstate commerce, the federal registered Trademark "RANDY CANDY" since a date prior to Defendants' use (junior user).   This also establishes that the Plaintiff, Mr. Craven Randall Casper, has a valid, incontestable federal registered Trademark: "RANDY CANDY".   *See Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 26-27 (1st Cir. 1989).

578.   Based on the foregoing, the Plaintiff, Mr. Craven Randall Casper, owns a valid, incontestable, strong, federal registered Trademark: "RANDY CANDY" (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-86* and *Exhibits A-B*).

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

579.    Finally, and most importantly, in the first of two letters dated June 1, 2017, from the Defendants' counsel, Mrs. Marni Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, stated in a written letter to the Plaintiff, Mr. Craven Randall Casper, that "We [the Defendants] do not dispute for the purposes of this letter that you have a valid Trademark registration for "RANDY CANDY" (*See Exhibit D*).

580.    The Defendants' have therefore trampled upon Mr. Craven Randall Casper's established and lawful prior established rights in the "RANDY CANDY" federal registered Trademark, causing consumer confusion, Trademark Dilution, economic injury and irreparable harm that must be brought to a halt by a Federal Court in the State of North Carolina. *See, e.g., Commerce Bank & Trust Co. v. TD Banknorth, Inc.*, 554 F. Supp. 2d 77, 83 (D. Mass. 2008).

581.    This third factor of the four-part inquiry, therefore, weighs strongly in the Plaintiff, Mr. Craven Randall Casper's, favor.

iv.    **THERE IS A LIKELIHOOD OF CONFUSION.**

582.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-581* of the Original Complaint.

583.    Registering a federal Trademark with the United States Patent and Trademark Office (USPTO) is a crucial measure for protecting a logo or brand, its reputation, image, and even one's ability to profit in the future. That is exactly what the Plaintiff, Mr. Craven Randall Casper's, objectives were in obtaining a Trademark from the United States Patent and Trademark

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Office (USPTO) in March, 2013, for "RANDY CANDY" (*See V. Federal Trademark Statement*: *"RANDY CANDY," Paragraphs 49-96* and *Exhibits A-D*).

584. A federal registered Trademark is a protected piece of intellectual property, meaning that others [the Defendants] cannot utilize the registered brand name or logo, benefitting from the brand recognition and positive reputation. As a result, there is a need for a Court approved and directed forensic accountant to ascertain the precise revenue generated by the Defendants, including, but not limited to: merchandise, traditional advertisers, sponsored content, client partnerships, branded content, product integration, product tie-ins, product placement, collaboration, and/or from advertisers who partner with the Defendants.

585. Likelihood of confusion as to sponsorship or endorsement is actionable under the Lanham Act. See 15 U.S.C. § 1125(a)(1)(A) (imposing liability for using a Trademark in a manner likely to cause confusion "as to the origin, sponsorship, or approval" of goods by another person); *See TEC Eng'g Corp. v. Budget Molders Supply, Inc.*, 927 F. Supp. 528, 534-35 (D. Mass. 1996) (observing that the key element in any infringement action is likelihood of confusion as to source or sponsorship of the goods). Courts are generally in agreement that likelihood of confusion extends beyond simply source confusion to include confusion as to sponsorship, affiliation, endorsement, or connection. *See* 4 Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 24:6 (4th ed. 2008).

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

586.    The relevant public has believed and is likely to believe the Defendant's "RANDY CANDY" originates with, is licensed by, sponsored by, connected with, or associated with the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY". The Defendants' unauthorized use of the infringing Trademark falsely represent the Defendants as being legitimately connected with the Plaintiff, Mr. Craven Randall Casper, and places the federal registered Trademark's reputation beyond the Plaintiff, Mr. Craven Randall Casper's, control.

587.    Actual and potential confusion exists in the public belief this is a "RANDY CANDY" approved project, an individual or collaborative artistic enterprise, possibly involving research or design, that was carefully planned, to achieve a particular aim, which, in fact, the Plaintiff, Mr. Craven Randall Casper, had no knowledge of and did not authorize or approve or profit from. *See* 4 Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 24:6 (4th ed. 2008).

588.    The legal doctrine of "Reverse Confusion" is intended to enable small, senior users (i.e. Mr. Craven Randall Casper) to protect his federal Trademark registration rights against larger companies. "Reverse Confusion" occurs when more powerful companies, such as the Defendants' use the federal registered Trademark of a smaller, less powerful, senior user, such as "RANDY CANDY" or the Plaintiff, Mr. Craven Randall Casper, without permission. Thus, the smaller company is hampered in developing its own senior Trademarks, as consumers will assume it is *he* who is the infringer, not *vice versa*.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

589.    Further, the Defendants have themselves sought to register and have successfully registered hundreds, if not thousands, of federal Trademarks, Patents, and/or business names.

590.    Either the Defendants' knew about the Plaintiff, Mr. Craven Randall Casper's, established rights and federal registered Trademark: "RANDY CANDY", or they were careless, and failed to conduct ordinary due diligence to search for the federal registered Trademark before creating and broadcasting their use of "RANDY CANDY" on multiple mediums and profiting, and the Defendants should release to the public any policies or procedures that existed in October, 2016, to search and verify Trademarks, Patents and/or business names, which to date, they have refused to do through their counsel, Mrs. Marni Beck Pedorella, Esq.

591.    The Plaintiff, Mr. Craven Randall Casper, is overwhelmed by the size of the Defendants and *their* reach.

592.    The Plaintiff, Mr. Craven Randall Casper, is underprotected; however, priority is not at issue in view of the Plaintiff, Mr. Craven Randall Casper's, (senior position) and ownership of the valid and subsisting registrations noted above and identified therein. *See King Candy, Inc. v. Eunice King's Kitchen, Inc.*, 496 F.2d 1400, 182 USPQ 108 (CCPA 1974).

593.    Finally, and most importantly, on June 1, 2017, Mrs. Marni Pedorella, Esq., Senior Vice President, Legal Affairs, NBC Entertainment, stated in a written letter to the Plaintiff, Mr. Craven Randall Casper, that, in pertinent part, "We [the Defendants] do not dispute for the

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

purposes of this letter that you have a valid Trademark registration for "RANDY CANDY" (*See Exhibit D*).

594.    The Defendants' unauthorized use of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" (senior user) creates a false association between the Defendants' uses of "RANDY CANDY" (junior user). It tends to cause confusion, mistake or deception among potential or actual consumers and advertisers as to the source, image, quality and nature of their products, goods, services and/or commercial activities. *See* 4 Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 24:6 (4th ed. 2008).

595.    A wealth of additional evidence, consumer survey evidence and testimony will be used at the North Carolina Jury Trial.

596.    "Intimately similar" depiction of a valid Trademark constitutes Trademark Infringement and issuing an injunction is critical (*See Paragraphs 113 and 424*). *See,* e.g., *Dallas Cowboys Cheerleaders. Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200 (2d Cir. 1979) and *See Volkswagenwerk Aktiengesellschaft v. Wheeler*, 814 F.2d 812, 817 (1st Cir. 1987).

597.    It is enough that the public believes the owner of the Trademark sponsored, approved, authorized or collaborated on the Defendants' use of the "RANDY CANDY" Trademark to satisfy the confusion requirement. This will be supported during a Jury Trial in North Carolina with consumer survey evidence and testimony.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

598. The likelihood of confusion generated by the Defendants' use of "RANDY CANDY," long after the Plaintiff, Mr. Craven Randall Casper's, first use, marketing and registration of "RANDY CANDY is readily established under this eight-factor test. Confusion is especially likely in light of the facts that: (1) Defendants' use completely incorporates the Plaintiff, Mr. Craven Randall Casper's federal registered Trademark: "RANDY CANDY" (*See Paragraph 113 and Paragraph 424*); (2) the Defendants' use of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" has generated millions of dollars of advertising revenue, for the Defendants, through multiple and complicated profit centers; and (3) the wide dissemination in the market serves as a substitute for the original "RANDY CANDY" and causes confusion and the public's belief that the "RANDY CANDY" Trademark's owner, the Plaintiff, Mr. Craven Randall Casper, sponsored or otherwise approved, authorized, sponsored, endorsed and/or collaborated with the Defendants' use of the federal registered Trademark: "RANDY CANDY," or that this is a "RANDY CANDY" project whereby satisfying the confusion requirement. The unauthorized use and manipulation of Internet sites and social media platforms leaves a vast footprint that has had an adverse effect, including, but not limited to, on the Plaintiff, Mr. Craven Randall Casper's, business, goodwill, revenue, value and/or destroyed value. The Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: (1) "RANDY CANDY" and the Defendants' "RANDY CANDY" do cover the same category of apparel or merchandise within Class IC 025. US 022 039; (2) More egregiously, the

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 276 of 379

Defendants' promote unwholesome content, and are promoting, at a minimum, *hate* speech (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*) or homophobia (*See Paragraphs 118 and Paragraph 236, Paragraph 382 and Paragraph 565*), which transcends any USPTO Class, and venture into criminal activities. Further, in direct violation of Section 32 of the Lanham Act, the Defendants' unauthorized use of the federal registered Trademark: "RANDY CANDY" causes confusion or mistake among perspective or actual customers.

599. Despite that the Defendants' misuse and potential criminal activities transcend any USPTO Class, the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: (1) "RANDY CANDY" and the Defendants' "RANDY CANDY" do cover the same category of apparel or merchandise within Class IC 025. US 022 039.

600. The Plaintiff, Mr. Craven Randall Casper, desires a written statement as a portion of the Defendants' Answer from each Defendant stating, under oath with the penalty of perjury,[372] that they have in no manner, and never have, engaged in commerce, interstate commerce or advertising of "RANDY CANDY" or any goods, services, product(s), and/or other commercial activities.

---

[372] State and federal penalties for perjury include fines and/or prison terms upon conviction. Federal law (18 U.S.C. § 1621), for example, states that anyone found guilty of the crime will be fined or imprisoned for up to five years.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

601. (4) Both the Defendants' and the Plaintiff, Mr. Craven Randall Casper, engage in advertising, products, goods, services and/or commercial activities which are sold in the same channels of commerce; and (5) the Defendants' illegal and unauthorized use of "RANDY CANDY" suggests an intent to springboard off the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark "RANDY CANDY". Actual evidence exists that potential and actual consumers and advertisers view the Defendants' NBC *SNL* "RANDY CANDY" as a commercial substitute. There are so many examples, which will be colorfully presented at Trial by Jury in the State of North Carolina, but illustrations and information incorporated herein demonstrates the Defendants' pattern of conduct that makes it abundantly clear that the Defendants' Trademark Infringement and misuse of the "RANDY CANDY" federal registered Trademark is in bad faith and in violation of federal and common law.

602. Because of the Defendants' use of the "RANDY CANDY" federal registered Trademark and their misleading and fraudulent behavior, described further below, consumers have been and will likely continue to be confused that the Defendants and/or their products and services or advertising or endorsements are made, approved, affiliated, employed or licensed by the owner of the federal registered Trademark: "RANDY CANDY," the Plaintiff, Mr. Craven Randall Casper.

**[remainder of page intentionally left blank]**

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

603. On information and belief, there is further evidence of consumer confusion. On the Defendants' NBC *SNL* YouTube controlled channel, "Stevie Wonder" writes: "**PRODUCT PLACEMENT**" (*See Paragraphs 256-257 and Paragraph 260*).



604.

[373] Source: < https://www.youtube.com/watch?v=Eh8Fet_YMEk >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

**Illustration 56: Screenshot of Examples of Actual Consumer Confusion in the Defendants', "RANDY CANDY" (red highlighting added).[374]**

605. The Plaintiff, Mr. Craven Randall Casper, did not authorize or otherwise permit any of the Defendants to use the federal registered Trademark: "RANDY CANDY," or any other confusingly similar or dilutive variations thereof, to confuse, deceive, and mislead consumers, and to dilute the fame and distinctiveness of the Plaintiff, Mr. Craven Randall Casper's, charming Lifestyle brand. Thus, one or more of the Defendants' actions have been and continue to be willful and intentional acts intending to trade on the reputation and goodwill cause confusion.

606. On further information and belief, on the Defendants' NBC *SNL* YouTube controlled channel, "Mr. John Drohan" responds the Defendant's "party", "Not quite 'NO COKE … PEPSI', is it!" a reference to "Enjoy Cocaine" (*See Paragraphs 172-174*). *See Coca-Cola Co. v. Gemini Rising, Inc.*, 346 F. Supp. 1183 (E.D.N.Y. 1972). Similarly, posters and T-shirts bearing the logo "Enjoy Cocaine" were found to violate the rights of Coca-Cola in the slogan "Enjoy Coca-Cola". The Defendants' have, at a minimum, created so much confusion with "RANDY CANDY," *BURGER KING*®, Bruno Mars, *"24K Magic,* the Coca-Cola®, and *PEPSICO, INC.*

---

[374] Source: < https://www.facebook.com/search/top/?q=Craven%20Randall%20Casper%20randy%20candy >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

607. This fourth factor of the four-part inquiry, therefore, weighs strongly in the Plaintiff, Mr. Craven Randall Casper's, favor.

**B.** **FURTHER ARGUMENT FOR PRELIMINARY INJUNCTION USING THE EIGHT-FACTOR TEST FOR TRADEMARK INFRINGEMENT.**

**1.** **THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ARGUMENT FOR THE EIGHT-FACTOR TEST FOR TRADEMARK INFRINGEMENT.**

608. The eight-factor test for Trademark Infringement is the likelihood of consumer confusion. In determining whether a Trademark presents a likelihood of confusion, Courts consider each of eight factors:

(1) the similarity of the Trademarks;

(2) the similarity of the market substitution advertising, products, goods, services, and/or other commercial activities;

(3) the relationship between the parties' channels of trade, and wide dissemination in the market serves as a substitute for the original "RANDY CANDY";

(4) the relationship / juxtaposition between the parties' advertising;

(5) the classes of prospective advertisers or purchasers;

(6) evidence of actual confusion;

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

(7) the Defendant's [the junior user] intent in adopting its Trademark; and

(8) the strength of the Plaintiff, Mr. Craven Randall Casper's [senior user], federal registered Trademark: "RANDY CANDY".

*See Astra Pharm. Prods., Inc. v. Beckman Instruments, Inc.*, 718 F.2d 1201, 1205 (1st Cir. 1983). In weighing these criteria, "[no] one factor is necessarily determinative, but each must be considered" by the court in assessing the likelihood of confusion "on the whole." *See Volkswagenwerk Aktiengesellschaft v. Wheeler*, 814 F.2d 812, 817 (1st Cir1987); and *See Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 487 (1st Cir. 1981). All factors "must be evaluated in context, [and] any meaningful inquiry into the likelihood of confusion necessarily must replicate the circumstances in which the ordinary consumer actually confronts (or probably will confront) the conflicting mark." *See Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr.*, 103 F.3d 196, 201 (1st Cir. 1996).

609. The eight-factor test for Trademark Infringement is the likelihood of consumer confusion. In determining whether a Trademark presents a likelihood of confusion, Courts consider or consult each of the following eight factors in favor of the Plaintiff, Mr. Craven Randall Casper:

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

**(1) THE PLANTIFF, MR. CRAVEN RANDALL CASPER'S, "RANDY CANDY" FEDERAL REGISTERED TRADEMARK AND DEFENDANT'S "RANDY CANDY" ARE VIRTUALLY IDENTICAL.**

610. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-609* of the Original Complaint.

611. The Plaintiff, Mr. Craven Randall Casper, owns the incontestable Trademark Registrations on the USPTO Principal Register for "RANDY CANDY" and Design (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*) and (*See Exhibit A*). "RANDY CANDY" is either the sole element or the dominant component of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark (*See Paragraph 113 and Paragraph 424*) and (*See Exhibits A-D*).

612. The degree of similarity between Trademarks is determined by analyzing their sight, sound, and meaning. "[S]imilarity is determined on the basis of the total effect of the designation, rather than a comparison of individual features ..." *See Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 482, 487 (1st Cir.1981); *See also I.P. Lund Trading ApS*, 163 F.3d at 43; and *See* also *Volkswagenwerk*, 814 F.2d at 817. However, less weight is given to the generic portions of the parties' respective, composite Trademark(s). *See, e.g., Banff, Ltd. v. Federated Dep't Stores, Inc.*, 841 F.2d 486, 491 (2d Cir. 1988). The ultimate determination of whether the marks are similar should be based on "the total effect of the

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

designation, rather than a comparison of individual features." *See Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 487 (1st Cir. 1981). Moreover, Courts have routinely found that where parties use identical words in their Trademarks, the specter of confusion is raised. *See, e.g., Commerce Bank*, 554 F. Supp. 2d at 85 (noting that the words "Commerce Bank" in the respective marks are "virtually identical" and enjoining the Defendant). The Defendants' "RANDY CANDY" is very similar to the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY," a federal registered Trademark. Indeed, "RANDY CANDY" is virtually identical with no real difference to the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" (*See Paragraph 113 and Paragraph 424*).

613. The spelling, appearance, phonetic sound and number of alphabetic characters (ten (10) English letters) are exactly the same – **"RANDY CANDY"**. There is no change in spelling. There is no apostrophe. There is no question mark. There is no middle name or initial. There are no prominent public disclaimers that this is not the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: **"RANDY CANDY"**. **"RANDY CANDY"** is exactly the same and there is no question the Defendants' create confusion.

614. The Defendants' use of "RANDY CANDY" encompasses the Plaintiff, Mr. Craven Randall Casper's, entire "RANDY CANDY" federal registered Trademark and should not be permitted. The Defendants' use of the entire "RANDY CANDY" federal registered Trademark should not be excused as descriptive and "almost by definition, the equivalent of an

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 284 of 379

Infringing Trademark," (giving added weight to the fact that Defendants incorporated the Plaintiff's entire Trademark) *See The Frostie Co. v. Dr. Pepper Co.*, 341 F.2d 363, 367 (5th Cir. 1965) (See Paragraph 113 and Paragraph 424 of this Original Complaint).

615. The Defendants' "RANDY CANDY" looks and sounds confusingly similar to the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" federal registered Trademark and wrongly suggests that the Plaintiff, Mr. Craven Randall Casper, is advertising manufacturing, promoting, selling or sponsoring the Defendants' Lifestyle Brand and/or other commercial activities. Because the term "RANDY CANDY" is the term in every one of Defendants' Trademark uses, "RANDY CANDY" is the first word that will be used in search results and read by consumers of the products, goods, services and/or commercial activities identified by the federal registered Trademark: "RANDY CANDY". This evidence shows that there could be some confusion of the general public and actual evidence exists of consumer confusion, which will further be presented at the Trial by Jury in the State of North Carolina.

616. "RANDY CANDY" is the dominant feature of both Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark and Defendants' use and is, therefore, an integral component in the commercial impression that each makes, particularly the illegal and unauthorized use by the Defendants' "RANDY CANDY". Thus, the public, commercial impression of "RANDY CANDY" is confusingly similar to that created by the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY".

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 285 of 379

617. Each of the Defendants' "RANDY CANDY" uses so resembles and creates such a confusingly similar commercial impression to the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" as to be likely, when applied to Defendants' (junior user) products, goods, services, advertising and/or commercial activities, to cause confusion, mistake or deception.

618. Here, a point commonality, "RANDY CANDY", is significant where the parties' Trademarks convey distinct visual and commercial impressions that cause a likelihood of confusion.

619. This first factor in the eight-factor test weighs in favor of the Plaintiff, Mr. Craven Randall Casper.

## (2) SIMILIARITY OF PRODUCTS, GOODS, SERVICES, ADVERTISING AND/OR COMMERCIAL ACTIVITIES.

620. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-618* of the Original Complaint.

621. An owner of a federal registered Trademark (*i.e.* Mr. Craven Randall Casper) is afforded "protection against use of [his] Trademark on any product or service which would reasonably be thought by the buying public to have come from the same source." *Anheuser-Busch v. Caught-on-Bleu*, 288 F. Supp. 2d 105, 118 (D.N.H. 2003), *aff'd without op.*, 105 Fed. Appx. 285 (1st Cir. 2004), *cert. denied*, 544 U.S. 920 (2006).

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

622. It is evident that consumers in our modern world continually face multiple decisions with regard to product choice due to many competing products, such aspects as a products attributes have been shown to be involved in the consumer decision process. A number of factors can be identified that affect a consumer's choice of product brand, which influences *their* lifestyle. Consumers are known to choose a brand that is acceptable to their self-image that they are trying to portray (*See Illustration 17 and Illustration 45 and See Paragraph 113*).

623. According to the Defendant's controlled NBC website: "Relive your favorite moments with the extensive selection of [the Defendant's NBC] *SNL* merchandise at Shop *Saturday Night Live*. The [Defendant's NBC] *SNL* Shop carries countless hysterical graphic T-shirts ... and much more!"[375] On further information and belief, the Defendants' NBC / SNL sell everything from T-shirts, to hats to novelty items to print, to DVDs to advertisements, and including personalized or customized merchandise or apparel, others products, services, goods, branded content, product placement, product integration, product tie-ins, or collaboration and are marketed, sold, and/or to the same or overlapping demographic profile of customers as the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" (*See Paragraphs 49-96*).

---

[375] Source: < https://www.nbcstore.com/shop-by-show/saturday-night-live.html?shop_by_products=254 >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 287 of 379

624. Further, in direct violation of Section 32 of the Lanham Act, the Defendants' unauthorized use of the federal registered Trademark: "RANDY CANDY" causes confusion or mistake among perspective or actual customers and also competes for advertisers.

625. Based on the Defendants' previous and continuing knowledge of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY," and continued activities, the Defendants' Trademark infringement is willful (*See Paragraph 168, See Paragraph 365 and See Paragraph 381*).

626. As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against each Defendant, in an amount that is presently unknown.

627. The Defendants, its officers, members, managers, agents, shareholders, principals, servants, agents, affiliates, distributors, licensees, employees, successors, subsidiaries, related companies, parent companies, attorneys, and all those persons in active concert or participation with any of them, offering the ability under Goods and Services: IC 025. US 022 039 to produce "RANDY CANDY" advertising, products., goods, services or other commercial activities. More egregiously, there is an overlapping demographic potential and actual customers or advertisers. The Defendant, COMCAST, publicly touts on July 27, 2017, in a public earnings release stated:

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

"NBC Remains Ranked #1 Among Adults 18-49".[376] There is substantial overlap between actual and potential consumers. *See* 4 Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 24:6 (4th ed. 2008). These customers encounter both parties' goods, services, advertising and/or commercial activities in brick-and-mortar locations, licensing, franchising, sponsorship, collaboration, e-commerce and/or Internet websites and social media platforms. The Plaintiff, Mr. Craven Randall Casper, has never had a conversation or agreed to any use, including, but not limited to: artistic project collaboration, creative installation, partnership, licensing, sublicensing, franchising, royalty deal structure or a sale of his name or of the federal Trademark: "RANDY CANDY," with the Defendants.

628.    Accordingly, there is little doubt that the "parties" "RANDY CANDY" are related, and this factor, therefore, also weighs in favor of Plaintiff, Mr. Craven Randall Casper, and his federal registered Trademark: "RANDY CANDY". The commercial strength of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" weighs in favor of the Plaintiff, Mr. Craven Randall Casper.

629.    This second factor in the eight-factor test weighs in favor of the Plaintiff, Mr. Craven Randall Casper, weighs in favor of finding a likelihood of confusion.

**[remainder of page intentionally left blank]**

---

[376] Source : < http://www.cmcsa.com/releasedetail.cfm?ReleaseID=1034647 >.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 289 of 379

630. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-629* of the Original Complaint.

631. The next three factors—the relationship between the parties' channels of trade, the juxtaposition of their advertising practices, and the classes of their prospective purchasers—are normally considered together. *See Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 488 (1st Cir. 1981).

632. Courts routinely protect federal registered Trademark interests where there is not a perfect overlap between products. *See De Beers*, 440 F. Supp. 2d at 273 (recognizing that "a Trademark owner [the Plaintiff, Mr. Craven Randall Casper] has rights against use on related, non-competing products . . . in accord with the realities of mass media salesmanship and the purchasing behavior of consumers") (internal quotation omitted).

633. At a minimum, the Defendants and the Plaintiff, Mr. Craven Randall Casper, products, goods, services and/or other commercial activities are sold in retail locations, "mom and pop" stores, "destination" venues, and/or theatres.

634. The Defendants and the Plaintiff, Mr. Craven Randall Casper, advertise on billboards, on delivery trucks, through the Internet, through event sponsorship and charitable relations.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

635. Further, the Defendants have the ability to and have moved on other issues, so why would any reasonable person, the Plaintiff, Mr. Craven Randall Casper, this Court and eventually a Jury Trial in the State of North Carolina not expect the Defendants' to expand their use of "RANDY CANDY".

636. On information and belief, the Defendants are profit-maximizers, poor corporatize citizens and large brutish corporate entities, which defy social standards. There are size and resource imbalances between the Defendants (junior user) and the Plaintiff, Mr. Craven Randall Casper, (the senior user). This is equally true in the context of so-called "reverse confusion" where a large or well-established junior user [the Defendants] enters a market and threatens to overwhelm a smaller, more senior user [the Plaintiff, Mr. Craven Randall Casper]. *See, e.g., Commerce Bank*, 554 F. Supp. 2d at 83. It is important for a business, irrespective of its size, to protect its federal registered Trademarks, creations, investments and business. Obviously, any company less than COMCAST appearance on the *Forbes* Global 2000 (COMCAST Number: 31) would be considered smaller in size (*See Paragraph 31*).

637. Adding to actual consumer confusion, the Plaintiff, Mr. Craven Randall Casper, has been contacted by potential customers to buy products and goods using the Defendants' version of "RANDY CANDY" and the words "RANDY CANDY". There is real idiosyncratic risks and overall market risks. There is written evidence of confusion and word-of-mouth communication confusion with the Defendants use of "RANDY CANDY".

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

638. The relationship between the parties' channels of trade, the relationship between *their* advertising, and the classes of *their* prospective purchasers are normally considered together. *See Beacon Mut. Ins. Co. v. OneBeacon Ins. Group*, 376 F.3d 8, 19 (1st Cir. 2004). The Defendants'' unauthorized use of the "RANDY CANDY" federal registered Trademark has and is likely to continue to mislead, deceive, and confuse the purchasing public and the trade.

639. The Plaintiff, Mr. Craven Randall Casper, and the Defendants directly compete, offer directly competing goods, products, services, advertising, other commercial activities and /or operate in overlapping channels of trade.

640. The Plaintiff, Mr. Craven Randall Casper, and the Defendants both advertise their goods, products, services and/or other commercial activities on websites, television, radio and newspapers and in overlapping geographic regions and both parties' general advertising is directed to consumers in a wide-range of ages.

641. The Defendant, COMCAST, publicly touts on July 27, 2017, in a public earnings release stated: "NBC Remains Ranked #1 Among Adults 18-49". There is substantial overlap between actual and potential consumers.[377]

642. In addition, on further information and belief, Defendants' NBC *SNL* interstate commerce is vast, including, but not limited to, *their* promotion, sells and distribution of

---

[377] Source : < http://www.cmcsa.com/releasedetail.cfm?ReleaseID=1034647 >.  27 July 2017.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

merchandise, T-shirts, hats, wearable garments, clothing, apparel, souvenirs, novelty items, custom orders, or personalized items to DVDs to advertisements and promotional material in Defendants' controlled Internet or e-commerce platforms or in brick-and-mortar retail locations (on information and belief examples may include, but are not limited to: NBC Store, The Shops at NBC or the NBC Experience at Rockefeller Plaza[378]).

643. On further information and belief, according to the Defendants' NBC owned and controlled website: "Relive your favorite moments with the extensive selection of [the Defendants'] *SNL* merchandise at Shop *Saturday Night Live*. The *SNL* Shop carries countless hysterical graphic T-shirts ... and much more!"[379] In addition, the Defendants' NBC / SNL sell everything from, at a minimum, T-shirts, hats to novelty items to DVDs to advertisements, and a significant degree of overlap in consumer targets and channels of trade would be established.

644. On even further information and belief, and further complicating the issues, the Defendants' use Internet or e-commerce platforms or in brick-and-mortar retail locations in connection with the promotion of the goods, services, advertising and/or commercial activities of others (*See Paragraphs 277-307*).

---

[378] Source: < http://tmsearch.uspto.gov/bin/showfield?f=doc&state=4803:d9po5p.8.87 >.

[379] Source: < https://www.nbcstore.com/shop-by-show/saturday-night-live.html?shop_by_products=254 >.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

645. The Plaintiff, Mr. Craven Randall Casper has been and is being damaged by the Defendants' Trademark Infringement and has no adequate remedy at law. The Defendants' unlawful conduct will continue to damage the Plaintiff, Mr. Craven Randall Casper, unless enjoined by this Court.

646. As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against each Defendant, in an amount that is presently unknown.

647. Instead, the "RANDY CANDY" word marks incorporate the Plaintiff, Mr. Craven Randall Casper's, entire, registered, distinctive mark, rendering the "RANDY CANDY" word marks similar as a whole to Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY". This factor accordingly weighs in favor of finding a likelihood of confusion (*See Paragraph 113 and Paragraph 424*). *See Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 115 (1st Cir. 2006).

648. Federal Trademark protection may extend beyond the exact product to include related products, goods, services and/or other commercial activities. *See, e.g., Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 28 (1st Cir. 1989) (owner of Boston Marathon Trademark could enjoin use of Trademark on shirts and running apparel); *Volkswagenwerk*, 814 F.2d at 817 (car sales and car repairs were related products); *Best Flavors*, 886 F. Supp. At 912 ("all chilled nonalcoholic beverages, other than perhaps milk, are closely related for many beverage

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 294 of 367

purchasing decisions"); *Calamari Fisheries, Inc. v. The Village Catc*h, Supp. 994, 1010 (D. Mass. 1988) (Sicilian-style seafood restaurant and generic seafood restaurant were similar services); *Perfection Fence Corp. v. Fiber Composites, LLC*, 2005 WL 353017, at *3 (D. Mass. Feb. 10, 2005) (fencing and decking products were related). An owner of a federal registered Trademark [i.e. the Plaintiff, Mr. Craven Randall Casper] is afforded "'protection against use of its mark on any product or service which would reasonably be thought by the buying public to have come from the same source.'" *See Anheuser-Busch, Inc. v. Caught-on-Bleu, Inc.,* 288 F. Supp. 2d 105, 118 (D.N.H. 2003) (quoting 4 Thomas *McCarthy on Trademarks and Unfair Competition* § 24:6 (4th ed. 2008).

649. The Defendants advertise and sell products, goods, merchandise, services and/or other commercial activities that some substantial percentage of the purchasing public would reasonably believe that they are from the same source, or approved, authorized, collaborated or originate from the Plaintiff, Mr. Craven Randall Casper.

650. The Defendants' activities, as hereinabove pleased, have and are likely to continue to dilute the value of the "RANDY CANDY" Trademark by diminishing the public association of the Trademark with the Plaintiff, Mr. Craven Randall Casper's, Lifestyle brand and working an adverse effect upon the distinctiveness of the federal registered Trademark: "RANDY CANDY," thus creating a likelihood to injury to "RANDY CANDY's" respected reputation.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

Case 1:17-cv-00826-LCB-LPA   Document 1   Filed 09/15/17   Page 295 of 367

651. In sum, the substantial overlap that exists between the parties' channels of trade, their classes of prospective purchasers, and their advertising methods weighs in favor of finding a likelihood of confusion.

652. Accordingly, there is little doubt that the parties are confusingly related and the third, fourth and fifth factors of the eight-factor test of similarity of the parties' marketing, channels of trade and prospective consumers weigh in favor of the Plaintiff, Mr. Craven Randall Casper.

### (6)    ACTUAL CONFUSION.

653.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-652* of the Original Complaint.

654.    The Plaintiff, Mr. Craven Randall Casper, is in receipt of direct and indirect complaints of actual confusion incorporated herein (*See Paragraph 176 and Illustration 17 and Illustration 45*) and an avalanche of actual evidence for the record will be presented at the Jury Trial in the State of North Carolina. Additional actual evidence will be investigated during Discovery. The Plaintiff, Mr. Craven Randall Casper, is in receipt of *hate* mail, litany of complaints from furious and irritated individuals or potential and actual customers who are confused by the Defendants' "RANDY CANDY" (*See Paragraph 113 and Paragraph 424*). To further complicate the issue and create even more confusion, some consumers actually want to purchase the Defendants' "RANDY CANDY" from the Plaintiff, Mr. Craven Randall Casper.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

The Defendants'' unauthorized use of the "RANDY CANDY" federal registered Trademark has and is likely to continue to mislead, deceive, and confuse the purchasing public and the trade. Stop The Court must stop actual confusion before it continues to expand in this District and throughout the United States of America.

655. The public's belief that the federal registered Trademark owner of "RANDY CANDY," the Plaintiff, Mr. Craven Randall Casper, sponsored, joint-ventured or otherwise approved the use of the Trademark: "RANDY CANDY," satisfies the confusion requirement, by misleadingly suggesting an affiliation with and/or approval that did not and does not exist.

656. "RANDY CANDY" is the dominant feature of both the Plaintiff, Mr. Craven Randall Casper's, and the Defendants' use of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY," and is therefore, an integral component in the commercial impression that each of the Trademarks use makes (*See V. FEDERAL REGISTERED TRADEMARK STATEMENT: RANDY CANDY, Paragraphs 49-96 and See Paragraph 113 and Paragraph 424 and Exhibit A*). Thus, the commercial impression of the Defendants' use is very, and confusingly, similar to the that created by the Plaintiff. Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY".

657. The relevant public has believed and is likely to believe the Defendant's "RANDY CANDY" originates with, are licensed by, sponsored by, approved by, authorized by, connected with, or associated with the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark:

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 297 of 379

"RANDAY CANDY". The Defendants' unauthorized use of the "RANDY CANDY" Infringing Trademark falsely represent the Defendants as being legitimately connected with the Plaintiff, Mr. Craven Randall Casper, and places the federal registered Trademark's reputation beyond the Plaintiff, Mr. Craven Randall Casper's, control (*See V. FEDERAL REGISTERED TRADEMARK STATEMENT: RANDY CANDY, Paragraphs 49-96 and See Paragraph 113 and Paragraph 424 and Exhibit A*).

658.    However, in order to prevail, the Plaintiff, Mr. Craven Randall Casper, does not have to show actual confusion; mere likelihood of confusion is sufficient. *See Wheeler*, 814 F.2d at 818. Here, since October 15, 2016, the Defendants began profiting from extensive national distribution or are involved in interstate commercial activities of "RANDY CANDY," and actual or potential confusion should be stopped by the Court via a Preliminary Injunction (*See Paragraph 113 and Paragraphs 277-307*). *See, e.g., Best Flavors*, 886 F. Supp. at 916.

659.    As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against each Defendant, in an amount that is presently unknown.

660.    This sixth factor in the eight-factor test weighs in favor of the Plaintiff, Mr. Craven Randall Casper.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

## (7) DEFENDANTS' INTENT.

661. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-661* of the Original Complaint.

662. On information and belief, the Defendants' intent is to make as much money as possible. The Defendants are only after the almighty dollar. It is all about money. It is about the bottom line. It is all about profits (*See Paragraph 24, See Paragraph 26, See Paragraph 33, See Paragraph 171 and See Paragraph 260*).[380] The Defendants will go to great lengths to maximize their bottom line. Remember, for these Defendants, it is all about profits (*See Paragraph 23 and Paragraph 24 and Exhibit H*).

663. On information and belief, the Defendants intent is to blatantly infringe on the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" in order to mislead third parties (*See Paragraph 28, See Paragraph 85, See Paragraph 168, See Paragraph 365 and See Paragraph 458*). On information and belief, the Defendants, at a minimum, solicited fund from third party advertisers, which was with bad faith. Competitive advertisers have taken the Defendants seriously (*See Paragraph 113 and 424*).

---

[380] *See,* e.g., Jesse *Moore and Monet Eliastam, et al., v. NBCUniversal, Inc.*, No 13 CV 4634, in the U.S. District Court, Southern District of New York (2013).

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

664. The Defendants' have bastardized the Plaintiff, Mr. Craven Randall Casper's, name and federal registered Trademark: "RANDY CANDY" and caused destruction to business, reputation and goodwill (*See Paragraphs 119*-127).

665. It is well-established that good faith is not a defense to Trademark Infringement. *Star Financial Services,* 89 F.3d at 11 (citations omitted). The reason is clear – if potential purchasers are confused, no amount of good faith can make them less confused. While evidence of bad faith is not required, it is probative in finding a likelihood of confusion.

666. In the present Original Complaint, the Defendants had both constructive and actual notice (*See Paragraph 168 and See Paragraph 365*) of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark (*See Exhibit A)* well before they chose to or continued *their* [the Defendants'] use of "RANDY CANDY" (*See Paragraph 28, See Paragraph 85, See Paragraph 168, See Paragraph 365 and See Paragraph 458*).

667. Plaintiff, Mr. Craven Randall Casper, owned the "RANDY CANDY" federal Trademark registration prior to Defendants' first use of its Trademark (*See Federal Trademark Statement, "RANDY CANDY," Paragraphs 49-96*).

668. The Plaintiff, Mr. Craven Randall Casper's, registrations are, in fact, constructive notice to the world of Plaintiff, Mr. Craven Randall Casper's, Trademark rights (*See V. Federal REGISTERED TRADEMARK STATEMENT: RANDY CANDY, Paragraphs 49-96*). See 15 U.S.C. § 1072.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

669. Nevertheless, Defendants knowingly incorporated the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY". A presumption of bad faith may arise, where the infringer adopts a Trademark with actual and/or constructive knowledge of the Plaintiff, Mr. Craven Randall Casper, for competing goods, sold to unsophisticated purchasers and generating advertising revenue (*See Paragraph 28, See Paragraph 85, See Paragraph 168, See Paragraph 365 and See Paragraph 458*). *See R.J. Toomey Co. v. Toomey*, 683 F. Supp. 873, 877-78 (D. Mass. 1998).

670. Effectuating the purpose of the Lanham Act "requires a liberal interpretation of the irreparable injury factor." *See Camel Hair & Cashmere Inst. of Am., Inc. v. Associated Dry Goods Corp.*, 799 F.2d 6, 14 (1st Cir. 1986). In the context of federal Trademark litigation, irreparable harm is generally presumed if a Plaintiff [Mr. Craven Randall Casper] demonstrates a likelihood of success on the merits. *See Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 115 (1st Cir. 2006); *See Hypertherm, Inc. v. Precision Prods., Inc.*, 832 F.2d 697, 699-700 (1st Cir. 1987); *Camel Hair*, 799 F.2d at 14. Likelihood of confusion as to sponsorship or endorsement is actionable under the Lanham Act. See 15 U.S.C. § 1125(a)(1)(A) (imposing liability for using a mark in a manner likely to cause confusion "as to the origin, sponsorship, or approval" of goods by another person); *See TEC Eng'g Corp. v. Budget Molders Supply, Inc.*, 927 F. Supp. 528, 534-35 (D. Mass. 1996) (observing that the key element in any infringement action is likelihood of confusion as to source or sponsorship of the goods). *See* 4 Thomas

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 301 of 379

McCarthy, *McCarthy on Trademarks and Unfair Competition* § 24:6 (4th ed. 2008). This Court

should conclude the likelihood that customers will be confused as to the source or sponsorship

of the "RANDY CANDY" federal registered Trademark in the United States of America a basis

for finding irreparable harm. *See Hypertherm, Inc. v. Precision Prods., Inc.*, 832 F.2d at 700 1st

Cir. 1987); ("Few harms are more corrosive in the marketplace than the inability of a Trademark

holder to control the quality of . . . articles thought (erroneously) to derive from it."). The

Plaintiff, Mr. Craven Randall Casper, is at risk of continuing and irreparable harm to his

protectable Trademark interests because it has established a substantial likelihood of success on

the merits. Furthermore, the loss of control over its mark, and the threatened devaluation of the

strength of the mark, are both examples of irreparable harm facing the Plaintiff, Mr. Craven

Randall Casper, if the Defendants are permitted to proceed with use of the federal registered

Trademark: "RANDY CANDY". *See Attrezzi, LLC v. Maytag Corp.*, 436 F.3d at 39 (1st Cir.

2006). (describing irreparable harm of the legal doctrine of "**Reverse Confusion**").

671. In evaluating intent, however, this Court must distinguish between "a company's

knowing decision to risk a lawsuit and a factual inference that customer confusion is likely" (*See

Paragraph 12*). *See Attrezzi, LLC v. Maytag Corp.*, 436 F.3d at 40 (1st Cir. 2006) (*See Paragraph

28, See Paragraph 85, See Paragraph 168, See Paragraph 365 and See Paragraph 458*).

672. The Plaintiff, Mr. Craven Randall Casper's, submissions to date adequately

support the Plaintiff, Mr. Craven Randall Casper's, position that the Defendants were aware (i.e.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR
ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII,
CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 302 of 379

knowledge) (*See Paragraph 168 and See Paragraph 365*) of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark (*See Exhibit A* and *See Paragraph 28, See Paragraph 85, See Paragraph 168, See Paragraph 365 and See Paragraph* 458). Accordingly, this seventh factor in the eight-factor test weighs in favor of the Plaintiff, Mr. Craven Randall Casper.

### (8) STRENGTH OF THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, FEDERAL REGISTERED TRADEMARK, "RANDY CANDY".

673. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-672* of the Original Complaint.

674. The final factor to be considered in the consumer-confusion analysis is the strength of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark. The Plaintiff, Mr. Craven Randall Casper, owns incontestable registrations for "RANDY CANDY" and Design.

675. Registration is "prima facie evidence of the validity of the registered mark," and the holder is entitled to a presumption that its marks are *distinctive, i.e.,* strong. *See* 15 U.S.C. § 1115(a). This presumption cannot be rebutted with evidence of descriptiveness once the mark becomes incontestable. *See* 15 U.S.C. § 1115(b); *Borinquen*, 443 F.3d at 115.

676. Moreover, Plaintiff has owned and consistently used in interstate commerce the "RANDY CANDY" Trademark since at least 2013. *See Boxcar Media, LLC,* 345 F. Supp. 2d at 79 (use of Trademark in commerce is critical factor in acquiring federal Trademark rights). The Plaintiff, Mr. Craven Randall Casper, thus, owns an indisputably distinctive federal

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 303 of 379

registered Trademark, by virtue of its incontestable status, and its use for over four years. This factor weighs in the Plaintiff, Mr. Craven Randall Casper's, favor.

677. Therefore, the Plaintiff, Mr. Craven Randall Casper, has demonstrated a likelihood of success on the merits. *See Commerce Bank*, 554 F. Supp. 2d at 87. *See,* e.g., *Dallas Cowboys Cheerleaders. Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200 (2d Cir. 1979).

678. This eighth factor in the eight-factor test weighs in favor of the Plaintiff, Mr. Craven Randall Casper. For the reasons discussed above, this Court should grant the Plaintiff, Mr. Craven Randall Casper, a Preliminary Injunction. The Plaintiff, Mr. Craven Randall Casper, prays to this Court to expedite an initial Conference (*See Paragraph 420*).

## 2. <u>THE PLANTIFF, MR. CRAVEN RANDALL CASPER, IS SUFFERING IRREPARABLE HARM.</u>

679. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-678* of the Original Complaint.

680. Once the Plaintiff, Mr. Craven Randall Casper, establishes a likelihood of succeeding on the merits of its Trademark Infringement claim, irreparable injury is presumed as a matter of law. *See id.* at 87. The Plaintiff, Mr. Craven Randall Casper, has demonstrated a likelihood of success on his claim, and is, therefore, entitled to injunctive relief (*See Paragraph 420, and Wherefore a – ww*).

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 304 of 379

681.    Even without the presumption, "RANDY CANDY" is suffering irreparable harm. Irreparable injury occurs when a Trademark owner has lost control of its reputation and goodwill by another's use of a confusingly similar name or Trademark. *See McNeil-PPC, Inc. v. Merisant Co.,* 2004 U.S. Dist. LEXIS 27733, at *67, *73-*74 (D.P.R. July 29, 2004).  The Plaintiff, Mr. Craven Randall Casper, faces irreparable damage to his own business, goodwill and reputation by falsely implying the Plaintiff, Mr. Craven Randall Casper, authorized, approved, collaborated, endorsed or profited, although, on the contrary, any uses by the Defendants' were unauthorized. Moreover, the Plaintiff, Mr. Craven Randall Casper, cannot control the quality or public perception of Defendants' use of the federal registered Trademark: "RANDY CANDY".

682.    Effectuating the purpose of the Lanham Act "requires a liberal interpretation of the irreparable injury factor." *See Camel Hair & Cashmere Inst. of Am., Inc. v. Associated Dry Goods Corp.,* 799 F.2d 6, 14 (1st Cir. 1986).  In the context of federal Trademark litigation, irreparable harm is generally presumed if a Plaintiff [Mr. Craven Randall Casper] demonstrates a likelihood of success on the merits. *See Borinquen Biscuit Corp. v. M.V. Trading Corp.,* 443 F.3d 112, 115 (1st Cir. 2006); *See Hypertherm, Inc. v. Precision Prods., Inc.,* 832 F.2d 697, 699-700 (1st Cir. 1987); *Camel Hair,* 799 F.2d at 14.  Likelihood of confusion as to sponsorship or endorsement is actionable under the Lanham Act. See 15 U.S.C. § 1125(a)(1)(A) (imposing liability for using a mark in a manner likely to cause confusion "as to the origin, sponsorship, or approval" of goods by another person); *See TEC Eng'g Corp. v. Budget Molders Supply, Inc.,*

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

927 F. Supp. 528, 534-35 (D. Mass. 1996) (observing that the key element in any infringement action is likelihood of confusion as to source or sponsorship of the goods). *See* 4 Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 24:6 (4th ed. 2008). This Court should conclude the likelihood that customers will be confused as to the source or sponsorship of "RANDY CANDY" a basis for finding irreparable harm. *See Hypertherm, Inc. v. Precision Prods., Inc.*, 832 F.2d at 700 1st Cir. 1987); ("Few harms are more corrosive in the marketplace than the inability of a Trademark holder to control the quality of . . . articles thought (erroneously) to derive from it."). The Plaintiff, Mr. Craven Randall Casper, is at risk of continuing and irreparable harm to his protectable Trademark interests because it has established a substantial likelihood of success on the merits. Furthermore, the loss of control over its mark, and the threatened devaluation of the strength of the mark, are both examples of irreparable harm facing the Plaintiff, Mr. Craven Randall Casper, if the Defendants are permitted to proceed with use of the federal registered Trademark: "RANDY CANDY". *See Attrezzi, LLC v. Maytag Corp.*, 436 F.3d at 39 (1st Cir. 2006) (describing irreparable harm with the legal doctrine of "**Reverse Confusion**").

683.    Money damages cannot wholly compensate the Plaintiff, Mr. Craven Randall Casper, for its injuries because they involve incalculable harm to Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY's" business, goodwill, reputation and relationship with potential or actual customers and advertisers.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

684. The Defendants' *hate speech (See Paragraphs 235-248 and See Paragraph 404)*, homophobia (*See Paragraphs 213-214, Paragraph 236, Paragraph 382 and Paragraph 449*), abject bigotry (*See Paragraph 119 and Paragraph 270*) created real and abnormal threats (*See Paragraph 404*).

685. Accordingly, the Plaintiff, Mr. Craven Randall Casper, is suffering irreparable harm and this factor weighs in favor of the Plaintiff, Mr. Craven Randall Casper.

### 3. THE BALANCE OF HARDSHIPS WEIGHS IN FAVOR OF THE PLAINTIFF, MR. CRAVEN RANDALL CASPER, AND THE FEDERAL REGISTERED TRADEMARK: "RANDY CANDY".

686. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-685* of the Original Complaint.

687. Federal Courts have a responsibility to the United States and the members of the general public to stop any actual or likely confusion that is created when someone else uses a similar name. The spelling, appearance, phonetic sound and number of alphabetic characters (ten (10) English letters) are exactly the same – "**RANDY CANDY**". There is no change in spelling. There is no apostrophe. There is no question mark. There is no middle name or initial. There are no prominent public disclaimers that this is not the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "**RANDY CANDY**". "**RANDY**

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 307 of 379

**CANDY**" is exactly the same and there is no question the Defendants' create confusion (*See Paragraph 113, Paragraph 424 and See Paragraph 682*). There were alternate avenues of other commercial use available to the Defendants. This was not necessary. This was no authorized by the Plaintiff, Mr. Craven Randall Casper.

688.    In weighing the balance of harms resulting from the granting or denial of a Preliminary Injunction in a Trademark Infringement case, it is generally true that the "harm to the defendant flowing from an injunction where infringement appears likely is entitled to less consideration than other harms." *See Commerce,* 554 F. Supp. 2d at 88. The Plaintiff, Mr. Craven Randall Casper, here has demonstrated a likelihood of consumer confusion, and that showing "is enough to place the weight of public interest concerns in favor of granting the injunction [Preliminary Injunction]." *See Boustany v. Boston Dental Group, Inc.*, 42 F. Supp. 2d 100, 113 (D. Mass. 1999).

689.    On information and belief, in other instances or cases, the Defendants' have voluntarily removed or have been force to remove through Court ordered injunctions, infringing or unwholesome context or content, Trademark, Patent or Copyright material from their digital archives, including episode playbacks (re-runs), on the Internet, their websites or their social media accounts or other controlled digital platforms, so there should be no hardship in a Preliminary Injunction in this case against the Defendants (*See Paragraph 168 and See*

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

*Paragraph 365*).   By way of example, on further information and belief, the Defendants' NBC *Saturday Night Live* archive does not, ironically, feature a recent Bruno Mars episode titled "Pandora" (estimated running time 7:04) (Season 38 Episode 05 on October 20, 2012,[381] with host Bruno Mars and musical guest Bruno Mars, who on further information and belief, was compensated according to Union rules or an agreement with the Defendants), because it includes impersonations of pop singers and their chart-topping hits.   Bruno Mars sings several songs that are not owned by the Defendants' [Comcast, NBCUniversal / NBC, or *SNL*], so it can be presumed that the Defendants refrained from uploading the "Pandora" episode into its [Defendants] digital archives, on the Internet or social media platforms, either as a clip or as part of full editions of the episode's playback, to avoid any legal issues.   Trademark, Patent, Copyright or music licensing laws have essentially erased the Bruno Mars "Pandora" episode by the Defendants.   Allegedly, in the short episode titled "Pandora," Bruno Mars impersonates vocal performances by Billie Joe Armstrong (Green Day), Steven Tyler (Aerosmith), Katy Perry, Justin Bieber, Louis Armstrong, and Michael Jackson.   The episode cannot be found on the Defendants' controlled websites, channels or accounts:    < https://www.nbc.com/ >;  YouTube  < https://www.youtube.com/user/SaturdayNightLive > the *SNL* App, Hulu, et cetera.

---

[381] Source: < https://www.nbc.com/saturday-night-live/season-38/episode/5-bruno-mars-with-bruno-mars-57766 >.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

690. On information and belief, the Defendants have profited from goods, services, products, advertising, increased worldwide viewership, digital revenue sources and/or other commercial activities. As a result, a Preliminary Injunction would not be a hardship for the Defendants'.

691. The Defendants are blatantly infringing on the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" in order to mislead third parties. On information and belief, the Defendants intent, at a minimum, solicited fund from third party advertisers, which was with bad faith. Competitive advertisers have taken the Defendants seriously. All correspondence, emails and contracts with advertisers should be released to this Court and allowed to be reviewed by the Plaintiff, Mr. Craven Randall Casper.

692. The Defendants' consultation with counsel before and after learning of "RANDY CANDY" and its formative Trademark, continued to profit illegally, and expand *their* presence online, which is evidence of knowledge and bath faith (*See Paragraph 28*, *See Paragraph 168 and See Paragraph 365*).

693. The Defendants (junior user) are using the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" to falsely portray themselves as associated with "RANDY CANDY," which is untrue.

694. The Defendants', are taking advantage of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY's" reputation and goodwill to provide

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

*their* improper behavior (i.e. *hate speech*) with a cloak of legitimacy (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*).

695.    The Defendants cannot complain that they will suffer irreparable injury if a Preliminary Injunction is issued because they misappropriated the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" Trademark with full knowledge of the Plaintiff, Mr. Craven Randall Casper's, trademark rights.  Moreover, any harm Defendants could conceivably sustain is far outweighed by the harm to the Plaintiff, Mr. Craven Randall Casper, if injunctive relief is denied.  In balancing hardships, courts generally place little weight on injuries that parties bring upon themselves through blatant misconduct. *See Pappan Enterprises, Inc. v. Hardee's Food Systems, Inc.*, 143 F.3d 800, 806 (3d Cir. 1998).

696.    The balance of hardships weighs in favor of the Plaintiff, Mr. Craven Randall Casper.

### 4.    AN INJUNCTION WILL SERVE THE PUBLIC INTEREST.

697.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-696* of the Original Complaint.

698.    Federal Courts have a responsibility to the United States and the members of the general public to stop any actual or likely confusion that is created when someone lese uses a similar name. The buffet, appearance, phonetic sound and number of alphabetic characters are exactly the same – "RANDY CANDY".

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

699. Consumer confusion is contrary to the public interest. *See Telerep Caribe, Inc. v. Zambrano*, 146 F. Supp. 2d 134, 146 (D.P.R. 2001). In Trademark cases, the public interest almost always favors the granting of otherwise "appropriate injunctions." *See Boustany*, 42 F. Supp. 2d at 113 (citations omitted).

700. Issuance of a Preliminary Injunction would not adversely affect the public interest, because it will eliminate the confusion that exists in the marketplace.

701. The Plaintiff, Mr. Craven Randall Casper, has demonstrated likelihood of success on the merits of its claims and irreparable injury. The public will undoubtedly be harmed if somehow the Defendants are permitted to continue to deceive or confuse the public as to the origin or sponsorship of *their* use of "RANDY CANDY". The issuance of a Preliminary Injunction will protect the public from the deceptive and confusing use of Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" federal registered Trademark.

702. The Defendants' unauthorized use of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" creates a false association, false designation or origin or a false representation, which wrongfully and falsely designates, describes or represents the origins, between the Defendants' use of "RANDY CANDY". It tends to cause confusion, mistake or deception among potential or actual consumers and advertisers as to the source, image, quality and nature of their goods, services, advertising and/or commercial activities.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

703.    As a direct and proximate result of Defendants' continued unauthorized activities, the Plaintiff, Mr. Craven Randall Casper, has suffered, and will continue to suffer, immediate and irreparable harm through the loss of clients, goodwill, revenues, profits and protection of his federal registered Trademark: "RANDY CANDY".

704.    The balance of this Court issuing a Preliminary Injunction weighs in favor of both the public and the Plaintiff, Mr. Craven Randall Casper.

C.    **PRELIMINARY INJUNCTION CONCLUSION FOR THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, FEDERAL REGISTERED TRADEMARK: "RANDY CANDY".**

705.  The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-704* of the Original Complaint.

706.  The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

707.  Given the meaningful initial evidence for this Court to assess the issue, the Plaintiff, Mr. Craven Randall Casper, therefore, requests that the Court find that no bond or other security is necessary for facilitating the injunctive relief requested herein pursuant, and Order the immediate seizure and destruction of any infringing materials, advertising, products, goods, services and/or other commercial activities to this Court.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

708. The Plaintiff, Mr. Craven Randall Casper, did not want to pursue litigation and held on intent to pursue litigation, and did not unreasonably delay filing the present Original Complaint, until there was no other option but to request Court assistance to halt further unauthorized use through injunctive relief (*See Paragraphs 545-717*). Given the attempts at obtaining a business resolution have been exhausted and in light of Expedited Discovery, opportunity to discover other actual use or planned of the federal registered Trademark: "RANDY CANDY," the Plaintiff, Mr. Craven Randall Casper, has no option but to commence this litigation and seek relief, including, but not limited to a Preliminary Injunction.

709. The Defendants' opposition to the Plaintiff, Mr. Craven Randall Casper's, request for a Preliminary Injunction will confirm that the Plaintiff, Mr. Craven Randall Casper's, Motion for a Preliminary Injunction should be granted. The Defendants silence or a Paragraph left to stand for itself in this initial Original Complaint could be unpersuasive to the public, this Court, and eventually a Jury in the State of North Carolina. Specifically, what little the Defendants will offer in the way of rebuttal to the Plaintiff, Mr. Craven Randall Casper's, claims in this initial Original Complaint will be unpersuasive unless each and every paragraph has a direct and detailed Answer, providing complete transparency to this Court and deliver the initial requested documents. The federal registered Trademark "RANDY CANDY" will be irreparably harmed if the Defendants are allowed to continue using "RANDY CANDY".

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

710. The Plaintiff, Mr. Craven Randall Casper, respectfully ask the Court to set its application for Preliminary Injunction for hearing at the earliest possible time, and, after hearing the request, issue a Preliminary Injunction against the Defendants' in the manner specified herein.

711. Further, the Plaintiff, Mr. Craven Randall Casper, respectfully asks the Court to set its application for Permanent Injunctive relief for a full Trial by Jury on the issues in this application, and after the Trail, to issue a Permanent Injunction against Defendants in the manner specified herein.

712. The Plaintiff, Mr. Craven Randall Casper, is entitled to injunctive relief, and the Plaintiff, Mr. Craven Randall Casper, is also entitled to recover Defendants' profits, actual damages, enhanced profits and damages, and costs under 15 U.S.C. §§ 1125(a), 1116, and 1117.

713. The Plaintiff, also prays the Court also issue an Order directing the destruction of all Infringing Products, or any other products that use the Plaintiff, Mr. Craven Randall Casper's, Trademark "RANDY CANDY" in Defendants' possession or control including the destruction of all advertising materials related to the Infringing Products in the Defendants' possession or control including on the Internet or social media platforms.

714. Finally, the Plaintiff, Mr. Craven Randall Casper, also preys the Court issue an Order directing that the Defendants, its officers, members, managers, agents, shareholders, principals, servants, agents, affiliates, distributors, licensees, employees, successors, subsidiaries, related

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 315 of 379

companies, parent companies, attorneys, and all those persons in active concert or participation with any of them, be directed to file with the Court and serve on the Plaintiff, Mr. Craven Randall Casper, within thirty (30) days after the entry and service on Defendants of a Preliminary Injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the provisions of the Preliminary Injunction.

715. The endless web of connections, which make the Defendants' next legal maneuver, after complying with a complete Original ANSWER addressing truthfully and fully each paragraph of this Original Complaint (*See Paragraph 12*), would be to file a *Motion to Dismiss*; however, summarily dismissing this Original Complaint would be unimaginable in Federal Court given the need for Expedited Discovery, time for additional server-based and consumer survey evidence to be compiled and the necessity for depositions in preparation for a Jury Trial in the State of North Carolina. The Plaintiff, Mr. Craven Randall Casper, would prefer the Defense issue and file multiple Motions, so the Plaintiff, Mr. Craven Randall Casper, can slowly unleash an avalanche of additional evidence to enforce this Original Complaint, and additional criminal and civil cases. This Court cannot allow the Defendants' establishment, a junior user, to have a victory and be allowed to transform American business through hate speech, bigotry (See Paragraph 119, Paragraph 270, and Paragraph 682), homophobia (*See Paragraphs 118 and Paragraph 236, Paragraph 382, Paragraph 565 and Paragraph 684*), theft, deceit, confusion,

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 316 of 379

or corporate greed (*See Paragraphs 119-127*) (*See Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*) (*See COUNTS I – XIII*).

716. For the reasons discussed above in *Paragraphs 1-715* this Court should grant the Plaintiff, Mr. Craven Randall Casper, a Preliminary Injunction.

717. The Motion for a Preliminary Injunction should be granted in the United States District Court for the Middle District of the State of North Carolina (Southern District).

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

## COUNT I.
## (FEDERAL TRADEMARK INFRINGEMENT,
## UNDER SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114(1)(a) AND SECTION 43(a) OF THE LANHAM ACT *SEE* 15 U.S.C. § 1125(a).

## (AGAINST ALL DEFENDANTS)

718.     The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-717* of the Original Complaint.

719.     The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A*) and (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

720.     As the first ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges the claim is for Trademark Infringement under the laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), and Section 43(a) of the Lanham Act, *See* 15 U.S.C. § 1125(a).

721.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

722. The Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" and the goodwill associated with it in the United States and throughout the world is of great value, is highly distinctive, and has become universally associated in the public mind with the Plaintiff, Mr. Craven Randall Casper's, "RANDY CANDY" goods, services, advertising and/or commercial activities.

723. The Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark is inherently distinctive.

724. Despite the Plaintiff, Mr. Craven Randall Casper's, numerous warnings and demands to the Defendants to Cease and Desist their unauthorized activities, the Defendants continued use of the Plaintiff, Mr. Craven Randall Casper's, incontestable federal registered Trademark: "RANDY CANDY". As of the filing of this Original Complaint, The Plaintiff, Mr. Craven Randall Casper, does not know who or where the Defendants have licensed, sold, syndicated or distributed "RANDY CANDY" to or what languages the Defendants' have translated "RANDY CANDY" into.

725. The relevant public has believed and is likely to believe Defendants' products, goods, services, advertising, and/or commercial activities originate with, are licensed by, sponsored by, connected with, or associated with the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY". The Defendants' unauthorized use of the infringing Trademark "RANDY CANDY" falsely represents the Defendants' as being

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

legitimately connected with the Plaintiff, Mr. Craven Randall Casper, and places the Plaintiff, Mr. Craven Randall Casper's, business reputation beyond the Plaintiff, Mr. Craven Randall Casper's control.

726.     Actual and potential confusion exists in the public belief this is a "RANDY CANDY" approved project, an individual or collaborative artistic enterprise, possibly involving research or design, that was carefully planned, to achieve a particular aim, which, in fact, the Plaintiff, Mr. Craven Randall Casper, had no knowledge of and did not authorize or approve or profit from. See 4 Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 24:6 (4th ed. 2008).

727.     The Plaintiff, Mr. Craven Randall Casper, is entitled to injunctive relief, and the Plaintiff, Mr. Craven Randall Casper, is also entitled to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. § 1114, 1116, and 1117.

728.     The Defendants' use of "RANDY CANDY" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to the Plaintiff, Mr. Craven Randall Casper, for which the Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation of "RANDY CANDY".

729.     Accordingly, the Defendants have engaged in Trademark Infringement in violation of 15 U.S.C. § 1114.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

730. The Defendants' conduct is knowing, intentional, wanton, willful, malicious, and oppressive, and thus, warrants this case being designated as exceptional under 15 U.S.C. § 1117, and the imposition of treble damages against them.

731. As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against the Defendants, in an amount that is presently unknown.

732. The Defendants' acts have caused, and will continue to cause, irreparable injury to the Plaintiff, Mr. Craven Randall Casper.

733. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

## COUNT II.

## (FALSE DESIGNATION OF ORGIN / PASSING OFF / FALSE ADVERTISING, UNDER SECTION 43(a) OF THE LANHHAM ACT, 15 U.S.C. § 1125(a))

## (AGAINST ALL DEFENDANTS)

734. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-717* of the Original Complaint.

735. As the second ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges False Designation of Origin / Passing Off / False Advertising, 15 U.S.C. § 1125(a).

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 321 of 379

736. The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A*) and (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

737. Use of the Infringing Trademark "RANDY CANDY" by the Defendants' in the manner derived above, falsely designated the origin of the products, goods, services, advertising and/or commercial activities of the Plaintiff, Mr. Craven Randall Casper, and falsely and misleadingly describes and represents material facts with respect to the products, goods, services, advertising, websites and /or commercial activities' of the Defendants in totality.

738. Without the Plaintiff, Mr. Craven Randall Casper's, consent, the Defendants' "RANDY CANDY" is a false designation or origin and false advertising, and is likely to cause confusion, or to cause mistake, or to deceive as to the approval, source, sponsorship, affiliation, or connection in the minds of the public. This use of the "RANDY CANDY" federal registered Trademark by the Defendants is a counterfeit Trademark within the meaning of Section 34(b)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B).

739. The Defendants' false designation of origin in interstate commerce, including this District, has infringed the Plaintiff, Mr. Craven Randall Casper's, Trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

740. The Defendants' deceptive trade practice, since it would be assumed the Plaintiff, Mr. Craven Randall Casper, has endorsed is a violation of the Plaintiff, Mr. Craven Randall

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 322 of 379

Casper's, Trademark rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

741. The Defendants' use of "RANDY CANDY" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to the Plaintiff, Mr. Craven Randall Casper, for which the Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and business reputation associated with the federal registered Trademark: "RANDY CANDY".

742. As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against each Defendant, in an amount that is presently unknown, but that will be determined, in its entirety, at a Trial by Jury in the State of North Carolina.

743. The Plaintiff, Mr. Craven Randall Casper, is entitled to injunctive relief, and the Plaintiff, Mr. Craven Randall Casper, is also entitled to recover the Defendants' profits (all past and future advertising revenue), actual damages, enhanced profits and damages, and costs under 15 U.S.C. §§ 1125(a), 1116, and 1117.

744. The Plaintiff, Mr. Craven Randall Casper, also is entitled by statute to an award of reasonable attorneys' fees and costs incurred in having to institute this legal action.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 323 of 379

745.	On information and belief, the Defendants' conduct is knowing, intentional, wanton, willful, malicious, and oppressive, and thus, warrants this case being designated as exceptional under 15 U.S.C. § 1117, and the imposition of treble damages against the Defendants.

## COUNT III.

## (FEDERAL TRADEMARK DILUTION,

## VIOLATION OF SECTION 43(c) OF THE LANTHAM ACT, 15 U.S.C. § 1125(c))

## (AGAINST ALL DEFENDANTS)

746.	The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-717* of the Original Complaint.

747.	As the third ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges the claim is for Trademark Dilution under the laws of the United States, Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

748.	The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A*) and (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

749.	The Plaintiff, Mr. Craven Randall Casper, is the exclusive licensee of the "RANDY CANDY" federal registered trademark. The Plaintiff, Mr. Craven Randall Casper, has invested substantial time, effort, and money in advertising and promoting the artistic projects,

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 324 of 379

goods, services, advertising and/or commercial activities offered in interstate commerce under the federal registered Trademark: "RANDY CANDY," such that the Trademark has become distinctive and famous, in this District and throughout the United States, and the Defendants' illegal and unauthorized us causes dilution of the distinctive quality of the famous "RANDY CANDY" federal registered Trademark, and thereby constitutes dilution of the Trademark under the laws of the United States and other all applicable common law.

750.    Despite knowledge of Federal Laws and of the legal interests of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY," the Defendants previous and continuing knowledge of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark, and continued activities, the Defendants' dilution of the "RADNY CANDY Trademark is at a minimum is unwholesome context, and willful.

751.    With full knowledge of Federal Laws for Trademark Infringement, Dilution, Unfair Competition and Deceptive Trade Practices, without the permission of the Plaintiff, Mr. Craven Randall Casper.    The Plaintiff, Mr. Craven Randall Casper, has been and is being damaged by such violation and has no adequate remedy at law.    The Defendants' unlawful and willful conduct will continue to damage the Plaintiff, Mr. Craven Randall Casper, unless enjoined by this Court.

752.    The Defendants' unauthorized use of the federal registered Trademark: "RANDY CANDY" has diluted the distinctive, artistic, or famous quality of "RANDY CANDY".    The

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

"RANDY CANDY" federal registered Trademark is famous as that term is used in 15 U.S.C. § 1125(c) and became famous long before the Defendants' (i.e. the junior users) actions described herein.

753.    As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against the Defendants, in an amount that is presently unknown.

754.    Defendants' conduct is knowing, intentional, wanton, willful, malicious, and oppressive, and thus, warrants this case being designated as *exceptional* under 15 U.S.C. § 1117, and the imposition of treble damages against them.

## COUNT IV.

## (FEDERAL FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION

## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT)

## 15 U.S.C. § 1125(a)

## (AGAINST ALL DEFENDANTS)

755.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-717* of the Original Complaint.

756.    As the fourth ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges federal Unfair Competition in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

757.    The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A*) and (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

758.    The Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" is valid and enforceable (*See Exhibit A*).

759.    The Plaintiff, Mr. Craven Randall Casper, is entitled to injunctive relief, and the Plaintiff, Mr. Craven Randall Casper, is also entitled to recover the Defendants' profits, actual damage, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125(a), 1116 and 1117, and other applicable common laws.

760.    The Defendants did not seek or receive approval from, pay any royalties to or receive any license from the Plaintiff, Mr. Craven Randall Casper, to use the federal registered Trademark: "RANDY CANDY" before, during, or after their initial use of "RANDY CANDY," which was widely broadcast and posted on the Internet. The Defendants have therefore trampled upon the Plaintiff, Mr. Craven Randall Casper's, established and lawful prior established rights in the "RANDY CANDY" federal registered Trademark, causing consumer confusion, Trademark Dilution, economic injury and irreparable harm that must be brought to a halt by a Federal Court in the State of North Carolina. *See, e.g., Commerce Bank & Trust Co. v. TD Banknorth, Inc.*, 554 F. Supp. 2d 77, 83 (D. Mass. 2008).

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

761. By making unauthorized use, in interstate commerce, of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark, the Defendants have used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of the Defendants with the Plaintiff, Mr. Craven Randall Casper, and as to the origin, sponsorship, association or approval of the Plaintiff, Mr. Craven Randall Casper's, advertising, products, goods, services, and/or commercial activities by the Defendants, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

762. The Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent the Plaintiff, Mr. Craven Randall Casper's advertising, products, goods, services, and/or commercial activities as those of the Defendant, and in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

763. This type of trademark infringement is often called "Reverse Confusion."

764. Reverse confusion occurs when a more powerful company uses the mark of a smaller, less powerful senior user.

765. The doctrine of Reverse Confusion is intended to enable small, senior users to protect their Trademark rights against junior users whose marks have gained commercial strength through extensive marketing.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

766.    The Plaintiff, Mr. Craven Randall Casper's, use of the "RANDY CANDY" federal registered Trademark predates any use by the Defendants (junior user) use of "RANDY CANDY".

767.    The Plaintiff, Mr. Craven Randall Casper, is the exclusive licensee of the "RANDY CANDY" federal registered Trademark.  Unfair competition because other artists' need to pay for a license for use of the federal registered Trademark: "RANDY CANDY".

768.    The Plaintiff, Mr. Craven Randall Casper, has invested substantial time, effort, and money in advertising and promoting the artistic projects, goods, services, advertising and/or commercial activities offered in interstate commerce under the federal registered Trademark: "RANDY CANDY," such that the Trademark has become distinctive and famous in this District and throughout the United States.

769.    The Defendants have engaged in a pattern of unfair, deceptive, and fraudulent acts to enrich themselves by misrepresenting or mischaracterizing the famous federal registered Trademark: "RANDY CANDY" and using it for *their* own benefit, including, but not limited to generating advertising revenue, or in any manner whatsoever of causing injury to the business reputation of "RANDY CANDY".

770.    The Defendants' unauthorized use and adoption of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY," or approximations or simulations thereof, as hereinabove pleaded, constitutes and under the laws of the United States

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

allege False Designation of Origin or a False Representation, which wrongfully and falsely designates, descries or represents the origins of the Defendants' businesses or services as originating from or being in connection with the Plaintiff, Mr. Craven Randall Casper, when this is not the case, and thereby constitutes a false description or representation used in interstate commerce.

771.   Defendants' unauthorized use and adoption of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY," or approximations or simulations thereof, as hereinabove pleaded, creates a false association between the Defendants' uses of "RANDY CANDY". It tends to cause confusion, mistake or deception among potential or actual consumers and advertisers as to the source, image, quality and nature of their goods, services, advertising and/or commercial activities in violation of Section 43(a)(1) of the Lanham Act,15 U.S.C. § 1125(a)(1).

772.   The Plaintiff, Mr. Craven Randall Casper, has been damaged by the Defendants' unlawful, unfair, or fraudulent business practices and misleading uses as alleged herein.

773.   As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against the Defendants, in an amount that is presently unknown.

774.   The Defendants' unauthorized use in commerce of "RANDY CANDY" or their ability to use or continue to use in interstate commerce in connection with the Plaintiff, Mr.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Craven Randall Casper's, federal registered Trademark: "RANDY CANDY," as described herein, is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants with the Plaintiff, Mr. Craven Randall Casper, the owner of the federal registered Trademark: "RANDY CANDY," or as to the origin, sponsorship, or approval of the Defendants' goods, services, advertising and/or commercial activities by the Plaintiff, Mr. Craven Randall Casper, the owner of the federal registered Trademark: "RANDY CANDY," in violation of Section 43(a)(1) of the Lanham Act,15 U.S.C. § 1125(a)(1).

775.    The Defendants' unauthorized and infringing use of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY," as alleged herein, constitutes intentional and willful infringement of the Plaintiff, Mr. Craven Randall Casper, the owner of the federal registered Trademark: "RANDY CANDY's," rights in and to its "RANDY CANDY" in Trademark violation of §43(a) of the Lanham Act, 15U.S.C. § 1125(a), as amended.

776.    The Defendants' use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants' "RANDY CANDY," or as to origin, sponsorship, authorization, approval or collaboration of the Defendants' goods, services, advertising and/or commercial activities by the Plaintiff, Mr. Craven Randall Casper. On further information and belief, the Defendants' illegal, unauthorized, and infringing use of "RANDY CANDY", as alleged herein, constitutes intentional and willful Unfair Competition in violation

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

of the Plaintiff, Mr. Craven Randall Casper, the owner of the federal registered Trademark: "RANDY CANDY's," rights.

777. The Defendants' wrongful acts will continue unless and until enjoined by this Court.

778. Said infringing acts have occurred in interstate commerce and have caused, and unless enjoined by this Court will continue to cause, serious and irreparable injury to the Plaintiff, Mr. Craven Randall Casper, including in this District, for which to the Plaintiff, Mr. Craven Randall Casper, the owner of the federal registered Trademark: "RANDY CANDY" has no adequate remedy at law.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

## COUNT V.

## UNJUST ENRICHMENT

## (AGAINST ALL DEFENDANTS)

779.   The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-717* of the Original Complaint.

780.   As the fifth ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges, under the laws of the United States, federal Unjust Enrichment in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

781.   The acts of the Defendants', complained of herein, constitute Unjust Enrichment of the Defendants' at the expense of the Plaintiff, Mr. Craven Randall Casper.

782.   The Defendants are trading on the Trademark, name, styles confusingly similar thereto, or accomplishments of the federal registered Trademark: "RANDY CANDY" to achieve Unjust Enrichment.

783.   The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A*) and (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

784.   Doing any act or thing that is likely to induce the belief that the Plaintiff, Mr. Craven Randall Casper's, goods, services, advertising and/or commercial activities are in some

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

way connected with the Defendants' business, or that is likely to injure or damage the Plaintiff, Mr. Craven Randall Casper, or his federal registered Trademark: "RANDY CANDY" deems Ordering the Defendants to:

b.      Account for and pay over to the Plaintiff, Mr. Craven Randall Casper, all gains, profits and advantages, in an amount yet determined caused by the foregoing acts, derived by it from the unlawful acts alleged herein and/or as a result of Unjust Enrichment, and that the amount of such Unjust Enrichment be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts alleged herein; and

c.      Pay the Plaintiff, Mr. Craven Randall Casper, punitive damages as a consequence of the knowing, intentional, wanton, willful and malicious alleged herein.

16      The Plaintiff, Mr. Craven Randall Casper, the owner of the federal registered Trademark: "RANDY CANDY" has no adequate remedy at law.


**[remainder of page intentionally left blank]**


---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

## COUNT VI.

## NORTH CAROLINA
## (COMMON LAW TRADEMARK INFRINGEMENT)

## (AGAINST ALL DEFENDANTS)

785. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-717* of the Original Complaint.

786. As the sixth ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges a claim for common law Trademark Infringement arising under the common law in the State of North Carolina.

787. The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A*) and (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

788. The Defendants are using the "RANDY CANDY" federal registered Trademark in this State without the permission of the Plaintiff, Mr. Craven Randall Casper. Such unauthorized use by Defendants constitutes Trademark Infringement under North Carolina common law.

789. The activities of the Defendants complained of herein have the natural and probable tendency to deceive the public and create confusion as to the existence of an affiliation

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

between the Defendants and the Plaintiff, Mr. Craven Randall Casper. As a result, members of the public are likely to be confused and deceived.

790. The Defendants' unlawful acts violate the Plaintiff, Mr. Craven Randall Casper's, common law Trademark rights and have damaged and continue to damage the Plaintiff, Mr. Craven Randall Casper, causing irreparable harm, for which there is no adequate remedy at law. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

791. An Order requiring the Defendants to pay the Plaintiff, Mr. Craven Randall Casper punitive damages for Trademark Infringement, in accordance with North Carolina Common Law.

792. The Plaintiff, Mr. Craven Randall Casper, is entitled to injunctive relief against Defendants, and, after trial, to recovery of any damages proven to have been caused, or profits earned unjustly, by reason of the Defendants' acts of Infringement.

[remainder of page intentionally left blank]

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

## COUNT VII.

## NORTH CAROLINA
## (COMMON LAW UNFAIR COMPETITION)

### (AGAINST ALL DEFENDANTS)

793.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-717* of the Original Complaint.

794.    As the seventh ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges a claim for common law unfair competition arising under the common law of the State of North Carolina.

795.    The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A*) and (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

796.    The Defendants' use of the "RANDY CANDY" Trademark constitutes common law unfair competition in violation of the common law of North Carolina.

797.    The Plaintiff, Mr. Craven Randall Casper, has sustained, and will continue to sustain, irreparable injury as a direct and proximate cause of the Defendants' Unfair Competition.

798.    Based on the Defendants' previous and continuing knowledge of the "RANDY CANDY" federal registered Trademark and continued activities, the Defendants' Trademark Infringement is willful.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

799. On information and belief, the Defendants' conduct is knowing, intentional, wanton, willful, malicious, and oppressive. The Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law, including at least substantial and irreparable injury to the business, goodwill and reputation of the federal registered Trademark: "RANDY CANDY".

800. The aforesaid unlawful acts by Defendants will continue unabated unless and until enjoined by this Court.

801. An Order requiring the Defendants to pay the Plaintiff, Mr. Craven Randall Casper punitive damages for Unfair Competition, in accordance with North Carolina Common Law.

802. The Plaintiff, Mr. Craven Randall Casper, is entitled to injunctive relief against Defendants, and, after a Jury Trial in the State of North Carolina, to recovery of any damages proven to have been caused, or any profits earned unjustly, by reason of the Defendants' acts of Infringement.

**[remainder of page intentionally left blank]**

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

# COUNT VIII.

## NORTH CAROLINA

## (UNFAIR AND DECEPTIVE TRADE PRACTICES

## UNDER N.C. GEN. STAT. § 75-1.1, *et seq.*,

## AND

## ALL OTHER APPLICABLE LAWS)

## (AGAINST ALL DEFENDANTS)

803.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-717* of the Original Complaint.

804.    As the eighth ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges a claim for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, *et seq.*, and any other applicable laws.

805.    The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A*) and (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 339 of 379

806. The Defendants' Infringing use of the federal registered "RANDY CANDY" Trademark has injured the Plaintiff, Mr. Craven Randall Casper, by creating a likelihood of confusion, and harming the goodwill in the federal registered "RANDY CANDY" Trademark.

807. On information and belief, the Defendants used the federal registered "RANDY CANDY" Trademark with actual and/or constructive knowledge that the Plaintiff, Mr. Craven Randall Casper, had prior rights in and was using the exact same Trademark: "RANDY CANDY".

808. On information and belief, the Defendants' used the federal registered "RANDY CANDY" Trademark in order to suggest a connection between the Defendants' and the federal registered "RANDY CANDY" Trademark when, in fact, no such relationship exists.

809. The Defendants' conduct complained of herein is immoral, unethical, oppressive, unscrupulous, and offends the ethos of the marketplace.

810. The Defendants' conduct complained of herein, was and is, in or affecting United States and North Carolina commerce.

811. Under N.C. Gen. Stat. § 75-1.1, and other applicable laws, the Defendants' Infringement of the federal registered "RANDY CANDY" Trademark rights and other unlawful conduct complained of herein constitutes an unfair method of competition, in or affecting commerce, and an unfair and deceptive act or practice in and affecting commerce.

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

812. The Defendants have also engaged in deceptive acts and practices because the infringement of the Plaintiff, Mr. Craven Randall Casper's, federal registered "RANDY CANDY" Trademark has the capacity or tendency to deceive consumers.

813. The Plaintiff, Mr. Craven Randall Casper, has sustained, and will continue to sustain, irreparable injury and harm, including harm to its rights in the federal registered "RANDY CANDY" Trademark and to its business, reputation and goodwill, as a direct and proximate result of Defendants' unfair and deceptive trade practices and unfair methods of competition.

814. The Defendants' unfair and deceptive activities have damaged the Plaintiff, Mr. Craven Randall Casper, and, unless restrained, will continue to damage the Plaintiff, Mr. Craven Randall Casper, including causing irreparable injury to the Plaintiff, Mr. Craven Randall Casper, for which the Plaintiff, Mr. Craven Randall Casper, has no adequate remedy at law.

815. The Plaintiff, Mr. Craven Randall Casper, is entitled to seek and does seek recovery from Defendants of all damages caused by, and all profits earned unjustly by, Defendants' actions in violation of N.C. Gen. Stat. § 75-1.1 and § 75-16, and all other applicable laws, and to have such damages trebled, in an amount yet undetermined.

816. An Order requiring the Defendants to pay the Plaintiff, Mr. Craven Randall Casper, punitive damages for Unfair and Deceptive Trade Practices, in accordance with North Carolina Common Law, and all other applicable laws.

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

817.   The Plaintiff, Mr. Craven Randall Casper, is also entitled to seek and does seek recovery of its reasonable attorneys' fees under to N.C. Gen. Stat. § 75-16.1 (*See Paragraph 13 and Paragraph 844*).

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 342 of 379

# COUNT IX.

## LIBEL *PER SE* – THE DEFENDANTS

## (AGAINST ALL DEFENDANTS)

818.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-717* of the Original Complaint.

819.    As the ninth ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges libel *per se* against all the Defendants, which could include additional parties not yet enjoined.

820.    The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A*) and (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

821.    Under the well-established common law of North Carolina, the term *defamation* includes two distinct torts, *libel* and *slander*.  In general, libel is written while slander is oral.  *See Tallent v. Blake*, 57 N.C. App. 249, 251, 291 S.E.2d 336, 338 (1982).  To recover under a defamation theory, the Plaintiff [Mr. Craven Randall Casper] must "allege that the Defendants caused injury to the Plaintiff [Mr. Craven Randall Casper], owner of the federal registered Trademark: "RANDY CANDY" by making false, defamatory statements of or concerning the Plaintiff [Mr. Craven Randall Casper], owner of the federal registered Trademark: "RANDY

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 343 of 379

CANDY," which were published to a third person." *See Boyce & Isley, PLLC v. Cooper*, 2002

N.C. App. LEXIS 1088, 568 S.E.2d 893, 898 (2002) (internal citations omitted). However, some

types of false statements are considered so damaging that they are deemed defamatory on their

face ("defamation *per se*") (*See Paragraphs 235-248, Paragraph 248 and Paragraph 404*) and

(*See Illustration 17 and Illustration 45*).

822.    Under the well-established common law of North Carolina, the State of North

Carolina recognizes three classes of libel: "(1) publications obviously defamatory which are

called libel *per se*; (2) publications susceptible of two interpretations one of which is defamatory

and the other not; and (3) publications not obviously defamatory but when considered with

innuendo, colloquium, and explanatory circumstances become libelous, which are termed libels

*per quod*." *See Renwick v. News & Observer Pub. Co.*, 310 N.C. 312, 316, 312 S.E.2d 405, 408

(1984), *rehearing denied*, 310 N.C. 749, 315 S.E.2d 704 (1984), *cert. denied*, 469 U.S. 858, 83

L. Ed. 2d 121 (1984).

823.    Under the well-established common law of North Carolina, Libel *per se* is "a

publication by writing, printing, signs or pictures (i.e. Twitter and GIPHY) (*See Paragraphs 411-*

*439 and Paragraphs 440-474*), which, when considered alone without innuendo, colloquium or

explanatory circumstances: (1) charges that a person has committed an infamous crime; (2)

charges a person with having an infectious disease (i.e. the Defendants' "RANDY CANDY" is

*not normal*) (*See Paragraphs 180-184, and Paragraphs 190-191 and Paragraph 215*); (3) tends

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

to impeach a person in that person's trade or profession; (i.e. libel *per se* statements relate to the Plaintiff, Mr. Craven Randall Casper's, goods, services, products, business, profession, goodwill, and/or other commercial activities in the federal registered Trademark: "RANDY CANDY" to the detriment the Plaintiff, Mr. Craven Randall Casper); or (4) otherwise tends to subject one to ridicule, contempt or disgrace" (*See Paragraphs 235-248, Paragraph 248 and Paragraph 404*) and (*See Illustration 17 and Illustration 45*). *See Renwick*, 310 N.C. at 317-18, 312 S.E.2d at 408-9 (internal citations omitted). Whether a publication is of the type that properly may be deemed libelous *per se* is a question of law to be decided initially by the Trial Court. *See*, *id.* at 317-18 ("defamatory words to be libelous *per se* must be susceptible of but one meaning and of such nature that the Court can presume as a matter of law that they tend to disgrace and degrade the party or hold him up to public hatred, contempt or ridicule, or cause him to be shunned and avoided." (internal citations omitted) (emphasis in original)).

824. When determining if the statements are defamatory on their face, this Court must view the alleged statement in isolation, stripped of all explanatory circumstances, in the way "ordinary men naturally understand" the statement, ignoring the way "supersensitive persons with morbid imaginations" may view the widely-disseminated statement: "**IT'S RANDY**

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 345 of 379

**CANDY**" and/or "**RANDY CANDY**". *See Flake v. Greensboro News*

*Co.*, 212 N.C. 780, 786, 195 S.E. 55, 60 (1938).

825.    Under the laws of the United States of America, and all other applicable common

laws, the statements the Defendants posted to the Internet, online, websites, social media accounts

and platforms, and/or digital archives are false and libelous *per se* and this Court and a Jury in the

State of North Carolina can view this on the Internet, websites, social media accounts, GIPHY

files and digital archives, most of which are Defendant controlled.

826.    The Defendants' conduct is knowing, intentional, wanton, willful, malicious and

oppressive, and thus, warrants this case being designated as exceptional under 15 U.S.C $ 1117,

and the imposition of treble damages against them.

As a direct and proximate result of Defendants' misconduct, the Plaintiff, Mr. Craven Randall

Casper, has suffered damages in the amount to be proven at a Trial by Jury in the State of North

Carolina.


**[remainder of page intentionally left blank]**


THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR
ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII,
CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

# COUNT X.

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

## (AGAINST ALL DEFENDANTS)

827.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-717* of the Original Complaint.

828.    As the tenth ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges Intentional Infliction of Emotional Distress.

829.    The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A*) and (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

830.    "Emotional distress damages, however, may be sufficient to constitute actual injury." *See Williams v. Home Servicing Corp.*, 184 N.C. App. 413, 646 S.E.2d 381 (2007).  The extreme and outrageous conduct is ongoing, serious, traumatic (*See Paragraphs 235-248, Paragraph 248 and Paragraph 404*).  This intentional infliction of emotional distress has caused intense mental anguish.

831.    The Defendants' subjected the Plaintiff, Mr. Craven Randall Casper, to extreme and outrageous conduct, set forth above, including but not limited to repeated *hate* speech (*See*

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

*Paragraph 117, See Paragraph 121, Paragraph 235, and Paragraphs 241-248*), bigotry (*See Paragraph 119 and Paragraph 270*), homophobia (*See Paragraphs 118 and Paragraph 236, Paragraph 382, Paragraph 565 and Paragraph 684*), xenophobia (*See Paragraph 236*), or other unknown conduct which will be uncovered during Discovery (*See Paragraphs 119-127*) (*See Paragraph 823*).

832.　The Defendants' intended their conduct to inflict severe distress or knew that there was a high probability that *their* conduct would inflict such distress to the Plaintiff, Mr. Craven Randall Casper, as shown by, including, but not limited to, *their* creation, dissemination, or unauthorized use of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY".

833.　The Defendants' committed extreme and outrageous conduct, which was beyond all possible bounds of decency, with the intent to cause the Plaintiff, Mr. Craven Randall Casper, to have severe emotional distress.

834.　The Defendants' bastardized the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" with the intent to cause harmful and offensive contact with the Plaintiff, Mr. Craven Randall Casper, which was beyond all possible bounds of decency.

835.　As a result of Defendants' conduct, the Plaintiff, Mr. Craven Randall Casper, suffers severe emotional distress, which resulted in difficulty sleeping and difficulty

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

| Page 348 of 379

concentrating on work and feeling ashamed, and he suffered mental suffering and humiliation and lost Trademark value.

836.    As a direct and proximate result of the negligent acts and/or omission of the Defendants, the Plaintiff, Mr. Craven Randall Casper, has suffered and continues to suffer from, including, but not limited to, severe and permanent emotional distress, embarrassment, past and future medical expenses, and a loss of earning capacity for the federal registered Trademark: "RANDY CANDY".

837.    The Defendants' conduct is knowing, intentional, wanton, willful, malicious and oppressive, and thus, warrants this case being designated as exceptional under 15 U.S.C $ 1117, and the imposition of treble damages against them.

838.    As a direct and proximate result of Defendants' misconduct, the Plaintiff, Mr. Craven Randall Casper, has suffered damages in the amount to be proven at Trial by Jury in the State of North Carolina.

**[remainder of page intentionally left blank]**

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 349 of 379

## COUNT XI.

## (EXPENSES OF LITIGATION)

## (AGAINST ALL DEFENDANTS)

839. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-717* of the Original Complaint.

840. As the eleventh ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges this is exceptional and the Plaintiff, Mr. Craven Randall Casper, should be entitled to expense of litigation, including attorney's fees and the cost of bringing this to Court in the State of North Carolina.

841. The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A*) and (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

842. This request should be approved because: (1) costs shall be allowed as course to the Defendant, Mr. Craven Randall Casper, as it represents the market rate for this type of award and is in line with the actions mentioned in G.S. 6-18 (*See* C.C.P., s. 277; Code, ss. 526, 527; Rev., s. 1266; C.S., s. 1242; 2007-212, s. 1.) and any other applicable federal or North Carolina common law; and (2) represents a reasonable and appropriate amount in light of the substantial

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 350 of 379

risks presented in defending this action, the quality and extent of work conducted, and the stakes of the case.

843. An Order for the Defendants to pay the Plaintiff, Mr. Craven Randall Casper's, attorneys' fees and expenses incurred in defending the action as it was commenced or maintained without reasonable cause or for an improper purpose; or an Order for the Defendants to pay the Plaintiff, Mr. Craven Randall Casper, attorneys' fees and expenses for reasons akin to *Rule 11 Sanctions (which could be filed at a future date)*. In actions where allowance of costs is not otherwise provided by the General Statutes (NCGS) in the State of North Carolina, costs may be allowed in the discretion of the Court.

844. The Defendant, Mr. Craven Randall Casper, is also entitled by statute to an award of attorneys' fees and costs incurred in having to institute and/or respond to this legal action (*See* 15 U.S.C. § 1692k(a)(3)) and/or (*See* N.C.G.S. § 75-16.1). The Defendant appears before this Court *Pro Se* at a reasonable and conservative rate of one hundred ninety dollars ($190) per hour.

845. For the reasonableness of fees, heavy North Carolina *Motion* practice, case law research, and other out-of-pocket costs incurred in defending the case, currently amount to sixty-four thousand nine hundred forty dollars ($64,940 USD) (*See Paragraph 13*).

846. An award of treble damages under 15 U.S.C. § 1117(b), as applicable, against all Defendants.

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

847. On information and the belief, the Defendants' misconduct was intentional and willful and has caused the Plaintiff, Mr. Craven Randall Casper, unnecessary trouble, time and expense.

848. As a direct and proximate result of the foregoing conduct, the Plaintiff, Mr. Craven Randall Casper, is entitled to damages against each Defendant, in an amount that is presently unknown.

849. The Plaintiff, Mr. Craven Randall Casper, is also entitled by statute to an award of attorneys' fees and costs incurred in having to institute this legal action

850. On Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 compensatory damages in an amount as may be proved at a Trial by Jury in the State of North Carolina, and;

851. On Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 punitive damages in an amount as may be proved at a Trial by Jury in the State of North Carolina, and;

852. On all counts, for such other and further relief as the Court deems necessary and proper.

853. The Plaintiff, Mr. Craven Randall Casper, is entitled to all of his fees, litigation expenses and costs incurred in prosecuting this action, including future attorney's fees.

854. JURY TRIAL DEMANDED ON COUNTS 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11.

**[remainder of page intentionally left blank]**

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

# COUNT XII.

## CONDITIONS PRECEDENT

## (AGAINST ALL DEFENDANTS)

855.    The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-717* of the Original Complaint.

856.    As the twelfth ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby alleges all conditions precedent have been performed or have occurred, or have been prevented from occurring due to Defendants' actions.

857.    The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A*) and (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

858.    As a direct and proximate result of the Defendants' continued unauthorized activities as described above, the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" has suffered, and will continue to suffer, immediate and irreparable harm through the loss of projects, perspective and actual customers, clients and advertisers, goodwill, revenues, and profits.

**[remainder of page intentionally left blank]**

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

## COUNT XIII.

## JURY DEMAND IN THE STATE OF NORTH CAROLINA

### (AGAINST ALL DEFENDANTS)

859. The Plaintiff, Mr. Craven Randall Casper, repeats and makes a part hereof each and every allegation set forth in *Paragraphs 1-717* of the Original Complaint.

860. As the thirteenth ground for relief, the Plaintiff, Mr. Craven Randall Casper, hereby allege Jury Demand in the State of North Carolina.

861. The Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark: "RANDY CANDY" (*See Exhibit A*) and (*See V. Federal Trademark Statement: "RANDY CANDY," Paragraphs 49-96*).

862. The Plaintiff, Mr. Craven Randall Casper, demands a Trial by Jury in the United States District Court for the United States District Court for the Middle District of the State of North Carolina (Southern District).

863. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, Mr. Craven Randall Casper, hereby demands a Jury Trial on all treble issues raised by this Original Complaint.

**[remainder of page intentionally left blank]**

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

**WHEREFORE,** the Plaintiff, Mr. Craven Randall Casper, respectfully prays for judgment in his favor and against the Defendants, its officers, members, managers, agents, shareholders, principals, servants, agents, affiliates, distributors, licensees, employees, successors, subsidiaries, related companies, parent companies, attorneys, and all those persons in active concert or participation with them be preliminarily and permanently enjoined, jointly and severally, and prays, in this country, the United States of America, among other things, the following:

    a.   That summons be issued to the Defendants cited on the cover page of this Original Complaint;

    b.   That the Court enter judgment in the Plaintiff, Mr. Craven Randall Casper's, favor and against the Defendants on all claims herein;

    c.   That criminal prosecution be pursued, to the fullest extent under the laws of the United States and all applicable North Carolina laws, against the Defendants.[382]

---

[382] Federal criminal law has long prohibited trafficking in goods or services that bear a counterfeit Trademark. *See* 18 U.S.C. § 2320. Individuals convicted of § 2320 offense generally face up to 10 years' imprisonment and a $2 million fine. If the offenses involved serious bodily injury, counterfeit drugs, or counterfeit military goods or services, individuals face up to 20 years in prison and a $5 million fine.

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

As stated herein, and repeated throughout, the Defendants aggressively pursue criminal prosecution, when they [the current Defendants] are the Plaintiff, for similar claims as those alleged herein by the Plaintiff, Mr. Craven Randall Casper. The Plaintiff, Mr. Craven Randall Casper, prays that additional and multiple civil and criminal litigation cases be all under special election to run Pari-Passu against the Defendants;

d. Expedited Discovery to be conducted in the manner described herein;

e. An initial Conference be scheduled within thirty (30) calendar days from the date of the filing of this Original Complaint to grant a Preliminary Injunction;

f. That Defendants be adjudged to have infringed the Plaintiff, Mr. Craven Randall Casper's, federal registered "RANDY CANDY" Trademark rights and to have engaged in unfair competition in violation of 15 U.S.C. § 1125 by its use of the "RANDY CANDY" Trademark in derogation of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY";

g. That Defendants' infringement and other wrongdoings be adjudged willful in nature;

h. An Order that the Defendants deliver for destruction all infringing material, previous and future projects, video, print or online (Internet, websites, social media accounts or other digital archives or mediums), all storage media, documents,

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

contracts, correspondence, media kits, packaging, signage, advertisements, current inventory or products, promotional materials, commercial markets, creative activities, projects, or in collaboration with other brands or in any and all forms or sources that generate revenue, which could utilize the federal registered "RANDY CANDY" Trademark or approximations or simulations thereof, and/or dilutive of the "RANDY CANDY" Trademark, and that the Defendants' remove the same from any and all domain names, websites and social media accounts in their possession or control that bear the Trademark: "RANDY CANDY" or any phonetic equivalents;

i.   Using any Internet, website domain name or any social media account name, "handle," other designation or other identification that is the same as or confusingly similar to the "RANDY CANDY" federal registered Trademark, or any confusingly similar variation thereof, whether alone or in combination with any other word(s) or elements(s), or dilutive of the Trademark: "RANDY CANDY";

j.   Marketing, promoting, printing, using, selling, distributing, or otherwise disseminating, either directly or indirectly in this country, any goods, services, advertisements or promotional materials of any sort in any medium of communication or reproducing or causing others to reproduce any products or

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 357 of 379

packaging incorporating the "RANDY CANDY" federal registered Trademark, or any confusingly similar variation thereof, and from offering for sale or selling products and services incorporating the "RANDY CANDY" federal registered Trademark, and/or any confusingly similar variation thereof;

k. Manufacturing, having manufactured, producing, having produced, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying in this country any advertising, products, goods, services and/or other commercial activities under or bearing the "RANDY CANDY" federal registered Trademark, or any confusingly similar variation thereof;

l. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized advertising, products, goods, services and/or other commercial activities or their packaging in such fashion as to relate or connect, or tend to relate or connect, such products in any way to the Plaintiff, Mr. Craven Randall Casper, or to any goods sold, manufactured, sponsored or approved by, or connected with the Plaintiff, Mr. Craven Randall Casper, and/or any confusingly similar variation thereof;

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

| Page 358 of 379

m. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by the Defendants are in any manner associated or connected with the Plaintiff, Mr. Craven Randall Casper, or are sold, manufactured, licensed, sponsored, approved or authorized by the Plaintiff, Mr. Craven Randall Casper;

n. Infringing the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark, or the Plaintiff, Mr. Craven Randall Casper's, rights therein, or using or exploiting the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY," or diluting the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark;

o. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized advertising, products, goods, other commercial activities or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe or dilute the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY";

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

p. Using any false or misleading designations of origin or false or misleading descriptions or representations of fact, in this country, in connection with the manufacturing, production, distribution, circulation, sale, offering for sale, advertising, promotion, or display of its products or services under the "RANDY CANDY" federal registered Trademark, or any confusingly similar variation thereof;

q. Effecting assignments or transfers, forming new entities or associations or utilizing any other device to circumvent or otherwise avoid the prohibitions set forth in any Final Judgment or **Order** in this action;

r. An Order requiring the Defendants' to disseminate pre-approved corrective advertising in a form approved by the Court to acknowledge their violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations, and send letters via certified U.S. mail, each individually pre-approved by the Plaintiff, Mr. Craven Randall Casper, who will also be provided with an official copy and/or receipt of each letter to all customers, resellers, retailers, agents, partners, and/or representatives to address the likely confusion and dilution caused by the Defendants' use of the "RANDY CANDY" federal registered Trademark. The Court should order a minimum of five million dollars ($5 million dollars) to be escrowed in a Trust Account, under the Defendant's

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

counsels control, until all letters are completed by the Defendants and all other requirement of the Order are satisfied.

s.  An Order directing that Defendants' file with the Court and serve on the Plaintiff, Mr. Craven Randall Casper, within thirty (30) days after the entry and service on Defendants of a Preliminary Injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the provisions of the Preliminary Injunction;

t.  That Permanent injunctions be issued by the Court, pursuant to 15 U.S.C. § 1116(a) and any and all other applicable North Carolina common law;

u.  That Doing any other act or thing likely to induce the mistaken belief that the Defendants' of their goods, services, advertising, business and/or other commercial activity, are in any way approved by or affiliated, connected, associated, authorized, approved or collaborated with the Plaintiff, Mr. Craven Randall Casper;

v.  From using, registering, or seeking to register any of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" in any form, including but not limited to in connection with any other wording or designs, and from using any other Trademarks, logos, designs, designations, or indicators that are confusingly similar to any of the "RANDY CANDY" Trademark and/or

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

dilutive of the "RANDY CANDY" Trademark;

w. From representing by any means whatsoever, directly or indirectly, that any and all Defendants', goods, products, businesses, services and/or commercial activities offered by Defendants, or any activities undertaken by Defendants, are associated with the Plaintiff, Mr. Craven Randall Casper, or sponsored by or affiliated with the Plaintiff, Mr. Craven Randall Casper, in any way; and

x. From assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities prohibited or referred to herein this Original Complaint;

y. Unfairly compete with the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" in any manner whatsoever of causing injury to the goodwill or business reputation of "RANDY CANDY";

z. That the Plaintiff, Mr. Craven Randall Casper, receive at a minimum of a complete retraction of the Defendants'' "RANDY CANDY," but equally important that the Defendants' issue a public apology for the illegal and unauthorized use of "RANDY CANDY" and the unnecessary trouble the Defendants have caused;

aa. On the first cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

bb. On the second cause of action against Defendants', damages in an amount to be

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

proven at Trial by Jury in the State of North Carolina;

cc. On the third cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

dd. On the fourth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

ee. On the fifth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

ff. On the sixth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

gg. On the seventh cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

hh. On the eighth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

ii. On the ninth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

jj. On the tenth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

kk. On the eleventh cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

ll. On the twelfth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina;

mm. On the thirteenth cause of action against Defendants', damages in an amount to be proven at Trial by Jury in the State of North Carolina; AND

nn. **ACTUAL MONETARY DAMAGES** be awarded to the Plaintiff, Mr. Craven Randall Casper;

oo. **DISGORGING OF ANY AND ALL INFRINGING PROFITS** Mr. Lorne Michaels, *Saturday Night Live* / "*SNL*," NBCUniversal / "NBC," or the COMCAST Corporation have realized, pursuant to 15 U.S.C. § 1117;

pp. **TREBLE MONETARY DAMAGES** be awarded for damage to "RANDY CANDY's" goodwill in the market, pursuant to 15 U.S.C. § 1117;

qq. Compensatory damages be awarded for destroyed value;

rr. Punitive damages be awarded and an additional $19,500,000 (NINETEEN MILLION FIVE HUNDRED THOUSAND DOLLARS) for each and every year of protracted litigation from the date of the filing of this Original Complaint;

ss. Pre-judgment and post-judgment interest at the legal rate until paid in full, suffered as a result of the Defendants' violations of 15 U.S.C. § 1125(a);

tt. The Defendants' pay a minimum of One (1) million dollars to the Plaintiff, Mr. Craven Randall Casper, for the costs of corrective advertising;

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

uu. Reimbursement of attorney's fees and costs required to prosecute this lawsuit, pursuant to 15 U.S.C. § 1117 and other applicable North Carolina Common Law;

vv. That the Plaintiff, Mr. Craven Randall Casper, have a Jury Trial in the State of North Carolina; AND

ww. That the Plaintiff, Mr. Craven Randall Casper, receive any and all further relief this Court deems just and fair including treble damages.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, Mr. Craven Randall Casper, hereby demands a Jury Trial on all treble issues raised by this Original Complaint.

—

This 15th day of September 2017. *September 15, 2017*

Respectfully submitted,

_____

Craven Randall Casper, Signature (*Pro se*)

C/O RANDY CANDY
LEGAL MAIL
P.O. Box 2311
Chapel Hill, NC 27515

Personal Email: Randall.casper@gmail.com

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**

**CERTIFICATE OF SERVICE**

_____ _____ _____

A copy of this document was served upon Plaintiff at the following address:

Mr. Lorne Michaels, Creator and Executive Producer of
Saturday Night Live / "SNL"
**C/O Mrs. Marni Beck Pedorella, Esq.**
NBC – Floors 8-9 GE Bldg.
30 Rockefeller Plaza
New York, NY 10112

    AND

**Mrs. Marni Beck Pedorella, Esq.**
Senior Vice President, Legal Affairs
NBC Entertainment
NBCUniversal Media, LLC
30 Rockefeller Plaza
Campus 620, Room 555
New York, NY 10112

Phone: 212.664.2673

    AND

**Mrs. Marni Beck Pedorella, Esq. via Email: Marni.Pedorella@nbcuni.com**

    AND

---

THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION
FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR
ACCOUNTING; AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII,
CERTIFICATE OF SERVICE; AND EXHIBITS A - K.

Mr. Arthur R. Block, Esq.,
Executive Vice President General Counsel and Secretary of COMCAST
**C/O Mrs. Marni Beck Pedorella, Esq.**
COMCAST Corporation
COMCAST Center
1701 JFK Boulevard
Philadelphia, PA 19103

pre-paid, this day of _September 15 2017_ by Priority U.S. Mail, postage

_____     _____     _____

Craven Randall Casper, *Pro Se*, Signature

Date: September 15, 2017

---

**THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S, ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; DEMAND FOR ACCOUNTING: AUDIT DEMAND; REQUEST FOR EXPEDITED DISCOVERY; COUNTS I-XIII, CERTIFICATE OF SERVICE; AND EXHIBITS A - K.**