**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| CRAVEN RANDALL CASPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17cv826 |
| | ) | |
| COMCAST CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case comes before the Court on Plaintiff's Motion to Compel Discovery and an Answer (Docket Entry 37) (the "Discovery Motion"), Motions for Issuance of a Subpoena (Docket Entries 17, 18, 34, 38) (collectively, the "Subpoena Motions"), and Motion to Withdraw Attorney Daniel Kummer (Docket Entry 31) (the "Withdrawal Motion"). For the reasons that follow, the Court will deny these Motions.

Pro se Plaintiff Craven Randall Casper commenced this action against Defendants Comcast Corporation, NBCUniversal Media, LLC, and Lorne Michaels. (See Docket Entry 1 (the "Complaint") at 1.) The Complaint sets forth a litany of causes of action, including trademark infringement, false advertising, unfair competition, and defamation. (See id. at 2-3.) Defendants filed a Motion to Dismiss for Failure to State a Claim (Docket Entry 22) (the "Dismissal Motion"), which remains pending before the Court (see Docket Entries dated Nov. 8, 2017, to present). On various occasions thereafter, Plaintiff filed the instant Motions.

In the Discovery Motion, Plaintiff "requests an Order . . . compelling an immediate ANSWER and commencement of the Discovery process." (Docket Entry 37 at 6 (bold font omitted).) Plaintiff alleges that he "has offered to meet in-person in Greensboro to discuss [Rule 26(f): Reports (LR 16.3)] . . . . [but] he has never once received a response." (Id. at 2.) Additionally, Plaintiff requests the issuance of subpoenas, which he details further in the Subpoena Motions. (See id. at 3.) The Discovery Motion remains premature under the litigation scheduling process provided by the Federal Rules of Civil Procedure (the "Rules") and this Court's Local Rules.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) . . . ." Fed. R. Civ. P. 26(d)(1). As this case does not fall within any of the exemptions in Rule 26(a)(1)(B), the parties must conduct a Rule 26(f) meeting before discovery may begin. In turn, under the Local Rules, "[t]he parties must hold their [Rule] 26(f) meeting at least 14 days before the scheduled initial pretrial conference" after which a judge will enter a scheduling order governing further proceedings. M.D.N.C. LR 16.1(a) & (b).

The Court, however, has not scheduled an initial pretrial conference, such that the parties bear no burden to hold a Rule 26(f) meeting yet. Ordinarily, "unless the judge finds good cause

-2-

for delay, the judge must issue [the scheduling order] within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). Given that time limitation, the Court generally would have set an initial pretrial conference some time ago (thus triggering the parties' Rule 26(f) meeting requirement). In this case, the Court has not done so, because of the pending Dismissal Motion. Issuance of a scheduling order at this juncture would waste the parties' and the Court's resources should the Court ultimately dismiss the Complaint. Accordingly, the Court will continue to defer the establishment of a date for the initial pretrial conference, which effectively postpones any discovery-related activity, until the resolution of the Dismissal Motion.

Furthermore, Defendants need not file an answer at this point. Although generally "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint," Fed. R. Civ. P. 12(a)(1)(A)(i), "serving a motion under [Rule 12] alters th[at] period[] as follows: . . . if the [C]ourt denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the [C]ourt's action[,]" Fed. R. Civ. P. 12(a)(4)(A). As the pending Dismissal Motion comes pursuant to Rule 12(b)(6) (see Docket Entry 22 at 1), Defendants must provide an answer only if the Court denies that Motion or postpones its disposition until trial.

-3-

The Subpoena Motions also come too early in the litigation (even assuming Plaintiff could show entitlement to the materials he requests).[1] As explained above, a party ordinarily may not seek discovery before the Rule 26(f) meeting. See Fed. R. Civ. P. 26(d)(1). Further, pursuant to this Court's Standing Order 10, "[i]f a *pro se* litigant seeks the issuance of a subpoena outside the court-ordered discovery deadlines, the *pro se* litigant shall file a motion requesting issuance of the subpoena and include an explanation of the need for a subpoena." M.D.N.C. Standing Order 10. Plaintiff maintains that the Court should issue a subpoena because it is "necessary to the interests of justice; and [] cannot be obtained by other means and because it will take time to provide sufficient notices and/or users of at least twenty-one [] days." (Docket Entry 17 at 2; see also Docket Entry 18 at 2; Docket Entry 34 at 4; Docket Entry 38 at 5.) That conclusory statement does not

---

[1] Rule 45 governs the issuance of subpoenas to non-parties. See Fed. R. Civ. P. 45. The scope of discovery under Rule 45 matches that under Rule 26, see Kinetic Concepts, Inc. v. ConvaTec, Inc., 268 F.R.D. 226, 240 (M.D.N.C. 2010). Under Rule 26, a court may limit discovery where "the discovery . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C). Here, Plaintiff has not shown why he must subpoena non-parties for the information he seeks, as it appears that Defendants would likely possess it as well. (See, e.g., Docket Entry 34 at 3 (requesting issuance of a subpoena to Wells Fargo for "any advertising agreement with the Defendants, . . . and accounting statement of the total advertising dollars Wells Fargo Bank . . . paid in association with the Defendants' [alleged infringing] YouTube video . . . .").)

-4-

warrant issuance of a subpoena now before the commencement of the discovery period.

Finally, the Withdrawal Motion seeks to remove Defendants' attorney Daniel M. Kummer from the case for failure to respond to the thirty-day notice instructing him to either "become admitted to practice in the Middle District of North Carolina" or "appear by special appearance." (Docket Entry 19 at 1; Docket Entry 31 at 2.) The Withdrawal Motion fails as moot. Mr. Kummer filed one motion for extension of time on October 6, 2017. (See Docket Entry 10.) However, once local counsel entered notices of appearance, they withdrew that motion and re-filed it under their names. (See Docket Entries 14, 15.) Mr. Kummer has submitted no further filings. (See Docket Entries dated Oct. 6, 2017, to present.) Should Mr. Kummer make further filings without becoming admitted to practice in this district or entering a special appearance, the Court will take appropriate action at that time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery and an Answer (Docket Entry 37), Motions for Issuance of a Subpoena (Docket Entries 17, 18, 34, 38), and Motion to Withdraw Attorney Daniel Kummer (Docket Entry 31) are **DENIED.**

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 22, 2018

-5-