IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

U.S. District Court
324 W. Market Street
Greensboro, North Carolina 27401



CIVIL DIVISION

| | |
|---|---|
| Craven Randall Casper, *Pro Se* <br> P.O. Box 2311 <br> Chapel Hill, NC 27515 <br><br> OWNER, <br> FEDERAL TRADEMARK: **RANDY CANDY** <br> SERIAL NUMBER: 85-872,265 <br> REG. NUMBER: 4,418,324 <br><br> Plaintiff, <br><br> v. <br><br> Mr. Lorne Michaels, <br> Creator and Executive Producer of <br> *Saturday Night Live* / "SNL" <br> C/O Mrs. Marni Beck Pedorella, Esq. <br> NBC – Floors 8-9 GE Bldg. <br> 30 Rockefeller Plaza <br> New York, NY 10112 <br><br> AND <br><br> Mrs. Marni Beck Pedorella, Esq. <br> Senior Vice President, Legal Affairs <br> NBC Entertainment <br> NBCUniversal Media, LLC <br> 30 Rockefeller Plaza <br> Campus 620, Room 555 <br> New York, NY 10112 <br><br> AND <br><br> Mr. Arthur R. Block, Esq., Executive Vice President <br> General Counsel and Secretary of COMCAST <br> C/O Mrs. Marni Beck Pedorella, Esq | Civil Action No.17-cv-00826 <br><br><br><br> **JURY TRIAL DEMANDED** |

*CRAVEN RANDALL CASPER v COMCAST Corporation et al.*

| | |
|---|---|
| COMCAST Corporation | ) |
| COMCAST Center | ) |
| 1701 JFK Boulevard | ) |
| Philadelphia, PA 19103 | ) |

        Defendants.

---

**[remainder of page intentionally left blank]**

*CRAVEN RANDALL CASPER v COMCAST Corporation et al.*

# THE PLAINTIFF, MR. CRAVEN RANDALL CASPER'S,

# OPPOSITION

## TO DEFENDANT'S MOTION TO DISMISS [JUNE 28, 2019]

1. The Plaintiff, Mr. Craven Randall Casper, hereby submits his OPPOSITION to the Defendants' *Motion to Dismiss With Prejudice [June 28, 2019]*, and the Plaintiff, Mr. Craven Randall Casper, has provided the Court an extremely important Brief in Support of his Opposition, which should be considered by this Court, and is filed today in conjunction. The *Original Complaint* and the attached, *the Plaintiff, Mr. Craven Randall Casper's, Brief In Opposition of the Defendants' Motion to Dismiss* alleges facts sufficient to support the Defendants' conduct violates not only Section 32 of the Lanham Act, Federal law and North Carolina common law. Further, there are technological changes, social medial and new forms of consumer engagement, which make this a precedent setting case to be thoroughly argued at a future Trial by Jury in the State of North Carolina.

2. As previously summarized, the Defendants' (1) reaped financial benefit through advertising, commerce and merchandising; (2) disparaged the federal registered Trademark: RANDY CANDY, which they acknowledge; (3) claim a relationship with Bruno Mars (*See Original Complaint Paragraphs 219 – 234* and *CM/ECF Docket Document Number 18*: Request for Subpoena as to NIGRO KARLIN SEGAL FELDSSTEIN & BOLNO, LLC OF LOS ANGELES, CALIFORNIA, Registered Agent of Bruno Mars) and Burger King, who like the Defendant, NBCUniversal, all have federal registered Trademarks in the same categorization as the Plaintiff, Mr. Craven Randall Casper, which is: IC 025. US 022 039., which the Plaintiff, Mr. Craven Randall Casper, has disclosed to this Court; and (4) continued expansion of "RANDY CANDY" in various forms, including, but not limited to, in writing, re-runs, Syndication, the Defendant uploaded YouTube advertised post to

the worldwide web and/or "published" around February 19, 2017, [YouTube video ID: *Eh8Fet_YMek*][1],[2] and then the Defendants' created a new GIPHY account, GIF file and hashtag [#RANDYCANDY]. Despite that the Defendants' misuse and activities summarized herein transcend any USPTO Class. However, the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" and the Defendants' "RANDY CANDY" do cover the same category of apparel and/or merchandise within Class IC 025. US 022 039, as previously described on page 1, and further evidence was submitted to the Court in filings in multiple filings between November and December, 2017. Further, in direct violation of Section 32 of the Lanham Act, the Defendants' unauthorized use of the federal registered Trademark: "RANDY CANDY" causes confusion or mistake among perspective or actual customers (*See the Motion for Preliminary Injunction*).

3. The Plaintiff, Mr. Craven Randall Casper, appear before this Court as the *Pro Se* Plaintiff in the above-captioned case. The Plaintiff, Mr. Craven Randall Casper, was never informed that a "More Definite Statement" was required, and he did not receive any documents from the Court via United States mail indicating that directive, but did request in every cover letter submitted to the Court over twenty-two (22) months his address and mailing instructions for legal documents, and the Plaintiff, Mr. Craven Randall Casper, did receive a letter from the Court dated July 01, 2019, (*Docket Number 50*), and the Plaintiff, Mr. Craven Randall Casper, has filed timely responses in each and every other instance as

---

[1] On October 16, 2017, the Plaintiff, Mr. Craven Randall Casper, filed a *Motion for Subpoena*, which is *CM/ECF Docket Document Number: 17 and 18*.

[2] On information and belief, the Defendants' have been able to generate Pay-Per-Click (PPC) revenue from YouTube, a subsidiary of GOOGLE, also known as Cost Per Click (CPC), which is an internet advertising model used to direct traffic to websites, in which an advertiser pays a publisher (typically a website owner or a network of websites) when the advertisement is clicked and/or the published content, photograph(s) and/or video(s) are viewed (*See Original Complaint Paragraph 267 and Paragraph 268*).

CRAVEN RANDALL CASPER v COMCAST Corporation et al.                                                    2

Case 1:17-cv-00826-LCB-LPA   Document 53   Filed 07/17/19   Page 4 of 9

required by the Court over twenty-two (22) months, and the Plaintiff, Mr. Craven Randall Casper, is further unaware of any filing the Defendants' undersigned counsel offered as a *Motion For A More Definite Statement* beyond the first *Motion to Dismiss* they filed in November 2017, but never pointed out the defects complained of and the details desired for them to formulate an Answer. On November 29, 2017, the Plaintiff, Mr. Craven Randall Casper, responded with twenty (20) pages summarizing and/or distilling the *Original Complaint*, while the Defendants' continued use of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark, and further, the Plaintiff, Mr. Craven Randall Casper, is unaware if the Court ever ruled on his requested *Motion for Preliminary Injunction* [CM/ECF 01] / (See *Docket Number 26 and 27, and Docket Number 27, 2017, Exhibit A: Evidence*). Over the course of the last twenty-two (22) months, the Plaintiff, Mr. Craven Randall Casper, has sent letters and emails to the Defendants' undersigned counsel, which have not been answered, and he has never met with them, and after providing the Court and the Defendants' counsel a plethora of details and evidence, if any allegations are unclear due to a lack of specificity, they will be more appropriately clarified by Discovery (*See Plaintiff, Mr. Craven Randall Casper's Motion to Compel Discovery (July 10, 2019)*.

4. As a *Pro Se* litigant, the Plaintiff, Mr. Craven Randall Casper, had never filed a lawsuit prior to September 15, 2017, but the Plaintiff, Mr. Craven Randall Casper, is actively seeking legal counsel, and the Plaintiff, Mr. Craven Randall Casper, will file a *Motion for Extension of Time* to attempt secure counsel licensed in the State of North Carolina to assist with the Discovery process and Trial. The Plaintiff, Mr. Craven Randall Casper, may be discriminated against because he is not an attorney; and beyond being allowed to continue to use the federal registered Trademark, of the Plaintiff, Mr. Craven Randall Casper, since he is unaware of any ruling on the *Preliminary Injunction*, the Defendants' counsel has

also been allowed to file documents (*Docket Number 02*) without a law license in North Carolina and an affidavit from Dina Moles, and it is still not clear who that person is, rather than affidavits from the actual Defendants. The Court should recognize as a *Pro Se* litigant, the Plaintiff, Mr. Craven Randall Casper, is afforded certain accommodations, which the Court should acknowledge. The Plaintiff, Mr. Craven Randall Casper, had not sought legal counsel prior to filing his first federal lawsuit, which also contained a number of illustrations, some taking up almost an entire page each, Exhibits and other evidence, that made his *Original Complaint* somewhat voluminous, but critical due to the complexity of the Defendants' use of the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark as summarized in Paragraph 2 of this document. The Plaintiff, Mr. Craven Randall Casper, did his best to identify and cover everything relevant to this case. It should be noted that the Plaintiff, Mr. Craven Randall Casper, has had no formal legal education or training, and he has received no assistance in drafting any documents in this case to date.

5. Discovery and argument will add further detail later; in fact, much additional supporting factual material was provided by the Plaintiff, Mr. Craven Randall Casper, in materials filed for the Preliminary Injunction hearing, which has not been scheduled as the Defendants have never filed an ANSWER. Additionally, the Plaintiff, Mr. Craven Randall Casper, has sufficiently alleged harm. Accordingly, for the reasons set forth herein, the Plaintiff, Mr. Craven Randall Casper, respectfully requests that the Court deny Defendants' *Motion to Dismiss With Prejudice*.

6. In summary, the issues in the, *Original Complaint*, are complex and multi-faceted, and it would be difficult to frame a more skeletal pleading. The *Original Complaint* [filed September 15, 2017] "RANDY CANDY" claim is for Trademark Infringement under the laws of the United States, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a). Despite the Plaintiff, Mr. Craven Randall Casper's, numerous warnings and demands to the

Defendants to Cease and Desist their unauthorized activities, the Defendants' continue to use the Plaintiff, Mr. Craven Randall Casper's, federal registered Trademark: "RANDY CANDY" alleged throughout the *Original Complaint*. The Defendants' actions to date, especially their continued use of the federal registered Trademark: "RANDY CANDY," despite notice of the unlawfulness of their conduct, constitutes intentional violations of the Lanham Act and other applicable common law.

7. The Plaintiff, Mr. Craven Randall Casper, is the sole owner of the federal registered Trademark: RANDY CANDY, and is likely to succeed on the merits, and should be afforded an ANSWER and the Discovery process as further described and supported herein and with critical detail in his Brief (*See CM/ECF Docket Document Number 27 and 28, November 29, 2017*). (*See CM/ECF Docket Document 49, Page 2*). The Defendants' have acknowledged to this Court that the Plaintiff, Mr. Craven Randall Casper, owns the federal registered Trademark, RANDY CANDY, that is protectable under U.S. law.[3] The Defendants' are not impaired to interpose a good faith response.

The *Motion to Dismiss* should be DENIED.

**WHEREFORE**, Plaintiff, Mr. Craven Randall Casper, respectfully requests an Order from this Court for a *Preliminary Injunction* and a path towards Discovery.

—

This 11th day of July 2019.

    Respectfully submitted,

---

[3] In fact, and in summary, it is uncontested that the Plaintiff, Mr. Craven Randall Casper, owns the federal U.S. Trademark Registration for "RANDY CANDY" (*See Original Complaint, V. Federal Registered Trademark Statement: "RANDY CANDY," Paragraphs 49-96*). All are valid and distinctive. *See Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F.2d 154, 161 n.12 (1st Cir. 1977).

*July 11, 2019*

*[signature]*

Craven Randall Casper, Signature (*Pro se*)

Mr. Craven Randall Casper
c/o RANDY CANDY, A Federal Trademark
LEGAL MAIL
P.O. Box 2311
Chapel Hill, NC 27515

**[remainder of page intentionally left blank]**

# CERTIFICATE OF SERVICE

The Plaintiff, Mr. Craven Randall Casper, has not been granted the ability to file electronically. The Defendants' counsel has access to the CM/ECF System, which will send notification of filing, and then, a copy of this document was served upon Attorneys for the Defendants at the following address:

Mr. Jeffrey S. Southerland, Esq. AND Mr. Alan B. Felts, Esq.
Tuggle Duggins P.A.
100 N. Greene Street, Suite 600
Greensboro, NC 27401
T 336-271-5251 | F 336-274-6590
JSoutherland@tuggleduggins.com
www.tuggleduggins.com

AND

Jeffrey S. Southerland

< jsoutherland@tuggleduggins.com >

N.C. State Bar No. 34221

AND

Alan B. Felts

< afelts@tuggleduggins.com >

N.C. State Bar No. 42826

**Attorneys for Defendants.**

pre-paid, this day of ___July 11___ ___2019___ by Priority U.S. Mail, postage

___[signature]___

Craven Randall Casper, *Pro Se*, Signature

___July 11, 2019___
Date: July 11, 2019

*CRAVEN RANDALL CASPER v COMCAST Corporation et al.*      7