IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CRAVEN RANDALL CASPER,            )
                                  )
              Plaintiff,          )
                                  )
       v.                         )    1:17CV826
                                  )
COMCAST CORPORATION,              )
NBCUNIVERSAL MEDIA, LLC,          )
and LORNE MICHAELS,               )
                                  )
              Defendants.         )

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure based on (1) Plaintiff's failure to comply with this Court's March 29, 2019 Memorandum Opinion and Order, (ECF No. 47), and (2) Plaintiff's continuing failure to comply with Rule 8 of the Federal Rules. (ECF No. 48 at 1.) For the reasons set forth below, Defendants' Motion will be granted, and this case will be dismissed.[1]

As more fully set forth in the Court's March 29, 2019 Order, ("March 29 Order"), this case arises from Defendants' alleged infringement of Plaintiff's federally registered trademark, "RANDY CANDY." (*See* ECF No. 47 at 1–3.) In the March 29 Order, this Court found that Plaintiff's Complaint was subject "to dismissal under Rule 12(b)(6) for its numerous and

---

[1] All remaining outstanding motions to include Plaintiff's Motion for Preliminary Injunction, (ECF No. 52), and Motion for Change of Venue, (ECF No. 62), will be denied as moot.

1

significant violations of Rule 8" of the Federal Rules of Civil Procedure as well as its violations of "other federal and local rules." (*See id.* at 5.) In addition, the Court found that Plaintiff's violations made it "virtually impossible for this Court or Defendants to evaluate the factual sufficiency of Plaintiff's claims and ma[de] it likewise impossible for Defendants to [a]nswer the Complaint." (*Id.*) However, rather than dismissing the action, the Court ordered Plaintiff to "submit a more definite statement consistent with [the March 29] Order in the form of an Amended Complaint within 60 days of the entry of [the] Order." (*Id.* at 10.) Finally, the Court warned Plaintiff that his "failure to do so may subject [his] claims . . . to dismissal without further notice." (*Id.* at 8.) On June 28, 2019, Defendants filed this Motion to Dismiss. (ECF No. 48.) On July 22, 2019—nearly a month after Defendants' filed their Motion to Dismiss and approximately fifty-five days after the deadline set forth in the March 29 Order—Plaintiff filed a document captioned "A More Definite Statement." (*See* ECF No. 55.)

In their motion, Defendants move to dismiss Plaintiff's claims with prejudice based on Plaintiff's failure to file an Amended Complaint as directed by this Court, contending that Plaintiff's failure to comply with the March 29 Order left his original, deeply flawed Complaint as the operative pleading in this action. (*See* ECF No. 49 at 3.) Further, Defendants argue that at the time they filed their motion, Plaintiff had "failed to file anything with the Court or to otherwise litigate and prosecute this action since March 2018." (*Id.*) While Defendants' motion correctly acknowledged the absence of filings between March 2018 and June 28, 2019 when Defendants filed the motion before the Court here, such absence cannot be solely attributed to a failure by Plaintiff. Further, since that time, Plaintiff has filed his "More Definite Statement," though untimely. (ECF No. 55.) Thus, the Court will turn its attention

to Defendants' argument that Plaintiff has failed to comply with the Court's May 29 Order and, specifically, Plaintiff's continuing violations of Rule 8.

Because this Court concludes that Plaintiff has once again subjected his case to dismissal, this time for failing to obey the Court's March 29 Order in several ways, the Court concludes that dismissal with prejudice is necessary. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with . . . a court order . . . a defendant may move to dismiss the action."); *Attkisson v. Holder*, 919 F.3d 788, 807 (4th Cir. 2019) (explaining that the decision to dismiss pursuant to Rule 41(b) is committed to the sound discretion of the district court).

First, the March 29 Order requires that Plaintiff cure his defective original complaint by filing a more definite statement "*in the form of an Amended Complaint.*" (ECF No. 47 at 10 (emphasis added).) Rather than file an amended complaint as ordered, Plaintiff filed a document entitled "A More Definite Statement," (ECF No. 55), which the Court believes Plaintiff may have intended as an amended complaint. As discussed below, this purported amended complaint woefully fails to satisfy the Court's requirement that such pleading be "consistent with the [March 29] Order." (*See* ECF No. 47 at 10.) Second, the March 29 Order requires that Plaintiff file "an Amended Complaint within 60 days of the entry of this Order." (*Id.*) Not only was Plaintiff's purported amended complaint filed 55 days after the ordered deadline, it was only filed after Defendants filed the instant motion to dismiss for failure to prosecute and failure to satisfy Rule 8.[2] (*See* ECF Nos. 47; 48; 55.) Third, the purported

---

[2] Though Plaintiff makes a point to say he did not receive a copy of the March 29 Order via U. S. mail, (*see* ECF No. 54 at 5), notably he does not assert that he was not aware of the Order. (*See* ECF Nos. 53 ¶ 3; 54 ¶ 2; 55 at 3 (stating that Plaintiff was "never informed" of the Court's order but not contending he did not know about the order).)

3

amended complaint continues to flagrantly violate Rule 8, which this Court believes is most fatal to Plaintiff's cause. Thus, nearly three years into this action, the Court does not have before it a complaint that satisfies Rule 8. While this Court is mindful of its obligation to construe Plaintiff's pleadings liberally since he is proceeding *pro se*, *see Attkisson*, 919 F.3d at 809 (noting that it is proper for district courts to consider if a plaintiff is self-represented before dismissing their action), Plaintiff is not excused from following the Federal Rules of Civil Procedure or the Orders of this Court, *see, e.g.*, *DeWitt v. Hutchins*, 309 F. Supp. 2d 743, 749 (M.D.N.C. 2004) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." (quoting *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994))). Nor can the Court allow significant continuing prejudice to Defendants in its effort to accommodate Plaintiff's *pro se* status. *See Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991) (explaining that courts must balance "the degree of personal responsibility of the plaintiff" and "the amount of prejudice caused the defendant" in deciding whether to dismiss a case). While Plaintiff's severe tardiness in his effort to comply with the March 29 Order is serious, such violation of the Order pales in magnitude when compared to Plaintiff's failure to file an Amended Complaint that comports with Rule 8. Because of Plaintiff's failure, this case has stalled for nearly three years, Defendants have spent substantial time and resources defending this lawsuit, and the Court has expended considerable judicial resources in deference to Plaintiff's *pro se* status.[3] Thus, the Court will focus on the primary basis for dismissing Plaintiff's claims—his failure to file a complaint that comports with Rule 8.

---

[3] For example, throughout the proceedings, Plaintiff has filed a number of frivolous motions asking the Court to sanction Defendants, (ECF No. 30), and to compel them to file an answer and to conduct

4

Rule 8 of the Federal Rules of Civil Procedure requires a party to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 is thus designed to "'give fair notice of the claim being asserted' to the adverse party; 'sharpen the issues to be litigated'; and 'confine discovery and the presentation of evidence at trial within reasonable bounds.'" *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 701–02 (D. Md. 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 173–74 (D.D.C. 2013)).

This Court, in its March 29 Order, went to great lengths to outline the many substantial pleading defects in Plaintiff's original Complaint; however, rather than dismiss Plaintiff's Complaint, the Court allowed Plaintiff the opportunity to correct the defects with a clear warning that if such defects were not corrected, this Court could dismiss the Complaint without further notice. (ECF No. 47 at 8.) Though Plaintiff has substantially shortened the page count of his purported amended complaint—it now runs 51 pages and 182 paragraphs long while the original complaint was approximately 367 pages and 863 paragraphs long, (*see* ECF Nos. 1; 55)—Plaintiff has done little to comply with Rule 8. To achieve this shortened, purported complaint, Plaintiff repeatedly references and cites to the allegations in his original complaint and its exhibits. (*See* ECF No. 55 at 6–9, 12–13, 16, 19, 21–22, 27, 29–30, 32–35, 37, 39, 42.) As just one example, out of many, Plaintiff draws the Court's attention to pages 260 through 315 in his original complaint. (*Id.* at 8.) Further, though the purported complaint has fewer footnotes than the original complaint, like the text, the footnotes include repeated

---

discovery, (ECF Nos. 37; 51), apparently not understanding that until he files a complaint that complies with Rule 8, these proceeding cannot move forward.

references to the material in the original complaint. (*See, e.g.*, *id.* at 5 n.1, 7 n.6, 8 n.8, 11 n.13, 13 n.18.) Also, Plaintiff has substantially decreased the font size of his footnotes, which not only makes them difficult to read but also appears to be aimed at making the document appear shorter than it is. (*See, e.g.*, *id.* at 12 n.15.)

In addition, despite Plaintiff's efforts to make the purported amended complaint appear shorter than the original complaint, many of the paragraphs remain long and rambling and consist of disparate thoughts often vacillating between statements of law and fact, YouTube statistics, and information that has little relevance to Plaintiff's claims. For instance, the footnotes and text include Plaintiff's complaints about not having been granted discovery, proposals for how to conduct discovery, and a "morass of superfluous detail." (*See, e.g.*, *id.* at 9 n.9, 10 n.11, 12 n.15, 14 n.20); *North Carolina v. McGuirt*, 114 F. App'x 555, 558–59 (4th Cir. 2004). Finally, it is impossible to separate the legally significant facts from those that are insignificant, or to match the facts to the specific claims to which they pertain, and while Plaintiff names several defendants in the purported complaint, he does little to tie the individual Defendants to their alleged specific acts. In short, Plaintiff's purported amended complaint still fails to comply with the letter or the spirit of Rule 8. The appropriate remedy for such abject, repeated failure is dismissal with prejudice. *See McGuirt*, 114 F. App'x at 560.

Further, the balance of the competing public interests at stake supports dismissing this action. On one hand, it is the policy of this Circuit to resolve actions on the merits, when possible. *See Luna v. Guilford Cty.*, 326 F.R.D. 103, 104 (M.D.N.C. 2018). On the other, the public's interest in the speedy resolution of legal disputes is burdened when plaintiffs fail to file adequate pleadings in a timely fashion. *See Cook v. Unisys Fed. Gov't. Grp.*, No. 7:14cv00579,

2015 WL 5690976, at *3 (W.D. Va. Sept. 28, 2015) ("Lengthy pleadings that offer confusing factual narratives and conclusory statements of law place an unjustified burden on the court and any party who must respond."). When this Court is forced to address tardy and insufficient pleadings, it must put off addressing other pending matters, thus delaying worthy plaintiffs from vindicating their rights and deserving defendants from clearing their names. *C.f. Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."). Here, this harm to other litigants is too high a price to pay.

The Court concludes that no less drastic a sanction than dismissal will suffice, especially given the clear warning it gave Plaintiff in its March 29 Order that Plaintiff's failure to submit a more definite statement in the form of an amended complaint comporting with Rule 8 "may subject claims alleged in the Complaint to dismissal without further notice." (ECF No. 47 at 8.) As the Fourth Circuit has explained, when a district court reasonably warns that dismissal may result from failure to obey a court order and then that order is not obeyed, the district court has "little alternative to dismissal" as "[a]ny other course would . . . place[ ] the credibility of the court in doubt and invite[ ] abuse." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).

Finally, Plaintiff's own statement that "the issues in [his case] are complex and multi-faceted, [so that] it would be difficult to frame a more skeletal pleading beyond the summaries . . . previously submitted," (ECF No. 55 at 4), leads to the conclusion that Plaintiff does not fully comprehend the substantial failings of his purported pleading. Thus, allowing a third

7

opportunity for Plaintiff to comply with Rule 8 would be little more than a futile exercise. Nor is this conclusion altered by Plaintiff's statement that he plans to hire counsel to handle discovery and trial. (*Id.* at 15.)

For the reasons stated above, Defendants' motion to dismiss must be granted.

**ORDER**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss, (ECF No. 48), is GRANTED and this action is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED THAT Plaintiff's remaining outstanding motions to include his Motion for Preliminary Injunction, (ECF No 52), and Motion for a Change of Venue, (ECF No. 62), are DENIED as moot.

This, the 26th day of March 2020.

/s/ Loretta C. Biggs
United States District Judge